UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>            Plaintiffs,<br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>            Defendants. | **Jury Trial Demanded**<br><br><br>CA No. 04-10477-PBS |
| JANET BAKER, JAMES BAKER, JKBAKER LLC and JMBAKER LLC<br><br>            Plaintiffs,<br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>            Defendants. | CA No. 04-10501-PBS |

**FILLER PLAINTIFFS' AND BAKER PLAINTIFFS' JOINT MOTION FOR LEAVE TO FILE CONFIDENTIAL PORTIONS OF COMPLAINTS UNDER SEAL**

Plaintiffs Gary Filler and Lawrence Perlman, Trustees of the TRA Rights Trust ("Filler Plaintiffs") and Plaintiffs Janet Baker, James Baker, JKBaker LLC and JMBaker LLC ("Baker Plaintiffs"), filed their complaints in the above-captioned actions on March 9, 2004 and March 11, 2004, respectively, in the redacted forms annexed as Exhibit A to the accompanying declarations of Susan M. Davies (Filler Plaintiffs) and George R. Coe (Baker Plaintiffs). The Filler and Baker Plaintiffs hereby seek leave to

1

file under seal unredacted versions of their respective complaints setting forth confidential information concerning the matters alleged therein.  A similar motion by the plaintiffs in the related action *Quaak, et al. v. Dexia, S.A.*, CA No. 03-11566-PBS was granted by the Court on or about March 15, 2004.

The Complaints allege the newly-discovered role of Artesia Banking Corporation, S.A. ("Artesia") (now known as Dexia Bank Belgium) in the "strategic partners" fraud perpetrated at Lernout & Hauspie Speech Products, N.V. ("L&H"), with which the Court is already familiar.  *See, e.g., In re Lernout & Hauspie Sec. Litig.,* 208 F. Supp. 2d 74, 80 (D. Mass. 2002).  As alleged in the Complaints, L&H could not have accomplished the strategic partners fraud without the knowing participation of Artesia.  Artesia provided L&H with financing to fund the purportedly unaffiliated strategic partners – the Language Development Companies and Cross-Language Development Companies – which then used the Artesia-provided funds to pay millions of dollars in software licencing fees to L&H.  To outside investors, the LDCs and CLDCs appeared to be legitimate customers of L&H that had licensed millions of dollars of L&H software.  In reality, however, the LDCs and CLDCs were nothing more than corporate shells utilized by L&H to artificially inflate its revenues.

The Complaints contain detailed descriptions of newly-discovered evidence concerning Artesia's role in, and knowledge of, the strategic partners fraud.  Much of that evidence was obtained from a confidential report prepared by a panel of experts for the Belgian authorities responsible for conducting the criminal investigation into L&H in Belgium (the "Report").  Davies Decl. ¶3; Coe Decl. ¶3.  The Report is not publicly available, and the information contained therein is not, to Filler and Baker Plaintiffs'

knowledge, currently available from any public source. *Id.* As the Court is aware, the Belgian criminal investigation remains pending.

It is the understanding of the Filler and Baker Plaintiffs that publication of certain portions of the Complaints may implicate the Belgian Criminal Code's provisions concerning personal privacy, as well as provisions related to the confidentiality of the ongoing investigation of the Belgium prosecution. To avoid any such potential implications, and to demonstrate appropriate respect for the integrity of the Belgian criminal investigation, Filler and Baker Plaintiffs submit that it is appropriate for this Court to order the sealing of those portions of the Complaints that: (1) identify individual Artesia employees by name, and (2) quote directly from the free-translation of the Report, including from the Report's quotations of Artesia's own documents.

**Employee Names**

Article 61.ter., § 4 of the Belgian Code on Criminal Procedure provides, in part, that a civil party claimant -- such as Filler and Baker Plaintiffs -- "can use the information that was obtained through access in the [criminal investigative] file only in the interest of his/her defense, on condition that he/she respects . . . the privacy and the dignity of persons." It is the understanding of Filler and Baker Plaintiffs that a publicly filed complaint that identifies individual Artesia employees by name may implicate this provision. Accordingly, in the publicly filed versions of their respective Complaints, Filler and Baker Plaintiffs have not identified individual Artesia employees by name, but simply referred to them as "Artesia Employee 1", "Artesia Employee 2", and so on. Filler and Baker Plaintiffs hereby seek leave to identify those individual employees by name in a sealed filing.

3

**Employee Names**

The Complaints directly quote from several Artesia documents that are quoted in the Report, as well as directly quoting certain findings and conclusions of the Report. Article 460.ter. of the Belgian Criminal Code prohibits the use of the information acquired during a review of a criminal file with the aim and consequence of hindering the judicial investigation. While it is not the intention of Filler and Baker Plaintiffs to in any way hinder the Belgian criminal investigation, out of deference to the responsible Belgian authorities, Filler and Baker Plaintiffs hereby seek leave to file all quotations from the Report under seal.

Counsel representing Dexia, S.A. in the related action *Quaak, et al. v. Dexia, S.A.*, CA No. 03-11566-PBS has received courtesy copies of the Complaints in their redacted and unredacted versions, and has indicated that Dexia, S.A. does not oppose the filing of the redacted portions of the Complaints under seal. Davies Decl. ¶6.

WHEREFORE, Filler and Baker Plaintiffs respectfully request that the Court grant their joint motion for leave to file under seal the unredacted versions of their respective complaints annexed as Exhibit B to the accompanying Davies and Coe Declarations.

Dated: March 17, 2004                Respectfully submitted,


                                     /s/ Gregory P. Joseph
                                     Gregory P. Joseph, N.Y. Atty Reg. #1645852
                                     GREGORY P. JOSEPH LAW OFFICES LLC
                                     805 Third Avenue, 31st Floor
                                     New York, NY 10022
                                     Telephone: (212) 407-1200

4

REECE & ASSOCIATES, P.C.
Laurence H. Reece, III, BBO #414460
Alana A. Prills, BBO #652881
One Bowdoin Square
Boston, Massachusetts 02114
Telephone: (617) 747-7550

**COUNSEL FOR GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust**

PARTRIDGE ANKNER & HORSTMANN LLP
Terrence K. Ankner, BBO #552469
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
Telephone: (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
255 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
Tracy Z. Frisch
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100

**COUNSEL FOR JANET BAKER, JAMES BAKER, JKBAKER LLC AND JMBAKER LLC**

5