## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>          Plaintiffs,<br><br>     v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>          Defendants. | Civil Action No.:  04-10477-PBS |

## ANSWER

Defendant Dexia Bank Belgium ("Dexia"), for its answer to the Complaint filed March 8, 2004, states as follows:

1.   Dexia denies the allegations in paragraph 1, except admits that the Complaint purports to be related to the Filler Action; admits that the complaint in the Filler Action identifies various defendants and refers to that document for its contents; and admits that L&H has filed for bankruptcy and is going through liquidation.

2.   Dexia denies the allegations in paragraph 2, except admits that Dexia issued a press release on June 24, 2003, and refers to that document for its contents.

3.   Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except admits that L&H issued restated financial statements for 1998, 1999, and the first two quarters of 2000 and refers to those documents for their contents.

4.  Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.  Dexia denies the allegations in paragraph 5, except admits that Artesia provided loans to certain entities doing business with L&H; admits that Artesia provided loans to certain principals of L&H; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's business practices.

6.  Dexia denies the allegations in paragraph 6, except admits that a preliminary report was drafted at the request of the Belgian Examining Magistrate, and refers to the May 28, 2001, preliminary report referenced in this paragraph for its contents.

7.  Dexia denies the allegations in paragraph 7, except admits that Artesia sought personal guarantees from Hauspie, Lernout, and Willaert for certain loans; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

8.  Dexia denies the allegations in paragraph 8, except admits that Artesia provided loans to certain entities doing business with L&H, and admits that Artesia entered into credit default swaps in relation to two of these loans.

9.  Dexia denies the allegations in paragraph 9, except refers to the documents referenced in this paragraph for their contents.

10. Dexia denies the allegations in paragraph 10, except admits that Artesia provided loans to certain entities doing business with L&H; and admits that Artesia charged interest and fees in connections with those loans.

11. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, except admits that L&H issued restated financial statements for

1998, 1999, and the first two quarters of 2000; admits that L&H has filed for bankruptcy; admits that Lernout, Hauspie, and Willaert were arrested by criminal authorities in Belgium; and admits that Bastiaens was arrested by U.S. officials.

12. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except admits that the Belgian Examining Magistrate seized documents from Artesia in February 2001, and refers to the June 24, 2003, press release and the June 25, 2003, edition of *De Financieël Economische Tijd* referenced in this paragraph for their contents.

13. Dexia denies the allegations in paragraph 13, except admits that Artesia made loans to certain L&H principals and various entities doing business with L&H; and refers to the *De Financieël Economische Tijd* article referenced in this paragraph for its contents.

14. Dexia denies the allegations in paragraph 14, except admits that Plaintiffs purport that this action arises under § 10(b) of the 1934 Act and the rules and regulations promulgated thereunder, and state law.

15. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, except Plaintiffs purport to base jurisdiction on § 27 of the 1934 Act and 28 U.S.C. §§ 1331, 1367, and 1332.

16. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, except Plaintiffs purport that venue is proper in this District under § 27 of the 1934 Act and 28 U.S.C. § 1391(b).

17. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Dexia denies the allegations in paragraph 19, except admits that Dexia S.A. is a financial institution based in Belgium; and admits Dexia S.A. has certain direct and indirect subsidiaries in the United States, including Dexia Credit Local, Financial Security Assurance, Dexia Bank Belgium, Artesia Mortgage Capital Corp., and Dexia Securities U.S.A.

20. Dexia admits the allegations in paragraph 20.

21. Dexia denies the allegations in paragraph 21, except refers to Dexia S.A.'s March 31, 2001, press release for its contents.

22. Dexia denies the allegations in paragraph 22, except admits that, prior to its acquisition by Dexia, Artesia had various subsidiaries in the United States, including Artesia Mortgage Capital Corporation, located at 1180 NW Maple St., Suite 202, Issaqua, Washington 98027; and admits that Artesia Mortgage continues to conduct business under the same name although it is now owned by Dexia.

23. Dexia admits the allegations in paragraph 23.

24. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, except admits that Artesia was part of a lending consortium that loaned $430 million to L&H for the acquisition of Dictaphone.

25. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, except admits that L&H was based in Belgium and had United States offices in Burlington, Massachusetts; admits that L&H was listed on NASDAQ and EASDAQ; and admits L&H has filed for bankruptcy and is going through liquidation.

26. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, except admits that L&H has filed for bankruptcy and is going through liquidation.

27. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, except admits that Lernout was a co-founder of L&H, was arrested by criminal authorities in Belgium, and was named as a defendant in the Filler Action.

28. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, except admits that Hauspie was a co-founder of L&H, was arrested by criminal authorities in Belgium, and was named as a defendant in the Filler Action.

29. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except admits that Bastiaens was arrested by U.S. officials and was named as a defendant in the Filler Action.

30. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except admits that Willaert was arrested by criminal authorities in Belgium, and was named as a defendant in the Filler Action.

31. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, except admits that Dammekens was named as a defendant in the Filler Action.

32. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except admits that FLV Fund was named as a defendant in the Filler Action.

33. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, except admits that S.A.I.L. Trust was named as a defendant in the Filler Action.

34. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, except admits that Mercator is an insurance company and admits that Mercator was named as a defendant in Filler Action.

35. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, except admits that KPMG Belgium is a Belgian public accounting firm; and that KPMG Belgium was named as a defendant in the Filler Action.

36. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, except admits that KPMG LLP is a public accounting firm based in the United States, and admits that KPMG U.S. was named as a defendant in the Filler Action.

37. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, except admits that L&H issued financial statements from 1997 to 2000 and refers to those documents for their contents.

39. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, except refers to the Merger Agreement referenced in this paragraph for its contents.

41. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, except refers to the Merger Agreement referenced in this paragraph for its contents.

42. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, except refers to the April 28, 1998, L&H press release referenced in this paragraph for its contents.

45. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, except refers to the July 28, 1998, L&H press release referenced in this paragraph for its contents.

46. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, except refers to the October 27, 1998, L&H press release referenced in this paragraph for its contents.

47. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, except refers to the April 7, 1999, L&H press release referenced in this paragraph for its contents.

48. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, except refers to L&H's 1998 Annual Report referenced in this paragraph for its contents.

49. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, except refers to L&H's 1998 Annual Report to Shareholders referenced in this paragraph for its contents.

50. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, except refers to the May 18, 1999, L&H press release referenced in this paragraph for its contents.

51. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, except refers to the July 28, 1999, L&H press release referenced in this paragraph for its contents.

52. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, except refers to the October 27, 1999, L&H press release referenced in this paragraph for its contents.

53. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, except refers to the February 9, 2000, L&H press release referenced in this paragraph for its contents.

54. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, except refers to L&H's 1998 Annual Report on Form 20-F referenced in this paragraph for its contents.

57. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, except refers to the April 7, 1999, L&H press release referenced in this paragraph for its contents.

60. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, except refers to L&H's 1998 Annual Report on Form 20-F referenced in this paragraph for its contents.

61. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, except refers to L&H's 1998 Annual Report on Form 20-F and L&H's 1999 10-K referenced in this paragraph for their contents.

62. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, except refers to L&H's 1997, 1998, and 1999 financial statements referenced in this paragraph for their contents.

63. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. Dexia denies the allegations in paragraph 64, except admits that Artesia made loans to certain entities doing business with L&H; and admits that Artesia entered into credit default swaps in relation to two of these transactions.

65. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, except refers to L&H's 1998 and 1999 Annual Reports on Form 20-F referenced in this paragraph for their contents.

66. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, except refers to the AICPA publication referenced in this paragraph for its contents.

67. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, except refers to the April 9, 1999, KPMG statement referenced in this paragraph for its contents.

68. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, except refers to L&H's June 30, 1999, Form 20-F and L&H's January 7, 2000, Form F-3 referenced in this paragraph for their contents.

69. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, except refers to L&H's restated financial statements for 1997 and 1998 referenced in this paragraph for their contents.

76. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, except refers to the KPMG report referenced in this paragraph for its contents.

78. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, except refers to the Merger Agreement referenced in this paragraph for its contents.

79. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, except admits that L&H stock was listed on NASDAQ and EASDAQ.

81. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, except refers to the public reports, press releases and other public disclosures referenced in this paragraph for their contents..

82. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, except admits that L&H has filed for bankruptcy; and admits that Lernout, Hauspie, Willaert, and Bastiaens were arrested by criminal authorities.

85. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, except refers to L&H's June 30, 2000, Form 10-K, and June 30, 2000, Form 10-Q referenced in this paragraph for their contents.

86. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, except refers to the filings referenced in this paragraph for their contents.

87. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, except refers to L&H's June 30, 2000, Form 10-Q, and the August 8, 2000, edition of *The Wall Street Journal* referenced in this paragraph for their contents.

88. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, except refers to the August 15, 2000, edition of *The Wall Street Journal* referenced in this paragraph for its contents.

89. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, except refers to the report prepared for L&H's Audit Committee referenced in this paragraph for its contents.

91. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, except refers to the September 22, 2000, edition of *The Wall Street Journal* referenced in this paragraph for its contents.

92. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, except refers to the September 22 and 26, 2000, editions of *The Wall Street Journal* referenced in this paragraph for their contents.

93. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, except refers to the September 26, 2000, edition of *The Wall Street Journal* referenced in this paragraph for its contents and refers to *Bloomberg News* for its contents.

94. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, except refers to the October 18, 2000, edition of *The Wall Street Journal* referenced in this paragraph for its contents.

95. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, except refers to the November 9, 2000, L&H press release and Statement of Auditing Standards No. 53 referenced in this paragraph for their contents.

96. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, except refers to the November 17, 2000, edition of *The Wall Street Journal* referenced in this paragraph for its contents.

98. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, except refers to the November 21, 2000, edition of *The Wall Street Journal* referenced in this paragraph for its contents.

99. Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, except admits that L&H filed for bankruptcy and refers to the November 30, 2000, edition of *The Wall Street Journal* referenced in this paragraph for its contents.

100.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, except refers to the December 14, 2000, edition of *The Wall Street Journal* referenced in this paragraph for its contents.

101.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, except refers to the January 5, 2001, Associated Press report referenced in this paragraph for its contents.

102.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, except admits that Lernout, Hauspie and Willaert were arrested in Belgium on criminal charges and Bastiaens was arrested by U.S. officials.

104.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, except refers to the report prepared for L&H's Audit Committee referenced in this paragraph for their contents.

105.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, except refers to the report prepared for L&H's Audit Committee referenced in this paragraph for its contents.

106.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, except refers to the report prepared for L&H's Audit Committee and news reports referenced in this paragraph for their contents.

107.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, except refers to the September 22, 2000, November 6, 2000, and December 14, 2000, editions of *The Wall Street Journal* referenced in this paragraph for their contents.

108.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, except refers to the Code of Federal Regulations provision referenced in this paragraph for its contents.

113.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, except refers to SFAS No. 68 referenced in this paragraph for its contents.

114.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, except refers to SFAS No. 68 and SOP 97-2 referenced in this paragraph for their contents.

115.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, except refers to SOP 97-2 referenced in this paragraph for its contents.

116.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, except refers to the document referenced in this paragraph for its contents.

117.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, except refers to SFAS No. 57 referenced in this paragraph for its contents.

118.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, except refers to L&H's 1997, 1998, and 1999 financial statements; SFAS No. 57; the report prepared for L&H's Audit Committee; and L&H's 1998 Annual Report on Form 20-F referenced in this paragraph for their contents.

119.    Dexia denies the allegations in paragraph 119, except refers to its June 24, 2003, press release and the June 25, 2003, edition of *De Financieël Economische Tijd* referenced in this paragraph for their contents.

120.    Dexia denies the allegations in paragraph 120, except admits that the Belgian Examining Magistrate seized documents from Artesia in February, 2001; admits that it made loans to certain entities doing business with and certain individuals associated with L&H; and refers to the June 25, 2003, edition of *De Financieël Economische Tijd* referenced in this paragraph for its contents.

121.    Dexia denies the allegations in paragraph 121, except refers to the June 25, 2003, edition of *De Financieël Economische Tijd* referenced in this paragraph for its contents.

122.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123, except admits that Artesia organized and managed a private placement of Vasco stock which raised $11.5 million; admits that Artesia wired $11.5 million to Vasco's account in the US; admits that LHIC invested $5 million in Vasco through this private placement; and admits that Mercator invested approximately $1 million in Vasco through this private placement.

124.    Dexia denies the allegations in paragraph 124, except admits that Artesia made a loan to BTG; states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the formation of BTG; and refers to the December 7, 2000, edition of *The Wall Street Journal* for its contents.

125.    Dexia denies the allegations in paragraph 125, except refers to the edition of *The Wall Street Journal* referenced in this paragraph for its contents.

126.    Dexia denies the allegations in paragraph 126, except admits that Artesia loaned approximately $6 million to Radial on September 29, 1998; admits that Radial transferred the

funds to the Slavic Development Company N.V., the Farsi Development Company N.V.,  and

the Bahassa Development Company N.V.; and states that it lacks knowledge or information

sufficient to form a belief as to the truth of the allegations concerning use of the funds by the

LDCs or L&H's accounting practices.

127.    Dexia denies the allegations in paragraph 127, except refers to the internal Artesia

documents referenced in this paragraph for their contents.

128.    Dexia denies the allegations in paragraph 128, except refers to the September 21,

1999, e-mail referenced in this paragraph for its contents.

129.    Dexia denies the allegations in paragraph 129, except refers to the preliminary

report referenced in this paragraph for its contents.

130.    Dexia denies the allegations in paragraph 130, except refers to the September 21,

1999, e-mail referenced in this paragraph for its contents.

131.    Dexia denies the allegations in paragraph 131, except refers to internal Artesia

memoranda referenced in this paragraph for their contents.

132.    Dexia denies the allegations in paragraph 132, except refers to the June 15, 1999,

e-mail, and the preliminary report referenced in this paragraph for their contents.

133.    Dexia denies the allegations in paragraph 133, except refers to the September 21,

1999, e-mail and the preliminary report referenced in this paragraph for their contents.

134.    Dexia denies the allegations in paragraph 134, except refers to the June 25, 2003,

edition of *De Financieël Economische Tijd* referenced in this paragraph for its contents.

135.    Dexia denies the allegations in paragraph 135, except admits that on December

22, 1998, Artesia made a loan to LIC for approximately $6 million; admits that LIC transferred

the funds to development companies for the Greek, Hungarian, Polish, and Czech languages;

admits that these development companies transferred the funds to L&H; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

136.    Dexia denies the allegations in paragraph 136, except refers to the preliminary report referenced in this paragraph for its contents.

137.    Dexia denies the allegations in paragraph 137, except admits Artesia entered into credit default swaps relating to its loan to LIC and refers to the internal memorandum referenced in this paragraph for its contents.

138.    Dexia denies the allegations in paragraph 138, except refers to the June 25, 2003, edition of *De Financieël Economische Tijd* referenced in this paragraph for its contents.

139.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, except refers to L&H's financial statements referenced in this paragraph for their contents.

140.    Dexia denies the allegations in paragraph 140, except refers to the March 1999 fax referenced in this paragraph for its contents.

141.    Dexia denies the allegations in paragraph 141, except refers to the June 21, 1999, e-mail and the preliminary report referenced in this paragraph for their contents.

142.    Dexia denies the allegations in paragraph 142 except admits that Artesia granted a $20 million personal line of credit to Lernout, Hauspie and Willaert; admits that 650,000 shares of L&H were to be pledged as collateral; and refers to the preliminary report referenced in this paragraph for its contents.

143.    Dexia denies the allegations in paragraph 143, except admits that the loans Artesia made to Radial and LIC were due on June 30, 1999; admits that the personal loans

Artesia made to Lernout, Hauspie, and Willaert were due in October 1999; admits that Artesia extended the due date of these loans to December 15, 1999; and refers to the September 7, 1999, e-mail referenced in this paragraph for its contents.

144.    Dexia denies the allegations in paragraph 144, except refers to the December 27, 1999, e-mail referenced in this paragraph for its contents.

145.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, except admits that Artesia's loans to LIC, Lernout, Hauspie and Willaert were repaid from a Singapore bank account of Velstra

146.    Dexia denies the allegations in paragraph 146, except refers to the preliminary report referenced in this paragraph for its contents.

147.    Dexia denies the allegations in paragraph 147, except refers to the preliminary report referenced in this paragraph for its contents.

148.    Dexia denies the allegations in paragraph 148, except refers to the report prepared for L&H's Audit Committee and *The Wall Street Journal* articles referenced in this paragraph for their contents.

149.    Dexia denies the allegations in paragraph 149, except refers to the June 24, 2003, edition of *De Financieël Economische Tijd* referenced in this paragraph for its contents.

150.    Dexia denies the allegations in paragraph 150, except incorporates the responses set forth above.

151.    Dexia denies the allegations in paragraph 151, except admits that Plaintiff purports to bring this action for violations § 10(b) of the 1934 Act, and Rule 10b-5.

152.    Dexia denies the allegations in paragraph 152.

153.    Dexia denies the allegations in paragraph 153.

154.    Dexia denies the allegations in paragraph 154.

155.    Dexia denies the allegations in paragraph 155.

156.    Dexia denies the allegations in paragraph 156.

157.    Dexia denies the allegations in paragraph 157.

158.    Dexia denies the allegations in paragraph 158.

159.    Dexia denies the allegations in paragraph 159, except incorporates the responses set forth above.

160.    Dexia denies the allegations in paragraph 160.

161.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.    Dexia denies the allegations in paragraph 162.

163.    Dexia denies the allegations in paragraph 163, except admits that on September 29, 1998, Artesia loaned $6 million to Radial; admits that Artesia entered into credit default swaps with Lernout, Hauspie and Willaert in relation to the Radial loan; admits that on December 22, 1998, Artesia loaned $6 million to LIC; admits that Artesia entered into credit default swaps with Lernout and Hauspie in relation to the LIC loan; admits that on June 25, 1999, Artesia granted a $20 million line of credit to Lernout, Hauspie and Willaert; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the use of funds by L&H, Lernout, Hauspie or Willaert, or L&H's accounting practices.

164.    Dexia denies the allegations in paragraph 164.

165.    Dexia denies the allegations in paragraph 165.

166.    Dexia denies the allegations in paragraph 166, except incorporates the responses set forth above.

167.    Dexia denies the allegations in paragraph 167.

168.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.    Dexia denies the allegations in paragraph 169, except admits that on September 29, 1998, Artesia loaned $6 million to Radial; admits that Artesia entered into credit default swaps with Lernout, Hauspie, and Willaert in relation to the Radial loan; admits that on December 22, 1998, Artesia loaned $6 million to LIC; admits that Artesia entered into credit default swaps with Lernout and Hauspie in relation to the LIC loan; admits that on June 25, 1999, Artesia granted a $20 million line of credit to Lernout, Hauspie and Willaert; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the use of funds by L&H, Lernout, Hauspie or Willaert, or L&H's accounting practices.

170.    Dexia denies the allegations in paragraph 170.

171.    Dexia denies the allegations in paragraph 171.

## ADDITIONAL DEFENSES

1.  Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

2.  Plaintiffs lack standing to maintain some or all of their claims.

3.  Plaintiffs' claims are barred in whole or in part for lack of personal jurisdiction over Dexia.

4.  Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate their injuries or damages.

5.  Plaintiffs' claims are barred in whole or in part because the decline in the market price of the L&H securities purchased by Plaintiffs resulted in whole or in part from factors other than the alleged conduct of Dexia.

6.  Plaintiffs' claims are barred in whole or in part because the alleged damages were not proximately caused by Dexia.

7.  Plaintiffs' claims are barred in whole or in part because the liability of all defendants and other responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault.

8.  Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any tax benefits or other benefits actually received through their investments.

9.  Plaintiffs' claims are barred in whole or in part because Plaintiffs were expressly advised about the material facts and risks concerning their investments through meaningful cautionary statements contained in public filings of L&H.

Dated:  March 24, 2005

                                    Respectfully submitted,

                                    MINTZ LEVIN COHN FERRIS GLOVSKY &
                                    POPEO

                                    By:    /s/  Breton Leone-Quick
                                            Peter M. Saparoff (BBO#441740)
                                            Breton Leone-Quick (BBO#655571)

                                    One Financial Center
                                    Boston, MA 02111
                                    Tel:    (617) 542-6000
                                    Fax:    (617) 542-2241

- 23 -

CLIFFORD CHANCE US LLP
   James B. Weidner
31 West 52nd Street
New York, NY 10019-6131
Tel:    (212) 878-8000
Fax:    (212) 878-8375

*Counsel for Dexia Bank Belgium, S.A.*

LIT 1511969v1