# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

| |
|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. |

No.: 04-CV-10501 (PBS)

**DECLARATION OF STEVEN B. SINGER
IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO COMPEL
DEFENDANT DEXIA BANK BELGIUM TO PRODUCE DOCUMENTS
AND A RULE 30(B)(6) WITNESS ON AN EXPEDITED BASIS**

STEVEN B. SINGER, declares pursuant to 28 U.S.C. § 1746 that:

1. I am a member of the firm of Bernstein Litowitz Berger & Grossmann LLP, which represents plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund, L.P., and Stonington Holdings, L.L.C. (collectively, "Stonington"). I submit this declaration, on behalf of Stonington and the other plaintiffs in the above-captioned actions (collectively "Plaintiffs"), in support of the accompanying emergency motion to (1) shorten time in which the instant motion is heard, and (2) compel Dexia Bank Belgium to produce documents and a Rule 30(b)(6) witness on an expedited basis. Unless otherwise indicated, I have personal knowledge of the matters addressed in this declaration. I am over the age of 18 and am fully competent to testify.

2. Defendant Dexia Bank Belgium ("DBB") currently conducts business in the United States through a branch office located at 445 Park Avenue, New York, New York 10022. According to information obtained from the New York State Department of Banking, DBB's New York Branch has been licensed to operate as a foreign bank branch in New York since March 1, 1996. According to the website http://www.dexia.com/e/discover/subsidiaries.php?print=1 (a true and correct copy of the

November 18, 2005 version of which is annexed hereto as **Exhibit A**), DBB's New York Branch is DBB's only branch in the United States.

       3.       A corporate affiliate of DBB, Dexia Crédit Local SA (France) ("Crédit Local") also has a branch office located at 445 Park Avenue, New York, New York 10022 ("Crédit Local New York"). According to information obtained from the New York State Department of Banking, Crédit Local New York has been licensed to operate as a foreign agency or branch in New York since November 5, 1990. According to the 2004 Annual Report of Dexia, S.A., a true and correct copy of which is annexed hereto as **Exhibit B**, DBB and Crédit Local are separate legal entities that are both wholly-owned subsidiaries of Dexia, S.A. *See* **Exhibit B** hereto at, *e.g.,* 6, 27.

       4.       According to the website http://www.dexia.com/e/discover/subsidiaries.php?print=1, DBB's only other branch outside Belgium is Dexia Bank Belgium Dublin Branch, located at 6 Georges Dock, IRL-IFSC Dublin 1, Ireland. *See* **Exhibit A** hereto at 4. Crédit Local also has a branch in Dublin, Ireland, located at the same address: 6 Georges Dock, IRL-IFSC Dublin 1, Ireland. *Id.* at 2. As far as Plaintiffs' counsel have been able to ascertain from publicly available information, DBB does not intend to sell the activities of its Dublin branch to Dexia Crédit Local Dublin Branch.

       5.       Annexed hereto as **Exhibit C** is a true and correct copy of a "Notice to Customers and Creditors of Dexia Bank Belgium New York Branch" that appeared in *The Wall Street Journal* on Veterans Day, Friday, November 11, 2005. The notice states:

> On or about November 4, 2005 Dexia Bank Belgium will commence the voluntary liquidation of its New York Branch located at 445 Park Avenue, New York, New York 10022, under the provisions of Section 605.11(c) of the New York State Banking Law. Upon completion thereof, all business related thereto shall be conducted from Dexia Bank Belgium's offices located at Boulevard Pachecho 44, B-1000 Brussels Belgium. All inquiries with respect to the winding-up of Dexia Bank Belgium New York Branch should be directed to: General Manager, Dexia Bank Belgium New York Branch, 445 Park Avenue, New York, New York 10022. Telephone: 1-212-515-7028, on or before December 4, 2005.

3

6.      As far as Plaintiffs' counsel have been able to ascertain from publicly available information, DBB's voluntary liquidation of the New York Branch will leave DBB without a branch office or assets in the United States.

7.      According to the Weekly Bulletin of the New York State Banking Department dated November 11, 2005 (a true and correct copy of which is annexed hereto as **Exhibit D**), on November 7, 2005, the New York State Banking Department received a notice of DBB's intention to voluntarily liquidate the New York Branch. Plaintiffs' counsel have been unsuccessful in their efforts to obtain from the Banking Department a copy of that notice or any other documents concerning DBB's intention to voluntarily liquidate the New York Branch. On November 16 and November 17, Plaintiffs' counsel filed freedom of information law requests with the Banking Department in an effort to obtain more information concerning the voluntary liquidation of the New York Branch. As yet, the Banking Department has not provided any information responsive to these requests.

8.      On November 17, 2005, Plaintiffs served on DBB the Plaintiffs' Notice of Rule 30(b)(6) Deposition of, and Request for Production of Documents by, Defendant Dexia Bank Belgium, together with a letter requesting that DBB agree to waive the 30 day response period provided by Fed. R. Civ. P. 34(b) and produce the requested documents on November 21, 2005. True and correct copies of this discovery request and counsel's accompanying letter are annexed hereto as **Exhibit E.**

9.      On November 18, 2005, Plaintiffs' counsel, including the undersigned, conferred by telephone with Joel Cohen of Clifford Chance US LLP, counsel for DBB, concerning Plaintiffs' discovery request and Plaintiffs' request for an expedited response thereto. Mr. Cohen stated that he could not commit to providing the requested discovery at all, let alone on an expedited basis. During the teleconference, in response to Plaintiffs' counsels' question, Mr. Cohen stated that he did not know when the liquidation of DBB's New York Branch is scheduled to be completed.

4

5

I declare under penalty that the foregoing is true and correct.

Executed in New York, New York this 21st day of November, 2005.

          /s/ Steven B. Singer
Steven B. Singer