# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendant. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　　Defendants. | No.:  04-CV-10501 (PBS) |

**DECLARATION OF PATRICK T. EGAN IN SUPPORT OF
PLAINTIFFS' EMERGENCY MOTION TO COMPEL DEPOSITIONS**

I, Patrick T. Egan, declare as follows:

1.　　　I am a Partner with the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo, Lead Counsel to the Class Plaintiffs in *Quaak v. Dexia Bank Belgium*, 03 CV-11566.  I am a member in good standing of the bar of the State of Massachusetts.  I respectfully submit this declaration on behalf of all Plaintiffs, in support of Plaintiffs' Emergency Motion to Compel Depositions.

2.　　　These actions have been pending since the Summer of 2003.  On November 21, 2005, defendant Dexia Bank Belgium ("Dexia") filed a motion seeking to stay this litigation pending resolution of its interlocutory appeal of the District Court's decision and order denying Dexia's motion to dismiss.  On November 23, 2005, Judge Saris denied Dexia's motion for a stay.  Subsequently, on December 27, 2005, the Court entered a Scheduling Order which, among other things, provided for fact discovery in these actions to be complete by June 16, 2006.

3.　　　On September 15, 2005, Plaintiffs noticed the depositions of Karl Van Riet, Ivan de Coen, Joris van Helleputte and Jan van Broeckhoven.  A copy of that deposition notice is attached hereto as Exhibit A.

4. On December 5, 2005, Plaintiffs noticed the depositions of Philippe Steverlynck, Francois Saverys, Alain Probst, Claude Piret, Bernard Mommens, Jacques Janssens, Piet Cordonnier, Peter Rabaey and Bart Ferrand. A copy of that deposition notice is attached hereto as Exhibit B.

5. On December 20, 2005, Jeff E. Butler, counsel to Dexia, wrote to Susan M. Davies, counsel to Filler Plaintiffs, and provided agreed-upon dates for the depositions of Messrs. Van Riet, Steverlynck and Saverys during the week of March 6, and for the depositions of Messrs. Probst and Piret during the week of March 13. A copy of that letter is attached hereto as Exhibit C.

6. Plaintiffs have diligently prepared for these depositions. Plaintiffs have reviewed over 140,000 pages of documents which Dexia produced as late as eight months after Plaintiffs served their document requests, including foreign language documents that Plaintiffs had translated on an expedited basis, at significant cost. Plaintiffs have been arranging the logistics for these international, foreign language depositions, including organizing translators, videographers and stenographers.

7. On February 16, 2006, Class Plaintiffs filed a motion for leave to file the Third Amended Complaint. The Third Amended Complaint does not seek to add any new defendants, and does not seek to expand the Class Period. Instead, that Complaint adds allegations relating to Dexia's massive insider trading of L&H stock during the Class Period, and Dexia's liability for analyst reports issued by Dexia's predecessors, Artesia Banking Corporation, S.A. and its 100% owned subsidiary, Artesia Securities, S.A., during the Class Period. Significantly, these allegations are based entirely on documents that Dexia produced to Plaintiffs in the fall of 2005. Thus, Dexia has long known about the existence of the documents that give rise to the additional

allegations set forth in the Third Amended Complaint.

8. On February 22, 2006, Mr. Butler sent a letter to Plaintiffs counsel stating that Dexia had determined to unilaterally adjourn *sine die* the depositions scheduled for the weeks of March 6 and 13, or until some time after the Court rules on the Class Plaintiffs' motion for leave to amend, purportedly because the Third Amended Complaint could "potentially" prejudice Dexia. A copy of that letter is attached hereto as Exhibit D.

9. On February 23, Steven B. Singer, counsel for the Stonington Plaintiffs, sent an e-mail to Mr. Butler responding his February 22 letter, and rejecting Dexia's attempt to adjourn the scheduled depositions. A copy of that e-mail is attached hereto as Exhibit E. Also on February 23, 2006, Class Plaintiffs filed a motion requesting remand of the interlocutory appeal, on the grounds that the Third Amended Complaint defeats the justification for granting interlocutory review. The issues raised by that motion directly relate to the issues raised in the Class's motion for leave to amend.

10. On February 23, Mr. Butler sent a letter in response to Mr. Singer's e-mail, in which he now stated that Dexia's counsel could not proceed with the depositions in Belgium because counsel could not respond to Plaintiffs' recently filed motions and also attend depositions in Belgium. A copy of that letter is attached hereto as Exhibit F.

11. According to its website, Clifford Chance, Mr. Butler's law firm, is one of the largest law firms in the world. Clifford Chance has over 2,300 attorneys in 28 offices worldwide, including an office in Brussels, where the depositions are to occur.

12. Also on February 23, Mr. Singer wrote a letter to Mr. Butler in response to his letter of that day in which, to address Mr. Butler's concerns about traveling to Belgium, Mr. Singer offered to conduct the depositions in New York on the dates noticed, rather than Belgium.

A copy of that letter is attached hereto as Exhibit G.  As of the filing of this motion, Dexia has not responded to that offer.

I declare under penalty that the foregoing is true and correct.  Executed this 24th day of February, 2006.

                                                                   /s/ Patrick T. Egan
                                                                   Patrick T. Egan