# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendant. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendant. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>   Plaintiffs,<br><br>   v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>   Defendants. | No.:  04-CV-10501 (PBS) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEXIA'S EMERGENCY MOTION FOR A PROTECTIVE ORDER**

Plaintiffs respectfully submit this Memorandum in Opposition to Dexia's Emergency Motion for a Protective Order, and incorporate herein the arguments set forth in the Memorandum in Support of Plaintiffs' Motion to Compel, filed on February 24, 2006.  Dexia offers two reasons why it cannot proceed with the depositions at issue.  Both lack merit.

First, Dexia suggests that it will be prejudiced because it cannot determine the issues on which its witnesses will be examined.  This is nonsense.  Dexia knows full well the claims and issues that will be the subject of these depositions.  Dexia's insider trading in L&H securities and the analyst reports issued by Artesia Banking Corporation and Artesia Securities (Dexia's corporate predecessors), which are the issues that underlie the additional allegations in Class Plaintiffs' proposed Third Amended Complaint, have always been relevant to all Plaintiffs' claims in these litigations.  Indeed, had they not, Dexia would never have produced the documents that caused the Class Plaintiffs to propose filing the Third Amended Complaint. Plaintiffs served their document requests almost one year ago, and Dexia never contended that these issues or documents were not relevant to the claims that the Court has already sustained. There is simply no reason why Plaintiffs cannot examine Dexia's employees about Dexia's own

documents.

Moreover, it is axiomatic that, in conducting these depositions, Plaintiffs are entitled to examine the witnesses on any potentially relevant topics, as long as that inquiry does not ask the deponent to reveal privileged information. See Fed.R.Civ.P. 30(d)(1). Pursuant to Rule 30(c), Dexia can object to these questions on the grounds of relevance, and thereby preserve its objection on this ground, but cannot instruct the witness not to answer. Accordingly, the Federal Rules of Civil Procedure already provide Dexia with the means to object to questions on grounds of relevancy – they do not allow a party to unilaterally adjourn depositions because it does not wish to have its employees deposed.

Second, Dexia's counsel claims that the burden of motion practice makes it impossible for it to prepare for and attend depositions in Belgium. Dexia offers nothing to support this claim which, given the size and resources of its counsel, is absurd. For one thing, Dexia's opposition to the motion for leave to amend is due this Thursday – four days before the first deposition is scheduled. The suggestion that Clifford Chance LLP cannot simultaneously respond to two motions (which significantly overlap) while defending a handful of depositions (most of which will occur after the motions are briefed) warrants no further response. To the extent that travel to Belgium presents an issue for its counsel, Plaintiffs have offered to conduct these depositions in New York. Tellingly, Dexia's counsel has not accepted that offer.

Moreover, Dexia is flat wrong when it says that Plaintiffs will not suffer any prejudice in the event these depositions are adjourned until May. The Scheduling Order provides for discovery to be complete by June 16, and if depositions in this case are not allowed to proceed until May the Schedule cannot be met. Further, Plaintiffs have paid tens of thousands of dollars for expedited translation of foreign language documents in preparation for these depositions, and

may also incur substantial cancellation fees for travel, court reports, and translators if these depositions are adjourned.

In truth, it is neither the proposed Third Amended Complaint nor the Class Plaintiffs' pending motions to amend their complaint and to request remand of the pending First Circuit appeal that motivated Dexia to unilaterally adjourn these depositions.  Rather, this is simply another attempt by Dexia to avoid having its employees provide sworn testimony about their role in the L&H fraud.  Judge Saris summarily rejected Dexia's last attempt to do so, when the Court denied Dexia's motion for a stay.  Dexia's most recent effort to evade discovery should be similarly rejected.

For these reasons, Plaintiffs respectfully request that the Court deny Dexia's Motion for a Protective Order, and grant Plaintiffs Motion to Compel Dexia to produce Messrs. Van Riet, Steverlynck, Saverys, Probst and Piret for their scheduled depositions.

Dated:        February 27, 2006                    Respectfully submitted,

BERMAN DEVALERIO PEASE
   TABACCO BURT & PUCILLO

/s/ Patrick T. Egan_____
Glen DeValerio, BBO # 122010
Patrick T. Egan, BBO # 637477
(pegan@bermanesq.com)
One Liberty Square
Boston, MA 02109
Telephone:  (617) 542-8300

SHALOV STONE & BONNER LLP
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone:  (212) 239-4340

CAULEY BOWMAN CARNEY
& WILLIAMS PLLC

3

Allen Carney
11001 Executive Center Drive, Suite 200
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

**CO-LEAD COUNSEL TO
LEAD CLASS PLAINTIFFS**


BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP

  /s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400

LOONEY & GROSSMAN LLP
Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

**COUNSEL TO PLAINTIFFS
STONINGTON PARTNERS, INC.,
STONINGTON CAPITAL
APPRECIATION 1994 FUND L.P. AND
STONINGTON HOLDINGS L.L.C.**


GREGORY P. JOSEPH LAW OFFICES LLC

         /s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY  10022
Telephone: (212) 407-1200

KOTIN, CRABTREE & STRONG

4

                                                                   Amy C. Mainelli, BBO #657201
                                                                   One Bowdoin Square
                                                                   Boston, MA 02114
                                                                   Telephone: (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust**

PARTRIDGE, ANKNER & HORSTMAN LLP

      /s/ Terence K. Ankner
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone: (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

**COUNSEL TO PLAINTIFFS JANET BAKER, JAMES BAKER, JKBAKER LLC and JMBAKER LLC,**

6