**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
EMERGENCY MOTION TO COMPEL DEPOSITIONS**

Defendant Dexia Bank Belgium ("Dexia") submits this memorandum in opposition to Plaintiffs' Emergency Motion to Compel Depositions.

## Argument

Plaintiffs are currently engaged in an all-out effort to derail the interlocutory appeal that is now fully-briefed before the First Circuit, and is scheduled for oral argument on April 6, 2006. As a first step, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint, seeking to add brand-new claims against Dexia, on February 16, 2006, even though the time for moving to amend the pleadings expired more than six months earlier. As a second step, Plaintiffs filed a Motion for an Order Requesting Remand of Interlocutory Appeal on February 23, 2006, asking the Court to request remand of the fully-briefed appeal because, supposedly, the proposed amended complaint would render the appeal "moot." Additional steps are obviously in the works. For example, Plaintiffs have indicated that they may seek to expedite hearing of one or both of these motions, and that they intend to file a motion in the First Circuit for remand of the interlocutory appeal. Based on the pending motions—and others apparently planned before the

2

oral argument on April 6—a short postponement of depositions of Dexia employees previously scheduled to take place in Belgium over the next two weeks is fully warranted.

*First*, the motion to amend filed by Plaintiffs creates substantial uncertainty about the scope of this litigation, and hence the scope of appropriate questioning of Dexia witnesses. Plaintiffs are seeking to add several new claims against Dexia, including claims based on analyst reports issued by Artesia Securities in 1999 and claims based on alleged "insider" trading by Artesia Banking Corporation in 2000. Plaintiffs obviously hope to examine Dexia witnesses on these subjects even before the Court has ruled on their motion for leave to amend. It would be unfair to Dexia if Plaintiffs were allowed to conduct these depositions as though their motion for leave to amend had already been granted.

Plaintiffs assert that these new claims "have always been an element of Plaintiffs' claims against Dexia" (Pls' Br. at 3), but that assertion is belied by their complaints, which do not make any mention of these types of claims. Plaintiffs also claim that these issues "have been the subject of discovery for months" (*id.*), but they do not cite any basis for that assertion. In fact, Plaintiffs have never pressed Dexia for discovery concerning these new claims, so Dexia has never had reason to believe that these claims were part of this case.

Plaintiffs' conduct during the course of this litigation confirms that Dexia has not been on notice of these new claims. Plaintiffs have insisted that this is *not* a misrepresentation case under Rule 10b-5(b), but rather a "scheme" case under Rule 10b-5(a) and (c). For example, in their opposition to Dexia's Petition for Permission to Appeal filed on August 3, 2005, Plaintiffs stated:

> Plaintiffs do not argue that Dexia is liable under Rule 10b-5(b) for substantially participating in the making of L&H's false and misleading statements, nor did the District Court analyze Dexia's liability in this way. Therefore, Dexia's arguments concerning whether Dexia made a statement and can be liable under Rule 10b-5(b) are irrelevant.

3

This statement directly contradicts any suggestion that Dexia has been on notice of a direct misrepresentation claim in this litigation.

Plaintiffs have also served interrogatory responses as recently as November 1, 2005, describing the conduct that Plaintiffs contend is at issue in this litigation. These interrogatory responses do not make any mention of analyst reports issued by Artesia Securities or sales of L&H stock by Artesia, and thus underscore that Dexia has not been on notice of claims based on such conduct.

*Second*, this flurry of significant motion practice by Plaintiffs makes it extremely difficult, as a practical matter, for Dexia's core team of U.S. lawyers to travel to Belgium for an extended period of depositions. Although Dexia will have filed its opposition to Plaintiffs' first motion (the motion for leave to amend) before the first deposition is scheduled to take place, Dexia's opposition to the second motion (the motion for an order requesting remand) is due next week, in the midst of the planned depositions. Moreover, the Court may choose to hear argument on one or both of these motions during the time that counsel for Dexia is scheduled to be in Belgium, which would plainly prejudice Dexia. Finally, given that Plaintiffs have indicated that they intend to file additional motions in an effort to prevent hearing of the interlocutory appeal on April 6, it borders on sharp practice for Plaintiffs to insist that counsel for Dexia leave the country for the next two weeks.[1]

In seeking to postpone these depositions, Dexia is *not* seeking an indefinite delay of these depositions, nor is it seeking to evade appropriate discovery. We have agreed to the depositions,

---

[1] Plaintiffs' proposed "solution" of conducting the depositions in New York would only create a different problem, namely, the need for several Dexia executives to travel to the United States on short notice, taking extra days out of their schedules.

and plan to reschedule them for late April or early May at the latest.[2]  It is even feasible, assuming there are no additional motions seeking to interfere with the interlocutory appeal, for the depositions previously scheduled for the week of March 13 to go forward as planned, perhaps with one or more of the postponed depositions taking place the following week (when otherwise no depositions are scheduled).  Under this scenario, Dexia's proposed postponement would delay the planned depositions by only about a week.  In any event, whether the depositions are rescheduled for March, April or early May, they will be completed well before the close of merits discovery on June 16, 2006.

      Plaintiffs flatter counsel for Dexia with the claim that we can simultaneously defend depositions in Belgium and brief significant motions here relating to the interlocutory appeal.  The simple fact is that Dexia's core team of U.S. lawyers cannot be in two places at once, and we had no reason to expect that significant motion practice (except perhaps relating to discovery issues) would be taking place at this time.  Notably, the parties scheduled depositions in this case around the briefing schedule for the First Circuit appeal.[3]  Moreover, the Scheduling Order in this action does not contemplate any significant motion (*e.g.*, a motion for class certification or motion for summary judgment) until *after* the close of discovery.  For these reasons, it is unreasonable for Plaintiffs to suggest that counsel for Dexia should "tough it out" and defend depositions in Belgium at the same time that significant motions are being litigated here.

---

[2] The first two weeks of April are the Easter holiday in Belgium, so no depositions have been scheduled during that time.  Depositions are currently scheduled in Belgium for the week of April 17, and we would hope to reschedule any postponed depositions for the weeks of April 24 or May 1, if they cannot be scheduled sooner.

[3] Dexia previously attempted to schedule two of the depositions scheduled for March during the week of January 9, 2006.  Plaintiffs declined the opportunity to take those depositions in January, presumably because they expected to be working on their First Circuit brief (which was filed on January 30).

5

**Conclusion**

For all the foregoing reasons, Plaintiffs' Emergency Motion to Compel Depositions should be denied.

Dated: March 2, 2006

                                             Respectfully submitted,

                                             MINTZ LEVIN COHN FERRIS
                                             GLOVSKY & POPEO

                                             By:  /s/ Breton Leone-Quick
                                                  Peter M. Saparoff (BBO#441740)
                                                  Breton Leone-Quick (BBO#655571)

                                             One Financial Center
                                             Boston, MA 02111
                                             Tel:   (617) 542-6000
                                             Fax:  (617) 542-2241

                                             James B. Weidner
                                             Jeff E. Butler
                                             CLIFFORD CHANCE US LLP
                                             31 West 52nd Street
                                             New York, NY 10019-6131
                                             Tel:   (212) 878-8000
                                             Fax:  (212) 878-8375

                                             *Counsel for Dexia Bank Belgium*

**Certificate of Service**

I, Breton Leone-Quick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 2, 2006.

  /s/ Breton Leone-Quick                                           Dated: March 2, 2006