**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　　　Defendants. | No.: 04-CV-10501 (PBS) |

**PLAINTIFFS' RESPONSE TO DEFENDANT DEXIA BANK BELGIUM'S MOTION FOR LEAVE TO FILE THE LEONE-QUICK DECLARATION UNDER SEAL**

Dexia has moved for leave to file under seal Plaintiffs' counsel's opinion work product that was inadvertently produced to Dexia and that is subject to Plaintiffs' pending motion to compel the return of inadvertently produced documents ("Motion to Compel") (the "Inadvertently Produced Documents").[1] Plaintiffs submit that the Inadvertently Produced Documents should only be submitted to the Court, if at all, for *in camera* inspection, upon this Court's request.[2]

As previously indicated in Plaintiffs' memorandum in support of their Motion to Compel, the Inadvertently Produced Documents are opinion work product that were inadvertently produced to Dexia in this litigation. Plaintiffs have designated the Inadvertently Produced Documents confidential pursuant to paragraph 3 of the May 31,

---

[1] The "Inadvertently Produced Documents" refers to the documents attached to the Declaration of Breton Leone-Quick filed on March 22, 2006. According to Dexia's motion for leave, a courtesy copy of this Declaration and exhibits were sent to chambers.

[2] Plaintiffs previously offered to make these documents available to the Court for *in camera* review. Then, in advance of filing their motion for leave to file under seal, Dexia's counsel contacted Plaintiffs' counsel for their assent to the filing of their motion for leave. Plaintiffs' counsel requested that Dexia forego motion practice, in favor of *in camera* inspection at this Court's requests. Dexia refused and insisted on filing the motion for leave to file under seal.

1

2005 Stipulation and Proposed Order Governing the Treatment of Confidential Information and are seeking their return through the pending Motion To Compel.

Plaintiffs submit that these confidential documents that are the subject of a pending claim of privilege should not be filed with the Court in any manner. If, upon consideration of the pending Motion To Compel, the Court determines that *in camera* review of the Inadvertently Produced Documents is warranted, the Court has discretion to order the same without destroying Plaintiffs' claim of privilege. Accordingly, Plaintiffs request that the Court (1) deny Dexia's motion for leave to file under seal, *and* (2) order Dexia *not* to file the Inadvertently Produced Documents with the Court.

If, however, this Court is inclined to permit the filing of the Inadvertently Produced Documents, Plaintiffs submit that such filing should be under seal.

Plaintiffs have moved for the return of the Inadvertently Produced documents or, in the alternative, for an order limiting Dexia's use of those documents in this litigation. Under either scenario, there is no basis for Plaintiffs' confidential, opinion work product to be publicly-filed with the Court. Even if this Court found that Plaintiffs' inadvertent production constitutes a waiver, it would only be a limited waiver as to only those documents, and that would not justify the world-wide publication of those confidential documents through a public filing. In fact, an order allowing the public filing of the Inadvertently Product Documents could result in the *de facto* denial of Plaintiffs' motion in full.

Accordingly, Plaintiffs submit that it is appropriate for this Court to: (1) deny Dexia's motion for leave to file under seal, and (2) order Dexia not to file the Inadvertently Produced Documents with the Court.

Dated: March 22, 2006                    Respectfully submitted,

                                          BERMAN DEVALERIO PEASE
                                             TABACCO BURT & PUCILLO
                                                /s/ Patrick T. Egan
                                        Glen DeValerio, BBO # 122010
                                        Jeffrey C. Block, BBO #600747
                                        Patrick T. Egan, BBO # 637477
                                        (pegan@bermanesq.com)
                                        One Liberty Square
                                        Boston, MA 02109
                                        Telephone:  (617) 542-8300

                                        SHALOV STONE & BONNER LLP
                                        James P. Bonner
                                        Patrick L. Rocco
                                        485 Seventh Avenue, Suite 10000
                                        New York, New York 10018
                                        Telephone:  (212) 239-4340

                                        CAULEY BOWMAN CARNEY & WILLIAMS PLLC
                                        Allen Carney
                                        11001 Executive Center Drive, Suite 200
                                        P.O. Box 25438
                                        Little Rock, Arkansas 722125438
                                        Telephone:  (501) 312-8500

                                        **CO-LEAD COUNSEL TO LEAD CLASS PLAINTIFFS HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER**

3

        LOONEY & GROSSMAN LLP
            /s/ Richard J. Grahn
        Richard J. Grahn, BBO #206620
        (rgrahn@lgllp.com)
        Charles P. Kindregan, BBO #554947
        101 Arch Street
        Boston, MA 02110
        Telephone: (617) 951-2800

        BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
        Max W. Berger
        Steven B. Singer
        Avi Josefson
        1285 Avenue of the Americas
        New York, NY 10019
        Telephone: (212) 554-1400

**COUNSEL TO PLAINTIFFS STONINGTON PARTNERS, INC., STONINGTON CAPITAL APPRECIATION 1994 FUND L.P. AND STONINGTON HOLDINGS L.L.C.**

GREGORY P. JOSEPH LAW OFFICES LLC
           /s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust**

4

        PARTRIDGE, ANKNER & HORSTMAN LLP
            /s/ Terrence K. Ankner
        Terrence K. Ankner, BBO #552469
        (tka@anknerlaw.com)
        200 Berkeley Street, 16th Floor
        Boston, MA 02116
        Telephone: (617) 859-9999
        BOIES SCHILLER & FLEXNER
        Karen C. Dyer
        George R. Coe
        225 South Orange Avenue, Suite 905
        Orlando, Florida 32801
        Telephone: (407) 425-7118

        REED SMITH LLP
        Alan K. Cotler
        Joan A. Yue
        2500 One Liberty Place 1650 Market Street
        Philadelphia, PA 10103
        Telephone: (215) 851-8100

        **COUNSEL TO PLAINTIFFS JANET BAKER, JAMES BAKER, JKBAKER LLC and JMBAKER LLC**

CERTIFICATE OF SERVICE

       I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with Fed. R. Civ. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

                                                              /s/ **Susan M. Davies**
                                                             **Susan M. Davies**