# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>    Defendants. | No. 04-CV-10477-PBS |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC, *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>    Defendants. | No. 04-CV-10501-PBS |

### MOTION BY NON-PARTIES ELLEN CHAMBERLAIN, STEPHEN LUCZO, AND DONALD WAITE FOR PROTECTIVE ORDER

Non-parties Ellen Chamberlain, Stephen Luczo, and Donald Waite (the "Non-Parties"), through their undersigned counsel, hereby move pursuant to Federal Rule of Civil Procedure 26(c) for a protective order precluding defendant Dexia Bank Belgium ("Dexia") from redeposing the Non-Parties, who have already been deposed in the *In re Lernout & Hauspie*

*Securities Litigation*, in contravention of instructions issued by Judge Saris at a hearing in the above-captioned and related actions on February 15, 2005.

In support of this motion, the Non-Parties state as follows:

1. At a hearing held before the Honorable Patti B. Saris on February 15, 2005, the Court addressed pre-trial scheduling in the above-captioned action and related actions against Dexia. *See* Hearing Transcript annexed as **Exhibit A** to the accompanying declaration of Susan M. Davies executed on April 14, 2006 ("Davies Decl."), at 16. Mr. DeValerio, on behalf of the plaintiffs, informed the Court that he and Dexia's counsel, Mr. Saparoff, had been discussing scheduling and requested an opportunity to confer further in an effort to agree upon a schedule. *Id.* Judge Saris agreed to permit the parties to attempt to submit an agreed-upon pre-trial schedule, and then stated:

> But, it's got to be within reason because there – I can't imagine there's a deposition that hasn't been taken [in the *In re L&H Securities Litigation*]. And, that isn't to say that Dexi[a] doesn't have the right to clean it up. But you can incorporate all those depositions into the case between the two of you. And, then, you can do cleanup depositions. You know, how it specifically affects Dexi[a].

*Id.* Dexia's counsel – who was present at the hearing – raised no objection to Judge Saris' instruction, either at the hearing or at anytime thereafter. *Id.*

2. Although counsel for plaintiffs in the above-captioned and related actions consider it to be unnecessary in light of Judge Saris' February 15, 2005 instruction, on March 30, 2006, plaintiffs' counsel offered to enter into a stipulation with Dexia to the effect that all parties to the above-captioned and related actions may use all transcripts of depositions taken in the *In re L&H Securities Litigation* as if those depositions were taken in the instant actions. Davies Decl. **Exhibit B.** Counsel for Dexia has yet to respond to this offer.

3. Under the current Amended Scheduling Order dated December 27, 2005, the deadline for completion of merits discovery in the above-captioned and related actions is June 16, 2006.

4. Each of the Non-Parties was deposed in connection with the *In re L&H Securities Litigation* and related cases. Davies Decl. ¶¶ 4-7. Ms. Chamberlain was deposed for two days on January 20 and 21, 2004. Davies Decl. **Exhibits C** and **D**. Mr. Luczo was deposed on July 29, 2004. Davies Decl. **Exhibit E**. Mr. Waite was deposed on March 12, 2004. Davies Decl. **Exhibit F**.

5. Copies of the deposition transcripts of the Non-Parties, together with copies of the Exhibits marked at the depositions, were produced to Dexia in the above-captioned and related actions on May 26, 2005. Davies Decl. **Exhibit G**.

6. On or about March 28, 2006, Dexia's counsel served deposition and document subpoenas on each of the Non-Parties. Davies Decl. **Exhibits H, J** and **L**.[1]

7. On April 13, 2006, the undersigned counsel for the Non-Parties met and conferred with counsel for Dexia in an effort to determine whether, consistent with Judge Saris' instruction at the February 15, 2005 hearing, Dexia has a genuine need to depose any of the Non-Parties regarding issues "specifically affect[ing] Dexia." Davies Decl. ¶¶ 14-15 and **Exhibit O**. During the meet and confer, Dexia's counsel identified only three general subjects concerning which Dexia seeks deposition testimony of the Non-Parties: (1) plaintiffs' investigation of potential claims against Dexia; (2) plaintiffs' awareness of Dexia during the due diligence process

---

[1] The subpoenas also include requests for documents ("Document Subpoenas"), to which the Non-Parties timely objected, *inter alia*, on grounds that most of the responsive documents were produced by the Non-Parties in the *In re L&H Securities Litigation*, No. 00-CV-11589 and related cases, and made available to Dexia's counsel on May 23 and 26, 2005. Davies Decl. **Exhibits I, K, M, N**. Dexia has agreed that the Non-Parties may have until May 1, 2006 to produce responsive documents that were not previously made available to Dexia. Davies Decl. ¶ 13 and **Exhibit O**. The instant motion does not seek the withdrawal of the Document Subpoenas.

performed in connection with the acquisition of Dragon Systems, Inc. ("Dragon") by L&H; and (3) Non-Parties' ownership interests in Dragon and Seagate Technology, Inc. Davies Decl. ¶¶ 14 and **Exhibit O**.

8.	Dexia does not need to depose any of the Non-Parties concerning any of these three subject areas.

9.	**Plaintiffs' investigation of potential claims against Dexia.** Examination of the Non-Parties on this subject is not necessary to Dexia's defense because the Non-Parties were not involved in any way in investigating potential claims against Dexia on behalf of any of the plaintiffs to the above-captioned and related actions, and have no personal knowledge concerning same. Davies Decl. ¶ 15 and **Exhibit O**. The Non-Parties' counsel has offered to provide Dexia with the Non-Parties' affidavit testimony to this effect, obviating the need for deposition examination on this subject. *Id.*

10.	**Plaintiffs' awareness of Dexia during the due diligence process performed in connection with the acquisition of Dragon by L&H.** Examination of the Non-Parties on this subject is so unlikely to result in discovery of relevant information that it amounts to a fishing expedition, the burden and expense of which overwhelmingly outweigh any possible potential benefit to Dexia. *Cf.* Fed. R. Civ. P. 26(b)(2)(iii). Neither the Filler nor Baker Plaintiffs have alleged any reliance on Dexia in the decisions by Seagate Technology, Inc. and Baker Plaintiffs to enter into the Dragon/L&H merger transaction. Accordingly, these plaintiffs' "awareness of Dexia during the due diligence process" could only possibly be relevant to Dexia's statute of limitations defense – that is, if the Non-Parties' deposition testimony were to show that the plaintiffs' "awareness of Dexia" amounted to knowledge of Dexia's role in the L&H fraud, triggering the applicable two year statute of limitations under the *Sarbanes-Oxley Act* of 2002.

*Quaak v. Dexia,* 357 F. Supp. 2d 330, 334-38 (D. Mass. 2005).  Given the inherent improbability that Seagate Technology, Inc. and Baker Plaintiffs would have sold their interests in Dragon to L&H had they known of Dexia's role in the L&H fraud, the Non-Parties should not have to bear the burden and expense of submitting to deposition upon oral examination concerning this subject.[2]  If Dexia considers it necessary to its defense to investigate this remote possibility, this subject also could be adequately and expediently addressed by way of affidavit.

11. **Non-Parties' ownership interests in Dragon and Seagate**.  Examination of the Non-Parties on this subject would be unreasonably cumulative and duplicative of the document discovery the Non-Parties have agreed to provide to Dexia.  Fed. R. Civ. P. 26(b)(2)(i).  *See* Davies Decl. **Exhibits I, K,** and **M** (Response to Request No. 15).  As indicated in their written responses and objections to Dexia's Document Subpoenas, the Non-Parties held ownership interests in Dragon only in their capacity as shareholders of Seagate Technology, Inc., and they have agreed to provide documents reflecting their ownership interests in Seagate Technology, Inc. from 1998 through to the present.  *Id.*  Deposition testimony on this subject is unnecessary.

12. In light of Judge Saris' February 15, 2005 instruction prohibiting the redeposition of witnesses who have already been deposed in the *In re L&H Securities Litigation* except as to issues "specifically affect[ing] Dexia," and Dexia's failure to identify any such issues within the knowledge of the Non-Parties, it is respectfully submitted that the Non-Parties should not be

---

[2] Dexia has never pointed to any evidence of its role in the L&H fraud of which plaintiffs could have been aware prior to the closing the Dragon/L&H merger.  The only purported "storm warning" that pre-dates the June 7, 2000 closing is Dexia's co-management of a private placement of stock of Vasco Data Security International, a customer of L&H.  Davies Decl. **Exhibits P and Q**.  Even if the depositions of the Non-Parties were to show that – contrary to plaintiffs' verified interrogatory responses (*id.* at Response to Interrogatory 6(g)) – plaintiffs were aware of this particular alleged "storm warning" prior to June 7, 2000, this evidence would not be sufficient to trigger the statute of limitations on plaintiffs' claims.  *Cf. In re Copper Antitrust Litig.*, 436 F.3d 782, 790 (8th Cir. 2006) (reversing summary judgment on statute of limitations grounds in favor of defendant J.P. Morgan & Co., Inc. because publicly available information "was insufficient to suggest activities on Morgan's part that went beyond the normal role of a financial institution.").

forced to bear the inconvenience, burden, and expense of deposition upon oral examination by Dexia in the above-captioned and related actions.

**Certifications Pursuant to Fed. R. Civ. P. 26(c)**
**and Local Rule 7.1(a)(2)**

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules 7.1(a)(2), the undersigned counsel hereby certifies that, on behalf of Ellen Chamberlain, Stephen Luczo, and Donald Waite, she has conferred by telephone with Thomas Teige Carroll, Esq. of Clifford Chance US LLP, counsel for Dexia, in an effort to resolve the dispute concerning the subpoenas served on the Non-Parties without court action, and to narrow the issues in dispute.

WHEREFORE, Ellen Chamberlain, Stephen Luczo, and Donald Waite respectfully request that this Court enter an order precluding Dexia from taking their depositions in the above-captioned and related actions, and directing Dexia to withdraw the deposition subpoenas served on each of them.

Dated:    April 14, 2006

                                            Respectfully submitted,

                                            GREGORY P. JOSEPH LAW OFFICES LLC
                                                /s/ Susan M. Davies
                                            Gregory P. Joseph, N.Y. Atty Reg. #1645852
                                            Susan M. Davies, N.Y. Atty Reg. #2413508
                                            (sdavies@josephnyc.com)
                                            Third Avenue, 31st Floor
                                            New York, NY  10022
                                            Telephone:  (212) 407-1200

                                            KOTIN, CRABTREE & STRONG
                                            Amy C. Mainelli, BBO #657201
                                            One Bowdoin Square
                                            Boston, MA 02114
                                            Telephone:  (617) 227-7031

                                            **Counsel to Non-Parties Ellen Chamberlain,**
                                            **Stephen Luczo, and Donald Waite**

CERTIFICATE OF SERVICE

       I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

                                              _____/s/ Susan M. Davies_____
                                              N.Y. Attorney Registration # 2413508