**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>               Plaintiffs,<br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>               Defendants. | No. 04-CV-10477-PBS |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC, *et al.*,<br><br>               Plaintiffs,<br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>               Defendants. | No. 04-CV-10501-PBS |

**DECLARATION OF SUSAN M. DAVIES IN SUPPORT OF**
**MOTION BY NON-PARTIES ELLEN CHAMBERLAIN,**
**STEPHEN LUCZO, AND DONALD WAITE FOR PROTECTIVE ORDER**

SUSAN M. DAVIES, declares pursuant to 28 U.S.C. § 1746 that:

1.      I am a member of the Gregory P. Joseph Law Offices LLC, which

represents non-parties Ellen Chamberlain, Stephen Luczo, and Donald Waite (the "Non-

Parties") who have been served with deposition and document subpoenas in the above-

captioned actions.  On June 13, 2005, the Court granted leave for me to appear *pro hac*

*vice* in the above-captioned action *Filler v. Dexia, S.A.*, No.: 04-CV-10477-PBS. I am over the age of 18 and am fully competent to testify. I submit this declaration in support of the Non-Parties' motion pursuant to Federal Rule of Civil Procedure 26(c) for a protective order precluding defendant Dexia Bank Belgium from redeposing the Non-Parties in contravention of instructions issues by Judge Saris at a hearing in the above-captioned and related actions on February 15, 2005.

2.    Annexed hereto as **Exhibit A** is a true and correct copy of a transcript of a hearing held before the Honorable Patti B. Saris on February 15, 2005 in the *In re L&H Securities Litigation*, No. 00-CV-11589 and related actions and also in the above-captioned action and related actions.

3.    Annexed hereto as **Exhibit B** is a true and correct copy of a March 30, 2006 letter from Avi Josefson of Bernstein Litowitz Berger & Grossman LLP, counsel to plaintiffs in *Stonington Partners, Inc. v. Dexia, S.A.*, No. 04-10411-PBS to Jeff E. Butler of Clifford Chance US LLP.

4.    Annexed hereto as **Exhibit C** is a true and correct copy of the transcript of the deposition of Ellen Chamberlain taken in the *In re L&H Securities Litigation* and related actions on January 20, 2006.

5.    Annexed hereto as **Exhibit D** is a true and correct copy of the transcript of the deposition of Ellen Chamberlain taken in the *In re L&H Securities Litigation* and related actions on January 21, 2006.

6.    Annexed hereto as **Exhibit E** is a true and correct copy of the transcript of the deposition of Stephen Luczo taken in the *In re L&H Securities Litigation* and related actions on July 29, 2004.

7.      Annexed hereto as **Exhibit F** is a true and correct copy of the transcript of the deposition of Donald Waite taken in the *In re L&H Securities Litigation* and related actions on March 12, 2004.

8.      Annexed hereto as **Exhibit G** is a true and correct copy of my May 26, 2005 letter to Jeff E. Butler, of Clifford Chance US LLP, counsel for Dexia.

9.      Annexed hereto as **Exhibit H** is a true and correct copy of the subpoena for documents and deposition issued out of the United States District Court for the District of Oregon that was served on Ellen Chamberlain on or about March 28, 2006.  A true and correct copy of the written objections to this subpoena, which were served timely on Dexia on April 11, 2006, is annexed hereto as **Exhibit I**.

10.      Annexed hereto as **Exhibit J** is a true and correct copy of the subpoena for documents and deposition issued out of the United States District Court for the Northern District of California that was served on Stephen Luczo on or about March 28, 2006.  A true and correct copy of the written objections to this subpoena, which were served timely on Dexia on April 11, 2006, is annexed hereto as **Exhibit K**.

11.      Annexed hereto as **Exhibit L** is a true and correct copy of the subpoena for documents and deposition issued out of the United States District Court for the Northern District of California that was served on Donald Waite on or about March 28, 2006.  A true and correct copy of the written objections to this subpoena, which were served timely on Dexia on April 11, 2006, is annexed hereto as **Exhibit M**.

12.      Annexed hereto as **Exhibit N** are true and correct copies of my letters of May 23, 2005 and May 25, 2005 to Jeff Butler of Clifford Chance US LLP, counsel for

Dexia, making available documents Bates stamped TRA1 through TRA13637, including documents produced from the files of Ellen Chamberlain and Donald Waite.

13.     During a meet and confer on April 13, 2006, Mr. Carroll agreed to extend until May 1, 2006 the deadline for the Non-Parties to produce documents responsive to the document subpoenas that have not already been produced to Dexia.  *See* **Exhibit O** hereto.

14.     On April 13, 2006, I met and conferred by telephone with Thomas Teige Carroll, Esq. of Clifford Chance US LLP, counsel for Dexia, in an effort to determine whether, consistent with Judge Saris' instruction at the February 15, 2005 hearing, Dexia had a genuine need to conduct "cleanup" depositions of any of the Non-Parties regarding issues "specifically affect[ing] Dexia."  The substance of our discussions is reflected in Mr. Carroll's letter to me dated April 13, 2006, a true and correct copy of which is annexed hereto as **Exhibit O**.  As is reflected in **Exhibit O**, Mr. Carroll identified the following three general subjects concerning which Dexia seeks deposition testimony of the Non-Parties:  (1) plaintiffs' investigation of potential claims against Dexia; (2) plaintiffs' awareness of Dexia during the due diligence process performed in connection with the acquisition of Dragon Systems, Inc. ("Dragon") by L&H; and (3) Non-Parties ownership interests in Dragon and Seagate Technology, Inc.

15.     As is also reflected in **Exhibit O**, I informed Mr. Carroll that none of the Non-Parties played any role whatsoever in investigating any plaintiffs' potential claims against Dexia and its predecessors, and offered to provide affidavits from the Non-Parties to that effect to obviate the need for depositions.

16.    Annexed hereto as **Exhibit P** is a true and correct copy of Filler Plaintiffs' Amended Objections and Answers to Defendant Dexia Bank Belgium's First Set of Interrogatories to the TRA Rights Trust dated November 1, 2005.

17.    Annexed hereto as **Exhibit Q** is a true and correct copy of Baker Plaintiffs' Responses and Objections to Dexia Bank Belgium's First Set of Interrogatories dated September 20, 2005.

**Fed. R. Civ. P. 26(c) and Local Rule 7.1(a)(2) Certifications**

18.    Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.1(a)(2), as set forth in paragraphs 14-15 above and **Exhibit O** hereto, I have conferred with Dexia's counsel in an effort to resolve the dispute concerning the subpoenas served on the Non-Parties without court action, and to narrow the issues in dispute.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York this 14th day of April 2006.

Susan M. Davies
N.Y. Attorney Registration # 2413508

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

/s/ Susan M. Davies
N.Y. Attorney Registration # 2413508