CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04        107 |
| 13:29:56 | 2 | indicated earlier that you recalled having either |
| 13:30:01 | 3 | discussions or meetings, some communication with |
| 13:30:04 | 4 | L&H prior to the -- to the merger agreement. |
| 13:30:11 | 5 | MR. JOSEPH:  I don't think so. |
| 13:30:12 | 6 | THE WITNESS:  I testified that I did not |
| 13:30:13 | 7 | have any meetings. |
| 13:30:15 | 8 | BY MR. FRANK: |
| 13:30:16 | 9 | Q    I'm sorry, then, I misunderstood. |
| 13:30:19 | 10 | And in connection with this -- |
| 13:30:21 | 11 | withdrawn. |
| 13:30:23 | 12 | Did you know -- Do you know who Rob |
| 13:30:25 | 13 | Stone is? |
| 13:30:27 | 14 | A    No. |
| 13:30:43 | 15 | Q    Do you know who Ben Hou (phonetic) is? |
| 13:30:47 | 16 | A    No. |
| 13:30:55 | 17 | Q    Did you have, other than as reflected in |
| 13:30:59 | 18 | the board meeting of March 27th, did you have any |
| 13:31:02 | 19 | discussions, excuse me, with Goldman Sachs |
| 13:31:06 | 20 | concerning, um, the merger between L&H and Dragon? |
| 13:31:13 | 21 | A    Not that I recall. |
| 13:31:17 | 22 | Q    Did you have any discussions with Dragon's |
| 13:31:23 | 23 | outside auditors in connection with the due |
| 13:31:26 | 24 | diligence on L&H? |
| 13:31:30 | 25 | A    Not that I recall. |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04          108 |
| 13:31:35 | 2 | Q    You had indicated earlier, I believe, that |
| 13:31:39 | 3 | you had become aware of a revenue stream out of |
| 13:31:43 | 4 | Korea, something to that effect, prior to the merger |
| 13:31:48 | 5 | agreement that L&H had, or a portion of revenues, |
| 13:31:51 | 6 | and I know I'm paraphrasing, so I -- |
| 13:31:55 | 7 | A    Yes. |
| 13:31:55 | 8 | Q    Okay.  What do you recall of that? |
| 13:32:00 | 9 | A    Just that -- I just remember in one of |
| 13:32:06 | 10 | their reports that, and I can't remember if I just |
| 13:32:12 | 11 | read it as part of a, you know, a release with |
| 13:32:15 | 12 | respect to L&H, or if I read it out of a newspaper, |
| 13:32:17 | 13 | but just that there were a significant portion of |
| 13:32:21 | 14 | revenues, as I recall, maybe even 20 or 25 percent |
| 13:32:24 | 15 | of the revenues, out of Korea or a Korean subsidy, |
| 13:32:28 | 16 | which at the time I remember being unusual, given |
| 13:32:33 | 17 | the size of the Korean revenue stream. |
| 13:32:36 | 18 | Q    Do you recall what you did to follow up |
| 13:32:38 | 19 | with respect to that knowledge, if anything? |
| 13:32:42 | 20 | A    Ah, no. |
| 13:32:48 | 21 | Q    Do you recall obtaining comfort with |
| 13:32:50 | 22 | respect to any concern you may have had concerning |
| 13:32:52 | 23 | that? |
| 13:32:53 | 24 | A    Ah, I'm sure -- Now are you talking with |
| 13:32:57 | 25 | respect to the merge? |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

```
         1    Deposition of Stephen Luczo - Conducted on 7/29/04      109

13:32:58 2         Q    Yes, that is -- yes.

13:33:00 3         A    Because, again, I'm not sure of the timing

13:33:01 4    that I saw that.  I believe it was before the

13:33:03 5    merger.  But certainly, you know, any -- any of the

13:33:06 6    revenues we would have expected to have received

13:33:09 7    comfort from, in terms of their origination and

13:33:12 8    their validity.

13:33:13 9         Q    To whom did you look to to receive comfort

13:33:15 10   with respect to that?

13:33:17 11        A    At least from a management perspective, it

13:33:19 12   would have beenen Don and Ellen, and the efforts

13:33:21 13   that they undertook on behalf of Dragon.

13:33:28 14        Q    Do you recall reviewing any of L&H's

13:33:31 15   public filings prior to the board vote to approve

13:33:38 16   the merger?

13:33:39 17        A    Not specifically, but I may have.

13:33:41 18             (Whereupon, Exhibit Number 17 was marked

13:33:41 19   for identification and attached to the transcript.)

13:34:50 20   BY MR. FRANK:

13:34:51 21        Q    Exhibit 17 is a fax cover sheet and a memo

13:34:57 22   to Dragon Systems from Goldman Sachs, dated February

13:35:00 23   29th, 2000 attached to it.

13:35:09 24             I want to ask you to look specifically

13:35:09 25   at the memo, the second two pages.
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    110 |
| 13:36:32 | 2 | A    Okay. |
| 13:36:33 | 3 | Q    Have you seen this memorandum before? |
| 13:36:35 | 4 | A    Nope, not that I recall. |
| 13:36:41 | 5 | Q    I want to direct your attention |
| 13:36:43 | 6 | specifically to the second paragraph on the first |
| 13:36:48 | 7 | page. |
| 13:36:50 | 8 |         MR. JOSEPH:  TRA 12874? |
| 13:36:53 | 9 |         MR. FRANK:  Correct.  "Our experience |
| 13:36:54 | 10 | shows that companies like Lernout and Hauspie, which |
| 13:36:56 | 11 | grow via acquisition, necessitate an extra level of |
| 13:36:59 | 12 | care at this stage of the process.  This only |
| 13:37:01 | 13 | becomes more important as Dragon shareholders and |
| 13:37:04 | 14 | employees are to receive, and in some instances hold |
| 13:37:07 | 15 | L&H common shares and/or options as part of the |
| 13:37:10 | 16 | merger consideration.  Our recommendation is that |
| 13:37:13 | 17 | Dragon's certified public accountants perform |
| 13:37:17 | 18 | comprehensive due diligence on L&H side by side with |
| 13:37:19 | 19 | management, Hale & Dorr, and Goldman Sachs."  Do you |
| 13:37:24 | 20 | recall Goldman's recommendation that Dragon's |
| 13:37:31 | 21 | certified public accountants perform comprehensive |
| 13:37:34 | 22 | due diligence on L&H side by side with management, |
| 13:37:37 | 23 | Hale & Dorr, and Goldman Sachs?  Do you recall that |
| 13:37:40 | 24 | being brought to your attention? |
| 13:37:42 | 25 |         MR. JOSEPH:  This is now four weeks before |

Deposition of Stephen Luczo - Conducted on 7/29/04          111

13:37:44  the closing or signing?

13:37:46          MR. FRANK:  That is correct.  That is

13:37:46  correct.

13:37:47          THE WITNESS:  Again, I don't remember

13:37:49  receiving this memo, and I don't recall any specific

13:37:51  direction by Goldman Sachs on that point.

13:37:53  BY MR. FRANK:

13:37:54      Q     And to your knowledge, was Dragon's

13:37:57  certified public accountants ever engaged to perform

13:38:01  comprehensive due diligence on L&H?

13:38:02      A     I don't have any direct knowledge of that,

13:38:04  but I have no reason to believe they would not have

13:38:07  been.

13:38:07      Q     That they would not have been?

13:38:09      A     Right.

13:38:10      Q     Did you receive any reports to your

13:38:11  recollection from Dragon's certified public

13:38:13  accountants concerning their findings?

13:38:16      A     Not that I recall.

13:38:17      Q     If any.

13:38:17      A     Not that I recall.

13:38:22      Q     Ah, if you go further down, um --

13:38:25  withdrawn.

13:38:27          As a board member of Dragon, would you

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |  |
|--|--|--|--|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04 | 112 |
| 13:38:30 | 2 | have expected to either be -- to be notified about | |
| 13:38:38 | 3 | Goldman Sachs' recommendation that comprehensive due | |
| 13:38:41 | 4 | diligence be performed. | |
| 13:38:42 | 5 | A    Again, I don't have any reason to believe | |
| 13:38:44 | 6 | that comprehensive due diligence wasn't done.  I | |
| 13:38:48 | 7 | mean that recommendation is fairly obvious.  I | |
| 13:38:50 | 8 | suppose they should be doing due diligence when you | |
| 13:38:53 | 9 | buy a company, so I don't -- I don't know what that | |
| 13:38:56 | 10 | sentence means, and I don't remember this memo. | |
| 13:39:00 | 11 | Q    Removing it from the context of this memo, | |
| 13:39:02 | 12 | and perhaps it was just a slip, but I think you said | |
| 13:39:05 | 13 | "It's fairly obvious, I suppose, they should be | |
| 13:39:08 | 14 | doing due diligence when you buy a company. " Um, | |
| 13:39:11 | 15 | but in this specific transaction -- | |
| 13:39:14 | 16 | A    Sell a company.  Buy or sell a company. | |
| 13:39:17 | 17 | Q    Okay. | |
| 13:39:17 | 18 | A    I mean due diligence is a part of a | |
| 13:39:20 | 19 | mergers and acquisitions transaction, is my only | |
| 13:39:23 | 20 | point, so I don't see any specific general benefit | |
| 13:39:25 | 21 | of the sentence that Goldman Sachs has put in this | |
| 13:39:28 | 22 | document.  It doesn't bring to light anything | |
| 13:39:32 | 23 | different. | |
| 13:39:33 | 24 | Q    Okay. | |
| 13:39:33 | 25 | A    To me. | |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stéphen Luczo - Conducted on 7/29/04         113 |
| 13:39:38 | 2 | Q    But you expect that that in fact was |
| 13:39:40 | 3 | performed by Dragon's certified public accountants, |
| 13:39:43 | 4 | correct? |
| 13:39:45 | 5 | A    I have no reason to believe it wasn't. |
| 13:39:47 | 6 | Q    Okay.  Um, briefly, if you would, so we |
| 13:39:51 | 7 | don't go through these line item by line item, if |
| 13:39:54 | 8 | you could just briefly go through the line items on |
| 13:39:57 | 9 | the first page, the review should include, and it |
| 13:39:59 | 10 | says "One, business acquisitions; two, intangibles; |
| 13:40:03 | 11 | three, new accounting pronouncements; four, review |
| 13:40:06 | 12 | of related party transactions; and five, |
| 13:40:09 | 13 | investments."  Do you recall any of those specific |
| 13:40:14 | 14 | items, and discussion of those items respecting |
| 13:40:17 | 15 | L&H being brought to your attention? |
| 13:40:20 | 16 | A    No. |
| 13:40:31 | 17 | Q    If you go to the next page, it says |
| 13:40:33 | 18 | "Segment P&Ls (Due Diligence Book.)" |
| 13:40:37 | 19 | A    (Witness complies).  Yes. |
| 13:40:42 | 20 | Q    Do you recall receiving a due diligence |
| 13:40:45 | 21 | book? |
| 13:40:45 | 22 | A    I do not. |
| 13:40:47 | 23 | Q    With respect to the review recommended, |
| 13:40:53 | 24 | the new segment financials, the technology and |
| 13:40:57 | 25 | solutions segment financials, and corporate |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    114 |
| 13:41:00 | 2 | expenses, do you recall any specific discussion at |
| 13:41:02 | 3 | the board or elsewhere of those items respecting |
| 13:41:05 | 4 | L&H? |
| 13:41:06 | 5 | A    No, I don't. |
| 13:41:22 | 6 | Q    And with respect to the -- the third |
| 13:41:25 | 7 | subheading "Acquisition Reporting and Segmenting |
| 13:41:27 | 8 | (Due Diligence Book.)"  It says, "Reconcile |
| 13:41:32 | 9 | information in the due diligence book, accounting |
| 13:41:37 | 10 | treatment and methodology of each acquisition, and |
| 13:41:37 | 11 | review contribution from acquisitions analysis." |
| 13:41:41 | 12 | Do you recall discussions, either at the |
| 13:41:45 | 13 | board or elsewhere, concerning those issues with |
| 13:41:47 | 14 | respect to L&H? |
| 13:41:48 | 15 | A    I do not. |
| 13:41:55 | 16 | Q    With respect to the board meeting at which |
| 13:42:01 | 17 | the board voted to recommend the transaction, the |
| 13:42:05 | 18 | one the minutes suggest was March 27th, but you |
| 13:42:08 | 19 | indicated you had no specific recollection of the |
| 13:42:10 | 20 | date, that meeting, do you recall, ah, anyone from |
| 13:42:19 | 21 | Dragon asking Goldman, or Goldman's representatives, |
| 13:42:22 | 22 | if they were satisfied with respect to the due |
| 13:42:26 | 23 | diligence on the accounting issues listed in this |
| 13:42:29 | 24 | memo? |
| 13:42:29 | 25 | A    I don't recall.  They may have.  I don't |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    115 |
| 13:42:31 | 2 | recall. |
| 13:43:24 | 3 | Q    Now at or around this time when the Dragon |
| 13:43:26 | 4 | merger transaction with L&H was being considered, |
| 13:43:31 | 5 | roughly March of 2000, was Seagate involved in a |
| 13:43:38 | 6 | potential restructuring of its own? |
| 13:43:43 | 7 | MR. JOSEPH:  Object to the form, only |
| 13:43:44 | 8 | because of the reference to "restructuring." |
| 13:43:46 | 9 | BY MR. FRANK: |
| 13:43:47 | 10 | Q    Withdraw restructuring. |
| 13:43:48 | 11 | Was it involved in discussions concerning |
| 13:43:52 | 12 | a potential buy-out of the stock? |
| 13:43:56 | 13 | A    March of 2000?  It may have been.  I don't |
| 13:43:58 | 14 | recall the exact timing. |
| 13:44:00 | 15 | Q    Was there -- |
| 13:44:01 | 16 | A    There is a lot of file documents on what |
| 13:44:03 | 17 | the timing is on all that. |
| 13:44:11 | 18 | MR. JOSEPH:  We will stipulate, so that |
| 13:44:12 | 19 | the witness doesn't have to guess, that within a |
| 13:44:14 | 20 | week of this transaction.  I don't remember if it |
| 13:44:16 | 21 | was before or after, that the Veritas transaction |
| 13:44:20 | 22 | was publicly announced. |
| 13:44:23 | 23 | MR. FRANK:  Okay, that's fine. |
| 13:44:25 | 24 | BY MR. FRANK: |
| 13:44:26 | 25 | Q    My question was in connection with the |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    116 |
| 13:44:28 | 2 | Veritas transaction, was part of Seagate's objective |
| 13:44:33 | 3 | to -- well, I'll withdraw it. |
| 13:44:37 | 4 | What were Seagate's objectives with |
| 13:44:39 | 5 | respect to the Veritas transaction? |
| 13:44:42 | 6 | A     Maximize value to our shareholders. |
| 13:44:44 | 7 | Q     And was -- Did part of that transaction |
| 13:44:48 | 8 | involve a determination by Seagate to focus its |
| 13:44:54 | 9 | businesses on the -- its core operations? |
| 13:44:58 | 10 | MR. JOSEPH:  I have to object to that, |
| 13:44:59 | 11 | because Seagate, as it was at that time, merged into |
| 13:45:04 | 12 | Veritas, assets were then sold to a management |
| 13:45:09 | 13 | buy-out group, so we're talking about a transaction |
| 13:45:12 | 14 | that at the time was valued at 22 billion dollars. |
| 13:45:16 | 15 | MR. FRANK:  I understand. |
| 13:45:17 | 16 | MR. JOSEPH:  There really are, in fairness |
| 13:45:19 | 17 | to the witness, a series of very detailed proxy |
| 13:45:22 | 18 | statements, which are publicly available.  They are |
| 13:45:25 | 19 | voluminous. |
| 13:45:25 | 20 | MR. FRANK:  I'm not looking to nitpick |
| 13:45:27 | 21 | here.  I'm really just trying to get a general -- |
| 13:45:30 | 22 | THE WITNESS:  No.  The objective of the |
| 13:45:32 | 23 | transaction was to deliver to the shareholders, to |
| 13:45:32 | 24 | add value to our shareholders. |
| 13:45:38 | 25 | BY MR. FRANK: |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04       117 |
| 13:45:38 | 2 | Q    And as part of that transaction, did |
| 13:45:42 | 3 | Seagate -- withdrawn. |
| 13:45:52 | 4 | A    Maybe I could just -- I mean Seagate, for |
| 13:45:55 | 5 | the most part, only had a core business of disk |
| 13:45:58 | 6 | drives.  And then in addition to it, we had some |
| 13:46:00 | 7 | investments.  So the transaction that involved |
| 13:46:04 | 8 | Veritas didn't necessarily focus our activities more |
| 13:46:06 | 9 | on a core business, because the nature of the disk |
| 13:46:09 | 10 | drive business remained the same. |
| 13:46:12 | 11 | MR. FRANK:  Okay. |
| 13:46:15 | 12 | MR. JOSEPH:  I'll also just state for the |
| 13:46:16 | 13 | record that the proxy statements deal with whatever |
| 13:46:19 | 14 | other investments there were, and the whole |
| 13:46:21 | 15 | relationship to the ownership of Veritas stock as a |
| 13:46:24 | 16 | motivating factor and all that sort of thing. |
| 13:46:27 | 17 | MR. FRANK:  I understand.  I'm not looking |
| 13:46:29 | 18 | to make that an issue, but I did have some questions |
| 13:46:32 | 19 | as it relates to Dragon. |
| 13:46:33 | 20 | MR. JOSEPH:  That is fine.  He's answered. |
| 13:46:40 | 21 | BY MR. FRANK: |
| 13:46:41 | 22 | Q    Do you recall what the Veritas |
| 13:46:50 | 23 | transaction -- withdrawn. |
| 13:46:51 | 24 | (Whereupon, Exhibit Number 18 was marked |
| 13:46:51 | 25 | for identification and attached to the |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04          118 |
|---|---|---|
| 13:46:51 | 2 | transcript.) |
| 13:48:29 | 3 | BY MR. FRANK: |
| 13:48:31 | 4 |     Q    Exhibit 18 is a Project Dictator |
| 13:48:35 | 5 | Evaluation Book (Draft), Goldman Sachs and Company |
| 13:48:39 | 6 | as of March 3rd, 2000. |
| 13:48:42 | 7 |     MR. JOSEPH:  Actually, the upper left-hand |
| 13:48:43 | 8 | corner indicates March 6th, 2000. |
| 13:48:46 | 9 |     MR. FRANK:  That seems to be the fax -- |
| 13:48:49 | 10 |     MR. JOSEPH:  No, I don't think that is a |
| 13:48:50 | 11 | fax.  That is a header, or a footer, but either |
| 13:48:53 | 12 | way -- |
| 13:48:54 | 13 |     MR. FRANK:  Either way.  If you go to the |
| 13:48:56 | 14 | next page, it says February 29th, so -- |
| 13:48:58 | 15 |     MR. JOSEPH:  Right.  We have a lot of |
| 13:49:00 | 16 | dates. |
| 13:49:17 | 17 |     Other than scaring me, is there part of |
| 13:49:19 | 18 | this document you are going to use? |
| 13:49:27 | 19 |     MR. FRANK:  I want to see your reaction, |
| 13:49:27 | 20 | that is why I put it down. |
| 13:49:27 | 21 |     MR. JOSEPH:  Then we're done with this |
| 13:49:27 | 22 | one, Steve. |
| 13:49:32 | 23 | BY MR. FRANK: |
| 13:49:33 | 24 |     Q    I would first want to ask you, do you |
| 13:49:35 | 25 | recall receiving this presentation book or project |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    119 |
| 13:49:39 | 2 | evaluation book, or something like it from Goldman? |
| 13:49:42 | 3 | A    I do not. |
| 13:50:03 | 4 | Q    Do you recall reviewing any analyst |
| 13:50:06 | 5 | reports concerning L&H with respect to the |
| 13:50:09 | 6 | Dragon/L&H transaction? |
| 13:50:12 | 7 | A    I do not. |
| 13:50:12 | 8 | (Whereupon, Exhibit Numbers 19 and 20 were |
| 13:50:12 | 9 | marked for identification and attached to the |
| 13:50:12 | 10 | transcript.) |
| 13:51:48 | 11 | MR. JOSEPH:  Of course one thing you are |
| 13:51:49 | 12 | not going to ask him to do is compare and contrast |
| 13:51:52 | 13 | the two, I'm sure. |
| 13:51:54 | 14 | MR. FRANK:  That is correct.  I will |
| 13:51:55 | 15 | actually represent that by and large, the sections |
| 13:51:58 | 16 | that I am looking to are substantially the same, if |
| 13:52:02 | 17 | not identical. |
| 13:52:11 | 18 | BY MR. FRANK: |
| 13:52:11 | 19 | Q    With respect to what has been marked as |
| 13:52:13 | 20 | 19, I'm specifically going to refer to the second |
| 13:52:23 | 21 | page, actually the -- yeah, the second page, and |
| 13:52:31 | 22 | rolling over into the third page. |
| 13:52:34 | 23 | A    Okay. |
| 13:52:52 | 24 | MR. JOSEPH:  All of the third page, John? |
| 13:52:59 | 25 | MR. FRANK:  The first two "Further |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|        |    |                                                              |     |
|--------|----|--------------------------------------------------------------|-----|
|        | 1  | Deposition of Stephen Luczo - Conducted on 7/29/04           | 120 |
| 13:53:01 | 2  | Resolveds" and the last.                                     |     |
| 13:53:03 | 3  |       MR. JOSEPH:  Okay.        |     |
| 13:53:19 | 4  |       THE WITNESS:  Okay.       |     |
| 13:53:20 | 5  | BY MR. FRANK:                                                 |     |
| 13:53:21 | 6  |    Q    Do you recognize 19 or 20, Exhibits 19 or |     |
| 13:53:25 | 7  | 20?                                                          |     |
| 13:53:25 | 8  |    A    I do not.                             |     |
| 13:53:27 | 9  |    Q    Um, with respect to Exhibit 19, there -- |     |
| 13:53:33 | 10 | if you go to the second page, it says "Resolutions           |     |
| 13:53:36 | 11 | Adopted by Written Action in May 2000."  Do you see          |     |
| 13:53:39 | 12 | that?                                                        |     |
| 13:53:40 | 13 |    A    Yes.                                  |     |
| 13:53:41 | 14 |    Q    And then it recites, and I'm not going to |     |
| 13:53:45 | 15 | go through that in detail, but it re -- that these           |     |
| 13:53:48 | 16 | resolutions are with respect to the agreement in             |     |
| 13:53:51 | 17 | plan of merger dated as of March 27th, 2000.  Do you         |     |
| 13:53:54 | 18 | see that in sub-one?                                          |     |
| 13:53:57 | 19 |    A    I do.                                 |     |
| 13:53:57 | 20 |    Q    And if you go to the "Further Resolved" at |     |
| 13:53:59 | 21 | the bottom, it says that, "In connection with the            |     |
| 13:54:01 | 22 | special meeting, the Chairman of the Board, the              |     |
| 13:54:04 | 23 | chief executive officer, the president, the chief            |     |
| 13:54:07 | 24 | financial officer, the secretary, and any assistant          |     |
| 13:54:10 | 25 | secretary of the company ("Proper Officers") be, and         |     |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04 |
| 13:54:15 | 2 | each of them singly hereby is authorized to fix (a) |
| 13:54:20 | 3 | a record date (The "Record Date") for the holders of |
| 13:54:23 | 4 | capital stock of the company who are entitled to |
| 13:54:24 | 5 | vote at the special meeting, and (b) the date, time |
| 13:54:27 | 6 | and place of the special meeting." |
| 13:54:31 | 7 | In connection with the L&H/Dragon merger, |
| 13:54:35 | 8 | was a stockholders -- special meeting of |
| 13:54:39 | 9 | stockholders convened, to your recollection? |
| 13:54:41 | 10 | A    I don't recall, but I don't have any |
| 13:54:43 | 11 | reason to dispute these minutes, if that is what |
| 13:54:45 | 12 | they are, resolutions. |
| 13:54:48 | 13 | Q    If you go to the next page, and you go to |
| 13:54:50 | 14 | the top, it says "Further resolved that in |
| 13:54:54 | 15 | connection with the special meeting, the proper |
| 13:54:56 | 16 | officers be and each of them acting singly hereby is |
| 13:55:01 | 17 | authorized to prepare, or cause to be prepared and |
| 13:55:03 | 18 | delivered to the stockholders (i) an information |
| 13:55:08 | 19 | statement which shall be substantially in the form |
| 13:55:10 | 20 | presented to the directors (draft of April 20, |
| 13:55:14 | 21 | 2000), with such changes therein as the proper |
| 13:55:17 | 22 | officers may approve, (ii) a proxy and (iii) the |
| 13:55:22 | 23 | other materials contemplated by such draft, and (iv) |
| 13:55:26 | 24 | such other documents as the proper officers so |
| 13:55:28 | 25 | acting shall deem necessary or appropriate for such |

121

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  | Deposition of Stephen Luczo - Conducted on 7/29/04 | 122 |
|---|---|---|---|

```
              1    Deposition of Stephen Luczo - Conducted on 7/29/04        122

13:55:32      2    purpose (collectively, the 'Proxy Materials'.)"  Do

13:55:34      3    you see that?

13:55:35      4         A    I do.

13:55:37      5         Q    Do you recall receiving a packet of --

13:55:41      6    either at once, or a collection of materials, as

13:55:47      7    authorized by this resolution?

13:55:49      8         A    I do not, but I have no reason to believe

13:55:51      9    I didn't receive it.

13:55:53     10         Q    And you go down to the bottom,

13:56:02     11    "Resolution." "Subject to the approval of the

13:56:06     12    stockholders of the company, the company be and

13:56:08     13    hereby is authorized to enter into the Certificate

13:56:10     14    of Merger contemplated by Section 1.1 of the merger

13:56:14     15    agreement."  Do you see that?

13:56:15     16         A    I do.

13:56:17     17         Q    And was that your understanding following

13:56:20     18    the board's recommendation, that the shareholders

13:56:24     19    would vote to authorize the company, if they so

13:56:29     20    chose to engage in the merger?

13:56:31     21         A    Again, I don't have any specific

13:56:32     22    recollection, but it is consistent with -- with the

13:56:36     23    transaction.  I have no reason to dispute these

13:56:38     24    resolutions.

13:56:39     25         Q    And as you recall -- sit here today -- um,
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  | Deposition of Stephen Luczo - Conducted on 7/29/04 | 123 |
|--|--|--|--|
| 13:56:42 | 2 | withdrawn. | |
| 13:56:43 | 3 | If you go to 20, ah, entitled "Written | |
| 13:56:48 | 4 | Action of Directors of Dragon Systems, Inc."  If | |
| 13:56:53 | 5 | you go to the last resolution on the first page, | |
| 13:57:03 | 6 | it recites substantially the same thing that we | |
| 13:57:04 | 7 | reviewed in the last one.  Do you see that? | |
| 13:57:06 | 8 | A    I do. | |
| 13:57:07 | 9 | Q    And if you continue onto the top of the | |
| 13:57:12 | 10 | next page, again recites the same thing. | |
| 13:57:16 | 11 | A    Yes. | |
| 13:57:16 | 12 | Q    Do you see that?  Um, and if you go to | |
| 13:57:18 | 13 | pages -- There are several signature pages at the | |
| 13:57:23 | 14 | back, um, one ending in 38 with the apparent | |
| 13:57:31 | 15 | signature of Janet Baker dated May 2nd, the | |
| 13:57:34 | 16 | following page, Robert Roth, May 2nd, the following | |
| 13:57:38 | 17 | page appears to be your signature, um, and then a | |
| 13:57:45 | 18 | following page with Mr. Edwards' signature, | |
| 13:57:48 | 19 | Mr. Waite's signature and Mr. Shagoury's signature | |
| 13:57:53 | 20 | respectively. | |
| 13:57:53 | 21 | Do you recall -- Do you recall executing | |
| 13:58:00 | 22 | this written action of the directors of Dragon | |
| 13:58:03 | 23 | Systems? | |
| 13:58:04 | 24 | A    I don't. | |
| 13:58:05 | 25 | Q    I take it that is your -- a copy of your | |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | Deposition of Stephen Luczo - Conducted on 7/29/04 | 124 |
|---|---|---|---|
| 13:58:07 | 2 | signature? | |
| 13:58:08 | 3 | A    That is my signature, and I don't dispute | |
| 13:58:11 | 4 | it. | |
| 13:58:12 | 5 | Q    Okay.  If I could just direct your -- you | |
| 13:59:01 | 6 | want to take a break for a minute? | |
| 13:59:03 | 7 | MR. JOSEPH:  No, let's keep going till 2 | |
| 13:59:05 | 8 | o'clock. | |
| 13:59:05 | 9 | BY MR. FRANK: | |
| 13:59:06 | 10 | Q    If I could just direct your attention back | |
| 13:59:08 | 11 | to Exhibit 20, the last paragraph on the first page. | |
| 13:59:12 | 12 | A    (Witness complies).  Uh-huh. | |
| 13:59:15 | 13 | MR. JOSEPH:  The proxy material paragraph? | |
| 13:59:17 | 14 | MR. FRANK:  Exactly, exactly. | |
| 13:59:18 | 15 | BY MR. FRANK: | |
| 13:59:19 | 16 | Q    What was your understanding of the purpose | |
| 13:59:20 | 17 | of delivering these proxy materials and information | |
| 13:59:24 | 18 | statement to the shareholders? | |
| 13:59:27 | 19 | A    I don't recall at the time -- at the time. | |
| 13:59:29 | 20 | I could say in general what a proxy does, but I mean | |
| 13:59:32 | 21 | I don't -- again, I don't have any specific | |
| 13:59:34 | 22 | recollection of -- | |
| 13:59:37 | 23 | MR. FRANK:  In general, what is your | |
| 13:59:38 | 24 | understanding of the purpose of sending these | |
| 13:59:40 | 25 | materials to shareholders in advance of the | |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    125 |
| 13:59:42 | 2 | shareholder vote? |
| 13:59:43 | 3 | A    To give its shareholders information |
| 13:59:44 | 4 | concerning the transaction. |
| 13:59:46 | 5 | Q    Would that be information upon which to |
| 13:59:48 | 6 | base their decision? |
| 13:59:49 | 7 | A    Yes. |
| 14:00:01 | 8 | Q    And in this instance, the proper officers, |
| 14:00:05 | 9 | as defined, were directed, each of them, either |
| 14:00:09 | 10 | singly or together, to compile this information for |
| 14:00:13 | 11 | shareholders, is that correct? |
| 14:00:14 | 12 | MR. JOSEPH:  The document speaks for |
| 14:00:15 | 13 | itself. |
| 14:00:17 | 14 | THE WITNESS:  That is my understanding. |
| 14:00:18 | 15 | BY MR. FRANK: |
| 14:00:18 | 16 | Q    But that is your understanding of this, |
| 14:00:20 | 17 | yes? |
| 14:00:20 | 18 | A    Yes. |
| 14:00:20 | 19 | (Whereupon, Exhibit Number 21 was marked |
| 14:00:20 | 20 | for identification and attached to the transcript.) |
| 14:01:00 | 21 | BY MR. FRANK: |
| 14:01:01 | 22 | Q    Exhibit 21 is a cover letter apparently |
| 14:01:06 | 23 | dated May 2nd, 2000, Tamah Rosker, Corporate |
| 14:01:11 | 24 | Secretary of Dragon Systems, Inc., followed by an |
| 14:01:14 | 25 | information statement of Dragon Systems, Inc. |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04        126 |
| 14:01:36 | 2 | I'm going to focus, um, my questions, just |
| 14:01:40 | 3 | so you know with respect to this, to the first two |
| 14:01:44 | 4 | pages immediately following the cover sheet, and |
| 14:01:49 | 5 | then to, ah, page 14, which seems to have dual Bates |
| 14:01:58 | 6 | stamp numbers, but relates to information relating |
| 14:02:01 | 7 | to L&H. |
| 14:02:04 | 8 | A    I'm sorry, what are you calling a cover |
| 14:02:06 | 9 | sheet?  The first page? |
| 14:02:07 | 10 | Q    The first page is a Notice of Special |
| 14:02:09 | 11 | Meeting, and then the following two pages, the first |
| 14:02:13 | 12 | two pages of the information statement itself. |
| 14:02:15 | 13 | A    Uh-huh.  Okay.  And what was the other -- |
| 14:02:25 | 14 | Q    And the other was -- it has got two Bates |
| 14:02:30 | 15 | stamps numbered -- The older one ends in 78, and it |
| 14:02:34 | 16 | is page 14, and it continues onto page 15. |
| 14:03:19 | 17 | A    Okay. |
| 14:03:21 | 18 | Q    Do you recall receiving this document? |
| 14:03:23 | 19 | A    No, I do not. |
| 14:03:30 | 20 | Q    Do you have any reason to believe it was |
| 14:03:33 | 21 | not sent to the shareholders of Dragon Systems? |
| 14:03:36 | 22 | A    No. |
| 14:03:37 | 23 | Q    Do you recall reviewing any proxy |
| 14:03:39 | 24 | materials or information statement in connection |
| 14:03:42 | 25 | with this transaction? |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|   |   |
|---|---|
|   | 1  Deposition of Stephen Luczo - Conducted on 7/29/04    127 |
| 14:03:43 | 2    A    No.  I'm sure I reviewed it at the time, |
| 14:03:45 | 3  but I don't recall any specific -- |
| 14:03:50 | 4    Q    But you have no reason to believe that you |
| 14:03:52 | 5  would not have reviewed it in receipt of these |
| 14:03:54 | 6  materials, had you received these materials? |
| 14:03:56 | 7    A    No.  I have no reason to believe I did not |
| 14:03:58 | 8  review it. |
| 14:03:59 | 9    Q    If you'd go to the page that is Bates |
| 14:04:03 | 10  stamped BAKE 2863, it is little -- it is double "i." |
| 14:04:12 | 11    A    Uh-huh. |
| 14:04:17 | 12    Q    You can see there is a bunch of bold |
| 14:04:22 | 13  writing.  If you go to the top, it reads, |
| 14:04:24 | 14  "Prospective investors are hereby offered the |
| 14:04:29 | 15  opportunity prior to acquiring any L&H common stock |
| 14:04:31 | 16  to ask questions and receive answers concerning the |
| 14:04:33 | 17  terms and conditions of the offering." |
| 14:04:36 | 18        Um, and then it continues down.  If you |
| 14:04:42 | 19  look, ah, to the third bold paragraph, you see it |
| 14:04:50 | 20  says "See 'Risk Factors' beginning on page 5 of |
| 14:04:50 | 21  L&H's prospectus dated January 7th, 2000, which is |
| 14:04:53 | 22  included in Appendix G hereto for information that |
| 14:04:57 | 23  should be considered by stockholders of Dragon." |
| 14:05:00 | 24    A    Yes, I see that. |
| 14:05:01 | 25    Q    Do you have any reason to believe that |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    128 |
| 14:05:04 | 2 | either as board member, or the extent you were |
| 14:05:08 | 3 | advising Seagate as shareholder, you did not review |
| 14:05:11 | 4 | those materials? |
| 14:05:15 | 5 | A    I don't want to represent that I was |
| 14:05:17 | 6 | advising Seagate as a shareholder, but I have no |
| 14:05:19 | 7 | reason to believe I didn't receive this document, or |
| 14:05:22 | 8 | read the documents. |
| 14:05:24 | 9 | Q    Okay.  Um, do you see the paragraph below |
| 14:05:28 | 10 | that, which is -- says "All information herein with |
| 14:05:32 | 11 | respect to Dragon has been furnished by Dragon, and |
| 14:05:35 | 12 | all information herein with respect to L&H has been |
| 14:05:38 | 13 | furnished by L&H"? |
| 14:05:40 | 14 | A    I do. |
| 14:05:41 | 15 | Q    And it continues "No person has been |
| 14:05:43 | 16 | authorized to give any information, or make any |
| 14:05:46 | 17 | representation not contained in this information |
| 14:05:48 | 18 | statement in connection with the merger, and if |
| 14:05:50 | 19 | given or made such information or representation, |
| 14:05:53 | 20 | must not be relied upon as having been authorized by |
| 14:05:56 | 21 | Dragon or L&H"?  Do you see that? |
| 14:05:58 | 22 | A    I do. |
| 14:06:04 | 23 | Q    Is there anything, to your mind, that is |
| 14:06:06 | 24 | ambiguous about that statement? |
| 14:06:09 | 25 | MR. COE:  Object to form. |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|   |   |   |
|---|---|---|
|   | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    129 |
| 14:06:12 | 2 | MR. JOSEPH:  That depends on how you're |
| 14:06:13 | 3 | interpreting, right? |
| 14:06:14 | 4 | MR. FRANK:  Well, I'm asking him. |
| 14:06:17 | 5 | MR. JOSEPH:  He is not here to judge |
| 14:06:19 | 6 | ambiguity or not.  If you have a particular |
| 14:06:19 | 7 | question.  But he's not a judge of syntax, grammar |
| 14:06:22 | 8 | or definitions. |
| 14:06:23 | 9 | BY MR. FRANK: |
| 14:06:23 | 10 | Q    Was it your understanding, based on this, |
| 14:06:25 | 11 | that all the information concerning L&H that was |
| 14:06:29 | 12 | distributed to shareholders in this information |
| 14:06:31 | 13 | statement proxy was provided by L&H? |
| 14:06:35 | 14 | MR. JOSEPH:  Objection, vague. |
| 14:06:36 | 15 | MR. COE:  Object to form. |
| 14:06:38 | 16 | MR. JOSEPH:  You may answer the question. |
| 14:06:43 | 17 | THE WITNESS:  You know, unless I were to |
| 14:06:45 | 18 | be able to re-review all of the information in the |
| 14:06:47 | 19 | proxy, I think it would be hard for me to answer |
| 14:06:49 | 20 | that question.  For example if there were any |
| 14:06:54 | 21 | attachments, opinions, financial statements, |
| 14:06:57 | 22 | anything else that, you know, were made -- were |
| 14:06:59 | 23 | represented by other firms, then, you know, whether |
| 14:07:02 | 24 | or not they were furnished by L&H or Dragon, or |
| 14:07:05 | 25 | those firms directly, would be a function of what |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    130 |
|---|---|---|
| 14:07:07 | 2 | that exhibit said and any letters attached thereto, |
| 14:07:11 | 3 | so I think it would be difficult for me to answer |
| 14:07:13 | 4 | the question as currently stated. |
| 14:07:20 | 5 | BY MR. FRANK: |
| 14:07:21 | 6 | Q    Did you understand in connection with this |
| 14:07:22 | 7 | that any information or representation that was not |
| 14:07:25 | 8 | given was not contained in the information statement |
| 14:07:31 | 9 | must not be relied upon as having been authorized by |
| 14:07:35 | 10 | Dragon or L&H? |
| 14:07:37 | 11 | MR. JOSEPH:  Objection.  You may answer as |
| 14:07:39 | 12 | to your understanding. |
| 14:07:42 | 13 | THE WITNESS:  Any information not |
| 14:07:43 | 14 | contained in this would not be authorized by L&H? |
| 14:07:48 | 15 | BY MR. FRANK: |
| 14:07:49 | 16 | Q    Correct. |
| 14:07:49 | 17 | A    That would be my understanding. |
| 14:08:01 | 18 | Q    If you go to page 14. |
| 14:08:09 | 19 | A    Yeah, I'm there. |
| 14:08:11 | 20 | Q    Okay.  I just wanted to reread something, |
| 14:08:12 | 21 | so just give me one second.  I'll be right with you. |
| 14:08:47 | 22 | Do you see there is a list of |
| 14:08:49 | 23 | information, if you go to the bottom, that is |
| 14:08:51 | 24 | furnished as Appendix G, or purported to be in |
| 14:08:55 | 25 | connection with this? |

```
              1    Deposition of Stephen Luczo - Conducted on 7/29/04        131
14:08:56      2        A    I do see that.
14:08:58      3        Q    And, ah, there is a list of public filings
14:09:02      4    of L&H that were purported to be attached as the
14:09:10      5    Appendix G?
14:09:11      6        A    Yes.
14:09:12      7        Q    Do you recall receiving those materials?
14:09:14      8        A    I do not.
14:09:15      9        Q    Do you have any reason to believe you did
14:09:17     10    not?
14:09:18     11        A    No.
14:09:20     12        Q    And would it have been your practice to
14:09:21     13    have reviewed those materials in connection with
14:09:25     14    this transaction?
14:09:27     15             MR. JOSEPH:  At some point in time?
14:09:29     16             MR. FRANK:  Prior to the merger.
14:09:36     17             THE WITNESS:  It may have been -- I may
14:09:37     18    have.  I don't recall.
14:10:35     19             MR. FRANK:  Why don't we take a
14:10:36     20    five-minute break.
14:10:38     21             MR. JOSEPH:  All right.
14:10:40     22             THE VIDEOGRAPHER:  We are going off the
14:10:41     23    record.  The time is 2:03 p.m.
14:23:01     24             (Brief recess.)
14:23:56     25             THE VIDEOGRAPHER:  We are back on the
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    132 |
| 14:23:57 | 2 | record.  The time is 2:17 p.m. |
| 14:24:05 | 3 | BY MR. FRANK: |
| 14:24:06 | 4 | Q    I'd just like to go back to one question |
| 14:24:08 | 5 | and answer we had before the break, and I was asking |
| 14:24:14 | 6 | you specifically -- |
| 14:24:17 | 7 | MR. JOSEPH:  Which exhibit? |
| 14:24:19 | 8 | MR. FRANK:  Exhibit 21, I believe it is. |
| 14:24:20 | 9 | The -- |
| 14:24:21 | 10 | MR. JOSEPH:  The proxy materials? |
| 14:24:23 | 11 | MR. FRANK:  Correct, correct. |
| 14:24:24 | 12 | BY MR. FRANK: |
| 14:24:25 | 13 | Q    With respect to a paragraph on little |
| 14:24:26 | 14 | (i)2. |
| 14:24:32 | 15 | MR. JOSEPH:  Little (i)2. |
| 14:24:32 | 16 | THE WITNESS:  Sorry, what page? |
| 14:24:32 | 17 | MR. FRANK:  BAKE 2863. |
| 14:24:35 | 18 | MR. JOSEPH:  Uh-huh. |
| 14:24:35 | 19 | THE WITNESS:  Yeah. |
| 14:24:36 | 20 | BY MR. FRANK: |
| 14:24:37 | 21 | Q    And I'm paraphrasing, but it pertained to |
| 14:24:41 | 22 | the first sentence.  My question pertained to the |
| 14:24:48 | 23 | first question, and who furnished information, and, |
| 14:24:53 | 24 | ah, your answer was, um, and again forgive me if I'm |
| 14:24:58 | 25 | paraphrasing it, I don't want to read the whole |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04 | 133 |
|---|---|---|---|

14:25:00  2  thing, but it was essentially that it would be hard

14:25:03  3  for you to answer the question because if there were

14:25:06  4  any attachments to the financial statements, or

14:25:10  5  attached representations by other firms, then you

14:25:13  6  wouldn't know whether those were furnished by L&H or

14:25:17  7  Dragon.  Am I paraphrasing that --

14:25:20  8       THE WITNESS:  Well, I don't know --

14:25:21  9       MR. JOSEPH:  Go ahead.

14:25:21  10       THE WITNESS:  I guess I don't know -- I

14:25:23  11  mean -- I guess I'm not sure in this context.  Does

14:25:27  12  the word "furnished" mean "compiled by," or does

14:25:31  13  that mean "produced by"?

14:25:33  14  BY MR. FRANK:

14:25:33  15       Q    That is what I was really getting to, and

14:25:36  16  so what I wanted to clarify was to the extent that

14:25:43  17  information was -- whoever compiled it, or put it

14:25:50  18  together, to the extent that information, that the

14:25:54  19  proper officers who were designated in the earlier

14:25:57  20  exhibits considered the information material to

14:26:01  21  shareholders, whether it came furnished by L&H, or

14:26:04  22  in the way of attachments, it was -- it was your

14:26:08  23  understanding that it would have been provided to

14:26:11  24  shareholders through this information statement or

14:26:12  25  proxy?

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

```
        1    Deposition of Stephen Luczo - Conducted on 7/29/04        134
14:26:13  2         MR. JOSEPH:  I'm just going to object to
14:26:15  3    the characterization.
14:26:16  4         MR. COE:  Object to form.
14:26:17  5         MR. JOSEPH:  This may even be calling for
14:26:19  6    a legal conclusion, but you can answer it as best
14:26:21  7    you can.
14:26:22  8         THE WITNESS:  Again, I don't have any
14:26:23  9    specific recollection of that, but I wouldn't
14:26:26 10    fundamentally, I don't think, disagree with what you
14:26:28 11    said, if I understood it correctly.
14:27:11 12         (Whereupon, Exhibit Number 22 was marked
14:27:11 13    for identification and attached to the transcript.)
14:28:06 14         MR. FRANK:  Exhibit 22 is a memorandum
14:28:09 15    dated May 18th, 2000 from Paul Cohen, Esquire, to
14:28:13 16    Dragon Systems, Inc., Stockholder, covering three
14:28:21 17    pages relating to a Supplement Number 1 dated May
14:28:26 18    18th, 2000, and I will represent to you that the
14:28:32 19    appendices, had they been attached, would have been
14:28:34 20    truly voluminous, and --
14:28:36 21         MR. JOSEPH:  You are already sending this
14:28:38 22    stuff back.
14:28:41 23         MR. FRANK:  And you can deem them
14:28:42 24    incorporated, if you so choose, but the -- My
14:28:44 25    questions pertain to this.
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

```
                   1    Deposition of Stephen Luczo - Conducted on 7/29/04        135

14:29:00           2               THE WITNESS:  Okay.

14:29:02           3    BY MR. FRANK:

14:29:02           4        Q    Do you recall receiving a supplement to

14:29:06           5    the information statement on or about May 18th,

14:29:08           6    2000?

14:29:09           7        A    No, I don't.

14:29:11           8        Q    Do you have any reason to doubt that you

14:29:12           9    did?

14:29:14          10        A    Um, if I was supposed to have, I have no

14:29:17          11    reason to doubt that I received it.

14:29:19          12        Q    Now, this indicates it is from Paul Cohen,

14:29:21          13    Esquire, the cover of the memorandum, on the cover.

14:29:28          14        A    Yes.

14:29:29          15        Q    Do you know what Paul Cohen's position

14:29:32          16    was?

14:29:32          17        A    No.

14:29:34          18        Q    Did, um, Dragon Systems have outside

14:29:37          19    counsel with respect to this merger agreement?

14:29:40          20        A    I don't recall.

14:29:41          21        Q    Um, do you recall if Hale & Dorr acted as

14:29:46          22    outside counsel for Dragon Systems?

14:29:48          23        A    I don't specifically, but if that is the

14:29:50          24    fact, I wouldn't argue that fact.

14:30:01          25        Q    And if you go forward to TRA 09200, there
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

```
                 1    Deposition of Stephen Luczo - Conducted on 7/29/04        136
14:30:11         2    also an index with two appendices as attachments to
14:30:19         3    this supplement to the information statement.
14:30:21         4         A    I see that.
14:30:22         5         Q    Okay.  From your understanding, the
14:30:30         6    information statement -- the first information
14:30:32         7    statement, and then the materials attached to it,
14:30:34         8    plus this supplemental information statement was
14:30:41         9    provided to shareholders pursuant to the board
14:30:44        10    resolutions that we discussed in Exhibits -- I think
14:30:47        11    it was 17 and 18 earlier, I may be mistaken.
14:30:51        12         A    I don't have any reason to believe, or any
14:30:54        13    knowledge that they weren't.
14:30:55        14         Q    Okay.  And that those persons charged with
14:30:59        15    the responsibility of preparing these information
14:31:03        16    statements acted in accordance with that
14:31:07        17    responsibility.  Do you have any reason to believe
14:31:09        18    they did not?
14:31:10        19         MR. COE:  Object to form.
14:31:11        20         THE WITNESS:  I have no knowledge on that.
14:31:13        21    I don't have any reason to believe that they did
14:31:15        22    not, no.
14:31:17        23    BY MR. FRANK:
14:31:18        24         Q    Prior to the time of the shareholders'
14:31:25        25    special meeting of May 25th, do you recall --
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    137 |
| 14:31:35 | 2 | withdrawn. |
| 14:31:36 | 3 | Prior to the special shareholder meeting |
| 14:31:39 | 4 | of May 25th, do you recall having any -- |
| 14:31:47 | 5 | withdrawn. |
| 14:31:52 | 6 | (Whereupon, Exhibit Number 23 was marked |
| 14:31:52 | 7 | for identification and attached to the |
| 14:31:52 | 8 | transcript.) |
| 14:33:08 | 9 | MR. JOSEPH:  Do you want him to do more -- |
| 14:33:10 | 10 | BY MR. FRANK: |
| 14:33:11 | 11 | Q    Do you recognize that exhibit? |
| 14:33:14 | 12 | A    No. |
| 14:33:17 | 13 | Q    The exhibit, for the record, is the |
| 14:33:18 | 14 | Written Consent of Stockholders in Lieu of Meeting, |
| 14:33:21 | 15 | Dragon Systems, Inc., and has the signature of |
| 14:33:25 | 16 | stockholders set forth, each dated May 25th, 2000. |
| 14:33:33 | 17 | At any time prior to the closing of the |
| 14:33:35 | 18 | transaction, do you have a recollection of any of |
| 14:33:42 | 19 | the shareholders, stockholders whose signatures are |
| 14:33:46 | 20 | purported to be listed here?  Do you have a |
| 14:33:48 | 21 | recollection of any of them indicating to you that |
| 14:33:52 | 22 | they had relied on any representation or |
| 14:33:58 | 23 | communication of SG Cowen in casting their vote |
| 14:34:03 | 24 | executing the stockholders' consent? |
| 14:34:09 | 25 | A    No. |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04        138 |
| 14:34:19 | 2 | Q    Do you have -- To your knowledge, did any |
| 14:34:20 | 3 | of the shareholders inform you that there were -- |
| 14:34:25 | 4 | there was information outside of the information |
| 14:34:30 | 5 | submitted to shareholders through the information |
| 14:34:32 | 6 | statements upon which they were relying in deciding |
| 14:34:38 | 7 | to execute the stockholders' consent? |
| 14:34:42 | 8 | MR. COE:  Object to form. |
| 14:34:44 | 9 | THE WITNESS:  I don't remember. |
| 14:34:46 | 10 | BY MR. FRANK: |
| 14:34:46 | 11 | Q    When you say you don't remember, do you |
| 14:34:49 | 12 | not recall anybody bringing to your attention any |
| 14:34:52 | 13 | such materials? |
| 14:34:55 | 14 | MR. JOSEPH:  I'm sorry.  What part of "I |
| 14:34:57 | 15 | don't remember" is ambiguous? |
| 14:34:59 | 16 | MR. FRANK:  I don't remember could either |
| 14:35:00 | 17 | mean, ah, I don't remember anything related to that, |
| 14:35:06 | 18 | or I don't remember anybody bringing such materials |
| 14:35:09 | 19 | to my attention. |
| 14:35:11 | 20 | MR. JOSEPH:  What do you not remember? |
| 14:35:14 | 21 | MR. FRANK:  That wasn't my question.  My |
| 14:35:15 | 22 | question is do you have a recollection of anybody |
| 14:35:18 | 23 | bringing such materials to your attention? |
| 14:35:22 | 24 | MR. JOSEPH:  It's asked and answered.  You |
| 14:35:22 | 25 | may answer. |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04 139 |
| 14:35:23 | 2 | THE WITNESS:  Yeah.  I'm sorry, I think |
| 14:35:25 | 3 | that was.  I'm not -- I think that was slightly |
| 14:35:29 | 4 | different than the first question you asked, so |
| 14:35:31 | 5 | sorry. |
| 14:35:31 | 6 | BY MR. FRANK: |
| 14:35:32 | 7 | Q    To the extent it was different, my |
| 14:35:34 | 8 | question is do you have any recollection of anybody |
| 14:35:36 | 9 | bringing any such materials to your attention? |
| 14:35:39 | 10 | A    I'm sorry, such materials were? |
| 14:35:40 | 11 | Q    Any materials outside of those provided in |
| 14:35:42 | 12 | the information statement, and supplement to the |
| 14:35:45 | 13 | information statement upon which they relied in |
| 14:35:48 | 14 | executing this consent. |
| 14:35:50 | 15 | A    Not that I recall right now.  No. |
| 14:36:15 | 16 | Q    Um, there came a time, jumping forward, if |
| 14:36:18 | 17 | I might, um, when L&H went into bankruptcy.  Do you |
| 14:36:24 | 18 | recall that, generally?  I'm not asking -- |
| 14:36:29 | 19 | A    Generally, yeah.  Generally. |
| 14:36:31 | 20 | Q    My -- My question related to that is do |
| 14:36:34 | 21 | you recall whether Seagate bid on the -- on any of |
| 14:36:38 | 22 | the Dragon assets in the bankruptcy proceeding? |
| 14:36:43 | 23 | A    I remember -- I do not recall if we bid on |
| 14:36:45 | 24 | any assets. |
| 14:36:47 | 25 | Q    Do you recall any discussions at Seagate |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    140 |
| 14:36:51 | 2 | concerning whether to bid on Dragon assets, or |
| 14:36:55 | 3 | former Dragon assets, in L&H during the bankruptcy? |
| 14:36:59 | 4 | A    I do recall there was a discussion.  I |
| 14:37:01 | 5 | don't remember the timing, and I don't remember who |
| 14:37:03 | 6 | it was with, but I do remember we discussed it, and |
| 14:37:05 | 7 | I don't remember what the conclusion was, or whether |
| 14:37:07 | 8 | or not we executed to it. |
| 14:37:10 | 9 | Q    But Seagate did not purchase any such |
| 14:37:13 | 10 | assets out of bankruptcy, did it? |
| 14:37:15 | 11 | A    I don't think it did. |
| 14:37:27 | 12 | MR. FRANK:  Just give me one minute. |
| 14:37:29 | 13 | MR. JOSEPH:  Okay. |
| 14:37:29 | 14 | BY MR. FRANK: |
| 14:38:06 | 15 | Q    Had, at the time, just prior to closing of |
| 14:38:10 | 16 | the L&H/Dragon transaction, had Seagate discussed at |
| 14:38:18 | 17 | the board level what it would do if the |
| 14:38:21 | 18 | Dragon/L&H merger did not go through with respect to |
| 14:38:25 | 19 | its investment in Dragon? |
| 14:38:28 | 20 | A    Not that I recall. |
| 14:38:30 | 21 | Q    Did Seagate anticipate -- If the deal did |
| 14:38:39 | 22 | not go forward, did Seagate anticipate making |
| 14:38:43 | 23 | further financial investments in Dragon, if you |
| 14:38:46 | 24 | recall? |
| 14:38:47 | 25 | A    I don't recall any discussions on the |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

Deposition of Stephen Luczo - Conducted on 7/29/04                    141

14:38:49  2   topic.

14:38:54  3        Q    Do you recall any discussions on for how

14:38:59  4   long Dragon could continue operations in the absence

14:39:04  5   of the merger with L&H?

14:39:07  6        A    No.

14:39:08  7        Q    Do you recall that as part of the

14:39:11  8   transaction, L&H had to guarantee a further 10

14:39:18  9   million dollar line of credit, or loan, to Dragon?

14:39:24  10       A    No.

14:39:36  11       Q    Outside of the board, do you recall having

14:39:38  12  any discussions with either management or executives

14:39:45  13  at Seagate concerning what Seagate would do if in

14:39:52  14  fact the merger between L&H and Dragon wasn't

14:39:57  15  closed?

14:39:58  16       A    No.

14:40:04  17       Q    Did you have -- withdrawn.

14:40:18  18       Did you have an opinion as to how long

14:40:22  19  Dragon could continue operations in the absence of

14:40:26  20  further cash investment by Seagate, or some other

14:40:34  21  investor, in the event that transaction with L&H

14:40:35  22  and Dragon did not close?

14:40:37  23       MR. COE:  Object to form.

14:40:38  24       THE WITNESS:  Yeah, I don't remember.  I

14:40:39  25  may have, but I don't remember at this time.

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    142 |
| 14:41:11 | 2 | MR. FRANK:  I have no further questions at |
| 14:41:12 | 3 | this time. |
| 14:41:16 | 4 | MR. KNOWLES:  I have just a few.  I'm |
| 14:41:17 | 5 | going to try to do it from here. |
| 14:41:19 | 6 | MR. FRANK:  I think you need the mike. |
| 14:41:20 | 7 | Why don't you take the mike, and I'll move over. |
| 14:41:22 | 8 | EXAMINATION BY COUNSEL FOR DEFENDANT KPMG, LLP |
| 14:42:19 | 9 | BY MR. KNOWLES: |
| 14:42:20 | 10 | Q    Good afternoon, Mr. Luczo.  I introduced |
| 14:42:22 | 11 | myself this morning, but I'll introduce myself again |
| 14:42:25 | 12 | now.  My name is Sean Knowles.  I represent KPMG, |
| 14:42:27 | 13 | LLP, which is the United States member firm of KPMG |
| 14:42:32 | 14 | International, and I say that because today, for |
| 14:42:33 | 15 | purposes of my questions, I may refer to KPMG, LLP |
| 14:42:38 | 16 | as KPMG US to distinguish it from other KPMG |
| 14:42:43 | 17 | entities that have been named in this case.  Is that |
| 14:42:45 | 18 | clear? |
| 14:42:45 | 19 | A    Clear enough. |
| 14:42:46 | 20 | Q    Okay.  In connection with Dragon's due |
| 14:42:50 | 21 | diligence of Lernout and Hauspie prior to the |
| 14:42:53 | 22 | merger, did you personally have any direct |
| 14:42:58 | 23 | communications with anybody from KPMG US? |
| 14:43:01 | 24 | A    Not that I recall. |
| 14:43:02 | 25 | Q    In the same context, did you personally |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    143 |
| 14:43:04 | 2 | have any communications with anyone from any KPMG |
| 14:43:07 | 3 | entity? |
| 14:43:08 | 4 | A    Not that I recall with respect to this |
| 14:43:10 | 5 | transaction. |
| 14:43:13 | 6 | Q    To your knowledge, did any representatives |
| 14:43:14 | 7 | of Dragon have any direct communications with anyone |
| 14:43:17 | 8 | from KPMG US in connection with this merger? |
| 14:43:21 | 9 | A    I don't know. |
| 14:43:22 | 10 | Q    And again, in the same context, did any |
| 14:43:24 | 11 | representatives of Dragon have any communications |
| 14:43:26 | 12 | with anyone from any member firm of KPMG, have |
| 14:43:29 | 13 | any -- sorry, excuse me.  Let me withdraw that.  To |
| 14:43:32 | 14 | your recollection, did any representatives of Dragon |
| 14:43:34 | 15 | have any communications with anyone from any member |
| 14:43:36 | 16 | firm of KPMG in connection with this transaction? |
| 14:43:40 | 17 | A    I have no specific recollection. |
| 14:43:41 | 18 | Q    Do you have a general recollection? |
| 14:43:43 | 19 | A    No. |
| 14:43:49 | 20 | Q    We've mentioned in your testimony earlier |
| 14:43:51 | 21 | today, you've mentioned the names Ellen Chamberlain |
| 14:43:55 | 22 | and Don Waite.  Do you recall those names coming up |
| 14:43:57 | 23 | generally? |
| 14:43:58 | 24 | A    Yes. |
| 14:43:58 | 25 | Q    Do you recall at one point Mr. Waite |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    144 |
| 14:44:00 | 2 | assumed the position of interim CEO at Dragon? |
| 14:44:04 | 3 | A    Yes. |
| 14:44:04 | 4 | Q    And do you recall that at one point |
| 14:44:06 | 5 | Miss Chamberlain assumed the role of interim CFO at |
| 14:44:10 | 6 | Dragon? |
| 14:44:11 | 7 | A    Yes. |
| 14:44:11 | 8 | Q    Prior to assuming those roles, were |
| 14:44:13 | 9 | Mr. Waite and Miss Chamberlain employees of Seagate? |
| 14:44:17 | 10 | A    Yes. |
| 14:44:18 | 11 | Q    And prior to assuming those roles of |
| 14:44:21 | 12 | interim -- those interim roles at Dragon, were |
| 14:44:23 | 13 | Ms. Chamberlain and Mr. Waite fired from their |
| 14:44:27 | 14 | positions at Seagate? |
| 14:44:29 | 15 | A    No. |
| 14:44:30 | 16 | Q    So was this an instance, then, where |
| 14:44:31 | 17 | Miss Chamberlain and Mr. Waite were loaned to Dragon |
| 14:44:34 | 18 | for a certain period of time? |
| 14:44:37 | 19 | A    Ah, I don't know, can you loan people? |
| 14:44:40 | 20 | But, ah, they certainly were provided to Dragon, and |
| 14:44:44 | 21 | they were still employed by Seagate. |
| 14:44:46 | 22 | Q    Did you personally request that Mr. Waite |
| 14:44:49 | 23 | and Miss Chamberlain serve interim roles at Dragon? |
| 14:44:53 | 24 | A    I may have. |
| 14:44:55 | 25 | Q    Why -- |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |  |
|--|--|--|--|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04 | 145 |
| 14:44:56 | 2 | A    It is most likely that I did, yes. | |
| 14:44:58 | 3 | Q    Why were you willing to send two employees | |
| 14:45:01 | 4 | of Seagate to serve these interim roles at Dragon? | |
| 14:45:07 | 5 | A    I don't remember again the specific | |
| 14:45:08 | 6 | details of when or why Ellen and Don went there, but | |
| 14:45:13 | 7 | it related to I think the earlier discussion on the | |
| 14:45:19 | 8 | concerns that had been raised to the board about the | |
| 14:45:22 | 9 | leadership issues at the company, and I believe it | |
| 14:45:25 | 10 | was also around the time when additional financing | |
| 14:45:29 | 11 | was being provided by the company. | |
| 14:45:32 | 12 | Q    Did you send Mr. Waite and | |
| 14:45:34 | 13 | Miss Chamberlain to serve these interim roles at | |
| 14:45:36 | 14 | Dragon with a specific goal of selling Dragon? | |
| 14:45:40 | 15 | A    No. | |
| 14:45:52 | 16 | MR. KNOWLES:  I'd like to mark this, if I | |
| 14:45:53 | 17 | can. | |
| 14:46:01 | 18 | (Whereupon, Exhibit Number 24 was marked | |
| 14:46:01 | 19 | for identification and attached to the transcript.) | |
| 14:46:09 | 20 | BY MR. KNOWLES: | |
| 14:46:09 | 21 | Q    If you could please, this is a short | |
| 14:46:11 | 22 | exhibit.  If you could please take a look at Exhibit | |
| 14:46:13 | 23 | 24, and let me know when you've done so. | |
| 14:46:16 | 24 | A    (Witness complies). | |
| 14:46:33 | 25 | Q    Just to clarify, I'm going to call your | |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | Deposition of Stephen Luczo - Conducted on 7/29/04 | 146 |
|---|---|---|---|

                    1    Deposition of Stephen Luczo - Conducted on 7/29/04       146

14:46:35    2    attention to the first e-mail at the top of this

14:46:37    3    exhibit.

14:46:38    4        A    So is that all I have to read?

14:46:40    5        Q    I would just ask you to take a quick look

14:46:41    6    at it to familiarize yourself with the rest of it.

14:46:47    7    Yes, that is all you have to read.

14:46:49    8        MR. JOSEPH:  Since it obviously wasn't

14:46:51    9    something sent to him, why don't you just read what

14:46:53    10    he needs you to read.

14:46:55    11        THE WITNESS:  Yes, I kind of reviewed it.

14:46:56    12    BY MR. KNOWLES:

14:46:57    13        Q    If you look at the top e-mail on Exhibit

14:46:59    14    24, it is addressed to Jo, Pol and Ben.  Do you

14:47:06    15    recognize any of those names?

14:47:06    16        A    No.

14:47:06    17        Q    Do you see the e-mail is from someone,

14:47:08    18    Roel, R-o-e-l, do you recognize that person's name?

14:47:11    19        A    I kind of recognize it in the context of

14:47:13    20    Lernout & Hauspie, but I couldn't really tell you

14:47:16    21    what his last name is, or what his role was.

14:47:19    22        Q    Okay, if you would look to sort of --

14:47:23    23    well, actually let me just read the beginning of

14:47:25    24    this e-mail to you.  "I have just had a discussion

14:47:27    25    with Janet.  They have decided to go against us and

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |
|---|---|
| | 1 Deposition of Stephen Luczo - Conducted on 7/29/04          147 |
| 14:47:30 | 2 move with the other party.  I believe that the board |
| 14:47:32 | 3 of Neon is looking for cash out and low risk |
| 14:47:36 | 4 scenario.  Janet is declaring that the board felt |
| 14:47:38 | 5 that the L&H proposal was too high risk."  There is |
| 14:47:42 | 6 a reference in that section I just read to Neon.  Do |
| 14:47:45 | 7 you have any understanding of what Neon is in the |
| 14:47:47 | 8 context of L&H? |
| 14:47:49 | 9      A    Not to my recollection, no. |
| 14:47:51 | 10      Q    This e-mail does not appear to have a date |
| 14:47:53 | 11 on it.  E-mails in the remainder of this strain are |
| 14:47:57 | 12 dated in December of 1999, and it appears that |
| 14:47:59 | 13 Roel's e-mail ends with "Merry Christmas."  If we |
| 14:48:05 | 14 assume this e-mail was sent in December of 1999, do |
| 14:48:08 | 15 you have any recollection of the Dragon board |
| 14:48:10 | 16 rejecting an L&H proposal as too high risk at that |
| 14:48:13 | 17 time period? |
| 14:48:19 | 18      A    No. |
| 14:48:19 | 19      Q    So then speaking more broadly, do you have |
| 14:48:21 | 20 any recollection of the board of Dragon rejecting |
| 14:48:24 | 21 any L&H proposal at any time for the reasons that it |
| 14:48:28 | 22 was too high risk? |
| 14:48:37 | 23      A    Hmm -- No, no specific recollection. |
| 14:48:40 | 24      Q    Okay.  Do you have any general |
| 14:48:43 | 25 recollection of such events? |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    148 |
| 14:48:45 | 2 | A    Not really. |
| 14:48:48 | 3 | MR. KNOWLES:  If you could put that |
| 14:48:49 | 4 | exhibit aside.  Thank you. |
| 14:48:59 | 5 | I'd like to mark this as Exhibit 25, |
| 14:49:00 | 6 | please.  I keep my exhibits thin.  That is care of |
| 14:49:04 | 7 | the Delta shuttle. |
| 14:49:06 | 8 | (Whereupon, Exhibit Number 25 was marked |
| 14:49:06 | 9 | for identification and attached to the transcript.) |
| 14:49:06 | 10 | BY MR. KNOWLES: |
| 14:49:09 | 11 | Q    This is, for the record, a -- a collection |
| 14:49:12 | 12 | of e-mails with a Bates range SCA 00475 through 481. |
| 14:49:21 | 13 | I am just going to call your attention to the e-mail |
| 14:49:23 | 14 | that is on pages 476 and 477 at the bottom.  And, |
| 14:49:29 | 15 | for the record, I don't -- do not see any indication |
| 14:49:31 | 16 | that you actually received this e-mail, so if you |
| 14:49:34 | 17 | could please read that e-mail on the bottom of 476 |
| 14:49:36 | 18 | that goes onto the top of 477. |
| 14:49:39 | 19 | MR. JOSEPH:  This is the one -- |
| 14:49:41 | 20 | THE WITNESS:  Starts with "Dear Tom and |
| 14:49:42 | 21 | Mark," or -- |
| 14:49:43 | 22 | MR. KNOWLES:  Yes, please. |
| 14:49:44 | 23 | MR. COE:  And this is a group of e-mails, |
| 14:49:46 | 24 | is that correct? |
| 14:49:48 | 25 | MR. KNOWLES:  That is correct.  It is a |

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04      149 |
| 14:49:50 | 2 | string, it is not one. |
| 14:49:55 | 3 | MR. JOSEPH:  Remind me.  SCA means these |
| 14:49:56 | 4 | came from whom? |
| 14:49:58 | 5 | MR. KNOWLES:  I believe it was Sony |
| 14:49:59 | 6 | Corporation of America. |
| 14:50:03 | 7 | MR. JOSEPH:  I shouldn't say remind me.  I |
| 14:50:04 | 8 | never knew that. |
| 14:51:53 | 9 | THE WITNESS:  I pretty much reviewed it. |
| 14:51:54 | 10 | BY MR. KNOWLES: |
| 14:51:55 | 11 | Q    Okay, I'd like to draw your attention |
| 14:51:57 | 12 | specifically to two sections in this e-mail, the |
| 14:52:00 | 13 | first is SCA 476, the first sort of point following |
| 14:52:05 | 14 | the dash.  I'll read it.  "Dragon took Sony's |
| 14:52:08 | 15 | de-valuation of the company to 75 mill as an |
| 14:52:12 | 16 | indirect 'no' to the investment itself."  Do you |
| 14:52:16 | 17 | have any recollection of Sony de-valuing Dragon to |
| 14:52:19 | 18 | 75 million dollars? |
| 14:52:21 | 19 | A    No.  As I testified earlier, I don't |
| 14:52:23 | 20 | really remember any specific discussions with Sony. |
| 14:52:27 | 21 | Q    And then if I could call your attention |
| 14:52:29 | 22 | down towards the bottom of that same page, 476, the |
| 14:52:32 | 23 | second dash up from the bottom, the paragraph being |
| 14:52:35 | 24 | "Seagate wants the return of their investment, which |
| 14:52:37 | 25 | was initiated by then CEO Steve Roth.  That's why |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |  |
|--|--|--|--|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04 | 150 |
| 14:52:41 | 2 | they sent CEO and CFO to Dragon." Do you see that? | |
| 14:52:45 | 3 | A   I do see that. | |
| 14:52:45 | 4 | Q   Are you familiar with the name "Steve | |
| 14:52:47 | 5 | Roth" in the context of CEO of Seagate? | |
| 14:52:51 | 6 | A   No.  This person must be living in another | |
| 14:52:53 | 7 | dimension.  There was never another CEO named Steve | |
| 14:52:57 | 8 | Roth, that I'm aware of. | |
| 14:52:58 | 9 | MR. JOSEPH:  There was at Warner Brothers | |
| 14:53:00 | 10 | in the early '80s. | |
| 14:53:02 | 11 | THE WITNESS:  It was Ross, though, wasn't | |
| 14:53:02 | 12 | it? | |
| 14:53:03 | 13 | MR. JOSEPH:  You're right, it was Ross. | |
| 14:53:03 | 14 | THE WITNESS:  No, I've never seen this | |
| 14:53:04 | 15 | e-mail.  I have no idea what they're talking about. | |
| 14:53:06 | 16 | BY MR. KNOWLES: | |
| 14:53:06 | 17 | Q   Okay, and I take it you would not agree, | |
| 14:53:08 | 18 | then, with the statement, "That is why they sent CEO | |
| 14:53:10 | 19 | and CFO to Dragon," referring to Seagate there? | |
| 14:53:13 | 20 | A   I would not agree with that statement. | |
| 14:53:15 | 21 | Q   Then sort of further down in that section, | |
| 14:53:17 | 22 | there is another line, I believe begins with "Don is | |
| 14:53:25 | 23 | hard to read.  Came to Dragon to change such a | |
| 14:53:25 | 24 | situation, though Don does whatever Janet wants him | |
| 14:53:26 | 25 | to do as CEO."  Did you have the impression that | |

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

| | | |
|---|---|---|
| | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04 |
| 14:53:29 | 2 | while Mr. Waite was interim CEO at Dragon, he did |
| 14:53:33 | 3 | whatever Janet Baker wanted him to do? |
| 14:53:35 | 4 | A    That is absolutely not my recollection of |
| 14:53:38 | 5 | Don's role at Dragon. |
| 14:53:42 | 6 | Q    Put that exhibit aside.  Thank you. |
| 14:53:45 | 7 | A    I actually want to keep this one, |
| 14:53:47 | 8 | actually. |
| 14:53:50 | 9 | Q    Mr. Luczo, do you know what the TRA Rights |
| 14:53:53 | 10 | Trust is? |
| 14:53:54 | 11 | A    Not specifically, no.  I believe it |
| 14:53:56 | 12 | related to our transaction with Veritas. |
| 14:54:00 | 13 | Q    And do you make any decisions currently on |
| 14:54:02 | 14 | behalf of the TRA Rights Trust? |
| 14:54:04 | 15 | A    I do not. |
| 14:54:08 | 16 | Q    Ah, when was the last time you spoke with |
| 14:54:10 | 17 | Ellen Chamberlain? |
| 14:54:19 | 18 | A    I really don't recall.  Years, in terms of |
| 14:54:21 | 19 | any, you know, substantial conversation. |
| 14:54:24 | 20 | Q    Okay.  How about with Mr. Waite, when was |
| 14:54:27 | 21 | the last time you spoke with him? |
| 14:54:28 | 22 | A    Oh, probably within the last couple of |
| 14:54:30 | 23 | weeks. |
| 14:54:30 | 24 | Q    Have you spoken with Mr. Waite at all |
| 14:54:32 | 25 | regarding any testimony you were going to give in |

Line 1 page number: 151

Deposition of Stephen Luczo - Conducted on 7/29/04          152

14:54:34    this litigation?

14:54:35        A    No, I have not.

14:54:36        Q    How about regarding any testimony

14:54:37    Mr. Waite may have given in this litigation?

14:54:41        A    No.

14:54:41        Q    When was the last time you spoke with

14:54:43    Janet Baker?

14:54:44        A    I don't recall.  Years.

14:54:47        Q    Okay.  And I'd just quickly like to call

14:54:49    your attention to some of the exhibits that

14:54:51    Mr. Frank showed you earlier today.  I just have a

14:54:54    few follow-up questions on some of those.  The first

14:54:56    is Exhibit 6, which is your calendar.

14:54:59        A    (Witness complies.)

14:55:08        Q    I ask you specifically to turn to SL 6,

14:55:10    which is your June 1999 entry.  I believe Mr. Frank

14:55:15    asked you earlier today about the reference to "9

14:55:18    a.m. Waite-Dragon" and "11 a.m. Dragon Board Call."

14:55:22    Did you have a practice of conferring with Mr. Waite

14:55:25    prior to Dragon board meetings in the 1999 time

14:55:27    period?

14:55:28        A    I wouldn't call it a practice, but, you

14:55:30    know, I don't know that would have been unusual

14:55:33    either.

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    153 |
| 14:55:33 | 2 | Q    Generally speaking, what would have been |
| 14:55:35 | 3 | the purpose of conferring with Mr. Waite prior to |
| 14:55:37 | 4 | Dragon board meetings? |
| 14:55:39 | 5 | A    I don't know.  I don't know any of the |
| 14:55:42 | 6 | specific details of this conversation. |
| 14:55:44 | 7 | Q    If you could also turn to SL 9, which is |
| 14:55:47 | 8 | your calendar for September 1999, please. |
| 14:55:50 | 9 | A    (Witness complies). |
| 14:55:51 | 10 | Q    I believe again Mr. Frank this morning |
| 14:55:53 | 11 | drew your attention to numerous entries that read |
| 14:55:56 | 12 | either Mulvaney or Tom Mulvaney.  Did you have any |
| 14:55:58 | 13 | specific recollection of any of the issues that you |
| 14:56:00 | 14 | may have discussed with Mr. Mulvaney during any of |
| 14:56:03 | 15 | these -- I see four meetings in September, 1999? |
| 14:56:05 | 16 | A    I do not. |
| 14:56:09 | 17 | Q    That is all I have on Exhibit 6. |
| 14:56:17 | 18 | If you could take out Exhibit 10, which |
| 14:56:21 | 19 | began with the October 5th, 1999 board minutes, |
| 14:56:25 | 20 | please. |
| 14:56:26 | 21 | A    (Witness complies).  Okay. |
| 14:56:46 | 22 | Q    If I could call your attention |
| 14:56:47 | 23 | specifically to SGC 012127. |
| 14:56:52 | 24 | A    (Witness complies). |
| 14:56:59 | 25 | Q    Ah, there is a section up towards the top |

```
         1    Deposition of Stephen Luczo - Conducted on 7/29/04        154
14:57:02 2    half of the page that follows your last name in
14:57:05 3    bold, I believe Mr. Frank read this to you earlier
14:57:07 4    today.  I wanted to call your attention specifically
14:57:09 5    to the line "We need a banker engaged, and L&H is
14:57:13 6    part of the people and part of the process."
14:57:16 7    Specifically with regard to the language concerning
14:57:19 8    L&H there, do you have any recollection of anyone
14:57:21 9    else on the Dragon board expressing a desire to
14:57:23 10   exclude Lernout and Hauspie from any negotiations or
14:57:27 11   acquisition discussions regarding Dragon?
14:57:29 12         A    I don't have any recollection of that.
14:57:31 13   No.
14:57:33 14         Q    Down at the bottom of that same page, 127,
14:57:36 15   again another section that follows your last name in
14:57:39 16   bold, ah, the very last line, the sentence begins
14:57:41 17   "In a minimum 500M range to a strategic value,"
14:57:47 18   excuse me, "could be interesting."  How did you come
14:57:49 19   up with that 500 million figure?
14:57:52 20         A    I don't recall at this time.
14:57:55 21         Q    Do you recall the amount at which Lernout
14:57:58 22   and Hauspie valued Dragon for purposes of the merger
14:58:02 23   agreement?
14:58:02 24         A    I don't.
14:58:08 25         MR. KNOWLES:  Okay.  I don't think I have
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

|  |  |  |
|---|---|---|
|  | 1 | Deposition of Stephen Luczo - Conducted on 7/29/04    155 |
| 14:58:09 | 2 | any other questions, Mr. Luczo.  Thank you very |
| 14:58:11 | 3 | much. |
| 14:58:18 | 4 | MS. McCORMICK:  We have no questions. |
| 14:58:19 | 5 | MR. COE:  We have no questions. |
| 14:58:21 | 6 | MR. JOSEPH:  I am not going to ask any |
| 14:58:22 | 7 | questions either of the witness.  Thank you very |
| 14:58:24 | 8 | much. |
| 14:58:26 | 9 | THE VIDEOGRAPHER:  This marks the end of |
| 14:58:27 | 10 | the deposition of Mr. Luczo.  Number of tapes used |
| 14:58:33 | 11 | is two.  We are off the record.  The time is 2:51 |
| 14:58:36 | 12 | p.m. |
| 14:58:37 | 13 | THE WITNESS:  Thank you, everybody. |
| 14:58:37 | 14 | -oOo- |
|  | 15 | (Signature having not been waived, the |
|  | 16 | deposition of STEPHEN LUCZO was concluded at 2:51 |
|  | 17 | p.m.) |
|  | 18 |  |
|  | 19 |  |
|  | 20 |  |
|  | 21 |  |
|  | 22 |  |
|  | 23 |  |
|  | 24 |  |
|  | 25 |  |

Deposition of Stephen Luczo - Conducted on 7/29/04          156

ACKNOWLEDGMENT OF DEPONENT

I, STEPHEN LUCZO, do hereby acknowledge

that I have read and examined the foregoing

testimony, and the same is a true, correct and

complete transcription of the testimony given by me

and any corrections appear on the attached Errata

sheet signed by me.


_____        _____

           DATE                            SIGNATURE

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

```
 1    Deposition of Stephen Luczo - Conducted on 7/29/04        157

 2

 3    CERTIFICATE OF SHORTHAND REPORTER - NOTARY PUBLIC

 4         I, Tamara Gelbart Jaffe, Registered Merit

 5    Reporter, the officer before whom the foregoing

 6    proceedings were taken, do hereby certify that the

 7    foregoing transcript is a true and correct record of

 8    the proceedings; that said proceedings were taken by

 9    me stenographically and thereafter reduced to

10    typewriting under my supervision; and that I am

11    neither counsel for related to, nor employed by any

12    of the parties to this case and have no interest,

13    financial or otherwise, in its outcome.

14         IN WITNESS WHEREOF, I have hereunto set my

15    hand and affixed my notarial seal this 8th day of

16    August, 2004.

17

18    My commission expires:

19    September 30, 2006

20

21    _____

22    NOTARY PUBLIC IN AND FOR THE

23    DISTRICT OF COLUMBIA

24

25
```

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

```
1    Deposition of Stephen Luczo - Conducted on 7/29/04          158

2              E  R  R  A  T  A    S  H  E  E  T

3        IN RE: Roth, et al. v. KPMG, et al.

4    RETURN BY:  _____

5        PAGE      LINE          CORRECTION AND REASON

6        ____      ____     _____

7        ____      ____     _____

8        ____      ____     _____

9        ____      ____     _____

10       ____      ____     _____

11       ____      ____     _____

12       ____      ____     _____

13       ____      ____     _____

14       ____      ____     _____

15       ____      ____     _____

16       ____      ____     _____

17       ____      ____     _____

18       ____      ____     _____

19       ____      ____     _____

20       ____      ____     _____

21       ____      ____     _____

22       _____    _____

23          (DATE)               (SIGNATURE)

24

25
```

LEGALINK - MANHATTAN
(212) 557-7400

CONFIDENTIAL VIDEOTAPED DEPOSITION OF STEPHEN LUCZO
CONDUCTED ON THURSDAY, JULY 29, 2004

```
1    Deposition of Stephen Luczo - Conducted on 7/29/04         159

2              E R R A T A   S H E E T

3       IN RE: Roth, et al. v. KPMG, et al.

4    RETURN BY: _____

5       PAGE    LINE         CORRECTION AND REASON

6       ____    ____    _____

7       ____    ____    _____

8       ____    ____    _____

9       ____    ____    _____

10      ____    ____    _____

11      ____    ____    _____

12      ____    ____    _____

13      ____    ____    _____

14      ____    ____    _____

15      ____    ____    _____

16      ____    ____    _____

17      ____    ____    _____

18      ____    ____    _____

19      ____    ____    _____

20      ____    ____    _____

21      ____    ____    _____

22      _____         _____

23         (DATE)                    (SIGNATURE)

24

25
```