E<span>XHIBIT</span> K

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>　　　　　　　Defendants. | No.  04-CV-10477-PBS |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>　　　　　　　Defendants. | No.  04-CV-10501-PBS |

### STEPHEN LUCZO'S WRITTEN RESPONSES AND OBJECTIONS
### TO DOCUMENT SUBPOENA SERVED BY DEXIA BANK BELGIUM

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California and the District Massachusetts, non-party Stephen Luczo responds and objects as follows to the document requests contained in Schedule A to the subpoena dated March 28, 2006 served by Dexia Bank Belgium on March 28, 2006 in the above-captioned actions and related actions ("the Document Requests").

### GENERAL OBJECTIONS

These General Objections are incorporated into each specific response and objection hereinafter set forth, whether generally or as to each or any specific Document Request, as if fully set forth therein, and will not be repeated in each specific response or objection.  The

provision of any documents in response to a Document Request is not, and shall not be construed as, an admission of the propriety of such Document Request. Mr. Luczo reserves the right to amend these responses and objections. All documents produced in response to a Document Request will be subject to the objections contained herein.

1.     Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they purport to impose upon Mr. Luczo any obligations different from, or greater than, those established or required by the Federal Rules of Civil Procedure, and the Local Rules of the Northern District of California and the District of Massachusetts.

2.     Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they purport to call for documents protected from disclosure by the attorney client privilege, the attorney work product doctrine, or Rule 26(b)(3) of the Federal Rules of Civil Procedure relating to trial preparation materials, or documents that are otherwise privileged or immune from discovery, and Mr. Luczo reserves the right not to produce such documents. The inadvertent production of any such privileged or protected document shall not constitute, or be deemed a waiver of, any applicable statutory, regulatory, common-law or other privilege with respect to such document (or the subject matter thereof) or with respect to any other documents or discovery now or hereafter requested or produced. Mr. Luczo reserves the right not to produce documents that are in part protected by any such privilege, except on a redacted basis.

3.     Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they purport to call for documents not within the possession, custody, or control of Mr. Luczo.

4.     Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they purport to call for documents that were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions bearing Bates numbers SL00001 through SL00023.

5.     Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions. In providing these responses and objections to the Document Requests, Mr. Luczo does not admit the factual or legal premise of any of the Document Requests.

6.     Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they are vague, ambiguous or would unreasonably require speculation as to the nature and/or scope of the documents sought thereby.

7.     Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they subject Mr. Luczo, as a non-party, to undue burden and/or significant expense.

2

8.      Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they are cumulative or duplicative.

9.      Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

10.      Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that Dexia Bank Belgium has had ample opportunity by discovery in the above-captioned actions to obtain the information sought.

11.      Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

12.      Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they call for documents that are not relevant to the subject matter involved in the above-captioned actions or any of the related actions; and/or are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions; and/or do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and/or are not reasonably calculated to lead to the discovery of admissible evidence.

13.      Mr. Luczo objects to the Document Requests (including Definitions and Instructions) to the extent that they call for documents that are publicly available.

14.      Mr. Luczo objects to the "relevant time period" set forth in Instruction No. 9 of the Document Requests as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to commence on January 1, 1994. In light of the fact that Dexia Bank Belgium has requested plaintiffs to the above-captioned actions and related actions to produce documents dated, created, sent, or received only after January 1, 1998, the "relevant time period" is *a fortiori* unreasonable. Except as otherwise indicated in response to a specific Document Request, Mr. Luczo objects to producing documents dated, created, sent, or received before January 1, 1998 or after August 19, 2003.

15.      Mr. Luczo does not in any way waive or intend to waive, but rather intends to preserve and is preserving his right to: (a) object on any ground to the use of any document produced in response to the Document Requests, or its contents, in the above-captioned actions, including at trial, or in any other action; (b) supplement or amend these responses and objections at any time prior to trial; (c) object on any ground to any request for further documents, or any other discovery requests in, or relating to, the above-captioned actions and related actions; or (d) move at any time for an appropriate protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

<u>**SPECIFIC RESPONSES**</u>

<u>**Request No. 1**</u>**:  All documents concerning Artesia or Dexia.**

<u>**Response to Request No. 1**</u>**:**

     Mr. Luczo objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, and in large extent calls for documents that: (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  In responding to Request No. 1, Mr. Luczo will construe the request as seeking documents concerning the allegations concerning Artesia (as defined in the Document Requests) and Dexia (as defined in the Document Requests) set forth in the complaints filed in the above-captioned actions on March 9, 2004 and March 11, 2004, and in the Third Amended Complaint filed in *Quaak, et al. v. Dexia Bank Belgium*, No. 03-CIV-11566 (PBS) on March 14, 2006.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 1 in his possession, custody, or control.

<u>**Request No. 2**</u>**:  All documents concerning L&H.**

<u>**Response to Request No. 2**</u>**:**

     Mr. Luczo objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, and in large extent calls for documents that:  (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  In responding to Request No. 2, Mr. Luczo will construe the request as seeking documents concerning the allegations concerning L&H (as defined in the Document Requests) set forth in the complaints filed in the above-captioned actions on March 9, 2004 and March 11, 2004, and in the Third Amended Complaint filed in *Quaak, et al. v. Dexia Bank Belgium*, No. 03-CIV-11566 (PBS) on March 14, 2006.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 2 in his possession, custody, or control.

<u>**Request No. 3**</u>**:  All documents concerning the historical financial condition and operating results of Dragon including, but not limited to, valuations, financial statements, balance sheets, statements of income and/or operations and cash flow statements.**

<u>**Response to Request No. 3**</u>**:**

     Mr. Luczo objects to Request No. 3 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and

related actions. Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 4:  All documents concerning Jo Lernout, Pol Hauspie, Gaston Bastiaens, Carl Dammekens, or Nico Wilaert.**

**Response to Request No. 4:**
    Mr. Luczo objects to Request No. 4 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 4 in his possession, custody, or control.

**Request No. 5:  All documents concerning any Language Development Company or Cross-Language Development Company.**

**Response to Request No. 5:**
    Mr. Luczo objects to Request No. 5 on the grounds that it is unduly burdensome and ambiguous in so far as the Document Requests do not define the terms "Language Development Company" or "Cross-Language Development Company". In responding to Request No. 5, Mr. Luczo will construe these terms consistent with their usage in the complaints filed in the above-captioned actions on March 9, 2004 and March 11, 2004. Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 5 in his possession, custody, or control.

**Request No. 6:  All documents concerning Language Investment Co. and Radial Belgium N.V.**

**Response to Request No. 6:**
    Mr. Luczo objects to Request No. 6 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 6 in his possession, custody, or control.

**Request No. 7:  All documents concerning Vasco Data Security International.**

**Response to Request No. 7:**
    Mr. Luczo objects to Request No. 7 on the grounds that it is unduly burdensome, and in large extent calls for documents that (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not

bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions, and (iv) are not reasonably calculated to lead to the discovery of admissible evidence. Mr. Luczo further objects to Request No. 7 to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. In responding to Request No. 7, Mr. Luczo will construe the request as seeking documents concerning the relationships between Vasco Data Securities International, on the one hand, and Artesia (as defined in the Document Requests), Dexia (as defined in the Document Requests), or L&H (as defined in the Document Requests), on the other. Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 7 in his possession, custody, or control.

**Request No. 8:  All documents concerning the acquisition of Dragon by L&H or the potential acquisition of Dragon by any other company, including documents related to any and all due diligence or other investigation undertaken in relation thereto.**

**Response to Request No. 8:**

     Mr. Luczo objects to Request No. 8 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 9:  All documents concerning communications with any investment bank, accounting firm or other outside advisor concerning the acquisition of Dragon by L&H or by any other company, including communications concerning any and all due diligence or other investigation undertaken in relation thereto.**

**Response to Request No. 9:**

     Mr. Luczo objects to Request No. 9 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 10:  All documents concerning or incorporating any communications with Plaintiffs or Plaintiffs' Counsel referring to Artesia or Dexia or the acquisition of Dragon by L&H or by any other company.**

**Response to Request No. 10:**

     Mr. Luczo objects to Request No. 10 on the grounds that it is unduly burdensome and vague and ambiguous. In responding to Request No. 10, Mr. Luczo will construe the request as

seeking documents concerning or incorporating communications between Mr. Luczo, on the one hand, and Plaintiffs (as defined in the Document Requests) or Plaintiffs' Counsel (as defined in the Document Requests), on the other, referring to Artesia (as defined in the Document Requests), Dexia (as defined in the Document Requests), or the acquisition of Dragon (as defined in the Document Requests) by L&H (as defined in the Document Requests) or by any other company.  Mr. Luczo further objects to Request No. 10 to the extent that it purports to call for documents protected from disclosure by the attorney client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure relating to trial preparation materials, or documents that are otherwise privileged or immune from discovery, and Mr. Luczo reserves the right not to produce such documents.

**Request No. 11:  All documents concerning Plaintiffs' decision to consent to the acquisition of Dragon by L&H.**

**Response to Request No. 11:**
        Mr. Luczo objects to Request No. 11 as unduly burdensome and to the extent that it implies that Plaintiffs (as defined in the Document Requests) decided to consent to the acquisition of Dragon (as defined in the Document Requests) by L&H (as defined in the Document Requests).  In responding to Request No. 11, Mr. Luczo will construe the request as seeking documents concerning the decision of the shareholders of Dragon to consent to the acquisition of Dragon by L&H.  Mr. Luczo further objects to Request No. 11 to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 12:  All documents concerning any valuation or other financial assessment of Dragon at any time in the period defined herein.**

**Response to Request No. 12:**
        Mr. Luczo objects to Request No. 12 on the grounds that it is unduly burdensome and to the extent that it is cumulative and duplicative of Document Request No. 3 above, and of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 12 in his possession, custody, or control.

**Request No. 13:  All documents concerning any investigation of Artesia or Dexia conducted by Plaintiffs or you, either on your own behalf or at the request of Plaintiffs or Plaintiffs' Counsel.**

**Response to Request No. 13:**
        Mr. Luczo objects to Request No. 13 on the grounds that it is overly broad, unduly burdensome, and in large extent calls for documents that (i) are not relevant to the subject matter

involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  In responding to Request No. 13, Mr. Luczo will construe the request as seeking documents concerning any investigation of potential legal claims by former shareholders of Dragon (as defined in the Document Request) against Artesia (as defined in the Document Request) or Dexia (as defined in the Document Request) arising out of the Dragon shareholders' acquisition of the stock of L&H (as defined in the Document Request).  Mr. Luczo further objects to Request No. 13 to the extent that it purports to call for documents protected from disclosure by the attorney client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure relating to trial preparation materials, or documents that are otherwise privileged or immune from discovery, and Mr. Luczo reserves the right not to produce such documents.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 13 in his possession, custody, or control.

**Request No. 14:  All documents concerning any investigation of any bank or banking institution other than Artesia or Dexia conducted by Plaintiffs or by you, either on your own behalf or at the request of Plaintiffs or Plaintiffs' Counsel.**

**Response to Request No. 14:**

Mr. Luczo objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome, and in large extent calls for documents that:  (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  In responding to Request No. 14, Mr. Luczo will construe the request as seeking documents concerning any investigation of potential legal claims by former shareholders of Dragon (as defined in the Document Request) against any bank or banking institution other than Artesia (as defined in the Document Request) or Dexia (as defined in the Document Request) arising out of the Dragon shareholders' acquisition of the stock of L&H (as defined in the Document Request).  Mr. Luczo further objects to Request No. 14 to the extent that it purports to call for documents protected from disclosure by the attorney client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure relating to trial preparation materials, or documents that are otherwise privileged or immune from discovery, and Mr. Luczo reserves the right not to produce such documents.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Luczo states that there are no documents responsive to Request No. 14 in his possession, custody, or control.

**Request No. 15:  All documents related to any ownership interest in Seagate Technology, Inc., the TRA Rights Trust, or Dragon purchased, held, sold, or assigned by you or any purchaser or any of your agents, beneficiaries, or assignees.**

**Response to Request No. 15:**

     Mr. Luczo objects to Request No. 15 on the grounds that it is overly broad, unduly burdensome, calls for documents that (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions, and (iv) are not reasonably calculated to lead to the discovery of admissible evidence. Mr. Luczo further objects to Request No. 15 on the ground that it calls for confidential personal financial information of a non-party. In responding to Request No. 15, Mr. Luczo will produce, subject to the protective order in the above-captioned actions and related actions, documents in his possession, custody, and control sufficient to identify the extent of his own ownership interests during the period from January 1, 1998 to the present. Mr. Luczo held an ownership interest in Dragon (as defined in the Document Request) only through his shareholdings in Seagate Technology, Inc.

Dated: April 11, 2006
     New York, New York

                    GREGORY P. JOSEPH LAW OFFICES LLC

                    Gregory P. Joseph, N.Y. Atty Reg. #1645852
                    Susan M. Davies, N.Y. Atty Reg. #2413508
                    (sdavies@josephnyc.com)
                    805 Third Avenue, 31st Floor
                    New York, New York  10022
                    Telephone:  (212) 407-1200

                    **OF COUNSEL**

                    Nicholas M. Kelley, BBO #265640
                    Amy C. Mainelli, BBO #657201
                    KOTIN, CRABTREE, AND STRONG, LLP
                    One Bowdoin Square
                    Boston, Massachusetts  02114
                    Telephone:  (617) 227-7031

                    *Attorneys for Non-Party Stephen Luczo*

9

## Certificate of Service

I hereby certify that on April 11, 2006, I caused a true and correct copy of the foregoing *Stephen Luczo's Written Responses and Objections to Document Subpoena Served by Dexia Bank Belgium* dated April 11, 2006 to be served by electronic mail and First Class Mail, postage prepaid, upon the following Counsel of Record at the electronic and postal addresses indicated below:

Jeff E. Butler, Esq. (Jeff.Butler@CliffordChance.com)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
**Counsel for Dexia Bank Belgium in *Filler v. Dexia, S.A.*, C.A. No. 04-10477-PBS; *Quaak v. Dexia, S.A.*, C.A. No. 03-11566-PBS; *Baker v. Dexia, S.A.*, C.A. No. 04-10501-PBS, *Stonington Partners, Inc v. Dexia, S.A.*, C.A. No. 04-10111-PBS**

Karen C. Dyer, Esq. (kdyer@bsfllp.com)
Boies Schiller & Flexner
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
**Cousel for Plaintiffs Janet Baker, James Baker, JK Baker LLC, and JMBaker LLC in *Baker v. Dexia, S.A.*, C.A. No. 04-10501-PBS**

Steven B. Singer, Esq. (steven@blbglaw.com)
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, New York 10019
**Counsel for Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P., and Stonington Holdings, L.L.C. in *Stonington Partners, Inc v. Dexia, S.A.*, C.A. No. 04-10111-PBS**

Patrick Egan, Esq. (pegan@bermanesq.com)
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109
**Co-Lead Counsel for Class Plaintiffs in *Quaak v. Dexia, S.A.*, C.A. No. 03-11566-PBS**

Susan M. Davies
N.Y. Attorney Registration # 2413508

EXHIBIT L

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

### Issued by the
# UNITED STATES DISTRICT COURT

__NORTHERN__ _____ **DISTRICT OF** _____ __CALIFORNIA__

JANET BAKER and JAMES BAKER, JKBAKER LLC
and JMBAKER LLC,  et al.

**V.**

DEXIA, S.A. and DEXIA BANK BELGIUM (formerly
known as ARTESIA BANKING CORP., S.A.)

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:  [1]  04-10501 (PBS)
03-11566 (PBS)
04-10411 (PBS)
04-10477 (PBS)

Pending in the United
States District Court for the
District of Massachusetts

TO:   MR. DONALD WAITE
c/o Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York. New York 10022

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify
in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| At a location to be discussed by counsel for the Defendants and the witness. | May 5, 2006, 9:30 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Clifford Chance US LLP | April 17, 2006, 9:30 a.m. |
| 31 West 52nd Street, New York, NY 10019 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Jeff E Butler_       Attorney for Defendant Dexia Bank Belgium | March 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeff Butler
Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019, (212) 878-8205

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    "Artesia" means Artesia Banking Corporation, S.A, and its predecessors Paribas Bank België (a.k.a. Paribas Banque Belgique) and Bacob Bank.

2.    "Dexia" means Dexia S.A. or Dexia Bank Belgium (a.k.a. Dexia Bank België or Dexia Banque Belgique).

3.    "Dragon" means Dragon Systems, Inc.

4.    "L&H" means Lernout & Hauspie Speech Products, N.V., including any of its predecessors, successors, parents, subsidiaries, divisions or affiliates and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

5.    The term "Plaintiffs" refers to any of the plaintiffs in this action or the related actions against Dexia Bank Belgium pending in the District of Massachusetts, namely Hans A. Quaak; Attilio Po; Karl Leibinger; Stonington Partners, Inc.; Stonington Capital Appreciation 1994 Fund, L.P.; Stonington Holdings, L.L.C.; Gary B. Filler and Lawrence Perlman, as trustees of the TRA Rights Trust; Janet Baker; James Baker; JKBaker LLC; and JMBaker LLC.

6.    The term "Plaintiffs' Counsel" refers to the following law firms: Berman DeValerio Pease Tabacco Burt & Pucillo; Shalov Stone & Bonner LLP; Cauley Bowman Carney & Williams; Shearman & Sterling LLP; Young Conaway Stargatt & Taylor; Looney & Grossman LLP; Bernstein Litowitz Berger & Grossman LLP; Partridge Anker & Hortsman LLP; Boies Schiller & Flexner, Reed Smith LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Gregory P. Joseph Law Offices LLC; Reece & Associates, P.C.; Kotin Crabtree & Strong, LLP; Marx Van Ranst Vermeersch & Partners; Dal & Veldekens; Van Doosselaere Advocaten; CMS DeBacker; and Keuleneer Storme Vanneste Van Varenbergh Verhelst, Advocatenassociatie.

7.     "TRA Rights Trust" shall mean the Delaware trust that is the sole successor in interest to Seagate Technologies, Inc. for and on behalf of the stockholders of Seagate Technologies, Inc. in respect to any and all claims and causes of actions possessed by Seagate Technology, Inc. arising out of, in connection with, or relating to Seagate Technologies, Inc.'s acquisition or ownership of shares of, or holdings in, L&H.

8.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

9.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10.    The term "concerning" means relating to, in relation to, referring to, describing, evidencing or constituting.

11.    "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    The word "all" shall be deemed to include and encompass the words "each" and "any."

13.    The use of the singular form of any word includes within its meaning the plural form, and vice versa.

14.    The use of any tense of any verb includes within its meaning all other tenses of the verb.

5

## INSTRUCTIONS

1.    Each document request shall be responded to separately and fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of the a request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

2.    If any document responsive to these document requests is withheld under a claim of privilege, including the work-product doctrine, you shall identify with respect to each document:  (a) the date of the document, (b) the title of the document; (c) the type of the document; (d) a description of the subject matter of the document, (e) the name of each author, addressee, and copyee, and (f) the specific privilege or protection claimed.

3.    If, in responding to these document requests, you claim any ambiguity in a document request, or in a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the document request.

4.    Each request shall be construed according to its terms and not with reference to any other request.

5.    All responsive documents, wherever located, that are in your possession, custody or control shall be produced in response to these document requests.

6.    An original or one copy of each responsive document shall be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation, highlighting, underlining or other marks, or any omission, or a draft or successive iteration thereof and all modifications thereto

6

shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody or control.

7.    All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents whether by use of binders, files, sub-files, or by dividers, tabs, or any other method, shall be left so segregated or separated. All labels or markings on any such binders, files, sub-files, dividers, tabs, or folders shall be produced.

8.    A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents in addition to the document itself, without abbreviation or expurgation.

9.    The relevant time period for this request is from January 1, 1994 to the present.

## DOCUMENT REQUESTS

1.    All documents concerning Artesia or Dexia.

2.    All documents concerning L&H.

3.    All documents concerning the historical financial condition and operating results of Dragon including, but not limited to, valuations, financial statements, balance sheets, statements of income and/or operations and cash flow statements.

4.    All documents concerning Jo Lernout, Pol Hauspie, Gaston Bastiaens, Carl Dammekens, or Nico Willaert.

5.    All documents concerning any Language Development Company or Cross-Language Development Company.

6.    All documents concerning Language Investment Co. and Radial Belgium N.V.

7.    All documents concerning Vasco Data Security International.

7

8.    All documents concerning the acquisition of Dragon by L&H or the potential acquisition of Dragon by any other company, including documents related to any and all due diligence or other investigation undertaken in relation thereto.

9.    All documents concerning communications with any investment bank, accounting firm or other outside advisor concerning the acquisition of Dragon by L&H or by any other company, including communications concerning any and all due diligence or other investigation undertaken in relation thereto.

10.    All documents concerning or incorporating any communications with Plaintiffs or Plaintiffs' Counsel referring to Artesia or Dexia or the acquisition of Dragon by L&H or by any other company.

11.    All documents concerning Plaintiffs' decision to consent to the acquisition of Dragon by L&H.

12.    All documents concerning any valuation or other financial assessment of Dragon at any time in the period defined herein.

13.    All documents concerning any investigation of Artesia or Dexia conducted by Plaintiffs or you, either on your own behalf or at the request of Plaintiffs or Plaintiffs' Counsel.

14.    All documents concerning any investigation of any bank or banking institution other than Artesia or Dexia conducted by Plaintiffs or by you, either on your own behalf or at the request of Plaintiffs or Plaintiffs' Counsel.

15.    All documents related to any ownership interest in Seagate Technology, Inc., the TRA Rights Trust, or Dragon purchased, held, sold, or assigned by you or any purchaser or any of your agents, beneficiaries, or assignees.

8

EXHIBIT M

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF MASSACHUSETTS</u>

| | |
|---|---|
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>　　　　　　　Defendants. | No.  04-CV-10477-PBS |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>　　　　　　　Defendants. | No.  04-CV-10501-PBS |

**DONALD WAITE'S WRITTEN RESPONSES AND OBJECTIONS**
**TO DOCUMENT SUBPOENA SERVED BY DEXIA BANK BELGIUM**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California and the District Massachusetts, non-party Donald Waite responds and objects as follows to the document requests contained in Schedule A to the subpoena dated March 28, 2006 served by Dexia Bank Belgium on March 28, 2006 in the above-captioned actions and related actions ("the Document Requests").

**<u>GENERAL OBJECTIONS</u>**

These General Objections are incorporated into each specific response and objection hereinafter set forth, whether generally or as to each or any specific Document Request, as if

fully set forth therein, and will not be repeated in each specific response or objection. The provision of any documents in response to a Document Request is not, and shall not be construed as, an admission of the propriety of such Document Request. Mr. Waite reserves the right to amend these responses and objections. All documents produced in response to a Document Request will be subject to the objections contained herein.

1.  Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they purport to impose upon Mr. Waite any obligations different from, or greater than, those established or required by the Federal Rules of Civil Procedure, and the Local Rules of the Northern District of California and the Districts of Massachusetts.

2.  Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they purport to call for documents protected from disclosure by the attorney client privilege, the attorney work product doctrine, or Rule 26(b)(3) of the Federal Rules of Civil Procedure relating to trial preparation materials, or documents that are otherwise privileged or immune from discovery, and Mr. Waite reserves the right not to produce such documents. The inadvertent production of any such privileged or protected document shall not constitute, or be deemed a waiver of, any applicable statutory, regulatory, common-law or other privilege with respect to such document (or the subject matter thereof) or with respect to any other documents or discovery now or hereafter requested or produced. Mr. Waite reserves the right not to produce documents that are in part protected by any such privilege, except on a redacted basis.

3.  Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they purport to call for documents not within the possession, custody, or control of Mr. Waite.

4.  Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they purport to call for documents that were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions bearing Bates numbers TRA08850 through TRA11391, TRA12279 through TRA13625 (including an audio cassette Bates numbered TRA13625), and DW00001 through DW000062.

5.  Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions. In providing these responses and objections to the Document Requests, Mr. Waite does not admit the factual or legal premise of any of the Document Requests.

6.  Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they are vague, ambiguous or would unreasonably require speculation as to the nature and/or scope of the documents sought thereby.

7.    Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they subject Mr. Waite, as a non-party, to undue burden and/or significant expense.

8.    Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they are cumulative or duplicative.

9.    Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

10.   Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that Dexia Bank Belgium has had ample opportunity by discovery in the above-captioned actions to obtain the information sought.

11.   Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

12.   Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they call for documents that are not relevant to the subject matter involved in the above-captioned actions or any of the related actions; and/or are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions; and/or do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and/or are not reasonably calculated to lead to the discovery of admissible evidence.

13.   Mr. Waite objects to the Document Requests (including Definitions and Instructions) to the extent that they call for documents that are publicly available.

14.   Mr. Waite objects to the "relevant time period" set forth in Instruction No. 9 of the Document Requests as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to commence on January 1, 1994.  In light of the fact that Dexia Bank Belgium has requested plaintiffs to the above-captioned actions and related actions to produce documents dated, created, sent, or received only after January 1, 1998, the "relevant time period" is *a fortiori* unreasonable. Except as otherwise indicated in response to a specific Document Request, Mr. Waite objects to producing documents dated, created, sent, or received before January 1, 1998 or after August 19, 2003.

15.   Mr. Waite does not in any way waive or intend to waive, but rather intends to preserve and is preserving his right to:  (a) object on any ground to the use of any document produced in response to the Document Requests, or its contents, in the above-captioned actions, including at trial, or in any other action; (b) supplement or amend these responses and objections at any time prior to trial; (c) object on any ground to any request for

further documents, or any other discovery requests in, or relating to, the above-captioned actions and related actions; or (d) move at any time for an appropriate protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES

**Request No. 1**:  **All documents concerning Artesia or Dexia.**

**Response to Request No. 1:**

Mr. Waite objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, and in large extent calls for documents that: (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  In responding to Request No. 1, Mr. Waite will construe the request as seeking documents concerning the allegations concerning Artesia (as defined in the Document Requests) and Dexia (as defined in the Document Requests) set forth in the complaints filed in the above-captioned actions on March 9, 2004 and March 11, 2004, and in the Third Amended Complaint filed in *Quaak, et al. v. Dexia Bank Belgium*, No. 03-CIV-11566 (PBS) on March 14, 2006.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that there are no documents responsive to Request No. 1 in his possession, custody, or control.

**Request No. 2**:  **All documents concerning L&H.**

**Response to Request No. 2:**

Mr. Waite objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, and in large extent calls for documents that:  (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  In responding to Request No. 2, Mr. Waite will construe the request as seeking documents concerning the allegations concerning L&H (as defined in the Document Requests) set forth in the complaints filed in the above-captioned actions on March 9, 2004 and March 11, 2004, and in the Third Amended Complaint filed in *Quaak, et al. v. Dexia Bank Belgium*, No. 03-CIV-11566 (PBS) on March 14, 2006.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 3**:  All documents concerning the historical financial condition and operating results of Dragon including, but not limited to, valuations, financial statements, balance sheets, statements of income and/or operations and cash flow statements.

**Response to Request No. 3**:

Mr. Waite objects to Request No. 3 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 4**:  All documents concerning Jo Lernout, Pol Hauspie, Gaston Bastiaens, Carl Dammekens, or Nico Wilaert.

**Response to Request No. 4**:

Mr. Waite objects to Request No. 4 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 5**:  All documents concerning any Language Development Company or Cross-Language Development Company.

**Response to Request No. 5**:

Mr. Waite objects to Request No. 5 on the grounds that it is unduly burdensome and ambiguous in so far as the Document Requests do not define the terms "Language Development Company" or "Cross-Language Development Company".  In responding to Request No. 5, Mr. Waite will construe these terms consistent with their usage in the complaints filed in the above-captioned actions on March 9, 2004 and March 11, 2004.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 6**:  All documents concerning Language Investment Co. and Radial Belgium N.V.

**Response to Request No. 6**:

Mr. Waite objects to Request No. 6 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has

obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that there are no documents responsive to Request No. 6 in his possession, custody, or control.

**Request No. 7**:  **All documents concerning Vasco Data Security International.**

**Response to Request No. 7:**

      Mr. Waite objects to Request No. 7 on the grounds that it is unduly burdensome, and in large extent calls for documents that (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions, and (iv) are not reasonably calculated to lead to the discovery of admissible evidence. Mr. Waite further objects to Request No. 7 to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. In responding to Request No. 7, Mr. Waite will construe the request as seeking documents concerning the relationships between Vasco Data Securities International, on the one hand, and Artesia (as defined in the Document Requests), Dexia (as defined in the Document Requests), or L&H (as defined in the Document Requests), on the other. Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that all documents responsive to Request No. 7 in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 8**:  **All documents concerning the acquisition of Dragon by L&H or the potential acquisition of Dragon by any other company, including documents related to any and all due diligence or other investigation undertaken in relation thereto.**

**Response to Request No. 8:**

      Mr. Waite objects to Request No. 8 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 9**:  **All documents concerning communications with any investment bank, accounting firm or other outside advisor concerning the acquisition of Dragon by L&H or by any other company, including communications concerning any and all due diligence or other investigation undertaken in relation thereto.**

**Response to Request No. 9**:

Mr. Waite objects to Request No. 9 on the ground that it is unduly burdensome, and to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 10**:  **All documents concerning or incorporating any communications with Plaintiffs or Plaintiffs' Counsel referring to Artesia or Dexia or the acquisition of Dragon by L&H or by any other company.**

**Response to Request No. 10**:

Mr. Waite objects to Request No. 10 on the grounds that it is unduly burdensome and vague and ambiguous.  In responding to Request No. 10, Mr. Waite will construe the request as seeking documents concerning or incorporating communications between Mr. Waite, on the one hand, and Plaintiffs (as defined in the Document Requests) or Plaintiffs' Counsel (as defined in the Document Requests), on the other, referring to Artesia (as defined in the Document Requests), Dexia (as defined in the Document Requests), or the acquisition of Dragon (as defined in the Document Requests) by L&H (as defined in the Document Requests) or by any other company.  Mr. Waite further objects to Request No. 10 to the extent that it purports to call for documents protected from disclosure by the attorney client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure relating to trial preparation materials, or documents that are otherwise privileged or immune from discovery, and Mr. Waite reserves the right not to produce such documents.

**Request No. 11**:  **All documents concerning Plaintiffs' decision to consent to the acquisition of Dragon by L&H.**

**Response to Request No. 11**:

Mr. Waite objects to Request No. 11 as unduly burdensome and to the extent that it implies that Plaintiffs (as defined in the Document Requests) decided to consent to the acquisition of Dragon (as defined in the Document Requests) by L&H (as defined in the Document Requests).  In responding to Request No. 11, Mr. Waite will construe the request as seeking documents concerning the decision of the shareholders of Dragon to consent to the acquisition of Dragon by L&H.  Mr. Waite further objects to Request No. 11 to the extent that it is cumulative and duplicative of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions. Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states

that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 12:  All documents concerning any valuation or other financial assessment of Dragon at any time in the period defined herein.**

**Response to Request No. 12:**
     Mr. Waite objects to Request No. 12 on the grounds that it is unduly burdensome and to the extent that it is cumulative and duplicative of Document Request No. 3 above, and of discovery that Dexia Bank Belgium has obtained, or has had ample opportunity to obtain, from parties to the above-captioned actions and related actions.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that all responsive documents in his possession, custody, or control were produced in *In re Lernout & Hauspie Securities Litigation*, No. 00-CV-11589 and related actions, and have been made available to Dexia Bank Belgium in the above-captioned actions.

**Request No. 13:  All documents concerning any investigation of Artesia or Dexia conducted by Plaintiffs or you, either on your own behalf or at the request of Plaintiffs or Plaintiffs' Counsel.**

**Response to Request No. 13:**
     Mr. Waite objects to Request No. 13 on the grounds that it is overly broad, unduly burdensome, and in large extent calls for documents that (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  In responding to Request No. 13, Mr. Waite will construe the request as seeking documents concerning any investigation of potential legal claims by former shareholders of Dragon (as defined in the Document Request) against Artesia (as defined in the Document Request) or Dexia (as defined in the Document Request) arising out of the Dragon shareholders' acquisition of the stock of L&H (as defined in the Document Request).  Mr. Waite further objects to Request No. 13 to the extent that it purports to call for documents protected from disclosure by the attorney client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure relating to trial preparation materials, or documents that are otherwise privileged or immune from discovery, and Mr. Waite reserves the right not to produce such documents.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that there are no documents responsive to Request No. 13 in his possession, custody, or control.

**Request No. 14:  All documents concerning any investigation of any bank or banking institution other than Artesia or Dexia conducted by Plaintiffs or by you, either on your own behalf or at the request of Plaintiffs or Plaintiffs' Counsel.**

**Response to Request No. 14:**

Mr. Waite objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome, and in large extent calls for documents that:  (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions; and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  In responding to Request No. 14, Mr. Waite will construe the request as seeking documents concerning any investigation of potential legal claims by former shareholders of Dragon (as defined in the Document Request) against any bank or banking institution other than Artesia (as defined in the Document Request) or Dexia (as defined in the Document Request) arising out of the Dragon shareholders' acquisition of the stock of L&H (as defined in the Document Request).  Mr. Waite further objects to Request No. 14 to the extent that it purports to call for documents protected from disclosure by the attorney client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure relating to trial preparation materials, or documents that are otherwise privileged or immune from discovery, and Mr. Waite reserves the right not to produce such documents.  Subject to, and without waiving, the foregoing specific and general objections, Mr. Waite states that there are no documents responsive to Request No. 14 in his possession, custody, or control.

**Request No. 15:  All documents related to any ownership interest in Seagate Technology, Inc., the TRA Rights Trust, or Dragon purchased, held, sold, or assigned by you or any purchaser or any of your agents, beneficiaries, or assignees.**

**Response to Request No. 15:**

Mr. Waite objects to Request No. 15 on the grounds that it is overly broad, unduly burdensome, calls for documents that (i) are not relevant to the subject matter involved in the above-captioned actions or any of the related actions, (ii) are not material and necessary to the prosecution or defense of the above-captioned actions or any of the related actions, (iii) do not bear on, or could not reasonably lead to matter that could bear on, any issue that is or may be in the above-captioned actions or any of the related actions, and (iv) are not reasonably calculated to lead to the discovery of admissible evidence.  Mr. Waite further objects to Request No. 15 on the ground that it calls for confidential personal financial information of a non-party.  In responding to Request No. 15, Mr. Waite will produce, subject to the protective order in the above-captioned actions and related actions, documents in his possession, custody, and control sufficient to identify the extent of his own ownership interests during the period from January 1, 1998 to the present.  Mr. Waite held an ownership interest in Dragon (as defined in the Document Request) only through his shareholdings in Seagate Technology, Inc.

Dated: April 11, 2006
     New York, New York

GREGORY P. JOSEPH LAW OFFICES LLC

_____

Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, New York  10022
Telephone:  (212) 407-1200

**OF COUNSEL**

Nicholas M. Kelley, BBO #265640
Amy C. Mainelli, BBO #657201
KOTIN, CRABTREE, AND STRONG, LLP
One Bowdoin Square
Boston, Massachusetts  02114
Telephone:  (617) 227-7031

*Attorneys for Non-Party Donald Waite*

## Certificate of Service

I hereby certify that on April 11, 2006, I caused a true and correct copy of the foregoing *Donald Waite's Written Responses and Objections to Document Subpoena Served by Dexia Bank Belgium* dated April 11, 2006 to be served by electronic mail and First Class Mail, postage prepaid, upon the following Counsel of Record at the electronic and postal addresses indicated below:

Jeff E. Butler, Esq. (Jeff.Butler@CliffordChance.com)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
**Counsel for Dexia Bank Belgium in *Filler v. Dexia, S.A.*, C.A. No. 04-10477-PBS; *Quaak v. Dexia, S.A.*, C.A. No. 03-11566-PBS; *Baker v. Dexia, S.A.*, C.A. No. 04-10501-PBS, *Stonington Partners, Inc v. Dexia, S.A.*, C.A. No. 04-10111-PBS**

Karen C. Dyer, Esq. (kdyer@bsfllp.com)
Boies Schiller & Flexner
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
**Cousel for Plaintiffs Janet Baker, James Baker, JK Baker LLC, and JMBaker LLC in *Baker v. Dexia, S.A.*, C.A. No. 04-10501-PBS**

Steven B. Singer, Esq. (steven@blbglaw.com)
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, New York 10019
**Counsel for Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P., and Stonington Holdings, L.L.C. in *Stonington Partners, Inc v. Dexia, S.A.*, C.A. No. 04-10111-PBS**

Patrick Egan, Esq. (pegan@bermanesq.com)
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109
**Co-Lead Counsel for Class Plaintiffs in *Quaak v. Dexia, S.A.*, C.A. No. 03-11566-PBS**

Susan M. Davies
N.Y. Attorney Registration # 2413508

EXHIBIT N

SUSAN M. DAVIES
DIRECT DIAL: (212) 407-1208
DIRECT FAX: (212) 407-1274
EMAIL: sdavies@josephnyc.com

FACSIMILE
(212) 407-1299

May 23, 2005

<u>Via Electronic Mail and First Class Mail</u>

Jeff E. Butler, Esq.
Jeff.Butler@CliffordChance.com
Clifford Chance US LLP
31 West 52nd Street
New York, New York 10019-6131

Re:   ***Quaak v. Dexia, S.A.*, No. 03-CV-11566-PBS**
***Stonington Partners, Inc. v. Dexia, S.A.*, No. 04-CV-10411-PBS**
***Filler v. Dexia, S.A.*, No. 04-CV-10477-PBS**
***Baker v. Dexia, S.A.*, No. 04-CV-10501-PBS**

Dear Jeff:

Subject to *Filler Plaintiffs Responses & Objections to Defendant Dexia Bank Belgium's First Request for Production of Documents from the Filler Plaintiffs*, served today, and to the terms regarding payment for documents produced in TIFF format set forth in Patrick Egan's letter to you of today's date, the following materials responsive to *Defendant Dexia Bank Belgium's First Request for Production of Documents from the Filler Plaintiffs* are available immediately for production:

- One CD containing TIFF images of documents Bates numbered TRA1-TRA13624, TRA13626-TRA13637, and

- An audio tape Bates numbered TRA13625.

Certain of the documents, and the audio tape, have been designated "confidential" pursuant to the Stipulation and Order Governing Treatment of Confidential Information entered in the above-captioned actions on May 19, 2005, and are produced subject to the terms of that Order.

Please contact Charles Vos at 212-407-1255 (cvos@josephnyc.com) to arrange on-site inspection of the above materials. In the alternative, please let Mr. Vos know if you would like to receive a copy of the CD and audio tape at a total

Jeff E. Butler, Esq.
May 23, 2005
Page 2

cost of $570.44 (comprising $545.44 for 13,636 TIFF images, $10.00 for the CD, and $15.00 for the audio tape).

As we have previously discussed, copies of document productions, deposition transcripts and exhibits, and written discovery requests and responses from *In re Lernout & Hauspie Sec. Litig.*, No. 00-CV-11589-PBS and related cases will be made available to you as soon as the Court has modified the Confidentiality Order in those cases.

Sincerely,

Susan M. Davies

CC:  <u>Via e-mail only</u>
Amber Wessels (<u>Amber.Wessels@CliffordChance.com</u>)
Peter Saparoff (<u>psaparoff@mintz.com</u>)
Patrick Rocco (<u>Procco@lawssb.com</u>)
Patrick Egan (<u>pegan@bermanesq.com</u>)
Karen C. Dyer (<u>kdyer@bsfllp.com</u>)
Javier Bleichmar (<u>Javier@blbg.com</u>)

GREGORY P. JOSEPH LAW OFFICES LLC

805 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 407-1200
WWW.JOSEPHNYC.COM

SUSAN M. DAVIES
DIRECT DIAL: (212) 407-1208
DIRECT FAX: (212) 407-1274
EMAIL: sdavies@josephnyc.com

FACSIMILE
(212) 407-1299

May 25, 2005

Via Electronic Mail and First Class Mail

Jeff E. Butler, Esq.
Jeff.Butler@CliffordChance.com
Clifford Chance US LLP
31 West 52nd Street
New York, New York 10019-6131

Re:     *Quaak v. Dexia, S.A.,* No. 03-CV-11566-PBS
        *Stonington Partners, Inc. v. Dexia, S.A.,* No. 04-CV-10411-PBS
        *Filler v. Dexia, S.A.,* No. 04-CV-10477-PBS
        *Baker v. Dexia, S.A.,* No. 04-CV-10501-PBS

Dear Jeff:

        In light of your May 24, 2005 letter to Patrick Egan rejecting Plaintiffs'
offer to produce documents in TIFF format, please be advised that the following
materials are available immediately for pick-up and copying by your vendor:

   •   Documents (paper) Bates numbered TRA1-TRA13624, TRA13626-
       TRA13637, and

   •   An audio tape Bates numbered TRA13625.

        These materials are being produced subject to *Filler Plaintiffs'*
*Responses & Objections to Defendant Dexia Bank Belgium's First Request for*
*Production of Documents from the Filler Plaintiffs* and, where so designated, subject
to the Stipulation and Order Governing Treatment of Confidential Information
entered in the above-captioned actions on May 19, 2005.

        Please contact Charles Vos at 212-407-1255 (cvos@josephnyc.com) to
arrange pick up and return of the above materials.

                                        Sincerely,

                                        Susan M. Davies

GREGORY P. JOSEPH LAW OFFICES LLC

Jeff E. Butler, Esq.
May 25, 2005
Page 2


CC:    Via e-mail only
       Amber Wessels (Amber.Wessels@CliffordChance.com)
       Peter Saparoff (psaparoff@mintz.com)
       Patrick Rocco (Procco@lawssb.com)
       Patrick Egan (pegan@bermanesq.com)
       Karen C. Dyer (kdyer@bsfllp.com)
       Javier Bleichmar (Javier@blbg.com)

EXHIBIT O

# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

| | | | |
|---|---|---|---|
| **TO** | Susan M. Davies | COMPANY | Gregory P. Joseph Law Offices LLC |
| FAX NO | 212 407 1274 | PHONE NO | 212 407 1200 |
| **CC** | Patrick T. Egan | COMPANY | Berman DeValerio Pease Tabacco Burt & Pucillo |
| FAX NO | 617 542 1194 | PHONE NO | 617 542 8300 |
| **CC** | Patrick L. Rocco | COMPANY | Shalov, Stone & Bonner LLP |
| FAX NO | 212 239 4310 | PHONE NO | 212 239 4340 |
| **CC** | Avi Josefson | COMPANY | Bernstein Litowitz Berger & Grossman LLP |
| FAX NO | 212 554 1444 | PHONE NO | 212 554 1466 |
| **CC** | Karen C. Dyer | COMPANY | Boies, Schiller & Flexner LLP |
| FAX NO | 407 425 7047 | PHONE NO | 407 425 7118 |
| **CC** | Alan K. Cotler | PHONE NO | Reed Smith LLP |
| FAX NO | 215 851 1420 | COMPANY | 215 851 8100 |
| **CC** | Peter M. Saparoff | COMPANY | Mintz, Levin, Cohn, Ferris, Glovsky And Popeo P.C. |
| FAX NO | 617 542 2241 | PHONE NO | 617 542 6000 |
| **FROM** | Thomas Teige Carroll | DATE | April 13, 2006 |
| SENDER PHONE | +1 212 878 8231 | PAGES (INCL COVER) | 2̶ 3 |

Please see the attached.

FOR FAX TRANSMISSION PROBLEMS, CALL +1 212 878 8374 THIS FACSIMILE TRANSMISSION IS INTENDED SOLELY FOR THE USE OF THE PERSON OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. ANY REVIEW, DISSEMINATION, DISTRIBUTION, COPYING OR OTHER USE OF, OR THE TAKING OF ANY ACTION IN RELIANCE UPON, THIS TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE UNCERTAIN ABOUT ITS PROPER HANDLING, PLEASE CALL US IMMEDIATELY (COLLECT AT +1 212 878 8374) AND RETURN THE ORIGINAL TRANSMISSION TO US BY MAIL.

# C L I F F O R D

# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com


**Thomas Teige Carroll**
Associate

DIRECT TEL +1 212 878 8231
thomas.carroll@cliffordchance.com

April 13, 2006

VIA FACSIMILE

Susan M. Davies, Esq.
Gregory P. Joseph Law Offices LLC
805 Third Avenue
New York, NY 10022

Re:     Quaak v. Dexia Bank Belgium
        Stonington v. Dexia Bank Belgium
        Filler v. Dexia Bank Belgium
        Baker v. Dexia Bank Belgium

Dear Susan:

This letter summarizes our discussion this morning held pursuant to Local Rule 37.1.

You convened the meet and confer to discuss "what issues specific to Dexia [we] believe have not been addressed in the prior depositions of [Ms. Ellen Chamberlain and Messrs. Donald Waite and Stephen Luczo]." This request was made on the basis of a comment made by the Court concerning the nature of depositions to occur in the Dexia actions. Your position is that this comment permits you to require advance notice of the questions Dexia will ask deponents, and you contended that the Court's comment should be interpreted broadly with regard to non-party witnesses. (See In Re Lernout & Hauspie Sec. Litig., Civil Action Nos. 00-11589-PBS, 02-10302, 02-10303, and 10304, Tr. dated Feb. 15, 2005 at 16-24.)

In response, I stated that Dexia intends to explore areas including, for example, plaintiffs' investigation of Dexia, the witnesses' ownership interests in Dragon and Seagate, and plaintiffs' awareness of Dexia during the due diligence process. As you know, Dexia is not obligated to provide, and plaintiffs are not entitled to receive, any advance notice of the questions it will ask at any depositions. Nonetheless, I disclosed the above topics in order to demonstrate that Dexia will undertake to avoid needless repetition of prior deposition testimony. We have already made such efforts, for example, in the recent deposition of Mr. Attilio Po. I invited you to review the transcript of that deposition to satisfy yourself that Dexia is adopting an appropriate approach under the circumstances, which will demonstrate that plaintiffs did not complain of unnecessary repetition during that deposition. Finally, I stated that Dexia was willing to consider any reasonable proposal you may have for avoiding needless repetition.

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

Susan M. Davies
April 13, 2006

Page 2

You stated that Ms. Chamberlain and Messrs. Waite and Luczo knew nothing of investigations into Dexia's involvement conducted by the plaintiffs, and we discussed the possibility of affidavits from these witnesses that would narrow their depositions. While I do not believe that any affidavit would eliminate the need for these depositions altogether, we are of course willing to consider any draft you might propose. I understand, however, that you are unwilling to undertake such a project without advance assurance that such an affidavit would completely obviate the need for these depositions.

Shortly after our meet and confer, you indicated that it would be too burdensome to prepare the witnesses for a deposition without more notice of the topics on which they would be examined. On this basis, you stated that it would be necessary to move for a protective order tomorrow regarding the subpoenas we have served on Ms. Chamberlain and Messrs. Waite and Luczo, unless Dexia is prepared to take depositions upon written questions.

Your position amounts to the assertion that Dexia is not entitled to take Rule 30 depositions to defend itself in an action your client has brought because of the burden on witnesses aligned with your client's interests, who were deposed in an action in which Dexia was not a party and had no opportunity to examine these witnesses on subjects relevant to its defense. This is unreasonable, especially in light of Dexia's repeated undertakings that it will avoid needless repetition of prior testimony and the evidence of Dexia's compliance with those undertakings in the Po deposition.

We have considered your proposal, moreover, and conclude that examination by written questions will be insufficient to assure satisfactory testimony, either by oral or written answer to written questions. In the case of oral answers to Dexia's written questions, for example, we will not have the opportunity to put follow-up questions to the witness depending on the answers given (as you acknowledged on the phone). Regarding written responses, as you know they are not appreciably more useful than interrogatories, and certainly no adequate substitute for depositions. Therefore we cannot agree to your proposal and request that you produce the witnesses for deposition in accordance with the subpoenas' terms.

With regard to the subpoena document production dates, you stated that regardless of your decision on the motion for a protective order, the witnesses will produce documents in response to the subpoenas. We agreed that the date on which all of the three witnesses are to produce documents is extended to Monday, May 1, 2006, but note that because this date means production by Mr. Luczo after the date noticed for his deposition, request that you provide us with another date subsequent to May 1 for consideration.

Sincerely yours,

Thomas Teige Carroll

cc:     Distribution

EXHIBIT P

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GARY B. FILLER and LAWRENCE
PERLMAN, Trustees of the TRA Rights Trust,

     Plaintiffs,

     v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

     Defendants.

No. 04-CV-10477 (PBS)

**FILLER PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO
DEFENDANT DEXIA BANK BELGIUM'S
<u>FIRST SET OF INTERROGATORIES TO THE TRA RIGHTS TRUST</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, Plaintiffs Gary B. Filler and Lawrence Perlman, trustees of the TRA Rights Trust ("Filler Plaintiffs") respond as follows to Defendant Dexia Bank Belgium's First Set of Interrogatories to the TRA Rights Trust dated August 2, 2005 (the "Interrogatories").

<u>**GENERAL OBJECTIONS**</u>

These General Objections are incorporated into each specific response and objection hereinafter set forth, whether generally or as to each or any specific Interrogatory, Definition or Instruction, as if fully set forth therein, and will not be repeated in each specific response or objection. The provision of any information in response to an Interrogatory is not, and shall not be construed as, an admission of the propriety of such Interrogatory. Filler Plaintiffs reserve the right to amend these responses and objections. All information provided in response to an Interrogatory will be subject to the objections contained herein.

1.    Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they purport to impose upon Filler Plaintiffs any obligations different from, or greater than, those established or required by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts.

2.    Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they purport to call for information protected by the attorney client privilege, the attorney work product doctrine, or any other applicable privileges or doctrines, and reserve the right not to provide such information. The inadvertent

provision of any privileged information shall not constitute, or be deemed a waiver of, any applicable statutory, regulatory, common-law or other privilege with respect to such information (or the subject matter thereof) or with respect to any other information or discovery now or hereafter requested or produced.  Filler Plaintiffs reserve the right not to provide information that is in part protected by any such privilege, except on a redacted basis.

       3.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they purport to call for information not within the possession, custody or control of Filler Plaintiffs.

       4.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they fail to include any temporal limit.  Filler Plaintiffs' responses to the Interrogatories will be limited to events that occurred during the period January 1, 1996 through June 23, 2003.

       5.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they purport to call for information not maintained by Filler Plaintiffs in the usual course of business.

       6.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they purport to call for information in the possession of Filler Plaintiffs that was obtained from a third party under an express agreement of confidentiality.

       7.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that any interrogatory purports to call for opinions, including expert opinions, or contentions relating to fact or the application of law to fact that Filler Plaintiffs would not be required to disclose until all discovery has been completed or at such later time as the Court may direct.

       8.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions.  In providing these responses and objections to the Interrogatories, Filler Plaintiffs do not admit the factual or legal premise of any of the Interrogatories.

       9.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they are vague, ambiguous or would unreasonably require Filler Plaintiffs to speculate as to the nature and/or scope of the information sought thereby.

     10.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they are duplicative, cumulative, or otherwise seek to impose undue burden or expense.

     11.     Filler Plaintiffs object to the Interrogatories, Definitions and Instructions to the extent that they call for information that relates to matters not raised by the pleadings, or that is not material and necessary to the prosecution or defense of this action, or that is not reasonably calculated to lead to the discovery of admissible evidence.

     12.     Filler Plaintiffs do not in any way waive or intend to waive, but rather intend to preserve and are preserving their rights to:  supplement or amend these

responses and objections; object on any ground to any interrogatory seeking further information, or any other discovery requests in, or relating to, this action; or move for an appropriate protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

## Objections to the Definitions and Terms

1.    Filler Plaintiffs object to the Definition of "Artesia" as vague in so far as it refers to "Paribas" and "Bacob" without further definition.  In responding to the Interrogatories, Filler Plaintiffs will construe the reference to Paribas to mean Paribas Banque Belgium, and Bacob to mean Bacob Bank C.V.

2.    Filler Plaintiffs object to the Definition of "You" and "Your" as overly broad, vague, ambiguous, exceeding the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to the Interrogatories, Filler Plaintiffs will construe references to "you" to mean Gary B. Filler and Lawrence Perlman in their capacities as trustees of the TRA Rights Trust, as well as the TRA Rights Trust and Seagate Technology, Inc.

3.    Filler Plaintiffs specifically object to the term "discovered" as used in **Interrogatories Nos. 6(a) – 6(e)** on the ground that this term is vague and ambiguous, and incapable of precise response in the context of an investigation conducted by multiple persons over a period of almost five years.  In responding to **Interrogatories Nos. 6(a) – 6(e)**, Filler Plaintiffs will construe "discovered" to mean "obtained information tending to show."

## SPECIFIC RESPONSES AND OBJECTIONS

### Interrogatory No. 1:

**Identify each act or omission of Artesia that you claim violated Section 10(b) of the Securities Exchange Act of 1934 and, for each such act or omission, describe how such act or omission caused the loss for which you seek to recover damages.**

### Response to Interrogatory No. 1:

Filler Plaintiffs object to **Interrogatory No. 1** as premature and harassing in as much as it seeks Filler Plaintiffs' opinions or contentions at a time when Filler Plaintiffs' investigation of Defendant Dexia Bank Belgium's (hereinafter "Dexia's", which term includes "Artesia," Paribas Banque Belgium, and Bacob Bank C.V.) actions and omissions is ongoing, and Filler Plaintiffs have not received all relevant documents in the control of Dexia and/or third parties, completely analyzed such documents, taken deposition testimony from the persons who created the documents and/or were familiar with them and/or the activities they describe, or engaged expert witnesses, to the extent required to formulate opinions based upon the factual record developed in this case. Until discovery has been concluded, Filler Plaintiffs cannot provide a fully complete response to **Interrogatory No. 1**.  Filler Plaintiffs further object to **Interrogatory No. 1**

to the extent that it seeks information protected by the attorney client privilege, the attorney work product doctrine, and other applicable privileges and doctrines.

Subject to, and without waiving the foregoing specific and general objections, and based on the information currently available, Filler Plaintiffs incorporate by reference as if set forth fully herein the Complaint filed in this case. Filler Plaintiffs further state that Dexia substantially participated in a fraudulent, manipulative and/or deceptive scheme to artificially inflate L&H's publicly reported revenues and profits to show growing revenues and profits, as well as to artificially inflate the value of L&H stock. Dexia's acts, practices, course of business, and conduct to structure, implement and further this fraudulent, manipulative and/or deceptive scheme include: **(1)** Dexia's providing loans to shell corporations created by L&H and controlled by L&H and/or its principals, which shell corporations, in turn, funded (with the monies loaned by Dexia) Language Development Corporations ("LDCs") that had no legitimate business operations. Dexia knew that the funds it loaned were being paid to L&H by the LDCs in the form of sham licensing fees and that L&H improperly recognized these amounts as revenue. These transactions include, but are not necessarily limited to: **(a)** Dexia's loan of approximately $6 million dollars to Radial Belgium N.V. ("Radial") (granted on or about September 29, 1998, and extended beyond its original maturity date of December 31, 1998 on or about April 20, 1999 and again on or about September 30, 1999) with knowledge that Radial would, in turn, fund three sham LDCs, and that these LDCs would transmit the $6 million to L&H as fraudulent licensing fees (and royalties); Dexia agreed to this loan because it was guaranteed by credit default swap transactions whereby L&H's senior officers guaranteed the funds Dexia loaned to Radial; the guarantees were so structured by Dexia to keep the role of L&H and its Senior Officers in the loan secret from the SEC and/or the investing public; **(b)** Dexia's loan of approximately $6 million to Language Investment Co. ("LIC") (granted on or about December 17, 1998, and extended beyond its original maturity date of June 30, 1999 on or about September 30, 1999), which established and funded a separate group of LDCs to pay fraudulent licensing fees to L&H, and the fees from those LDCs were also fraudulently reported as L&H revenue; Dexia's loan to LIC was also guaranteed by credit default swaps that were structured to keep the role of L&H and its Senior Officers in the loan secret from the SEC and/or the investing public; and **(c)** Dexia's personal line of credit granted to L&H Senior Officers on June 25, 1999 (and subsequently extended beyond its original maturity date) to fund Language Development Fund ("LDF"), which established and funded six LDCs (different from the LDCs established and funded by either Radial or LIC), with knowledge that these LDCs funded by LDF were shams used to funnel the funds provided by Dexia back to L&H through sham license agreements and to permit L&H to improperly and fraudulently record the funds it received from the LDCs as revenue but conceal the fact that the funds were guaranteed by L&H's Senior Officers. **(2)** As addressed above, Dexia further participated in the scheme to permit the fraudulent revenue recognition by L&H by structuring the security for its loans to Radial and LIC as credit default swaps with L&H's Senior Officers and by structuring its loan for LDF as a personal line of credit to L&H Senior Officers with the intention that the roles of L&H and its Senior Officers in the loans would not be disclosed to the SEC and/or L&H investors. **(3)** Dexia's funding of the development within L&H of machine translation technology by means of loans to shell corporation BTG, which loans were granted at various times including on or about

4

March-May 1997 and March 31, 1998 and were, at least in part, secured by the secret personal guarantees of L&H's senior officers; which guarantees were not referenced in any of the BTG loan documents because Dexia knew that the purpose of the loans was to enable L&H to recognize as revenue received from BTG under a Software Development and Commercialization Agreement amounts that should have appeared on L&H's balance sheets as research and development expenses, and Dexia also knew that L&H could not properly recognize these amounts as revenue under US GAAP because the Software Development and Commercialization Agreement with BTG was not a commercial transaction between unrelated parties.  Dexia funded BTG with the intent that L&H would find external investors to repay the loan and in a manner that permitted L&H to hide the identity of the investors in BTG.  When L&H subsequently purchased BTG in or about June 1999 at far more than the fair value of its assets, L&H capitalized the purchase price, once again turning what should have been reported as an expense into an asset.  **(4)** Dexia also participated in the above referenced scheme by participating in L&H's agreements with Vasco Data Security International ("Vasco").  In or about March 1998, L&H entered into a license agreement with Vasco although the "license fee" was no more than a fee for a $3 million loan from L&H.  In or about January 1999, when Vasco was unable to repay the loan (which was due to be repaid on January 4, 1999), L&H entered into a second license agreement with Vasco (backdated to December 31, 1998), for a second "license fee," under threat that L&H would call the loan if Vasco did not agree to backdate the license agreement; L&H fraudulently recognized the revenue from the alleged license fees in 1998.  In or about March-April 1999, Dexia co-managed and organized the private placement of Vasco stock, which was completed on or about April 15, 1999, the proceeds of which Vasco used, in part, to repay L&H and which permitted L&H, through its related and affiliated parties, to obtain an ownership interest in Vasco and place Pol Hauspie on Vasco's Board of Directors.  **(5)** Dexia fraudulently concealed its participation in the fraudulent scheme to artificially inflate L&H's publicly reported revenues and profits, and to show growing revenues and profits, as well as to artificially inflate the value of L&H stock in a number of ways:  **(a)** As discussed above, Dexia structured transactions so that none of the personal guarantees for the loan to BTG or the credit default swaps entered into in connection with the loans to Radial and LIC were mentioned in the loan documents in order to conceal the fact that Jo Lernout, Pol Hauspie and Nico Willaert had secretly guaranteed loans to sham entities that were transmitting the loaned funds to L&H to be improperly recognized as revenues and that L&H's transactions with BTG and the LDCs were related-party transactions without economic substance.  **(b)** Dexia misled L&H's Audit Committee and the Committee's agents about its role in the LDCs scheme.  Specifically, on November 24, 2000, Dexia sent a letter to Willem Hardeman of LIC in response to a request he had made at the behest of Loeff Claeys Verbeke, counsel retained by L&H's Audit Committee to perform an investigation into the fraud at L&H, which stated:  "On December 22, 1998, ARTESIA BANK N.V. granted a credit line to N.V. LANGUAGE INVESTMENT COMPANY in the amount of BEF 220,000,000; L&H provided no bank guarantees for this loan."  This was false and misleading because it failed to disclose the credit default swaps executed by the principals of L&H related to the LIC transaction, thus concealing Dexia's critical role in the fraudulent scheme to artificially inflate L&H's publicly reported revenues and profits, to show growing revenues and profits, as well as to

artificially inflate the value of L&H stock.  As a result, the Audit Committee Report makes no mention of Dexia's role in the scheme.  **(c)** On or about March 16, 2001, the Belgian newspaper *L'Echo* published a story entitled, "L&H:  The Courts Have Heard from a Director of Artesia."  *See* Exhibit B to Leone-Quick Decl. in Support of Dexia's motion to dismiss in *Quaak v. Dexia, S.A.,* No. 03-CV-11566(PBS).  The article reports that Geert Dauwe, one of Dexia's then-directors, was interviewed by Belgian authorities.  The article quoted a Dexia spokesperson as stating:  "The police invited Mr. Dauwe to respond to questions regarding the L&H case.  ***Nobody else from the bank has been interrogated.***"  (Emphasis added).  This statement was false and misleading when made and designed to conceal Dexia's role in the scheme to artificially inflate L&H's publicly reported revenues and profits, to show growing revenues and profits, as well as to artificially inflate the value of L&H stock because, prior to the March 16, 2001 publication, at least five other individuals who were then current officers, directors or managers of Dexia had been interrogated by Belgian authorities in connection with the L&H investigation, some on more than one occasion.  Dexia's false public statement about the number of its personnel interrogated in the L&H investigation served to further hide Dexia's role in the scheme, as well as the fact that Dexia's relationship with L&H was under intense scrutiny from the Belgian authorities.  **(d)** In both the U.S. and in Belgium, Dexia actively pursued claims in the L&H bankruptcy proceedings, portraying itself as a legitimate creditor entitled to priority over other creditors, rather than a primary actor in the scheme to artificially inflate L&H's publicly reported revenues and profits, to show growing revenues and profits, as well as to artificially inflate the value of L&H stock.  In this regard, on or about April 17, 2001, Dexia was awarded 44 million euro from the Commercial Court in Belgium, and continued to proceed with claims in the bankruptcy proceedings.

As a result of Dexia's participation in the fraudulent, manipulative and/or deceptive scheme to materially and falsely inflate L&H's revenues, profits and stock prices, L&H improperly and fraudulently booked and publicly reported millions of dollars of revenue and profits and publicly reported a pattern of growing revenues and profits.  Further, as a result of Dexia's participation in the fraudulent, manipulative and/or deceptive scheme, L&H publicly issued a series of announcements and/or press releases touting the validity of the LDC concept and its effect on L&H's growth of revenue and profits, including organic growth of revenue.  Dexia's participation in these schemes was directly responsible for the artificial inflation of the value of L&H's stock, causing Seagate damages when the fraudulent, manipulative and/or deceptive scheme, and the consequences thereof, were revealed to the market.  Once L&H's true condition became public knowledge, L&H's stock became worthless.  Dexia's actions are also, in part, responsible for the civil and criminal investigations of L&H, L&H's Senior Officers, L&H's related companies and Dexia itself in either the United States, Belgium, or both.  Public disclosure of those investigations also reduced the value of L&H stock.

**Interrogatory No. 2:**

**State each date on which alleged conduct by Artesia caused the price of L&H common stock to decline and, for each such date, identify any Disclosure which led to that decline.**

**Response to Interrogatory No. 2:**

Filler Plaintiffs specifically object to **Interrogatory No. 2** on the grounds that **Interrogatory No. 2** seeks information that is not relevant to any claim or defense of any party and is protected by the attorney client privilege, the attorney work product doctrine, and other applicable privileges and doctrines. Filler Plaintiffs further specifically object to **Interrogatory No. 2** as premature and harassing in as much as it calls for expert testimony prior to the time when such testimony must be provided pursuant to the Court's June 2, 2005 Scheduling Order, and seeks Filler Plaintiffs' opinions or contentions at a time when Filler Plaintiffs' investigation of Dexia's actions and omissions is ongoing, and Filler Plaintiffs have not received all relevant documents in the control of Dexia and/or third parties, completely analyzed such documents, taken deposition testimony from the persons who created the documents and/or were familiar with them and the activities they describe, or engaged expert witnesses, to the extent required to formulate opinions based upon the factual record developed in this case. Until discovery has been concluded and Filler Plaintiffs' experts have formulated opinions, Filler Plaintiffs cannot provide a response to **Interrogatory No. 2**. Subject to, and without waiving the foregoing specific and general objections, and based on the information currently available, Filler Plaintiffs refer to the Expert Report of Professor Israel Shaked served on November 29, 2004 in *Filler v. Lernout*, No. 02-CV-10302-PBS, a copy of which has been produced to Dexia as GPJLO-04567 through GPJLO-04809.

**Interrogatory No. 3:**

**For each relevant quarter, state separately the amount of publicly reported L&H revenue that was attributable to each of (a) the Radial Loan; (b) the LIC Loan, (c) the Personal Loan, and (d) the Vasco Private Placement.**

**Response to Interrogatory No. 3:**

Filler Plaintiffs specifically object to **Interrogatory No. 3** on the grounds that **Interrogatory No. 3** seeks information that is not relevant to any claim or defense of any party and is protected by the attorney client privilege, the attorney work product doctrine, and other applicable privileges and doctrines. Filler Plaintiffs further specifically object to **Interrogatory No. 3** as premature and harassing in as much as it calls for expert testimony prior to the time when such testimony must be provided pursuant to the Court's June 2, 2005 Scheduling Order, and seeks Filler Plaintiffs' opinions or contentions at a time when Filler Plaintiffs' investigation of Dexia's actions and omissions is ongoing, and Filler Plaintiffs have not received all relevant documents in the control of Dexia and/or third parties, completely analyzed such documents, taken deposition testimony from the persons who created the documents and/or were familiar with them and the

activities they describe, or engaged expert witnesses, to the extent required to formulate opinions based upon the factual record developed in this case. Until discovery has been concluded and Filler Plaintiffs' experts have formulated opinions, Filler Plaintiffs cannot provide a response to **Interrogatory No. 3**.

**CONFIDENTIAL – Subject to May 31, 2005 Order**

CONFIDENTIAL – Subject to May 31, 2005 Order

**CONFIDENTIAL – Subject to May 31, 2005 Order**

**CONFIDENTIAL – Subject to May 31, 2005 Order**

CONFIDENTIAL – Subject to May 31, 2005 Order

**CONFIDENTIAL – Subject to May 31, 2005 Order**

**CONFIDENTIAL – Subject to May 31, 2005 Order**

**CONFIDENTIAL – Subject to May 31, 2005 Order**

**CONFIDENTIAL – Subject to May 31, 2005 Order**

**CONFIDENTIAL – Subject to May 31, 2005 Order**

Dated: November 1, 2005

## VERIFICATION AS TO ANSWERS

I, Gary B. Filler, verify under penalty of perjury under the laws of the United States of America that the foregoing answers are true and correct.  Executed on _DeTober 31_ , 2005 in Alpine, Utah.

_____
Gary B. Filler
Trustee of the TRA Rights Trust

## VERIFICATION AS TO ANSWERS TO INTERROGATORIES NOS. 4, 5, and 6(a) – 6(g)

I, Susan M. Davies, verify under penalty of perjury under the laws of the United States of America that the foregoing answers to Interrogatories Nos. 4, 5, and 6(a)-(g) are true and correct.  Executed on _November 1_ , 2005 in New York, New York.

_____
Susan M. Davies, N.Y. Atty Reg. #2413508
GREGORY P. JOSEPH LAW OFFICES LLC

**AS TO OBJECTIONS:**

GREGORY P. JOSEPH LAW OFFICES LLC

_____
Susan M. Davies, N.Y. Atty Reg. #2413508
805 Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

## OF COUNSEL

Nicholas M. Kelley, BBO #265640
Amy C. Mainelli, BBO #657201
KOTIN, CRABTREE, AND STRONG, LLP
One Bowdoin Square
Boston, Massachusetts  02114
Telephone:  (617) 227-7031

EXHIBIT A

# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

| | | | |
|---|---|---|---|
| **TO** | Patrick T. Egan | COMPANY | Berman DeValerio Pease Tabacco Burt & Pucillo |
| **FAX NO** | 617 542 1194 | PHONE NO | 617 542 8300 |
| **TO** | Patrick L. Rocco | COMPANY | Shalov, Stone & Bonner LLP |
| **FAX NO** | 212 239 4310 | PHONE NO | 212 239 4340 |
| **TO** | Susan Davies | COMPANY | Gregory P. Joseph Law Offices LLC |
| **FAX NO** | 212 407 1274 | PHONE NO | 212 407 1200 |
| **TO** | Javier Bleichmar | COMPANY | Bernstein Litowitz Berger & Grossmann LLP |
| **FAX NO** | 212 554 1444 | PHONE NO | 212 554 1400 |
| **TO** | Karen C. Dyer | COMPANY | Boies, Schiller & Flexner LLP |
| **FAX NO** | 407 425 7047 | PHONE NO | 407 425 7118 |
| **TO** | Alan K. Cotler | COMPANY | Reed Smith LLP |
| **FAX NO** | 215 851 1420 | PHONE NO | 215 851 8100 |
| **TO** | Peter M. Saparoff | COMPANY | Mintz, Levin, Cohn, Ferris, Glovsky And Popeo P.C. |
| **FAX NO** | 617 542 2241 | PHONE NO | 617 542 6000 |
| **FROM** | Jeff E. Butler | DATE | August 19, 2005 |
| **SENDER PHONE** | +1 212 878 8205 | PAGES (INCL COVER) | 3 |

Please see the attached.

FOR FAX TRANSMISSION PROBLEMS, CALL +1 212 878 8374 THIS FACSIMILE TRANSMISSION IS INTENDED SOLELY FOR THE
USE OF THE PERSON OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED,
CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. ANY REVIEW, DISSEMINATION, DISTRIBUTION,
COPYING OR OTHER USE OF, OR THE TAKING OF ANY ACTION IN RELIANCE UPON, THIS TRANSMISSION OR ITS
CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, OR ARE UNCERTAIN ABOUT ITS PROPER HANDLING, PLEASE CALL US IMMEDIATELY
(COLLECT AT +1 212 878 8374) AND RETURN THE ORIGINAL TRANSMISSION TO US BY MAIL.

NYB 1499406.1

# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

**Jeff E. Butler**

DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

August 19, 2005

VIA FACSIMILE

To:      Counsel on attached list

Re:      *Quaak v. Dexia Bank Belgium*
          *Stonington v. Dexia Bank Belgium*
          *Filler v. Dexia Bank Belgium*
          *Baker v. Dexia Bank Belgium*

Dear Counsel:

      This letter confirms my telephone conversation yesterday with Susan Davies and George Coe.

      *First*, as Plaintiffs have requested, Dexia and its counsel hereby agree that responses to Dexia Bank Belgium's Second Set of Interrogatories to Class Plaintiffs, Dexia Bank Belgium's First Set of Interrogatories to the Stonington Plaintiffs, Dexia Bank Belgium's First Set of Interrogatories to the TRA Rights Trust and Dexia Bank Belgium's First Set of Interrogatories to the Baker Plaintiffs shall not constitute a waiver of any privilege or other immunity from disclosure, including, but not limited to, the attorney-client privilege and the attorney work-product protection, that may apply to such responses. Dexia and its counsel further agree that they will not argue before any Court that the aforementioned responses constitute a waiver of any privilege or other immunity from disclosure.

      *Second*, as Plaintiffs have requested, Dexia agrees that the deadline for serving responses to the interrogatories referenced above shall be extended to September 20, 2005.

      *Third*, we have previously informed you that Dexia was working to complete its document production (with the exception of documents from backup tapes) by the beginning of September. It is now clear that we will not be able to meet that target. We now expect our document production (with the possible exception of documents from backup tapes) to be substantially complete in late September or early October.

Sincerely,

*[signature]*

Jeff E. Butler

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

Page 2

August 19, 2005

To:     Patrick T. Egan, Esq.
        Berman Devalerio Pease  Tabacco Burt & Pucillo
        One Liberty Square
        Boston, MA 02109

        Patrick Rocco, Esq.
        Shalov Stone & Bonner
        485 Seventh Avenue, Suite 1000
        New York, NY 10018

        Javier Bleichmar, Esq.
        Bernstein Litowitz Berger & Grossman LLP
        1285 Avenue of the Americas
        New York, NY 10019

        Susan Davies, Esq.
        Gregory P. Joseph Law Offices LLC
        805 Third Avenue, 31st Floor
        New York, NY 10022

        Karen Dyer, Esq.
        Boies, Schiller & Flexner LLP
        255 South Orange Avenue, Suite 905
        Orlando, FL 32801

        Alan Cotler, Esq.
        Reed Smith
        2500 One Liberty Place
        1650 Market Street
        Philadelphia, PA 19103

        Peter M. Saparoff, Esq.
        Mintz Levin Cohn Ferris Glovsky & Popeo
        One Financial Center
        Boston, MA 02111

NYB 1508617.1

## Certificate of Service

I hereby certify that on November 1, 2005, I caused a copy of the foregoing Filler Plaintiffs' Amended Objections and Answers to Defendant Dexia Bank Belgium's First Set of Interrogatories to the TRA Rights Trust dated November 1, 2005 to be served by electronic mail and First Class Mail, postage prepaid, upon the following Counsel of Record at the electronic and postal addresses indicated below.

Jeff E. Butler, Esq.
Jeff.Butler@CliffordChance.com
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
*Counsel for Dexia Bank Belgium in Filler v. Dexia, S.A., C.A. No. 04-10477-PBS; Quaak v. Dexia, S.A., C.A. No. 03-11566-PBS; Baker v. Dexia, S.A., C.A. No. 04-10501-PBS, Stonington Partners, Inc v. Dexia, S.A., C.A. No. 04-10111-PBS*

Jeffrey C. Block, Esq.
jblock@bermanesq.com
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109
*Lead Counsel for Class Plaintiffs in Quaak v. Dexia, S.A., C.A. No. 03-11566-PBS*

Karen C. Dyer, Esq.
kdyer@bsfllp.com
Boies Schiller & Flexner
255 South Orange Avenue, Suite 905
Orlando, Florida 32801
*Counsel for Plaintiffs Janet Baker, James Baker, JKBaker LLC, and JMBaker LLC in Baker v. Dexia, S.A., C.A. No. 04-10501-PBS*

Steven B. Singer, Esq.
steven@blbglaw.com
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, New York 10019
*Counsel for Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P., and Stonington Holdings, L.L.C. in Stonington Partners, Inc v. Dexia, S.A., C.A. No. 04-10111-PBS*

Susan M. Davies
N.Y. Attorney Registration # 2413508

19