**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | No.: 04-CV-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10501 (PBS) |

### PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF DEFENDANT DEXIA BANK BELGIUM THROUGH JEAN-PAUL CLOES, CATHERINE DECOUTERE, IVAN DE COEN, JORIS VAN HELLEPUTTE, AND NADIA VAN HOVE

Lead plaintiffs together with plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P. and Stonington Holdings, L.L.C., Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust, and Janet Baker, James Baker, JKBaker LLC and JMBaker LLC (collectively the "Plaintiffs") hereby move, pursuant to Fed. R. Civ. P. 37(d) and Massachusetts Local Rule 37.1, for an order in each of the above-captioned actions compelling defendant Dexia Bank Belgium ("Dexia") to produce Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte, and Nadia van Hove for deposition by Plaintiffs.

In support of this motion, Plaintiffs will submit the May 3, 2006 Declaration of Susan M. Davies, including exhibits thereto, upon the entry by the Court of orders authorizing the filing of same under seal in accordance with the terms of the Order Governing the Treatment of Confidential Information entered in the above-captioned actions on May 31, 2005. A motion for leave to file the Davies Declaration under seal

will be filed contemporaneously herewith. A copy of the Davies Declaration will be served on defendant Dexia Bank Belgium contemporaneously with the filing of this motion.

      In further support of this motion, Plaintiffs state as follows:

      1.    In this multi-action, complex securities fraud litigation, Dexia and Plaintiffs have mutually agreed to increase from ten to twenty-five the number of depositions permitted per side. Davies Decl. at ¶ 3. However, Dexia has refused to produce eight of the witnesses Plaintiffs have noticed for deposition. Three of those witnesses – Piet Cordonnier, Bart Ferrand, and Peter Rabaey – are the subject of a pending motion to compel. *Id.* at ¶ 6. The other five – **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte**, and **Nadia van Hove** – are the subject of the instant motion. As demonstrated in *Plaintiffs Motion to Compel Dexia Bank Belgium Through Piet Cordonnier, Bart Ferrand, and Peter Rabaey* (the "First Motion") and herein, <u>all of these witnesses possess first hand knowledge of relevant information that is critical to the Plaintiffs' claims against Dexia</u>.

      2.    Dexia seeks to deny Plaintiffs discovery of this critical information by relying upon an erroneous, hyper-technical application of Rule 30 of the Federal Rules of Civil Procedure, asserting that these knowledgeable witnesses "are not officers, directors or managing agents of Dexia subject to deposition on notice under rule 30." *Id.* at ¶¶ 4-5. Dexia employs this strategy here because all of its employees are located in Belgium beyond the subpoena power of this Court. If Dexia were allowed to prevail on this erroneous theory, Plaintiffs would have no chance to depose these key Dexia witnesses because depositions are not allowed in Belgium pursuant to letters rogatory. Dexia's

3

position must fail, however, because as demonstrated both in the First Motion and herein, Dexia's self-serving and unsubstantiated determination that key witnesses cannot be deposed in this litigation – even though their statements unquestionably would qualify as admissions by Dexia under Fed. R. Evid. 801(d)(2)(D) – is contrary to the facts and the applicable case law, and must be rejected by this Court. As demonstrated in the Davies Declaration, like Piet Cordonnier, Bart Ferrand, and Peter Rabaey, **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte**, and **Nadia van Hove** are all Dexia's managing agents for purposes of this litigation.

3. Because the instant motion raises the same legal issue as the First Motion – that is, who qualifies as a managing agent of Dexia for purposes of Rule 30 – Plaintiffs will not reiterate here their legal arguments in support of the First Motion. Rather, Plaintiffs annex to the accompanying Davies Declaration for the Court's reference the legal memoranda they submitted in support of the First Motion. Davies Decl. **Exhibits A** and **B**.

4. In refusing to produce **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte**, and **Nadia van Hove** for deposition by Plaintiffs, Dexia reiterates the argument it raised in opposition to the First Motion, again without citation to legal authority. According to Dexia, Rule 30(b)(1) depositions are limited to employees who exercised ultimate decision-making authority with respect to the subject-matter of the litigation. Davies Decl. at ¶ 35. However, as explained previously in *Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Joint Motion to Compel Depositions of Dexia Bank Belgium Through Piet Cordonnier*, *Bart Ferrand, and Peter Rabaey* ("Pltffs' Reply Mem."), the case law is directly contrary to Dexia's

4

position.  Pltffs' Reply Mem. at 3-6 (Davies Decl. **Exhibit B**).  It is well-established that the Court must be guided by the practical considerations identified in *United States v. The Dorothy McAllister*, 24 F.R.D. 316, 318 (S.D.N.Y. 1959) in determining, on a fact-specific basis, whether a particular employee qualifies as a corporation's managing agent.  *See Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Compel Depositions of Dexia Bank Belgium Through Piet Cordonnier, Bart Ferrand, and Peter Rabaey* ("Pltffs' Mem.") at 4-7, 8-9, 17, 19-20 (Davies Decl. **Exhibit A**).

      5.      Most of the evidence demonstrating that **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte, and Nadia van Hove** qualify as Dexia's managing agents for purposes of this litigation is subject to protective order requiring it to be filed under seal.  That evidence is described in, and annexed to, the Davies Declaration, which the Plaintiffs will move to file under seal.  To obviate also filing this motion under seal, that evidence will not be repeated herein, and the Court is respectfully requested to refer to the Davies Declaration which demonstrates that the employees in question:  are loyal to, and subject to the control of, Dexia (Davies Decl. ¶¶ 9, 13, 18, 23, 28); exercised significant discretion and authority with respect to the subject matter of this litigation (Davies Decl. ¶¶ 10-11, 12, 14-16, 19-21, 24-26, 29-32); and in the case of at least **Mr. Cloes, Ms. Decoutere**, and **Mr. De Coen** are also the most senior people at Dexia likely to have the information Plaintiffs seek (Davies Decl. ¶¶ 10-11, 17, 22).

      6.      Any doubts concerning the status of these individuals must be resolved in Plaintiffs' favor (*Pltffs' Mem.* (Davies Decl. **Exhibit A**) at 6, 19-20), with the result that

Dexia must be ordered to produce **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte**, and **Nadia van Hove** for deposition.

**Certification Under Fed. R. Civ. P. 37(a)(2)(b),
and Local Rules 7.1(a)(2) and 37.1(b)**

7. The undersigned counsel hereby certify that, prior to filing this motion counsel for Plaintiffs have conferred with counsel for Dexia in a good faith effort to obtain the relief requested herein, and to narrow the areas of disagreement to the greatest possible extent, without intervention of the Court. Davies Decl. at ¶¶ 33-35.

WHEREFORE, Plaintiffs respectfully request that this Court enter orders:

(1) relieving Plaintiffs of the obligation under Local Rule 7.1(b)(1) to file a memorandum of law and declaration in support of the instant motion simultaneously herewith;

(2) compelling defendant Dexia Bank Belgium to produce Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte, and Nadia van Hove for deposition by Plaintiffs in the above-captioned actions, and

(3) for such other and further relief as the Court deems just and proper.

Dated:   May 3, 2006

> Respectfully submitted,
>
> BERMAN DEVALERIO PEASE
>    TABACCO BURT & PUCILLO
>      /s/ Glen De Valerio
> Glen DeValerio, BBO # 122010
> (gdevalerio@bermanesq.com)
> Jeffrey C. Block, BBO #600747
> Patrick T. Egan, BBO # 637477
> One Liberty Square
> Boston, MA 02109
> Telephone:  (617) 542-8300

6

SHALOV STONE & BONNER LLP
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340

CAULEY BOWMAN CARNEY & WILLIAMS PLLC
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

**CO-LEAD COUNSEL TO LEAD CLASS PLAINTIFFS HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER**


BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
          /s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

LOONEY & GROSSMAN LLP
Richard J. Grahn, BBO #206620
(rgrahn@lgllp.com)
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

**COUNSEL TO PLAINTIFFS STONINGTON PARTNERS, INC., STONINGTON CAPITAL APPRECIATION 1994 FUND L.P. AND STONINGTON HOLDINGS L.L.C.**

GREGORY P. JOSEPH LAW OFFICES LLC
        /s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust**


PARTRIDGE, ANKNER & HORSTMAN LLP
        /s/ Terrence K. Ankner
Terrence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone:  (215) 851-8100

**COUNSEL TO PLAINTIFFS JANET BAKER, JAMES BAKER, JKBAKER LLC and JMBAKER LLC,**

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

                                                        /s/ Susan M. Davies
                                        N.Y. Attorney Registration # 2413508