# EXHIBIT A

# United States District Court
# District of Massachusetts

HANS A. QUAAK,
ATTILIO PO,
KARL LEIBINGER, on behalf of
    themselves and those similarly situated,
        Plaintiffs,

v.                                               Civil Action No.: 03-11566-PBS

DEXIA, S.A.,
DEXIA BANK BELGIUM
    (formerly known as ARTESIA BANKING
    CORP., SA),
        Defendants.

_____

STONINGTON PARTNERS, INC., a Delaware
    Corporation,
STONINGTON CAPITAL
    APPRECIATION 1994 FUND L.P., a Delaware
    Partnership,
STONINGTON HOLDINGS,
    L.L.C., a Delaware limited liability company,
        Plaintiffs,

v.                                               Civil Action No.: 04-10411-PBS

DEXIA, S.A.,
DEXIA BANK BELGIUM
    (formerly known as ARTESIA BANKING
    CORP., SA),
        Defendants.

|  |  |
|---|---|
| GARY B. FILLER,<br>LAWRENCE PERLMAN, Trustees of the<br>    TRA Rights Trust,<br>        Plaintiffs,<br>v.<br><br>DEXIA, S.A.,<br>DEXIA BANK BELGIUM<br>    (formerly known as ARTESIA BANKING<br>    CORP., SA),<br>        Defendants. | Civil Action No.: 04-10477-PBS |
| JANET BAKER,<br>JAMES BAKER,<br>JKBAKER LLC,<br>JMBAKER LLC,<br>        Plaintiffs,<br>v.<br><br>DEXIA, S.A.,<br>DEXIA BANK BELGIUM<br>    (formerly known as ARTESIA BANKING<br>    CORP., SA),<br>        Defendants. | Civil Action No.: 04-10501-PBS |

# STIPULATION AND ORDER GOVERNING
# THE TREATMENT OF CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties to the above-captioned actions (the "Action") that, subject to the approval of the Court, this Stipulation and Proposed Order shall govern the handling of documents and

2

any deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced or given by a party or non-party in connection with discovery in the Action (such information is hereinafter referred to as "Discovery Material").

1. Discovery Material, or information derived therefrom, shall be used solely for prosecution or defense of the Action (including any appeals) and shall not be used for any other purpose.

2. "Confidential Information" as used herein means trade secrets or other confidential research, development or commercial information entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c)(7) and personal information protected under Belgian privacy law or any other relevant law. Use of Confidential Information during pretrial proceedings in the Action shall be governed by this Stipulation and Order.

3. All documents produced, given or otherwise disclosed by any party or non-party (hereinafter the "Party" or "Parties"), including documents, responses to document requests, interrogatory answers, answers to requests for admissions and any other document produced pursuant to the Federal Rules of Civil Procedure or Local Rules of this Court, which the producing Party in good faith believes contain Confidential Information, shall be designated as confidential by the producing Party at the time of production by means of a "CONFIDENTIAL" stamp or legend placed on each page containing Confidential Information.

4. (a) Deposition testimony that counsel for the producing Party providing such testimony, in good faith, believes contains Confidential Information shall

3

be designated as Confidential by counsel making a statement for inclusion in the deposition transcript and, within ten (10) business days after receipt of the transcript, by counsel designating by page and line, the Confidential Information contained in the deposition transcript by means of a "CONFIDENTIAL" stamp or legend. When Confidential Information is designated in a deposition transcript, the Party making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated CONFIDENTIAL in the transcript.

(b) Any magnetic media (e.g., videotape or computer disk) containing portions of a deposition transcript which have been designated Confidential shall be labeled with a "CONFIDENTIAL" legend.

5.  (a) At any proceeding before the Court in connection with the Action, counsel for the parties to the Action may, subject to the rules of evidence, disclose or refer to Confidential Information, unless otherwise ordered by the Court.

(b) Counsel may send courtesy copies of documents containing Confidential Information to the Court so long as the envelope containing such documents indicates that the envelope contains Confidential Information subject to this Stipulation and Order.

6. Confidential Information shall be used solely for purposes of the Action (including any appeals), unless otherwise agreed to in advance by the producing Party or ordered by the Court and shall not be used for any business or competitive purpose

whatsoever.

7. Confidential Information may be disclosed or made available by counsel of record for the party to the Action receiving such information to the following "Qualified Persons" as defined herein. For purposes of this Stipulation and Order, "Qualified Persons" means:

    a. the Court (and any appellate court), including court personnel;

    b. court reporters;

    c. counsel of record to the parties to the Action, including the paralegal, clerical, secretarial, and other persons employed or retained by such counsel;

    d. the parties to the Action;

    e. entities engaged by counsel of record in the Action to perform photocopying, scanning, database, and other document management services for purposes of the Action; outside photocopying services;

    f. experts, advisors or consultants (including their employees and support staff) retained by counsel of record in the Action;

    g. potential, anticipated or actual witnesses; and

    h. any mediator or arbitrator engaged by the parties to the Action.

8. Prior to the disclosure of Confidential Information to any Qualified Person defined in paragraph 7(f) and 7(g), counsel of record for the party to the Action proposing to make such disclosure shall ensure that a copy of this Stipulation and Order has been delivered to such person, and that its terms have been explained to such person and shall require such person to sign an Undertaking in a form substantially identical to

Exhibit A hereto, except that witnesses at depositions and trial may be shown confidential information regardless of whether they have signed Exhibit A. The executed Undertaking shall be maintained by counsel making such disclosure and shall not be discoverable except upon order of the Court for good cause shown.

9. Nothing herein shall preclude the dissemination of documents containing Confidential Information among plaintiffs' counsel and their paralegals, clerical and secretarial employees.

10. When affidavits, briefs, memoranda or other documents containing or disclosing Confidential Information are filed with the Court, they shall be placed in sealed envelopes or other appropriately sealed containers which shall bear the caption of the Action and a notation to the effect that the information contained therein is Confidential and is subject to this Stipulation and Order, and may be examined only in accordance with the terms of the Stipulation and Order.

11. Any Party to the Action to whom Confidential Information is produced or disclosed may object at any time to the "Confidential" designation. The objection shall be made in writing to counsel for the producing Party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the designating Party shall move the Court to confirm the "Confidential" designation. Failure to make such motion in a timely fashion shall constitute a waiver of the "CONFIDENTIAL" designation.

12. Counsel for any party to the Action shall not be obligated to challenge the

propriety of any Confidential designation. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

13. Nothing herein shall prevent any party to the Action who has received Confidential Information pursuant to this Stipulation and Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process; provided that any party receiving such subpoena or process (i) shall as soon as reasonably practical give notice thereof to the producing Party by telephone or facsimile and shall furnish the producing Party with a copy of the subpoena or other compulsory process so as to afford the producing Party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made promptly before the return date, shall not produce such Confidential Information prior to receiving a court order or the consent of the producing Party.

14. Compliance with the terms of this Stipulation and Order shall not operate as an admission that any particular document or information is or is not confidential.

15. The entry of this Stipulation and Order does not waive any rights the parties to the Action may have to object on any grounds to the use of any Confidential Information as evidence at any trial or hearing in this Action. Disclosure of any Confidential Information by any person or in any manner not permitted by this Stipulation and Order shall not result in a waiver of or otherwise limit the right of the Parties to enforce the provisions of this Stipulation and Order. Nothing contained herein shall constitute a waiver by any party to the Action of the right to claim that information designated by any Party as Confidential is not, in fact, confidential.

16. Nothing contained herein shall operate to prevent any Party to the Action from disclosing its own Confidential Information.

17. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party to the Action of documents or information obtained independently of the discovery proceedings in this Action.

18. (a) All Confidential Information and all copies thereof shall be destroyed or returned to counsel for the producing Party within ninety (90) days after the conclusion of the Action or Actions to which the recipient of the information is a party, including appeals, except that counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Information.

(b) Counsel shall continue to be subject to the terms of this Stipulation and Order with regard to any such retained documents.

19. Nothing herein shall affect the producing Party's obligation to show "good cause" for the protection of information under Fed. R. Civ. P. 26(c) in the event there is a dispute with respect to such producing Party's designation of documents or information as confidential.

20. Any party to the Action may apply to the Court for an order modifying this Stipulation and Order, and nothing in this Stipulation and Order shall be deemed to prevent such application. This Stipulation and Order may also be modified with the consent of all parties hereto or may be modified by the Court on its own motion, and

nothing in this Stipulation and Order shall be deemed to prevent such modification.

_____

Dated: May 16, 2005 STIPULATED AND AGREED TO BY:

**LEAD PLAINTIFFS HANS A. QUAAK,
ATTILIO PO and KARL LEIBINGER**
By their counsel,
/s/ Glen DeValerio
Glen DeValerio, BBO # 122010 (gdevalerio@bermanesq.com)
Jeffrey C. Block, BBO #600747
Patrick T. Egan, BBO # 637477
Nicole R. Starr, BBO #654848
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300


SHALOV STONE & BONNER
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340


CAULEY BOWMAN CARNEY & WILLIAMS
Curtis L. Bowman,
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

**DEFENDANT DEXIA BANK BELGIUM**
By its counsel,
/s/ Peter Saparoff
Peter Saparoff, BBO # 441740 (psaparoff@mintz.com)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000


CLIFFORD CHANCE US LLP
James B. Weidner
Jeff E. Butler
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000


**PLAINTIFFS STONINGTON PARTNERS, INC., STONINGTON CAPITAL APPRECIATION 1994 FUND L.P. AND STONINGTON HOLDINGS L.L.C.**
By their counsel,
/s/ Richard J. Grahn
Richard J. Grahn, BBO #206620 (rgrahn@lgllp.com)
Charles P. Kindregan, BBO #554947
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800


BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
Max W. Berger
Steven B. Singer
Erik Sandstedt
Javier Bleichmar
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019

10

Telephone: (212) 554-1400


**PLAINTIFFS GARY B. FILLER and
LAWRENCE PERLMAN, Trustees of the
TRA Rights Trust**
By their counsel,
/s/ Gregory P. Joseph
Gregory P. Joseph, N.Y. Atty Reg. #1645852
(gjoseph@josephnyc.com)
GREGORY P. JOSEPH LAW OFFICES LLC
Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200


KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031


**PLAINTIFFS JANET BAKER, JAMES
BAKER, JKBAKER LLC and JMBAKER LLC,**
By their counsel,
/s/ Terrence K. Ankner
Terrence K. Ankner, BBO #552469 (tka@anknerlaw.com)
PARTRIDGE, ANKNER & HORSTMAN LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone: (617) 859-9999


BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118

11

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

*STIPULATION APPROVED AND ENTERED AS AN ORDER OF THE COURT*,

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

May 31, 2005.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER, on behalf of
themselves and those similarly situated,
    Plaintiffs,
v.	Civil Action No.: 03-11566 (PBS)

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),
    Defendants.

---

STONINGTON PARTNERS, INC., a Delaware
Corporation, STONINGTON CAPITAL
APPRECIATION laware limited liability company,
    Plaintiffs,
v.	Civil Action No.: 04-10411 (PBS)

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),
    Defendants.

---

GARY B. FILLER and LAWRENCE
PERLMAN, Trustees of the TRA Rights Trust,
    Plaintiffs,
v.	Civil Action No.: 04-10477 (PBS)

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),
    Defendants.

---

JANET BAKER and JAMES BAKER,
JKBAKER LLC and JMBAKER LLC,
    Plaintiffs,

v.                                                    Civil Action No.: 04-10501 (PBS)

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),
    Defendants.

## EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND ORDER

1. My name is _____.(Please print)

2. I have read, understand and will comply with the terms of the Stipulation and Order entered in this Action.

3. I will not use any Confidential Information, as defined in the Stipulation and Order, for any purpose other than assisting plaintiffs/defendants (circle one) and their counsel in the preparation and presentation of their case.

4. I will not in any way disclose, discuss or exhibit any Confidential Information, except to those persons whom I know are authorized to have access to such Confidential Information under the terms of the Stipulation and Order.

_____
Signature

DATED: _____.

15