EXHIBIT D

# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

Jeff E. Butler

DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

March 24, 2006

VIA FACSIMILE

Avi Josefson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

Re:  *Quaak v. Dexia Bank Belgium*
     *Stonington v. Dexia Bank Belgium*
     *Filler v. Dexia Bank Belgium*
     *Baker v. Dexia Bank Belgium*

Dear Avi:

I write in response to your letter of February 27, 2006, enclosing a Notice of Rule 30(b)(6) Deposition of Defendant Dexia Bank Belgium.

Plaintiffs have already taken a deposition of Dexia pursuant to Rule 30(b)(6). As I am sure you are aware, the Federal Rules require a party to obtain leave of the court if "the person to be examined already has been deposed in the case." Fed. R. Civ. P. 30(a)(2)(B). This rule applies to depositions of parties pursuant to Rule 30(b)(6). *See, e.g., Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001). Thus, the notice of deposition attached to your letter is invalid.

Moreover, in its current form, Plaintiffs' new Rule 30(b)(6) notice suffers from numerous defects. *First*, many of the topics fail to describe the matters upon which examination is requested with reasonable particularity. *Second*, many of the topics call for discovery that would be unreasonably cumulative and duplicative in light of the discovery provided, and scheduled to be provided, by Dexia in this litigation. *Third*, many of the topics appear to be calculated to impose undue burden on Dexia. For these reasons, unless Plaintiffs revise and narrow these topics substantially, Dexia would oppose any motion for leave to serve this Rule 30(b)(6) notice. Each topic is addressed in more detail below.

1.  Transactions in L&H Securities

Plaintiffs have served an interrogatory requesting exactly the same information and, as agreed, Dexia will respond to that interrogatory on or before March 29, 2006. Dexia has also produced documents concerning its trading activities. It is difficult to understand what

NYA 774450.1

**C L I F F O R D**  
**C H A N C E**

CLIFFORD CHANCE US LLP

Avi Josefson, Esq.  
March 24, 2006

Page 2

additional information Dexia could possibly provide through a deposition. Moreover, it would be absurd to ask a Rule 30(b)(6) witness to memorize the details of numerous stock trades.

2.   Dexia's "Engagement" with Respect to Stock Offerings

It is not clear what information Plaintiffs are seeking through this topic. If Plaintiffs would like particular information concerning Dexia's involvement in an offering, then the topic should clarify the information sought. If Plaintiffs wish to know whether Dexia was involved in an offering, that information would be more appropriately sought through an interrogatory.

3.   Consideration Received for Services Performed on Behalf of Certain Entities

It is not appropriate to seek this type of data through a deposition. Much of this information is available in the documents produced to Plaintiffs concerning these transactions. To the extent any additional information is needed by Plaintiffs, it would be far more efficient to request this type of information through an interrogatory.

4.   Credit Default Swaps

This topic is too general to give Dexia any guidance as to what specific questions Plaintiffs seek to have answered. Moreover, this topic has been the subject of document discovery and has been, and no doubt will continue to be, the subject of extensive deposition testimony. A Rule 30(b)(6) deposition on this general subject would be duplicative and wasteful.

5.   Loans Provided by Dexia to Certain Entities

This topic is vastly overbroad and does not give Dexia any guidance as to the specific information sought by Plaintiffs. These loans have already been the subject of extensive discovery, including document discovery and depositions. There is nothing concerning these loans that a Rule 30(b)(6) witness could possibly add.

6.   Communications with the L&H Audit Committee

Once again, it is difficult to understand what information Plaintiffs are seeking. Dexia has already produced, following a reasonable search, all such communications in its possession, custody or control. To the extent Plaintiffs seek additional information about a specific communication, the notice should indicate the specific information sought.

NYA 774450.1

**CLIFFORD**
**CHANCE**

CLIFFORD CHANCE US LLP

Avi Josefson, Esq.                                                                Page 3
March 24, 2006

7.  Relationships Among Various Entities

This is not a proper topic for a Rule 30(b)(6) deposition. Dexia has already provided documents and other information concerning the relationship between these entities, which makes this topic unnecessary and duplicative. To the extent Plaintiffs seek to examine Dexia on specific communications or interactions between these entities, this topic is far too general to allow Dexia to prepare a Rule 30(b)(6) witness.

8.  Due Diligence of Artesia by Dexia

This topic is unreasonably broad, as it includes *all* due diligence of Artesia performed by Dexia, not just the due diligence relating to L&H. Regarding due diligence relating to L&H, we have already produced responsive documents relating to this topic, including a draft report prepared by PricewaterhouseCoopers. Finally, this topic as written is inherently ambiguous because it refers to due diligence performed "prior to acquiring Artesia" but then says that the relevant time period for this topic "extends to the present."

9.  Policies of the Dexia Credit Committees

Plaintiffs have already noticed the depositions of several members of the Dexia credit committees, and either have asked or will be able to ask those witnesses questions concerning "policies, processes, plans, guidelines and/or criteria utilized by the Dexia Credit Committees." There would be no point to a duplicative Rule 30(b)(6) deposition on this topic.

10. Policies of Artesia Securities Regarding Analyst Reports

Now that the Court has allowed the Class Plaintiffs to file their Third Amended Complaint, this subject is, for the first time, potentially relevant in this litigation. Also, unlike most of the other topics, this topic describes with reasonable particularity the information that Plaintiffs are seeking. If this were the only topic, Dexia might not oppose Plaintiffs' motion to serve a second Rule 30(b)(6) notice.

11. Due Diligence of L&H Korea and Singapore by Dexia

This topic is ambiguous and overbroad. To the extent Plaintiffs seek information about some specific example due diligence by Artesia (*e.g.*, in connection with a particular transaction), the topic should specify the due diligence and indicate clearly what information is sought. To the extent Plaintiffs seek to know whether any due diligence was done with respect to the entities mentioned, that information would be more efficiently requested through an interrogatory.

NYA 774450.1

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

Avi Josefson, Esq.                                                                   Page 4
March 24, 2006

12.  Internal Audit Described in July 2003

Plaintiffs have already noticed the deposition of Mr. Deweirdt, who was responsible for this audit. Additional Rule 30(b)(6) testimony on this topic would be duplicative.

13.  Dexia's Internal Audits relating to L&H et al.

Dexia has already produced extensive files concerning internal audits relating to L&H. Plaintiffs have also noticed the depositions of senior executives who were involved in requesting the audits and/or reviewing the results of the audits. Therefore, this topic is likely to be duplicative of other discovery. Moreover, this topic is ambiguous and overbroad. To the extent Plaintiffs seek information about a specific audit, the topic should specify the audit and describe the particular information sought.

14.  Dexia's Responses to Plaintiffs' Interrogatories

This is not a proper topic for a Rule 30(b)(6) deposition. Dexia's responses to Plaintiffs' interrogatories speak for themselves. Information regarding Dexia's preparation of those responses is protected by the attorney client privilege and the work product doctrine.

Sincerely,

*[signature]*

Jeff E. Butler

cc:  Patrick Egan, Esq.
     Patrick Rocco, Esq.
     Susan Davies, Esq.
     Karen Dyer, Esq.
     Alan Cotler, Esq.
     Peter M. Saparoff, Esq.

NYA 774450.1