# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br> Plaintiffs,<br><br> v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br> Defendants. | Civil Action No.: 04-10501 (PBS) |

**MEMORANDUM IN SUPPORT OF DEXIA'S MOTION TO SUSPEND SCHEDULING ORDER DEADLINES PENDING RESOLUTION OF DEXIA'S MOTION TO DISMISS AND VARIOUS DISCOVERY MOTIONS**

Peter M. Saparoff (BBO#441740)
Breton Leone-Quick (BBO#655571)
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 878-8000
Fax: (212) 878-8375

*Counsel for Dexia Bank Belgium*

Defendant Dexia Bank Belgium ("Dexia") submits this Memorandum of Law in support of its Motion to Suspend Scheduling Order Deadlines Pending Resolution of Dexia's Motion to Dismiss and Various Discovery Motions. Dexia also submits the Declaration of Kara Morrow dated May 22, 2006, in support of this motion.

## Preliminary Statement

Under the current schedule, merits discovery must be completed by June 16, 2006, with class certification and expert discovery proceeding immediately thereafter. The parties agreed to this schedule in December 2005, before Class Plaintiffs sought to add new claims to the litigation through the filing of a Third Amended Complaint, and before many of the discovery motions pending before the Court were filed. Because of these new developments, it has become clear that merits discovery simply cannot be completed on time. Accordingly, we respectfully request that the Court suspend the deadlines under the current pretrial schedule pending resolution of Dexia's motion to dismiss and the discovery motions filed by the parties. This would allow discovery that has been noticed by the parties to continue, and would enable the parties to propose a more realistic pretrial schedule after the Court has had the opportunity to decide the pending motions.

## Background

**A.    The Current Schedule**

The parties agreed to a revised pretrial schedule in December 2005, and Judge Collings entered an Amended Scheduling Order reflecting that schedule on December 27, 2005. (*See* Morrow Decl. Ex. A.) Under the current schedule, the deadline for completion of merits discovery is June 16, 2006. Dexia has worked diligently to comply with Plaintiffs' legitimate discovery requests within that time frame. Dexia began scheduling depositions of its employees

in Belgium in January 2006.[1]  To date, Plaintiffs have taken the depositions of seven Dexia employees, most of whom appeared for more than one day of testimony.  Four additional depositions of Dexia employees are scheduled to take place in Belgium in late May and early June.[2]

After the close of merits discovery, the Amended Scheduling Order contemplates an intensive schedule of additional pretrial proceedings over the course of the summer.  Plaintiffs' class certification motion is due on June 30, 2006.  Expert reports are due on July 11, 2006, followed by rebuttal expert reports on August 15, 2006.  All expert depositions are scheduled to be completed by September 22, 2006.  Summary judgment motions must be filed on or before October 13, 2006.  All of these deadlines presume, of course, that merits discovery will be completed by June 16, 2006.

**B.     Plaintiffs' New Claims**

Class Plaintiffs filed a Motion for Leave to File a Third Amended Complaint on February 16, 2006.  The Third Amended Complaint ("TAC") keeps all of the allegations of the Second Amended Complaint, but adds certain new factual allegations and claims.  *First*, the TAC alleges that a subsidiary of Artesia Banking called Artesia Securities issued analyst reports concerning L&H in 1999 and early 2000 that were misleading because they contained optimistic opinions— *e.g.* "buy" ratings—about L&H and because they republished L&H financial data that was subsequently restated by the company.  (*See* TAC ¶¶ 149-72.)  Class Plaintiffs allege that Artesia Banking is responsible for the statements in these analyst reports both as a primary

---

[1] Dexia offered to schedule the first two substantive depositions during the week of January 9, 2006, but Plaintiffs opted to delay those depositions until March 2006.  (*See* Morrow Decl. Ex. B.)

[2] In addition, six depositions noticed by Dexia have been scheduled to take place in the last four weeks of merits discovery.  Two of those depositions will take place in Europe at the request of Class Plaintiffs.  This means that, all told, ten depositions are currently scheduled to take place in the remaining four weeks of merits discovery, six of which will take place in Europe.

violator under agency principles and as a "control person" under Section 20(a) of the Exchange Act. *Second*, the TAC alleges that Artesia engaged in "insider" trading by selling L&H shares in 2000 while in the possession of material, nonpublic information, supposedly in violation of Section 20A of the Exchange Act. (*See id.* ¶¶ 246-47.)

On March 14, 2006, the Court entered an electronic order granting leave to amend, but opting not to address Dexia's argument that amendment would be futile, stating that Dexia's argument "involves complex legal issues better handled via a motion to dismiss." (Electronic Order entered Mar. 14, 2006.) Class Plaintiffs filed the TAC on the same date as the Court's decision.

The three Transactional Plaintiffs[3] have indicated that they also intend to amend their respective complaints to add a new claim against Dexia relating to Artesia Securities analyst reports, but prefer to wait until the parties know the outcome of Dexia's motion to dismiss the TAC. Dexia has consented to this approach by means of a Rule 15 stipulation entered on March 29, 2006. (*See* Morrow Decl. Ex. C.)

Dexia filed its motion to dismiss the TAC on April 27, 2006. The Court has scheduled a hearing on this motion for June 23, 2006. Thus, the parties will not know the outcome of this motion until at least one week after the current deadline to complete merits discovery.

C.      **Pending Discovery Motions**

The parties' ability to complete merits discovery by the June 16 deadline is further complicated by a number of discovery motions filed by both sides that are currently pending before the Court. The following motions are pending which, depending on the outcome, could require substantial additional discovery efforts:

---

[3] The term "Transactional Plaintiffs" refers to the plaintiffs in *Stonington Partners v. Dexia*, *Filler v. Dexia* and *Baker v. Dexia*. Discovery has been coordinated between these actions and the class action.

3

- Dexia has noticed the depositions of seven lawyers, law firms and consultants that were involved in the alleged investigation by Plaintiffs of potential claims against Artesia or Dexia. Plaintiffs have filed a motion for protective order seeking to prevent these depositions from taking place.

- Dexia has served subpoenas on three third-party witnesses associated with Dragon Software. These individuals are represented by the Law Offices of Gregory P. Joseph, which also represents one of the Transactional Plaintiffs. These individuals have filed a motion for protective order seeking to prevent these depositions from taking place.

- Dexia has moved to compel the production of additional documents from Plaintiffs concerning their alleged investigation of potential claims against Artesia or Dexia.

- Plaintiffs have moved to compel the depositions of eight additional Dexia employees. Dexia has opposed these depositions on the ground that the employees are not "officers, directors or managing agents" of Dexia.

- Plaintiffs have moved to compel the production of additional documents from Dexia that were stored on backup tapes created by Dexia's predecessors. Dexia has opposed this motion on the ground of undue burden.

- Plaintiffs have moved to compel an extensive new document production from Dexia concerning Artesia Securities, based on document requests served on March 31, 2006. Dexia has opposed this production based on, among other things, the PSLRA stay.

In addition to these pending motions, there appear to be disagreements over Dexia's privilege log, the proposed depositions of one or more senior Dexia executives, a proposed, second Rule 30(b)(6) deposition of Dexia and interrogatories served by both sides that may result in the filing of additional discovery motions before the current close of merits discovery.

## Argument

### I. THE CURRENT SCHEDULING ORDER DEADLINES SHOULD BE SUSPENDED.

Because of the uncertainty concerning the viability of Plaintiffs' new claims, and the uncertainty over how much discovery remains to be completed in this litigation, the current scheduling order deadlines should be suspended until the Court can resolve Dexia's motion to

4

dismiss and the various discovery motions filed by the parties. Once those motions have been resolved, the parties can negotiate a new pretrial schedule based on a concrete understanding of the claims at issue in this litigation, and the amount of fact discovery remaining to be completed. In the meantime, the parties can work to complete the discovery that has already been noticed, including the numerous depositions in Belgium and Boston scheduled to take place in the coming weeks.

The current pretrial schedule has become unworkable for two reasons. *First*, Plaintiffs are seeking to add new claims to the litigation, and the parties will not know whether these new claims are viable until after the current close of merits discovery. Until the parties know what claims are at issue in this litigation, merits discovery cannot be "completed" in any meaningful sense. For example, if Plaintiffs' new claims survive Dexia's motion to dismiss, Dexia should have the opportunity to serve interrogatories and other discovery (including third-party discovery) relating to those new claims. By the same token, Plaintiffs are seeking additional documents from Dexia relating to the new claims, and have indicated that they will seek to re-depose certain Dexia witnesses based on any new documents produced. It would not make sense to even begin such discovery until the Court reaches a decision on Dexia's motion to dismiss.

*Second*, there are a number of discovery motions pending before the Court, which could result in the need for additional document production and depositions. For example, depending on the outcome of pending motions, there may be a need to conduct as many as 18 additional depositions, many of which would need to be conducted in Europe. This number of depositions would require at least eight weeks to complete and could not, as a practical matter, be done in the midst of expert discovery. Similarly, Plaintiffs have moved for the production of documents from certain backup tapes and for a wide range of documents relating to Artesia Securities. If

Dexia is ordered to produce such documents, it would be difficult for Dexia to comply with that order immediately. The documents sought by Plaintiffs are located in Belgium, and significant time would be needed to collect, review and produce them.[4]

Plaintiffs are at least partially responsible for creating these scheduling difficulties. After all, Plaintiffs made the decision to add new claims to this litigation in the closing months of merits discovery (and well after the entry of the current Amended Scheduling Order). If the new claims survive Dexia's motion to dismiss, both sides plainly will need to conduct additional fact discovery relating to those claims. Moreover, Plaintiffs have actively resisted many of Dexia's legitimate discovery efforts by refusing to produce relevant documents and refusing to schedule depositions of relevant witnesses, forcing Dexia to engage in motion practice instead of discovery.[5]

If the current schedule remains in place, Dexia may be prejudiced in a number of ways. *First*, Dexia may be required to conduct merits discovery in the midst of expert discovery. The parties agreed to the current schedule in December 2005 based on the premise that there would be little or no overlap between fact discovery and expert discovery. Depending on the outcome of Dexia's motion to dismiss and the various pending discovery motions, Dexia may be forced to engage in extensive merits discovery at the same time that it is trying to complete expert discovery. This would impose burdens on Dexia and its counsel that were never contemplated when the Amended Scheduling Order was negotiated.

---

[4] In addition, even if the Court could decide all of the pending discovery motions immediately, it would not be possible to squeeze much, if any, additional discovery in the remaining time before June 16, 2006. The parties are already scheduled to take ten depositions during that time, with six of the depositions scheduled to take place in Belgium.

[5] Even when Plaintiffs have agreed to depositions, they have delayed scheduling them. For example, Dexia noticed the depositions of Plaintiffs Hans Quaak and Karl Leibinger in February 2006. Plaintiffs only recently scheduled those depositions to take place in Belgium in early June, more than three months after the notices were served.

*Second*, Dexia may be required to brief the issue of class certification before it is clear what claims are at issue in the litigation. The current deadline to file motions for class certification is June 30, 2006, only one week after the scheduled hearing on Dexia's motion to dismiss. Plaintiffs will most likely move for class certification as though the motion to dismiss will be denied. This, in turn, will force Dexia to brief those issues, even though such briefing would be rendered completely irrelevant in the event Dexia's motion to dismiss is granted.

*Third*, Dexia may be required to proceed with expert discovery before knowing whether Plaintiffs' new claims are part of this litigation, and certainly before merits discovery relating to those claims has been completed. Dexia may need to retain additional experts relating to Plaintiffs' new claims, and it would be burdensome and wasteful for Dexia to do so until the outcome of Dexia's motion to dismiss is known.

*Fourth*, Dexia may be required to proceed with expert discovery before having all of the discovery that may be relevant to its experts. For example, Dexia has retained an expert to opine on the due diligence of L&H conducted by Dragon Software in early 2000. Dexia has served subpoenas on three witnesses who may have knowledge of that due diligence, but counsel for the Filler Plaintiffs has opposed those depositions by filing a motion for a protective order. Until the outcome of that motion is known, it would be wasteful for Dexia's expert to prepare a report based on incomplete information about the due diligence process.

In sum, the current pretrial schedule has become unworkable because of the new claims filed by Plaintiffs and because of uncertainty surrounding the discovery motions pending before the Court. The parties should not proceed with class certification and expert discovery while fundamental uncertainty exists concerning the claims at issue in this litigation. For these reasons, we respectfully request that the deadlines in the Amended Scheduling Order be

7

suspended pending resolution of Dexia's motion to dismiss and the various discovery motions filed by the parties.

### **Conclusion**

For all the foregoing reasons, this Motion to Suspend Scheduling Order Deadlines should be allowed. The parties should be directed to continue with discovery previously noticed and to submit a new proposed scheduling order within ten days after the Court enters decisions on Dexia's Motion to Dismiss the Third Amended Complaint and all discovery motions currently pending before the Court.

Dated: May 22, 2006

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO

By:   /s/  Breton Leone-Quick
     Peter M. Saparoff (BBO#441740)
     Breton Leone-Quick (BBO#655571)

One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:   (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:   (212) 878-8000
Fax:   (212) 878-8375

*Counsel for Dexia Bank Belgium*

9

**Certificate of Service**

I, Breton Leone-Quick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 22, 2006.

   /s/  Breton Leone-Quick                                      Dated:  May 22, 2006