**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | Civil Action No.:  03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | Civil Action No.:  04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | Civil Action No.:  04-10477 (PBS) |

|  |  |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10501 (PBS) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT RULE 30(b)(6) DEPOSITION OF DEXIA BANK BELGIUM**

Peter M. Saparoff (BBO#441740)  
Breton Leone-Quick (BBO#655571)  
MINTZ LEVIN COHN FERRIS  
GLOVSKY & POPEO  
One Financial Center  
Boston, MA 02111  
Tel:   (617) 542-6000  
Fax:   (617) 542-2241  

James B. Weidner  
Jeff E. Butler  
CLIFFORD CHANCE US LLP  
31 West 52nd Street  
New York, NY 10019-6131  
Tel:   (212) 878-8000  
Fax:   (212) 878-8375  

*Counsel for Dexia Bank Belgium*

2

Table of Contents

Preliminary Statement ..................................................................................................................1

Background ...................................................................................................................................2

Argument ......................................................................................................................................3

I.   A SECOND RULE 30(b)(6) DEPOSITION SHOULD BE PERMITTED ONLY IF THE DEPOSITION TOPICS ARE CONSISTENT WITH THE FEDERAL RULES AND THE PSLRA ...................................................................................................................3

II.  MOST OF THE TOPICS IN PLAINTIFFS' AMENDED NOTICE ARE AMBIGUOUS, CUMULATIVE, BURDENSOME OR OTHERWISE UNREASONABLE.......................5

   A.   Topic 2: Underwriting of Public or Private Offerings of L&H Securities ..............6

   B.   Topic 3: Relationship Between Artesia, Artesia Securities and Cordius.................6

   C.   Topic 4: Preparation of Analyst Reports by Artesia Securities and Cordius...........7

   D.   Topic 5: Policies and Procedures Concerning Credit Default Swaps......................8

   E.   Topic 7: Records and Record Keeping Procedures .................................................8

   F.   Topic 8: Dexia's Statute of Limitations Defense...................................................10

Conclusion ..................................................................................................................................11

Table of Authorities

Cases

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189
    (1st Cir. 2001) ................................................................................................3

*Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237 (S.D.N.Y. 2002) .........................4, 9

*Reed v. Bennett*, 193 F.R.D. 689 (D. Kan. 2000)............................................................6


Other Authorities

FED. R. CIV. P. 26......................................................................................................................4

FED. R. CIV. P. 30................................................................................................... *passim*

15 U.S.C. § 78u....................................................................................................... *passim*

Defendant Dexia Bank Belgium ("Dexia") submits this Memorandum in opposition to Plaintiffs' motion to conduct a second Rule 30(b)(6) deposition of Dexia.

**Preliminary Statement**

Plaintiffs have noticed a second deposition of Dexia pursuant to Rule 30(b)(6), seeking testimony on eight topics set forth in an amended deposition notice. Under the Federal Rules, court permission is required to take more than one deposition of any person, and such permission should be granted only where the discovery sought is consistent with the Federal Rules and other applicable law. At a bare minimum, the deposition topics must describe areas of examination with "reasonable particularity" and the discovery sought must not be unreasonably cumulative or unduly burdensome.

The topics in Plaintiffs' deposition notice fail to meet these basic requirements. For example, some of the topics are ambiguous, either failing to identify any specific conduct or event, or failing to indicate what types of information Plaintiffs seek. In such cases, counsel for Dexia can only guess as to what questions may be asked, making it unduly burdensome to prepare a witness to testify pursuant to Rule 30(b)(6). Similarly, some of the topics are worded in extremely broad terms, making it difficult to prepare a witness to testify concerning all of the information sought. Some of the topics seek discovery that would be duplicative and cumulative of other discovery in this litigation, including depositions taken of senior Dexia executives. Some topics seek discovery relating to new claims that are subject to an automatic stay of discovery under the PSLRA. Finally, at least one of the topics would improperly invade areas protected by the work product doctrine.

Of the eight topics in Plaintiffs' amended notice, six are objectionable for one or more of the foregoing reasons. To the extent the Court allows a second Rule 30(b)(6) deposition at this late stage of the proceedings, the deposition should be limited to the remaining two topics.

## **Background**

On September 14, 2005, Plaintiffs served a notice of deposition pursuant to Rule 30(b)(6) on Dexia. (Davies Decl. Ex. B.) The notice was served on behalf of all Plaintiffs, including the Class Plaintiffs and each of the three Transactional Plaintiffs. The notice sought testimony on two topics: (1) Dexia's search for documents responsive to Plaintiffs' First Request for the Production of Documents, and (2) Dexia's document organization, preservation and retention policies. Dexia produced a representative to testify concerning these topics in Belgium on October 18, 2005, and Plaintiffs questioned him exhaustively on these topics.

More than four months later, without seeking any permission from the Court, Plaintiffs served a second Rule 30(b)(6) notice on Dexia. This second notice was far broader than the first, seeking testimony concerning fourteen topics, many of which were couched in very general terms. (*Id.* Ex. C.) Dexia responded on March 24, 2006, with a letter stating that Plaintiffs' notice was invalid because, under the Federal Rules, court permission is needed to take a second Rule 30(b)(6) deposition of a party. (*Id.* Ex. D.) Dexia also noted that many of the topics in the second Rule 30(b)(6) notice were objectionable because: (1) they failed to describe areas of examination with reasonable particularity; (2) they were unreasonably cumulative and duplicative of other discovery; and/or (3) they appeared to be calculated to impose undue burden on Dexia. (*Id.*)

The parties held a telephonic meet and confer to discuss these issues in detail on April 17, 2006. During the meet and confer, counsel for Dexia indicated that Dexia was willing to consent

2

to a second Rule 30(b)(6) deposition, provided the subjects of the deposition could be narrowed and clarified.

On May 10, 2006, Plaintiffs served an Amended Notice of Rule 30(b)(6) Deposition, which superseded the February 2006 notice. Once again, Plaintiffs did not seek permission from the Court before serving this notice. The Amended Notice contains fewer topics than the February 2006 notice, but still suffers from many of the same defects. Dexia sent a letter to Plaintiffs on May 18, 2006, indicating that two of the revised topics were reasonable, but the remaining topics would need to be clarified or excluded before Dexia could agree to the proposed deposition. (*Id.* Ex. E.) Naturally, Dexia was not willing to go forward with any Rule 30(b)(6) deposition until agreement could be reached on all of the topics in the notice.[1]

Rather than continuing to negotiate the scope of the proposed deposition with Dexia, Plaintiffs chose to file the instant motion a few days later, on May 22, 2006. Through this motion, Plaintiffs seek to take a second Rule 30(b)(6) deposition of Dexia based on the topics in the Amended Notice, without any revision based on the comments and concerns of Dexia.

## Argument

**I.    A SECOND RULE 30(b)(6) DEPOSITION SHOULD BE PERMITTED ONLY IF THE DEPOSITION TOPICS ARE CONSISTENT WITH THE FEDERAL RULES AND THE PSLRA.**

Under Rule 30(a)(2)(B), leave of the court is required to notice a deposition if "the person to be examined has already been deposed in the case." FED. R. CIV. P. 30(a)(2)(B). This rule plainly applies to depositions pursuant to Rule 30(b)(6). *See, e.g., Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001).

---

[1] Plaintiffs call Dexia's position "gamesmanship" (Pls.' Motion at 5), but it is simply common sense. Dexia has the right to designate and prepare a single witness to testify concerning all topics. Clearly, that cannot be done without agreement on *all* of the topics of the deposition.

3

In cases where, as here, a party seeks a second deposition without first obtaining permission from the court, that fact alone has been deemed sufficient to disallow the deposition. *See Innomed Labs LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) ("Courts within this district have routinely denied motions seeking leave to re-depose a party for failure to comply with Rule 30(a)(2)(B).").

Even where leave of the court is properly sought *before* serving a second deposition notice, such leave should be granted only if the deposition notice meets the "reasonable particularity" requirement of Rule 30(b)(6) and the discovery sought is consistent with Rule 26(b)(2), which provides:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2). To satisfy these criteria, a Rule 30(b)(6) topic should, among other things, provide clear notice of the types of questions Plaintiffs intend to ask, so that counsel for Dexia can prepare a representative to respond to those questions fully and accurately.

In addition, any Rule 30(b)(6) topic must be consistent with the stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* 15 U.S.C. § 78u(b)(3)(B). Plaintiffs recently filed a Third Amended Complaint containing new claims relating to Artesia Securities analyst reports, which were not present in any prior complaint. Dexia has moved to dismiss those claims, and has taken the position that the PSLRA stay should apply to any

4

discovery directed at those new claims.[2] Thus, Rule 30(b)(6) topics seeking testimony about Artesia Securities analyst reports or the alleged control of Artesia Securities by Artesia Banking Corporation are not appropriate at this time.

Taking these considerations into account, Dexia has indicated that it has no objection to Topics 1 and 6 in the Amended Notice. Topic 1 seeks testimony concerning the reasons for Dexia's purchases and sales of L&H securities during the Class Period. This topic relates to specific transactions that have been described by Dexia in interrogatory responses, and the plain language of the topic provides reasonable notice to Dexia of the types of questions Plaintiffs will ask with respect to those transactions. Topic 6 seeks testimony concerning due diligence relating to L&H conducted by Dexia when it acquired Artesia Banking Corporation in 2001. Like Topic 1, this topic is confined to specific conduct at a specific point in time, and provides reasonable notice of the types of questions Plaintiffs intend to ask.

Dexia has no objection to these topics because they relate to specific conduct or events, and they set forth with reasonably particularity the type of information sought by Plaintiffs. As set forth in detail below, the other topics in Plaintiffs' Amended Notice do not meet these minimum requirements.

## II.   MOST OF THE TOPICS IN PLAINTIFFS' AMENDED NOTICE ARE AMBIGUOUS, CUMULATIVE, BURDENSOME OR OTHERWISE UNREASONABLE.

The other topics in Plaintiffs' Amended Notice are objectionable for a variety of reasons. The Court should permit a second Rule 30(b)(6) deposition of Dexia only if these topics are either clarified or excluded from the deposition.

---

[2] The validity of Dexia's position is the subject of a separate motion to compel production of documents concerning Artesia Securities, which is currently pending before the Court. Dexia will not re-argue its position here.

### A.    Topic 2: Underwriting of Public or Private Offerings of L&H Securities

Topic 2 seeks testimony concerning "Dexia's underwriting of, participation in, or assistance with any public or private offering of L&H securities." (Davies Decl. Ex. A.)  This topic fails to meet the "reasonable particularity" requirement of Rule 30(b)(6) because it does not identify any specific offering of L&H securities, or provide any notice of the types of questions that Plaintiffs would like to ask about such an offering.  In the absence of more detail about the information sought by Plaintiffs, counsel for Dexia cannot effectively prepare a Dexia witness to testify on this subject.  *See, e.g., Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation [of a Rule 30(b)(6) witness] is not feasible.")  Dexia has made this point to Plaintiffs, but they have declined to provide any guidance concerning the information sought.[3]

Without knowing what information Plaintiffs are seeking, it is difficult to evaluate whether such information would be relevant to any claim or defense in this litigation.  Tellingly, Plaintiffs do not explain the relevance of Topic 2 in their motion papers.  Based on the burden of responding to such an ambiguous topic and the questionable relevance of the information sought (whatever that might be), this topic does not pass muster under Rule 26(b)(2).

### B.    Topic 3: Relationship Between Artesia, Artesia Securities and Cordius

Topic 3 seeks testimony concerning "the relationship between Artesia Banking Corporation, S.A., on the one hand, and Artesia Securities, S.A. and Cordius Asset Management, on the other hand," including the extent to which Artesia exercised "any control" over those entities and the extent to which personnel, customers, accounts, computer systems and business

---

[3] Plaintiffs state that Dexia does not object to any of the topics on the ground of undue burden. (Pls.' Motion at 4.) That is incorrect.  Attempting to prepare a Rule 30(b)(6) witness to testify concerning an ambiguous topic would necessarily impose undue burden on Dexia.  Thus, any objection based on ambiguity is equally an objection based on undue burden, even if the words "undue burden" are not used.

activities "overlapped." (Davies Decl. Ex. A.) This topic is plainly directed at the new claims in the Third Amended Complaint relating to Artesia Securities, and is therefore subject to the PSLRA stay while Dexia's motion to dismiss the new claims is pending. For this reason alone, the Court should not allow a Rule 30(b)(6) deposition on this topic at this time.

Topic 3 is also objectionable for other reasons. *First*, its wording is extremely broad and it potentially seeks a huge amount of information, including details about individual employees, customers and computer systems. Responding to such a broad Rule 30(b)(6) topic would be extremely burdensome to Dexia. *Second*, the topic uses various undefined and ambiguous terms—such as "relationship," "control" and "overlap"—that would compound the burden associated with preparing a witness to respond to questions on this topic. *Third*, the topic seeks testimony on an entity named Cordius Asset Management, which is not associated with any of the allegations in either the Second Amended Complaint or the Third Amended Complaint. Testimony concerning Cordius would not be relevant to any claim or defense in this litigation.

### C.     Topic 4:  Preparation of Analyst Reports by Artesia Securities and Cordius

Topic 4, which seeks testimony about the preparation of analyst reports concerning L&H by Artesia Securities and Cordius, is objectionable for many of the same reasons that Topic 3 is objectionable. *First*, it is plainly directed at Plaintiffs' new claims, and is therefore subject to the PSLRA stay. *Second*, it contains at least some ambiguous phrasing. For example, it seeks information on analyst reports concerning L&H, but later refers to recommendations "on any particular or [sic] security." This clause makes no sense, and should be clarified. *Third*, it seeks information concerning Cordius, which is not relevant to any claim or defense in this litigation.

In addition, much of the information sought by this topic is not within the possession, custody or control of Dexia. That is because the Artesia Securities analyst who covered L&H in

7

1999, Pierre-Paul Verelst, left Artesia Securities more than six years ago. Dexia therefore has no access to information concerning his "research and drafting" of analyst reports, or his decision-making with respect to buy or sell recommendations.

### D. Topic 5: Policies and Procedures Concerning Credit Default Swaps

Topic 5 seeks testimony concerning Dexia's general policies and procedures concerning credit default swaps. Dexia's only objection to this topic is that it would be unreasonably cumulative. Plaintiffs have now taken the depositions of nine Dexia employees, most of them senior executives who were directly involved in relevant loan transactions. Plaintiffs have had the opportunity to question these witnesses at length concerning all aspects of the credit default swaps at issue in this litigation, including procedural issues with respect to the swaps that were recognized at the time.[4] Additional Rule 30(b)(6) testimony on credit default swap procedures would therefore be unreasonably cumulative at this late stage of the proceedings.

### E. Topic 7: Records and Record Keeping Procedures

Topic 7 seeks testimony on "Dexia's record keeping procedures applicable to its regularly conducted business activities" and "Dexia's records" concerning the loan transactions at issue in this litigation. This topic is so broad and poorly-worded that it is impossible to understand what information Plaintiffs are really seeking. Based on the plain language of the topic, one might conclude that Plaintiffs seek to question a Rule 30(b)(6) witness about the contents of all 144,000 pages of documents produced by Dexia during the course of this litigation. There is no basis for conducting such a deposition pursuant to Rule 30(b)(6). *See,*

---

[4] Plaintiffs quote a short excerpt from the depositions of Claude Piret referring to such procedural problems. (Pls.' Motion at 6 n.3.) In fact, Mr. Piret was questioned so extensively about credit default swaps that there are more than 175 references to the terms "CDS" or "Swap" in his deposition transcript. Other senior executives, like Alain Probst, Jacques Janssens and Françoise Saverys, were also questioned extensively about procedures associated with credit default swaps.

8

*e.g., Innomed Labs*, 211 F.R.D. at 240 (refusing to allow Rule 30(b)(6) deposition to "explain the contents" of twelve documents as insufficiently particularized).  Moreover, it would be impossible, as a practical matter, for Dexia to prepare a witness for such a deposition.

In their motion papers, Plaintiffs now clarify that they want a witness to explain "which documents constitute Dexia's non-hearsay business records of the transactions at issue."  (Pls.' Motion at 7.)  Thus, what Plaintiffs are really seeking is a one-stop shopping opportunity for all testimony that might be needed to invoke the business records exception to the hearsay rule for any and all documents produced by Dexia.  This is not an appropriate subject for a Rule 30(b)(6) deposition.  *First*, without knowing in advance *which* documents Plaintiffs seek to authenticate, it would be impossible to prepare a witness to testify about matters relevant to the business records exception.  *Second*, even the documents were identified in advance, it would be unduly burdensome to require a Rule 30(b)(6) witness to memorize information about a large number of documents.  *Third*, even if the deposition was limited to only a few documents identified in advance, the deposition topic does not indicate with reasonable particularity what types of information Plaintiffs believe they need to satisfy the business records exception.

Moreover, there are more appropriate means of obtaining this type of information, and Plaintiffs have already had ample opportunity to develop the factual record concerning specific documents through depositions, interrogatories and requests for admission.  Based on the considerations of Rule 26(b)(2), Plaintiffs have no basis to demand a second Rule 30(b)(6) deposition of Dexia to fill gaps in the factual record that could have been filled using other, less burdensome discovery devices.

9

### F.     Topic 8:  Dexia's Statute of Limitations Defense

Topic 8 seeks testimony concerning "Dexia's statute of limitations defense."  (Davies Decl. Ex. A.)  Plaintiffs have no basis for seeking a Rule 30(b)(6) deposition concerning one of Dexia's defenses in this litigation.  Allowing such a deposition would almost inevitably force Dexia to designate one of its own outside counsel to testify, and would represent a clear invasion of work product protection.  Plaintiffs have not cited any case law or other authority suggesting that it is appropriate to conduct a deposition pursuant to Rule 30(b)(6) on the defense strategy of an opposing party, and we are not aware of any.[5]

To the extent this topic seeks discovery of factual information that supports Dexia's statute of limitations defense, Plaintiffs have already served interrogatories seeking this type of information, and Dexia responded to those interrogatories on October 18, 2005, and January 18, 2006.  (*See, e.g., id.* Ex. J.)  A Rule 30(b)(6) deposition would therefore be unreasonably cumulative.  Plaintiffs argue that Dexia's interrogatory responses have been "evasive and incomplete."  (Pls.' Motion at 8.)  We disagree, and note that Plaintiffs have never made any complaint to Dexia about these responses, which were served months ago.  In any event, the solution for incomplete interrogatory responses is to request a meet and confer and, if necessary, to file a motion to compel more complete responses.  The solution is *not* to take a cumulative Rule 30(b)(6) deposition on the same subject.

---

[5] Dexia is currently seeking Rule 30(b)(6) depositions from counsel for Plaintiffs concerning their alleged investigation of potential claims against Dexia, but the topics in Dexia's notices are far narrower than this topic.  Moreover, Dexia's Rule 30(b)(6) notices are justified by the fact that Plaintiffs must rely on an investigation conducted by counsel to avoid Dexia's statute of limitations defense, and have waived any work product protection that may otherwise apply to that investigation.  No similar waiver has occurred with respect to work product associated with Dexia's statute of limitations defense.

10

**Conclusion**

For all the foregoing reasons, Plaintiffs' motion for leave to conduct a second Rule 30(b)(6) of Dexia should be denied.

Dated: May 31, 2006

                              Respectfully submitted,

                              MINTZ LEVIN COHN FERRIS
                              GLOVSKY & POPEO

                              By:  /s/ Breton Leone-Quick
                                  Peter M. Saparoff (BBO#441740)
                                  Breton Leone-Quick (BBO#655571)

                              One Financial Center
                              Boston, MA 02111
                              Tel:   (617) 542-6000
                              Fax:  (617) 542-2241

                              James B. Weidner
                              Jeff E. Butler
                              CLIFFORD CHANCE US LLP
                              31 West 52nd Street
                              New York, NY 10019-6131
                              Tel:   (212) 878-8000
                              Fax:  (212) 878-8375

                              *Counsel for Dexia Bank Belgium*

**Certificate of Service**

I, Breton Leone-Quick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 31, 2006.

  /s/ Breton Leone-Quick                                       Dated: May 31, 2006