**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>      Plaintiffs,<br><br>  v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>      Defendants. | Civil Action No.: 04-10411 (PBS) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEXIA BANK BELGIUM'S MOTION TO COMPEL A COMPLETE RESPONSE TO ITS SECOND SET OF INTERROGATORIES TO BAKER, FILLER AND STONINGTON PLAINTIFFS

| | |
|---|---|
| CLIFFORD CHANCE US LLP<br><br>31 West 52nd Street<br>New York, NY 10019<br>(212) 878-8000<br>(212) 878-8375 fax | MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO<br><br>One Financial Center<br>Boston, Ma 02111<br>(617) 542-6000<br>(617) 542-2241 fax |

*Counsel for Dexia Bank Belgium, S.A.*

Defendant Dexia Bank Belgium ("Dexia") respectfully submits this Memorandum of Law and the Declaration of Thomas Teige Carroll dated June 14, 2006 ("Carroll Decl.") in support of its Motion to Compel a Complete Response to its Second Set of Interrogatories to Baker, Filler and Stonington Plaintiffs.

## PRELIMINARY STATEMENT

By this motion Dexia seeks an order compelling a complete response from the Baker, Filler and Stonington Plaintiffs in these actions (collectively "Plaintiffs") to Dexia's interrogatory concerning amounts received by those Plaintiffs in settlement of claims arising from the L&H collapse. Plaintiffs have refused to disclose the amount they were paid by KPMG and its affiliates ("KPMG") in settlement of claims against that company ("KPMG Settlement Amounts"). Plaintiffs base this refusal on agreements with KPMG to keep the terms of their settlements confidential, and KPMG's refusal to consent to disclosure of the amounts. Such a basis is plainly insufficient to prevent disclosure: the KPMG Settlement Amounts are obviously responsive to Dexia's interrogatory, relevant and reasonably calculated to lead to the discovery of admissible evidence. Where material sought in discovery meets these characteristics, mere confidentiality cannot prevent disclosure. In any case, Dexia agrees that the KPMG Settlement Amounts may be disclosed subject to the terms of the Stipulation and Order Governing the Treatment of Confidential Information in force in this case. Therefore the information should be disclosed.

## BACKGROUND

On May 5, 2006, Dexia served interrogatories on Plaintiffs requesting all "[a]mounts which [Plaintiffs] have received in settlement of any Claim . . . against any Person arising from

or related to the collapse of L&H." (Carroll Decl. Exs. A, B, C.) The Interrogatory also requested the name of the person who provided the amount, the date the amount was received by Plaintiffs, and the identification of the action, if any, with respect to which the payment was made. *Id.* All Plaintiffs served separate responses on June 8, 2006 identifying several parties they received payments from to settle claims, and disclosing the amounts received. (Carroll Decl. Exs. D, E, F.) With respect to KPMG, however, Plaintiffs indicated they had resolved the claims asserted against KPMG LLP and Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren in or around October 2004, but would not provide the terms of the agreements. *Id.* All three interrogatory responses indicated that Plaintiffs' respective agreements with KPMG LLP "precluded [them] from disclosing any further information." *Id.*

On June 9, 2006, counsel for Dexia Bank Belgium sent a letter to the Plaintiffs requesting a meet-and-confer to discuss the basis for Plaintiffs' refusal to provide the KPMG Settlement Amounts. (Carroll Decl. Ex. G.) During the June 13, 2006 meet-and-confer, Plaintiffs' counsel stated that the only ground for their refusal to provide the KPMG Settlement Amounts was their agreement with KPMG to keep the settlement confidential and KPMG's refusal to consent to disclosure. (Carroll Decl. Ex. H.) Plaintiffs' counsel would not disclose any additional information about the settlement, including the terms of the confidentiality provision. *Id.* When asked if the confidentiality provision contained an exception for discovery in legal proceedings, Plaintiffs counsel declined to answer, stating only that Plaintiffs would not, of course, disobey a court order.

Counsel for Dexia also contacted Sheila Barrett, Esq. of Davis, Polk & Wardwell, counsel for KPMG LLP on June 13, 2006 in an attempt to resolve the matter. (Carroll Decl. Ex. H.) Dexia proposed that the information in the settlement agreements be kept confidential

2

pursuant to the Stipulation and Order Governing the Treatment of Confidential Information in force in these actions, but KPMG nevertheless refused to consent to disclosure, again citing only confidentiality concerns as a basis.  *Id.*  As the parties have not been able to agree on terms for disclosure of additional information regarding the KPMG Settlement Amounts, and the information is relevant and responsive, Dexia now asks this Court to compel disclosure.

## ARGUMENT

### PLAINTIFFS SHOULD BE COMPELLED TO DISCLOSE THE KPMG SETTLEMENT AMOUNTS

There is no basis for refusing to disclose the KPMG Settlement Amounts.  Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain discovery of any non-privileged material relevant to the claim or defense of any party and "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Relevance is broadly construed for the purposes of discovery.  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Bennett v. La Pere*, 112 F.R.D. 136, 138 (D.R.I. 1986) (range of discovery under rule 26(b) is "extremely broad").  The confidentiality of a settlement agreement presents no exception to the broad scope of these rules.  "[I]n the context of settlement agreements the mere fact that the settling parties agree to maintain the confidentiality of their agreement does not serve to shield the agreement from discovery."  *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 685 (D. Kan. 2004) (granting motion to compel response to interrogatory seeking settlement terms); *Bennett*, 112 F.R.D. at 140 (D.R.I. 1986) (confidentiality clause "cannot be allowed to bar the nonsettling defendant's right to inquire into the settlement.").

The KPMG Settlement Amounts are plainly relevant to the claims and defenses of the parties in these actions.  They represent part of the total amount Plaintiffs have already recouped

3

in pursuing claims against various parties for their loss arising out of L&H's collapse, and will reduce damages to be paid by Dexia should it be found liable. *See, e.g., Harvey v. Essex Bancorp, Inc.*, 517 N.E.2d 1300, 1302 (Mass. App. Ct. 1988) (reducing damages by settlement amounts paid); *Duttle v. Bandler & Kass*, No. 82-Civ-5084, 1990 WL 52147, at *3 (S.D.N.Y. Apr. 17, 1990) (damages to be paid by one defendant reduced by another defendant's settlement amounts); 15 U.S.C. § 78u-4(f)(7)(B) (stating that judgments are to be reduced by settlement amounts). This fact is more than sufficient to pass the threshold of relevance established by Rule 26(b). *Bennett*, 112 F.R.D. at 138. In any case, Plaintiffs have conceded that this information is discoverable by disclosing the amounts received from other parties in connection with their claims arising from the L&H collapse. (Carroll Decl. Ex. D, E, F.)

Further, Dexia needs disclosure of the KPMG Settlement Amounts in order "realistically to evaluate the plaintiffs' case against it." *Bennett*, 112 F.R.D. at 141. The discovery rules must be interpreted so as to provide a non-settling defendant with all the information necessary to form its litigation strategy. *Id.*; *cf. U.S. Equal Employment Opportunity Comm'n v. Rush Prudential Health Plans*, No. 97 C 3823, 1998 WL 156718, at *2-3 (N.D. Ill. Mar. 31, 1998) (ordering disclosure of settlement amounts in part because it permitted EEOC to "make a realistic appraisal of its case"). Without a complete knowledge of what Plaintiffs have already recouped, Dexia is prevented from assessing their case accurately and forming an appropriate strategy. Accordingly, the KPMG Settlement Amounts must be disclosed for this reason as well.

## CONCLUSION

For each and all of the foregoing reasons, the Baker, Filler and Stonington Plaintiffs should be compelled to provide a complete response to Dexia's Second Set of Interrogatories.

Dated: Boston, Massachusetts
       June 16, 2006

                                      Respectfully submitted,

                                      /s/   Breton Leone-Quick
                                      Peter M. Saparoff (BBO#441740)
                                      Breton Leone-Quick (BBO#655571)

                                      MINTZ LEVIN COHN FERRIS
                                      GLOVSKY & POPEO
                                      One Financial Center
                                      Boston, MA 02111
                                      Tel:  (617) 542-6000
                                      Fax:  (617) 542-2241

                                      CLIFFORD CHANCE US LLP
                                       James B. Weidner
                                       James F. Moyle
                                       Thomas Teige Carroll
                                      31 West 52nd Street
                                      New York, NY 10019
                                      Tel:    (212) 878-8000
                                      Fax:   (212) 878-8375

                                      *Counsel for Dexia Bank Belgium, S.A.*

**Certificate of Service**

      I, Breton Leone-Quick, hereby certify that this document, and the accompanying Declaration filed herewith, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 16, 2006.

  /s/  Breton Leone-Quick                                                            Dated:  June 16, 2006