UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br>    Plaintiffs,<br>v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br>    Plaintiffs,<br>v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br>    Plaintiffs,<br>v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br>    Plaintiffs,<br>v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10501 (PBS) |

## ORDER

**AND NOW,** this _____ day of _____, 2006, upon consideration of Plaintiffs Motion for an Order Compelling Dexia to Produce Documents that it Withheld under Improper Claims of Attorney-Client Privilege and Work Product Protection, it hereby **ORDERED** that said Motion is **GRANTED.**

Within fifteen (15) days of the date of this Order, Dexia is hereby ordered to:

1. Produce to Plaintiffs an unredacted copy of all documents listed in Exhibits "A" through "F" of Plaintiffs' Memorandum of Law in Support of its Motion to Compel ("Plaintiffs' Memorandum of Law").

2. Produce to Plaintiffs a copy of all documents listed in Exhibit "L" of Plaintiffs' Memorandum of Law with only privileged marginalia material redacted, unless these documents also appear on any of Exhibits "A" through "F," in which case they should be produced in their entirety.

3. Identify, with particularity, the specific individual or entity who authored each document listed in Exhibit "G" and each redaction listed in Exhibit "H" of Plaintiffs' Memorandum of Law. Dexia is ordered to produce to Plaintiffs each document in Exhibits "G" and "H" where Dexia is unable to identify a specific author with particularity, within fifteen (15) days from the date of this Order.

4. Identify, with particularity, the specific individual or entity who received each document listed in Exhibit "I" of Plaintiffs' Memorandum of Law. Dexia is ordered to produce to Plaintiffs each document where Dexia is unable to identify a specific recipient with particularity, within fifteen (15) days from the date of this Order.

5.  Dexia is ordered to describe with particularity the terms set forth in Exhibit "J" to Plaintiffs' Memorandum of Law. Dexia is ordered to define the terms in such a way that Plaintiffs are able to understand the usage of these terms throughout the privilege logs.

6.  Dexia is ordered to identify the individuals listed in Exhibit "K" to Plaintiffs' Memorandum of Law, including:

   i)   whether each individual is an attorney who served as legal counsel to Dexia;

   ii)  the date(s) when each individual was employed by Dexia or any of Dexia's corporate predecessors;

   iii) if not employed by Dexia, the name of each individual's employer, to the best of Dexia's knowledge, information, and belief.

BY THE COURT:

_____
Hon. Robert B. Collings
United States Magistrate