UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No. 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>　　Defendants. | Civil Action No.: 04-10501 (PBS) |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEXIA BANK BELGIUM TO RESPOND TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS AND SUPPLEMENTAL INTERROGATORIES

Peter M. Saparoff (BBO#567379)
Breton Leone-Quick (BBO#391000)
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
Tel:　(617) 542-6000
Fax:　(617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:　(212) 878-8000
Fax:　(212) 878-8375

*Counsel for Dexia Bank Belgium*

NYB 1536123.2

Table of Contents

Preliminary Statement ..........................................................................................................1

Background ..........................................................................................................................1

Argument .............................................................................................................................3

I.   PLAINTIFFS HAVE EXCEEDED THE LIMIT OF 25 REQUESTS FOR
     ADMISSION SET FORTH IN LOCAL RULE 26.1 ........................................................3

II.  PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO SERVE ADDITIONAL
     REQUESTS FOR ADMISSION .................................................................................5

III. PLAINTIFFS HAVE EXCEEDED THE LIMIT ON INTERROGATORIES
     SET FORTH IN RULE 33 ..........................................................................................6

Conclusion ...........................................................................................................................9

Table of Authorities

Cases

*Fisher v. Baltimore Life Ins. Co.*, No. 5:04CV137, 2006 WL 898121
(N.D. W. Va. Mar. 31, 2006) .......................................................................................... 6

*Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73 (N.D.N.Y. 2003) ................................... 6

*Prochaska & Assoc. v. Merrill Lynch*, 155 F.R.D. 189 (D. Neb. 1993) .............................. 7

*Safeco of Am. v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998) ............................................ 7

*Williams v. Bd. of Comm'rs*, 192 F.R.D. 698 (D. Kan. 2000) ............................................ 7

Statutes & Other Authorities

FED. R. CIV. P. 33 .............................................................................................................. 7

FED. R. CIV. P. 36 .............................................................................................................. 5

D. MASS. LOCAL R. 26.1 .................................................................................................. 3

Defendant Dexia Bank Belgium ("Dexia") submits this Memorandum of Law in opposition to Plaintiffs' Motion to Compel Dexia Bank Belgium to Respond to Plaintiffs' First Request for Admissions and Supplemental Interrogatories or in the Alternative for Leave Pursuant to Local Rule 26.1(c).

## Preliminary Statement

Plaintiffs apparently believe they are entitled, without leave of the Court, to serve virtually unlimited written discovery on Dexia. Plaintiffs have previously served more than 160 interrogatories, including discrete subparts, on Dexia, and they now seek to require Dexia to respond to 74 requests for admission and four "supplemental" interrogatories. These latest discovery requests plainly exceed the limits imposed by Rule 33 and Local Rule 26.1(c), and Plaintiffs' motion to compel should be denied on that basis alone.

Plaintiffs also belatedly seek permission from the Court to serve more than 25 requests for admission in this litigation. This request comes nearly a month *after* the close of merits discovery, and should not be entertained by the Court. In any event, the excess requests for admission are not designed to eliminate uncontroversial issues or to narrow issues for trial. To the contrary, many of the excess requests appear to be carefully framed to elicit denials from Dexia rather than admissions. Such requests would serve no legitimate purpose, and should not be allowed.

## Background

**A.     Plaintiffs' Prior Interrogatories**

Plaintiffs have previously served six sets of interrogatories on Dexia. Although these interrogatories contain the caption of only the *Quaak* class action, the Court has ordered discovery to be coordinated among the four separate actions in this litigation, and the parties

have consistently behaved as if these interrogatories were served on behalf of all four sets of Plaintiffs.[1]

The first five sets of interrogatories contain 11 numbered interrogatories, and 121 separately numbered subparts. (*See* Kodner Decl. Exs. A-E.) In response to these interrogatories, Dexia has provided more than 75 pages of detailed, substantive responses. (*Id.* ¶ 3.) Researching and preparing such extensive interrogatory responses has imposed substantial burden and expense on Dexia.

Plaintiffs served a sixth set of interrogatories on May 16, 2006, containing another 11 numbered interrogatories, and at least 44 discrete subparts. (*Id.* Ex. F.) Plaintiffs did not seek leave of the Court before serving these additional interrogatories. Dexia has offered to provide substantive responses to many of these interrogatories, but the parties have not yet reached agreement on the scope of those responses.

**B.    Plaintiffs' First Request for Admissions and Supplemental Interrogatories**

On May 17, 2006, Class Plaintiffs and the Transactional Plaintiffs jointly served Plaintiffs' First Request for Admissions and Supplemental Interrogatories to Defendant Dexia Bank Belgium (the "Requests"). (*See* Rocco Decl. Ex. A.) This document contains 62 numbered requests for admissions, and several of the requests include numbered subparts. Counting the subparts as separate requests, the document actually contains 74 requests for admission. The document also contains four "supplemental" interrogatories. Plaintiffs did not seek leave of the Court before serving the Requests.

---

[1] For example, Dexia has received letters from the Transactional Plaintiffs concerning these interrogatories, and the Transactional Plaintiffs have actively participated in meet and confers concerning these interrogatories. (*See, e.g.,* Kodner Decl. ¶ 2 & Ex. G.)

Dexia responded to the Requests 30 days later, on the last day of merits discovery in this litigation. Dexia provided a substantive response to the first 25 requests for admission, counting subparts as separate requests, but objected to the remaining requests and the "supplemental" interrogatories on the ground that they exceeded the limits imposed by Rule 33 and Local Rule 26.1(c). Plaintiffs have now moved to compel substantive responses to the remaining requests and the "supplemental" interrogatories.

### Argument

**I.   PLAINTIFFS HAVE EXCEEDED THE LIMIT OF 25 REQUESTS FOR ADMISSION SET FORTH IN LOCAL RULE 26.1.**

Under the Local Rules of this Court, Plaintiffs as a group are limited to 25 requests for admission. Local Rule 26.1(c) states:

> **Discovery Event Limitations.** Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admissions, and two (2) separate sets of requests for production. For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

D. MASS. LOCAL R. 26.1(c). This provision clearly states that the 25-request limit applies to each "side" or "group of parties with a common interest." This provision also indicates that subparts of requests for admission each count as separate requests: the final sentence states that subparts may not count as separate *interrogatories* if certain criteria are met, but there is no such qualification applicable to requests for admission. In other words, the provision is written with the presumption that subparts count for purposes of determining the number of discovery events propounded.

3

Plaintiffs have jointly served 62 numbered requests for admission, several of which also contain subparts. With these subparts counted as separate requests, the total number of requests for admission served by Plaintiffs is actually 74. It is undisputed that Plaintiffs did *not* seek permission from the Court to serve this number of requests for admission prior to serving them on Dexia. Thus, Plaintiffs have exceeded the limit imposed by Local Rule 26.1(c) and Dexia was fully justified in limiting its responses to the first 25 requests for admission only.

Plaintiffs claim that the 25-request limit does not apply to them because they have collectively filed four separate lawsuits against Dexia. As an initial matter, the Local Rule does not draw a distinction between parties with a common interest in a single action, and parties with a common interest in two or more coordinated actions. By its terms, the Local Rule imposes a limit on any "group of parties with a common interest." The Plaintiffs here plainly meet that description.

Even if the Local Rule allows each side in a separate action to serve 25 request for admission, the fact remains that the 74 requests at issue were served *jointly* by all of the Plaintiffs, as is clearly indicated by the four-part caption on the requests. (*See* Rocco Decl. Ex. A.) Thus, each Plaintiff in each of the four separate actions against Dexia has served 74 requests for admission on Dexia, and each Plaintiff has individually exceeded the limit imposed by Local Rule 26.1.

Plaintiffs appear to be arguing that, because there are four separate actions, they should be entitled to mix and match their requests for admission, serving up to 100 requests that may be used in any of the four actions. (*See* Plfs.' Br. at 4.) That approach is plainly prohibited by the Federal Rules. Rule 36, which governs requests for admission, expressly provides:

> Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

FED. R. CIV. P. 36(b). For this reason, even if the Plaintiffs in each action had served separate sets of 25 requests for admission each (which they did not do), any admissions to those requests by Dexia could be used only for purposes of the specific action in which the request was served. Reading Rule 36(b) in conjunction with Local Rule 26.1(c), Plaintiffs are clearly *not* entitled to serve more than 25 requests that could be used in all four actions.

## II. PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO SERVE ADDITIONAL REQUESTS FOR ADMISSION.

In the alternative, Plaintiffs seek permission to serve 74 requests for admission—nearly three times the number permitted by Local Rule 26.1(c). This request should be denied. As an initial matter, the request comes too late. Plaintiffs did not seek the Court's permission before serving their 74 requests for admission—even though Local Rule 26.1(c) plainly requires it—and fact discovery in this litigation closed more than a month ago, on June 16, 2006. On this basis alone, Plaintiffs' request should be denied.

In addition, the requests for admission proposed by Plaintiffs are not designed to confirm undisputed facts or to narrow the factual issues for trial. Plaintiffs themselves concede that their requests for admission address "what Plaintiffs believe are the main disputed issues in these cases." (Pls.' Br. at 4.) Such disputed issues include, for example, whether Dexia acted with scienter (*see, e.g.,* Request No. 17), whether Dexia was aware of certain alleged aspects of U.S. Generally Accepted Accounting Principles (*see, e.g.,* Request Nos. 30, 32, 41, 44) and whether Dexia was informed by Messrs. Lernout, Hauspie and Willaert that they were seeking to violate SEC regulations (*see, e.g.,* Request Nos. 20, 31). Plaintiffs are well-aware that Dexia disputes these issues, and that there is ample evidence to contradict Plaintiffs' allegations. They cannot

possibly believe that these requests will generate useful admissions from Dexia, even if they are allowed by the Court.

Moreover, Plaintiffs requests for admission are objectionable for a number of reasons, particularly because many of the terms used by Plaintiffs are ambiguous.[2]  Dexia did not included specific objections to Request Nos. 16(d) to 62 in its responses and objections because, pursuant to Local Rule 26.1(c), Dexia was not under any obligation to provide any response to those excess requests.  Plaintiffs suggest that, based on its initial response, "Dexia has waived all other objections" to these requests. (*See* Pls.' Br. at 7 n.7.)  That cannot be correct.  Neither of the cases cited by Plaintiffs address the question of whether a party has an obligation to lodge specific objections to requests for admission that exceed the limit of Local Rule 26.1(c).  (*See id.*)  These cases merely state that general objections alone are not sufficient to preserve specific objections to particular requests for admission.  *See Fisher v. Baltimore Life Ins. Co.*, No. 5:04CV137, 2006 WL 898121, at *13 (N.D. W. Va. Mar. 31, 2006); *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003).  Accordingly, Dexia has every right to assert specific objections to these additional requests if and when the Court grants Plaintiffs permission to serve them.

### III. PLAINTIFFS HAVE EXCEEDED THE LIMIT ON INTERROGATORIES SET FORTH IN RULE 33.

There should be no need for the Court to reach the question of whether Plaintiffs should be allowed to serve the four "supplemental" interrogatories included with their requests for

---

[2] For example, Plaintiffs repeatedly use the phrases "Dexia knew," "Dexia intended" and "Dexia was aware" even though "Dexia" is defined by Plaintiffs to include "any predecessors (including Artesia Banking Corporation, S.A., Bacob Bank C.V. and Banque Paribas Belgium), successors, branches, divisions, subsidiaries, officers, directors, trustees, partners, members, employees, servants, and agents thereof.  (*See* Rocco Decl. Ex. A, at 3.)  As written, Dexia could properly admit that "Dexia knew" a fact only if *all* of its employees, officers and directors, past and present, knew that fact.

admission.  Each of those interrogatories is expressly conditioned on a response to a request for admission that exceeds the 25-request limit.[3]  If the Court concludes that Plaintiffs should not be permitted to serve more than 25 requests, then the four "supplemental" interrogatories would be moot.

In any event, Plaintiffs have already exceeded the permissible number of interrogatories in this litigation.  Rule 33 provides, in relevant part:  "Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number *including all discrete subparts* . . . ."  FED. R. CIV. P. 33(a) (emphasis added).  Under this rule, subparts are plainly counted as separate interrogatories, even if the subparts are not separately enumerated by the requesting party.  *See, e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998); *Prochaska & Assoc. v. Merrill Lynch*, 155 F.R.D. 189, 191 (D. Neb. 1993); *see also Williams v. Bd. of Comm'rs*, 192 F.R.D. 698, 701 (D. Kan. 2000) ("Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a),…, by rendering it meaningless unless each subpart counts as a separate interrogatory.")

Before serving these "supplemental" interrogatories, Plaintiffs served five sets of interrogatories, with a total of at least 121 discrete subparts.[4]  (*See* Kodner Decl. Exs. A-E.)  Dexia has provided more than 75 pages of substantive responses to these various interrogatories.  By any reasonable measure, Plaintiffs have greatly exceeded the limit of 25 interrogatories and

---

[3] These interrogatories request additional information only if Dexia denies Requests Nos. 18, 19, 20 or 21.  If no response is required for those requests, no response is required for these interrogatories.

[4] Arguably, these first 11 interrogatories contain even more than 121 subparts.  For example, Interrogatory No. 1 contains 44 numbered subparts, seeking information on various current or former employees of Dexia.  (*See* Kodner Ex. A.)  Interrogatory No. 2 seeks additional information for an unspecified number of those employees.  (*Id.*)  We have counted Interrogatory No. 2 as one interrogatory, even though it implicitly contains up to 44 additional subparts.

discrete subparts imposed by Rule 33(a).[5] Dexia therefore should not be required to provide responses to the four "supplemental" interrogatories.

---

[5] Plaintiffs argue that, because there are four separate actions, they should be entitled to serve up to 100 interrogatories between them. (Pls.' Br. at 9.) As indicated above, Dexia has already responded to at least 121 interrogatories, including discrete subparts. Even if Plaintiffs as a group should be entitled to serve 100 interrogatories, they have exceeded that limit.

8

**Conclusion**

For all the foregoing reasons, Plaintiffs' Motion to Compel Dexia Bank Belgium to Respond to Plaintiffs' First Request for Admissions and Supplemental Interrogatories or in the Alternative for Leave Pursuant to Local Rule 26.1(c) should be denied.

Dated:  July 28, 2006

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO

By: _____/S/_____
    Peter M. Saparoff (BBO#567379)
    Breton Leone-Quick (BBO#391000)

One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:   (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:   (212) 878-8000
Fax:   (212) 878-8375

*Counsel for Dexia Bank Belgium*

I, Maryana A. Kodner, hereby certify that this document filed through the ECF system will be sent electronically to all registered participants as identified in the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on July 28, 2006.

/s/ Maryana A. Kodner            Dated: July 28, 2006