**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.  03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>        Defendants. | Civil Action No.: 04-10501 (PBS) |

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE JULY 10, 2006, ORDER AS TO PIET CORDONNIER

Peter M. Saparoff (BBO#441740)
Breton Leone-Quick (BBO#655571)
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:   (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:   (212) 878-8000
Fax:   (212) 878-8375

*Counsel for Dexia Bank Belgium*

Defendant Dexia Bank Belgium ("Dexia") submits this Memorandum of Law in opposition to Plaintiffs' Motion for Reconsideration of the Portion of the July 10, 2006 Order Denying Plaintiffs' Motion to Compel Dexia Bank Belgium to Produce Piet Cordonnier for Deposition. Dexia also submits herewith the Declaration of Jeff E. Butler dated August 8, 2006 ("Butler Decl.").

## Preliminary Statement

Plaintiffs seek reconsideration, based on "newly discovered" evidence, of the Court's ruling that Piet Cordonnier was not a managing agent for purposes of Rule 30. The evidence submitted by Plaintiffs, however, is not new. Most of it was available before the motion to compel was filed, and some of it has been known to Plaintiffs for *years*. Such evidence could have been brought to the Court's attention well before any decision was reached, but Plaintiffs apparently made the tactical decision not to do so. Having made this choice, Plaintiffs should not be given a second bite at the apple through this motion for reconsideration.

In any event, the "new" evidence submitted by Plaintiffs does not indicate that Mr. Cordonnier was a managing agent for any relevant loan. At most, the evidence shows that he had some involvement in the repayment of the Radial and LIC loans in December 1999. There still is no evidence that Mr. Cordonnier was involved in any decision to enter these loans, or in any decision to use credit default swaps in connection with these loans. His peripheral involvement in the relevant loan transactions is entirely consistent with the Court's conclusion that he was not a managing agent for purposes of Rule 30.

## Background

On November 4, 2005, Plaintiffs filed a Joint Motion to Compel Depositions of Dexia Bank Belgium through Piet Cordonnier, Bart Ferrand and Peter Rabaey (#99 in 03-11566, #24 in

04-10411, #38 in 04-10477, #28 in 04-10501). Plaintiffs also filed a reply brief and declaration, with additional evidence, on December 13, 2005. The Court held a hearing on this motion on December 23, 2005.

Plaintiffs filed a second motion to compel deposition testimony, from five additional Dexia employees, on May 3, 2006. This second motion raised issues that, in many respects, were identical to issues raised in the first motion. On June 2, 2006, the Court held an omnibus hearing on outstanding discovery motions, which included argument on the second motion to compel and discussion of the first motion to compel. There was no mention of "newly discovered" evidence concerning Piet Cordonnier at that hearing.

On July 10, 2006, the Court entered a Memorandum and Order (the "Order") resolving both motions to compel. With respect to Mr. Cordonnier, the Court observed: "what appears from the record is that Cordonnier had little (if any) discretion in corporate matters and that he was not heavily involved in the matters relevant to the instant lawsuit." (Order at 12.) Balancing the relevant factors, the Court concluded that "Cordonnier is not a managing agent and therefore is not subject to be deposed by the plaintiffs." (*Id.* at 13.)

## Argument

**I.     PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED.**

Although a federal court has the discretion to reconsider its interlocutory orders prior to final judgment, the Supreme Court has warned that "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). One of the grounds that may justify reconsideration under appropriate circumstances is "the discovery of new evidence not previously available." *See Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass.

2000).  A motion based on new evidence, however, "is not an opportunity for a party to improve upon his arguments or to try out new arguments" with the benefit of hindsight.  *Id.* at 149 (quotation marks and citation omitted).  Thus, new arguments that could have been brought to the Court's attention earlier should not be addressed on a motion for reconsideration.

    **A.**    **Plaintiffs Could Have Brought the "Newly Discovered" Evidence to the Court's Attention Long Before the July 10 Order Was Entered.**

Plaintiffs claim that they recently discovered evidence that Mr. Cordonnier was involved in the repayment of the Radial and LIC loans in December 1999.  Much of this "new" evidence, however, was available to Plaintiffs at the time they filed their motion to compel in November 2005.  For example, Plaintiffs offer as "new" evidence a December 27, 1999, e-mail from Mr. Cordonnier describing a telephone call with Nico Willaert concerning repayment of the Radial and LIC loans.  (Pls.' Br. at 5-6; Jones Decl. Ex. G.)  This same e-mail, however, was *quoted* by Plaintiffs in a complaint filed in February 2004—more than 20 months before their motion to compel was filed.  (*See* Second Am. Compl. ¶ 116.)  Clearly, Plaintiffs were aware of this e-mail long before they filed their motion to compel.

In fact, all of the documents from Dexia's production cited by Plaintiffs as "new" evidence were produced by Dexia *before* the motion to compel was filed, as indicated in the following chart:

| Exhibit | Description | Bates Number | Produced |
|---|---|---|---|
| D | Statement of Geert Dauwe | DBB 036129-38 | 9/9/05 |
| E | 12/14/99 e-mail from Cordonnier | DBB 050204 | 9/19/05 |
| F | 12/15/99 e-mail from Cordonnier | DBB 003712 | 6/10/05 |
| G | 12/27/99 e-mail from Cordonnier | DBB 038067 | 9/9/05 |

3

(*See* Butler Decl. ¶¶ 2-4.) Plaintiffs have not provided any explanation for their failure to bring these documents to the Court's attention when the original motion to compel was filed, or at some later time prior to the Court's decision on July 10, 2006.

Plaintiffs also cite excerpts from the depositions of Jacques Janssens and Patrick Van Tiggel as "newly discovered" evidence. (*See* Jones Decl. Exs. B-C, H-J.) These depositions took place in April and May 2006.[1] Although these depositions took place after the motion to compel was filed, Plaintiffs clearly could have brought these excerpts to the Court's attention before the Order was entered on July 10, 2006. For example, both of these depositions took place before the omnibus hearing on outstanding discovery motions on June 2, 2006. That hearing presented a perfect opportunity for Plaintiffs to bring significant, new evidence to the Court's attention. Having passed up the opportunity to present this evidence *before* a decision was rendered, Plaintiffs should not be allowed to submit this as "new" evidence on a motion for reconsideration.

### B. The "Newly Discovered" Evidence Does Not Establish That Piet Cordonnier Was a Managing Agent for any Relevant Loan.

In reaching the conclusion that Mr. Cordonnier is not a managing agent, the Court observed that "Cordonnier had little (if any) discretion in corporate matters and that he was not heavily involved in the matters relevant to the instant lawsuit." (Order at 11.) None of the "newly discovered" evidence offered by Plaintiffs alters this conclusion. At most, the evidence establishes that Mr. Cordonnier had some involvement in the repayment of the loans to Radial, LIC and Messrs. Lernout, Hauspie and Willaert in December 1999. This was long after the loans were initially disbursed; long after terms of the Radial and LIC loans were extended for the last

---

[1] Plaintiffs cite excerpts from Day 2 of the Janssens deposition on April 21, 2006, and from the Van Tiggel deposition on May 23, 2006. (*See* Butler Decl. ¶¶ 5-6.) Tellingly, Plaintiffs omit any reference to the dates of these depositions in their motion papers. (*See* Jones Decl. ¶¶ 4-5, 8-10.)

4

time (in September 1999) and long after the credit default swaps for the Radial and LIC loans were finalized and documented. There is no evidence that Mr. Cordonnier was involved in any of the key events concerning the loans at issue.

The event involving Mr. Cordonnier—the repayment of the loans in December 1999—is not directly relevant to Plaintiffs' theory of liability in this action. According to Plaintiffs, the initial disbursement of the loans allowed L&H to recognize revenue that it would not otherwise have been able to recognize, thereby inflating the price of L&H shares and deceiving L&H investors. The circumstances surrounding repayment of these loans are not directly relevant to this theory of liability because L&H recognized the alleged improper revenue from the loans long before the loans were repaid. Indeed, under Plaintiffs' theory of liability, even if the loans had *never* been repaid, L&H still would have been able to recognize revenue from the loans in exactly the same manner.[2]

Even if repayment of the loans could be considered relevant to Plaintiffs' claims, there is no evidence that Mr. Cordonnier was a key decision maker with respect to repayment. The "new" evidence submitted by Plaintiffs merely establishes that Mr. Cordonnier was involved in sending "credit event notices" to Messrs. Lernout, Hauspie and Willaert on or about December 15, 2000, and that he fielded a telephone call from Nico Willaert on December 27, 2000. This evidence does not support Plaintiffs' assertion that Mr. Cordonnier was the "go to" person with respect to the repayment of these loans. Moreover, any such assertion is contradicted by one of Mr. Cordonnier's statements to the Belgian Federal Police, which were submitted with Plaintiffs'

---

[2] Plaintiffs state, without citing any support, that recognizing repayment of the loans "allowed the Bank to mislead L&H's auditors by falsely confirming that Lernout, Hauspie and Willaert had no outstanding personal loans at the Bank at year end 1999 thereby concealing their role in financing the sham LDCs." (Pls.' Br. at 4.) Plaintiffs have never made this allegation before, and we are not aware of any evidence to support it.

5

initial motion.  (*See* Davies Decl. Ex. T.)[3]  Mr. Cordonnier informed the Federal Police that he did not remember having any significant involvement in the repayment of these loans, and that he probably received the call from Mr. Willaert only by accident.  (*Id.*)

Plaintiffs also argue that the deposition of Mr. Cordonnier's supervisor, Patrick Van Tiggel, establishes that Mr. Cordonnier has relevant knowledge concerning the repayment of the Radial and LIC loans.  The testimony they cite, however, is far from clear on this point.  For example, when asked whether Mr. Cordonnier was handling discussions with Mr. Willaert concerning repayment of these loans, Mr. Van Tiggel responded:  "I don't know, I cannot answer . . ." (Jones Decl. Ex. J, at 122.)  Plaintiffs followed up with leading questions intended to suggest that Mr. Cordonnier had an "expansive" role, but Mr. Van Tiggel did not testify that Mr. Cordonnier was the "go to" person on issues of repayment.  To the contrary, he merely stated:  "I can imagine that Piet Cordonnier at that time was involved in the discussions."  (*Id.* at 123.)

In sum, none of the "newly discovered" evidence submitted by Plaintiffs contradicts the Court's conclusion that Mr. Cordonnier "was not heavily involved in the matters relevant to the instant lawsuit."  (Order at 11.)  Accordingly, for this reason as well, there is no reason for the Court to reconsider its decision.

---

[3] This refers to the Declaration of Susan M. Davies dated November 4, 2005, and submitted under seal in connection with the initial motion to compel deposition testimony from Mr. Cordonnier.

**Conclusion**

For all the foregoing reasons, Plaintiffs' Motion for Reconsideration of the Portion of the July 10, 2006 Order Denying Plaintiffs' Motion to Compel Dexia Bank Belgium to Produce Piet Cordonnier for Deposition should be denied.

Dated:  August 8, 2006

                        Respectfully submitted,

                        MINTZ LEVIN COHN FERRIS
                        GLOVSKY & POPEO

                        By:   /s/  Breton Leone-Quick
                              Peter M. Saparoff (BBO#441740)
                              Breton Leone-Quick (BBO#655571)

                        One Financial Center
                        Boston, MA 02111
                        Tel:     (617) 542-6000
                        Fax:    (617) 542-2241

                        James B. Weidner
                        Jeff E. Butler
                        CLIFFORD CHANCE US LLP
                        31 West 52nd Street
                        New York, NY 10019-6131
                        Tel:     (212) 878-8000
                        Fax:    (212) 878-8375

                        *Counsel for Dexia Bank Belgium*

**Certificate of Service**

I, Breton Leone-Quick, hereby certify that this document, and the accompanying Declaration of Jeff E. Butler, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 8, 2006.

   /s/  Breton Leone-Quick                              Dated:  August 8, 2006