Not Reported in F.Supp., 1997 WL 97096 (N.D.Ill.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
IN RE AIR CRASH NEAR ROSELAWN, INDIANA ON OCTOBER 31, 1994.
No. 95 C 4593, MDL 1070.
Feb. 20, 1997.

Michael Connelly, Connelly & Schroeder, Chicago, IL, for Plaintiffs.
Kevin Durkin, Clifford Law Offices, Chicago, IL, for Defendants.
Sidney I. Schenkier, Jenner & Block, Chicago, IL.

ORDER

BOBRICK, United States Magistrate Judge.
*1 Before the court is the motion of the Airline defendants for an order denying plaintiffs' request for production of documents on the Airline defendants' privileged log.

I. BACKGROUND

The instant dispute in this ongoing litigation concerns 129 documents listed on the Airline defendants' privileged log. The existence of the privilege log is a victory in itself for the plaintiffs in this case, as the Airline defendants vociferously contended that they were under no obligation to produce such a log. They maintained this tenuous position despite authority to the contrary, *see, e.g.,* Fed.R.Civ.P. 26(b)(5), and despite the fact that it was and is their burden to establish the application of any immunity that might shield these documents from discovery. The Airline defendants have not, as yet, instructed the court as to how they intended to meet this burden without describing the documents they claimed were immune from discovery. Indeed, the Airline defendants have proceeded all along as though it were up to the plaintiffs to prove the discoverability of the documents at issue. Their conduct forced the plaintiffs to file a motion to compel the production of a privilege log, which this court granted on October 17, 1996. After the Airline defendants unsuccessfully appealed that order, they finally capitulated, and on December 2, 1996, filed their PRIVILEGE LOG. Against this backdrop, the Airline defendants' instant motion is self-congratulatory in tone, opening as it does with "On December 2, 1996, the Airline Defendants *provided* plaintiffs with a privilege log. ( *Airline Defendants' Memorandum,* at 1 (emphasis added)).

In the October 17, 1996 Order, the court directed the Airline defendants, in fashioning a privilege log, to comply with the Order in *Allendate v. Bull Data,* 145 F.R.D. 84 (N.D.Ill. 1992). That Order directed the discovery opponents, in pertinent part:

to produce a privilege log listing each separate document they claim to be beyond discovery, described in the following separate categories. For *each* document, the log should identify the date, the author and *all* recipients, along with their capacities. The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery. These categories, especially this last category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the requirements expounded upon in the foregoing discussion. Accordingly, descriptions such as "letter re claim," "analysis of claim," or "report in anticipation of litigation" -- with

which we have grown all too familiar -- will be insufficient. This may be burdensome, but it will provide a more accurate evaluation of a discovery opponent's claims and takes into consideration the fact that there are no presumptions operating in the discovery opponent's favor. Any failure to comply with these directions will result in a finding that the discovery opponents have failed to meet their burden of establishing the applicability of the privilege.

***2*** 145 F.R.D. at 88. Contrary to these instructions, of the 129 documents listed in the log the Airline defendants have produced, 100 which list no recipients, and 14 which list no date. In direct contravention of the Order, every single entry lists, as a reason for privilege, "Attorney-client/work-product" along with, "Generated at request of counsel, for use by counsel ⋯ in defense of lawsuits, or "Generated ⋯ in anticipation of litigation." Clearly, given the combination of the Airline defendants' refusal to comply with the court's orders and their obfuscation of the discovery process in these proceedings, the plaintiff's motion for an order finding the Airline defendants to have waived any privilege is well-taken. Nevertheless, in recognition of the essentialness for the protections that are at the heart of the two discovery immunities at issue, the court has conducted an *in camera* review of the 129 documents at issue, based on the following described precepts.

## II. DISCUSSION

### A. *Attorney-Client Privilege*

The party seeking to invoke the protection of a privilege, as the discovery opponent, has the burden of establishing all of its elements. *U.S. v. White,* 950 F.2d 426, 430 (7th Cir. 1991) ( citing *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983)). In the case of the attorney-client privilege, the Seventh Circuit has adopted the elements as outlined by Wigmore:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Id.* A claim of privilege cannot be a blanket claim, but must be made and established on a document-by-document basis. *Id.* The scope of the privilege is narrow, because it is a "derogation of the search for truth." *Id.* ( citing *In Re Walsh,* 623 F.2d 489, 493 (7th Cir. 1980)). We stress that each of these elements must be established as to each document, as the mere existence of an attorney-client relationship is not sufficient to cloak all communications with the privilege. *Ohio-Sealy Mattress Mfg. Co. v. Kaplan,* 90 F.R.D. 21, 28 (N.D. Ill. 1980). Hence, descriptions of documents such as "legal advice" or "legal analysis," without more, will be insufficient to establish the applicability of the privilege. See *von Bulow by Auersberg v. von Bulow,* 811 F.2d 136, 144 (2nd Cir. 1987) (burden of establishing elements of the privilege not discharged by *ipse dixit* or conclusory assertions).

In the instant case, there is no indication that the vast majority of the documents relate to the purpose of eliciting legal advice or were produced for that purpose. Most were precipitated by aeronautical tests and were neither authored by, nor conveyed to, an attorney. Only a very minimal number touch on legal advice in any way. Clearly, the Airline defendants' *blanket* assertion of the attorney-client privilege, despite this court's specific reference to the order in *Allendate,* represents yet another example of defendants' conduct that is something less than straight forward.

### B. *Work Product Doctrine*

***3*** The work product doctrine is distinct from, and broader than, the attorney-client privilege. *In Re Air Crash Disaster at Sioux City, Iowa,* 133 F.R.D. 515, 519 (N.D.Ill. 1990) ( citing *United States v. Nobles,* 422 U.S. 225, 238 n.11, 95 S.Ct. 2160, 2170 n.11

(1974)). The work product privilege developed to protect the work of an attorney from encroachment by opposing counsel. *Binks Mfg. Co. v. Nat. Presto Industries Inc.,* 709 F.2d 1109, 1118 (7th Cir. 1983). It consists of a multi-level protection whereby that information most closely related to an attorney's litigation strategy is absolutely immune from discovery, while that information with a more tenuous relationship to litigation strategy might be available in circumstances evincing a substantial need or undue hardship on the part of the discovery proponent. Fed.R.Civ.P. 26(b)(3).[FN1] Accordingly, information that is merely factual may not be withheld under the umbrella of work product but must be available, if not through the production of otherwise protectible documents, then through interrogatories or depositions. 8 Wright & Miller, *Federal Practice and Procedure,* § 2023, at 194.

FN1. Rule 26(b)(3) provides that:

a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The threshold determination in a case involving a claim of work product privilege is whether the material sought to be protected from discovery was prepared in anticipation of litigation. *Binks,* 709 F.2d at 1118. The determination of whether materials are prepared in anticipation of litigation, however, while central to the work product doctrine, eludes precision. This is especially the case in certain contexts, where the discovery opponent routinely performs investigations and accumulates files even when no litigation ensues.

The instant case deals with the tragedy of an airline crash. Obviously, when an airline crashes, litigation is anticipated; but, the Airline defendants would presumably have purposes beyond defense of litigation in preparing many of the documents in question. They would desire to improve aircraft products and performance, protect pilots and passengers, guard against adverse publicity, and promote their own economic prospects. *Sioux City,* 133 F.R.D. at 520. Thus, it difficult to engage in a traditional "ordinary course of business/anticipation of litigation analysis" in this case.[FN2] Our review of the documents suggests that almost all were likely created with these multiple motivations. Consequently, in ruling on the applicability of immunity to each we have borne in mind the work product doctrine's purpose of protecting the adversarial process by providing an environment of privacy in which a litigator may creatively develop strategies, legal theories, and mental impressions outside the ordinarily liberal realm of federal discovery provisions, thereby insuring that the litigator's opponent is unable to ride on the litigator's wits. *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385 (1947). As such we have sought to protect the mental impressions or opinions of attorneys or representatives in all instances. *See* Fed.R.Civ.P. 26(b)(3).

FN2. Ordinarily, we have found it helpful to express the elements of the work product doctrine into the concepts of "causation" and "reasonable anticipation" of litigation. *See Harper v. Auto-Owners Ins. Co.,* 138 F.R.D. 655, 659 (N.D. Ill. 1991). There is a "causation" element insofar as production of the material must be caused by the anticipation of litigation. If materials are produced in the ordinary and regular course of a discovery opponent's business, and not to prepare for litigation, they are outside the scope of the work product doctrine. Fed.R.Civ.P. 26(b)(3) (advisory committee notes). Accordingly, even if litigation is imminent, there is no work product immunity for documents prepared in the ordinary course of business rather than for litigation

purposes. *Binks,* 709 F.2d at 1118. That is to say, the mere fact that a discovery opponent anticipates litigation does not qualify an "in-house" document as work product. *Janicker,* 94 F.R.D. at 650.

As for "anticipation of litigation," courts have made clear that, because litigation can be anticipated at the time almost any incident occurs, a substantial and significant threat of litigation is required before a discovery opponent's anticipation will be considered a reasonable and justifiable motivation for production of a document. *Harper,* 138 F.R.D. at 659. Because of the nature of the tragedy here, this point is not as elusive as in other cases.

### III. CONCLUSION

***4** Even an *in camera* inspection of documents may not provide a full revelation of the context in which they were created. That is where the discovery opponent's submissions come in; the court's analysis of the documents can only be as accurate as those submissions are informative. As already noted, the Airline defendants have been less than cooperative in these proceedings, and their submissions in this matter have actually ran afoul of this court's orders. For example, it strains credulity that, given the distinct elements of, and significant differences between, the attorney-client privilege and the work product doctrine, both concepts would apply to each of the 129 documents at issue. They have been put on notice that the court will not accept conclusory assertions of discovery immunity. In any event, our review of the documents and our findings as to whether the Airline defendants have carried their burden of establishing the applicability of immunity from discovery is contained in the Appendix to this Order.

The Appendix makes use of the document numbers in the Airline defendants' log. With respect to the work product doctrine, we note that documents nos. 1 through 83 were prepared at or after the commencement of litigation, and that documents nos. 116 through 129 are undated. While the date of the documents is not dispositive of the "anticipation of litigation" issue, it is part of the analysis. Also, on those occasions where we found the attorney-client privilege applicable, we did not engage in a work-product analysis.

Based on that review, it is hereby ordered that the Airline defendants produce the following numbered documents within 7 days from the date of this order Nos. 2, 5, 12, 15, 25, 27, 28, 32, 39, 41, 43, 56, 60, 62, 67, 73, 80, 84, 92, 93, 97, 98, 99, 110, 114, 115, 116, 122, 127; and redacted documents Nos. 4, 11, 61, 64, 65.

APPENDIX TO ORDER DATED FEBRUARY 20, 1997

| NO. | DESCRIPTION | ATTORNEY-CLIENT | **WORK PRODUCT** |
|---|---|---|---|
| 1 | Simmons' technical consultant's ("STC") impressions of NTSB's analysis of Eagle icing incidents. | No. No indication that legal advice is sought, not conveyed to attorney. | Yes. Representative's mental impressions, prepared well into litigation. |
| 2 | Summary of meeting among FAA, NTSB, Manufacturers, Operators, and Unions. | No. No indication that legal advice is sought, | No. Factual summary of widely attended meeting, no confidentiality. |

| | | audience far too broad for confidentiality. | |
|---|---|---|---|
| 3 | Simmons' technical consultant's analysis of NTSB testimony. | No. No indication that legal advice is sought, not conveyed to an attorney. | Yes. Representative's mental impressions, prepared well into litigation. |
| 4 | STC summary of Air Force icing tests on ATR aircraft. Mostly factual, portions include analysis or impressions. | No. See above. | Partial. Document mostly factual. May redact ONLY paragraphs: "Note" and "We Need" on p.1; "Note" and "Key to" on p.4; and "From critical" to "without a doubt" on p.10. |
| 5 | Portion of Simmon's investigation report to NTSB. | No. See above; and submitted to public authority, no confidentiality. | No. No mental impressions; document submitted to public authority, no confidentiality. |
| 6 | Preliminary draft of report to NTSB and STC notes. | No. See No. 3. | Yes. Representative's impressions, not a final version of submission. |
| 7 | See above. | No. See above. | Yes. See above. |
| 8 | STC draft of flight crew presentation. | No. See above. | Yes. Includes analysis of Roselawn conditions, not a final version of submission to flight crews. |
| 9 | See above. | No. See above. | Yes. See above. |
| 10 | Simmon's investigator's ("SI") memo commenting on draft of report to NTSB. | No. See above. | Yes. See above. |
| 11 | See No. 4. | No. See No.4. | Partial. See No. 4. May redact ONLY: "Note: For our" on p.1 to "secondary function" on p.2; entire p.3 to "will be moved from test" on p.4; "Concern expressed" to "reduction is required" on p.6; entire p.10. |
| 12 | Cover letter for NTSB | No. No | No. No mental |

|    |                                                              |                                                                                   |                                                                              |
|----|--------------------------------------------------------------|-----------------------------------------------------------------------------------|------------------------------------------------------------------------------|
|    | exhibits.                                                    | indication legal advice sought, not conveyed to attorney.                         | impressions or analysis.                                                     |
| 13 | Draft of question for air traffic controller witness at NTSB hearing. | Yes. Reflects legal advice, but not final questions at hearing.           |                                                                              |
| 14 | See above.                                                   | Yes. See above.                                                                   |                                                                              |
| 15 | Cover letter for NTSB exhibits.                              | No. See above No.12.                                                              | No. See above No.12.                                                         |
| 16 | STC corrections of "Fact Sheet" and comments.                | No. No indication legal advice sought, not conveyed to attorney.                  | Yes. Representative's analysis and comments.                                 |
| 17 | STC comments on questions re: Air Force test.                | No. Seeabove.                                                                     | Yes. Representative's analysis and impressions.                              |
| 18 | STC suggestions for NTSB hearing.                            | No. See above.                                                                    | Yes. See above.                                                              |
| 19 | STC suggestions for NTSB hearing.                            | Yes. Appears to reflect legal advice.                                             |                                                                              |
| 20 | STC draft of questions for unspecified meeting.              | Yes. Appears to reflect legal advice.                                             |                                                                              |
| 21 | See No. 18.                                                  | Yes. Appears to reflect legal advice, as opposed to purely technical concerns.    |                                                                              |
| 22 | STC target subjects for investigation.                       | No. No indication legal advice sought, not conveyed to attorney.                  | Yes. Representative's mental impressions on investigation strategy.          |
| 23 | See above.                                                   | No. See above.                                                                    | Yes. See above.                                                              |
| 24 | See above.                                                   | No. See above.                                                                    | Yes. See above.                                                              |
| 25 | "To do" list.                                                | No. See above.                                                                    | No. No mental impressions revealed or suggested.                             |
| 26 | See No.22.                                                   | No. See above.                                                                    | Yes. See No.22.                                                              |
| 27 | Cover letter for                                             | No. See                                                                           | No. See No.12.                                                               |

| | | | |
|---|---|---|---|
| | comments and materials. | No.12. | |
| 28 | STC memo with what appears to be a purely technical formula. | No. No indication legal advice sought, not conveyed to attorney. | No. Appears to be just a technical formula. |
| 29 | See No.18. | Yes. See No.21. | |
| 30 | STC comments on draft of NTSB report. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Representative's mental impressions and analysis. |
| 31 | STC comments for NTSB discussion. | No. See above. | Yes. See above. |
| 32 | Identical to No.27. | No. See No.27. | No. See No.27. |
| 33 | STC comments on report to NTSB and suggested questions and issues for NTSB hearing. | Yes. Appears to reflect legal advice if not strategy. | |
| 34 | See No.31. | No. See No.31. | Yes, See No.31. |
| 35 | Investigation status report. | Yes. Appears to reflect discussion with and work of counsel. | |
| 36 | SI suggestions re: NTSB exhibits. | Yes. Reflects legal advice and/or strategy. | |
| 37 | See No.36. | No. Unlike No.36, fails to touch on legal issues. | Yes. As representative's proposed list, reveals mental impressions. |
| 38 | STC draft of investigation report and analysis. | No. See No.37. | Yes. Representative's mental impressions. |
| 39 | SI summary of Atmospheric Research interview. | No. General and technical, reveals no legal advice sought. | No. Appears to be general information on weather conditions/icing, not obviously prepared with eye toward litigation. |
| 40 | STC comments on NTSB report. | Yes. Appears to reveal legal, as opposed to merely | |

| | | technical, concerns. | |
|---|---|---|---|
| 41 | Identical to No.39, with two underlined passages. | No. See No.39. | No. See No.39. |
| 42 | List of counsel's personnel interviews. | Yes. Touches on legal advice and strategy. | |
| 43 | STC summary of performance group meeting, with *faux* Greek notes. | No. Appears technical, attendance too broad for confidentiality. | No. Attendance too broad for confidentiality. |
| 44 | SI's relay of counsel's information and interview requests. | Yes. Reflects legal advice sought. | |
| 45 | SI's analysis of air traffic control transmissions and flight recorder data. | No. Purely technical, does not reveal legal advice. | Yes. Representative's mental impressions and analysis. |
| 46 | See No.8. | No. See No.8. | Yes. See No.8. |
| 47 | See No.44. | Yes. See No.44. | |
| 48 | Identical to No.47, with comments. | Yes. See Nos.44, 47. | |
| 49 | See No.48. | Yes. See above. | |
| 50 | See No.48. | Yes. See above. | |
| 51 | See. No.8. | No. See No.8. | Yes. See No.8. |
| 52 | STC commentary on meetings. | No. Fails to reflect legal advice sought, not conveyed to attorney. | Yes. Representative's mental impressions. |
| 53 | STC investigation strategy. | No. See No.22. | Yes. See No.22. |
| 54 | STC commentary on meetings. | No. See No.52. | Yes. See No.52. |
| 55 | SI draft of report for NTSB and request for additional information. | No. See No.6. | Yes. See No.6. |
| 56 | No author or date; called a preliminary draft of unspecified "board" presentation. | No. Technical information; fails to reflect legal advice. | No. Defendants' description too vague to allow for analysis. |
| 57 | STC summary and comments on meeting with FAA and Airline Pilots Association. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Reveals representative's mental impressions. |

| | | | |
|---|---|---|---|
| 58 | STC list of issues for investigation. | No. Appears purely technical. | Yes. Reveals representative's mental impressions. |
| 59 | STC analysis of Air Force test. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Reveals representative's mental impressions. |
| 60 | STC summary of Air Force testing, all factual, no analysis. | No. No indication legal advice sought, not conveyed to attorney. | No. No mental impressions revealed, purely factual. |
| 61 | STC summary of Air Force testing, mostly factual, one portion of analysis. | No. See above. | Partial. May redact portion beginning "Where we stand" on p.3 through end of document. |
| 62 | See No.60. | No. See No.60. | No. See No.60. |
| 63 | STC analysis of testing and investigation plans. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Reveals impressions and strategy. |
| 64 | STC summary of unspecified test, brief opinion. | No. See No.60. | Partial. May redact paragraph beginning "Note" through "buffeting." |
| 65 | See above. | No. See above. | Partial. May redact portion beginning "Gilbert says" through end of document. |
| 66 | STC analysis of testing. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Reveals representative's mental impressions. |
| 67 | Unspecified test schedule. | No. No indication legal advice sought, not conveyed to attorney. | No. Purely factual scheduling information. |
| 68 | Intended subjects for meeting. | No. See above. | Yes. Reveals impressions and strategy. |
| 69 | STC summary of investigation and future plans. | No. See above. | Yes. Reveals impressions and strategy. |
| 70 | STC summary and analysis of tests, plans for further tests. | No. See above. | Yes. See above. |

| | | | |
|---|---|---|---|
| 71 | STC analysis of tests. | No. See above. | Yes See above. |
| 72 | STC analysis and opinions on investigation and tests. | No. See above. | Yes.See above. |
| 73 | STC summary of day's activities, no technical or legal matters. | No. See above. | No. No opinions, legal, or even technical matters revealed. |
| 74 | STC summary and analysis of test. | No. See No.66. | Yes. See No.66. |
| 75 | STC summary of meeting and future plans. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Appears to reveal mental impressions and strategy. |
| 76 | STC analysis of icing incidents. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Reveals representative's mental impressions. |
| 77 | STC comments on test results. | No. See above. | Yes. See above. |
| 78 | See No.76. | No. See No.76. | Yes. See No.76. |
| 79 | STC analysis of cockpit recorder tape. | No. See above. | Yes. See above. |
| 80 | STC summary of weather report. | No. See above. | No. No opinion or analysis included. |
| 81 | STC summary of meeting and analysis and plans. | No. See above. | Yes. Reveals mental impressions and strategy. |
| 82 | STC plans for discussion with ATR representative. | No. See above. | Yes. See above. |
| 83 | See No.79. | No. See No.79. | Yes. See No.79. |
| 84 | Handwritten notes, no author, regarding unspecified conference call. | No. See above. | No. Defendants offer no proof as to required elements. |
| 85 | STC summary of meeting and tests with strategy for follow-up. | No. See above. | Yes. Reveals mental impressions and strategy. |
| 86 | STC commentary on test results. | No. See above. | Yes. Reveals representative's mental impressions. |
| 87 | See above. | No. See above. | Yes. See above. |
| 88 | STC draft of letter requesting cockpit recorder data. | No. See above. | Yes. May reveal or suggest mental impressions or |

| | | | |
|---|---|---|---|
| | | | strategy. |
| 89 | STC analysis of hypothetical scenario. | No. See above. | Yes. See above. |
| 90 | STC status report. | No. See above. | Yes. See above. |
| 91 | See No.89. | No. See No.89. | Yes. See No.89. |
| 92 | Cover note for Weather Service manual. | No. No indication legal advice sought or conveyed to attorney. | No. Fails to reveal mental impressions, not motivated by litigation. |
| 93 | See above. | No. See above. | No. See above. |
| 94 | See No.89. | No. See No.89. | Yes. See No.89. |
| 95 | STC memo delineating information needed from ATR. | No. No indication legal advice sought, not conveyed to attorney. | Yes. May reveal mental impressions or strategy. |
| 96 | Identical to No.72. | No. See No.72. | Yes. See No.72. |
| 97 | Unknown author's handwritten notes on conference call. | No. See No.84. | No. See No.84. |
| 98 | STC cover letter for summary of meetings. | No. No indication legal advice sought, not conveyed to attorney. | No. No mental impressions or strategy revealed. |
| 99 | STC cover letter for proposed testing maneuvers. | No. See above. | No. See above. |
| 100 | STC charts of various scenario analyses. | No. See No.89. | Yes. See No.89. |
| 101 | STC analysis of scenarios and computer models. | No. See No.89. | Yes. See No.89. |
| 102 | STC request for information from ATR | No. See No.95. | Yes. See No .95. |
| 103 | Handwritten note on consultant's theory. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Reveals representative's mental impressions. |
| 104 | Memo and list reflecting attorney request for information/evidence. | Yes. Reflects legal advice. | |
| 105 | Summary of phone call reflecting discussions | Yes. See above. | |

| | | | |
|---|---|---|---|
| 106 | STC analysis of investigation and follow-up intentions. | No. No indication legal advice sought. | Yes. Reveals mental impressions and strategy. |
| 107 | STC targets for further investigation or analysis. | No. See above. | Yes. See above. |
| 108 | See above. | No. See above. | Yes. See above. |
| 109 | See above. | No. See above. | Yes. See above. |
| 110 | Unknown author's notes on conference call. | No. See above. | No. See No.84. |
| 111 | Handwritten notes reflecting discussions with counsel. | Yes. Reflects legal advice. | |
| 112 | Memorandum reflecting recommendations of counsel. | Yes. Reflects legal advice. | |
| 113 | STC analysis of known facts and future investigation targets. | No. No indication legal advice sought, not conveyed to attorney | Yes. Reveals representative's mental impressions and strategy. |
| 114 | Unknown author's notes on conference call. | No. See above. | No. See No.84. |
| 115 | Handwritten notes dated October 1, 1994; about 1 month before crash. | No. See above. | No. Date suggests not prepared in anticipation of litigation; burden of proof not met. |
| 116 | Undated handwritten notes. | No. See above. | No. Undated, subject matter alone fails to meet burden of proof. |
| 117 | Draft of NTSB report on crash, with notes. | Yes. Notes suggest discussions with counsel, may reflect legal advice. | |
| 118 | STC comments on NTSB report. | No. No indication legal advice sought, not conveyed to attorney. | Yes. Reveals representative's mental impressions. |
| 119 | SI comments on NTSB report. | No. See above. | Yes. See above. |
| 120 | See No.117. | Yes. See No.117. | |
| 121 | STC's summary and results of flight tests, | No. No indication legal | Yes. See above. |

(row 105 continued: with counsel.)

| | | | |
|---|---|---|---|
| | with analysis. | advice sought, not conveyed to attorney. | |
| 122 | Plane registry, crew resumes, and photos of crash site. | No. See above. | No. No mental impressions revealed, information purely factual. |
| 123 | Preliminary investigation summary with possible accident scenarios. | No. See above. | Yes. Reveals representative's mental impressions. |
| 124 | STC comments on NTSB report. | No. See No.118. | Yes. See No.118. |
| 125 | Draft of report on preliminary investigation with strategy and attorney input. | Yes. See No.117. | |
| 126 | See above. | Yes. See above. | |
| 127 | Plot of flight's altitude/vertical rate. | No. No indication legal advice sought, not conveyed to counsel. | No. Appears purely technical, factual, with no analysis or opinion. |
| 128 | STC issues for discussion/investigation. | Yes. May reflect discussion with counsel. | |
| 129 | STC comments on NTSB report. | No. See No.118. | Yes. See No.118. |

Copr. (C) West 2006 No Claim to Orig. U.S. Govt. Works N.D.Ill.,1997.
In re Air Crash Near Roselawn, Ind. on October 31, 1994
Not Reported in F.Supp., 1997 WL 97096 (N.D.Ill.)


Motions, Pleadings and Filings (Back to top)

• 1:95cv04593 (Docket) (Aug. 09, 1995)
END OF DOCUMENT


(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.