**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10501 (PBS) |

**MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF DEXIA'S MOTION TO COMPEL PRODUCTION OF CERTAIN "ISSUE LISTS" WITHHELD AS WORK PRODUCT**

Defendant Dexia Bank Belgium ("Dexia") respectfully requests leave to file a short reply memorandum in support of its Motion to Compel Production of Certain "Issues Lists" Withheld as Work Product.  Dexia seeks leave to file this reply, attached hereto as Exhibit A, for the purpose of addressing the proper standard for evaluating Dexia's statute of limitations defense, which we believe is stated incorrectly in Plaintiffs' opposition brief.

Dated:  September 6, 2006

                                                            Respectfully submitted,

                                                            MINTZ LEVIN COHN FERRIS
                                                            GLOVSKY & POPEO

                                                            By:  */S/* Eóin P. Beirne
                                                                 Peter M. Saparoff (BBO# 441740)
                                                                 Breton Leone-Quick (BBO# 655571)
                                                                Eóin P. Beirne (BBO# 660885)

                                                            One Financial Center
                                                            Boston, MA 02111
                                                            Tel:    (617) 542-6000
                                                           Fax:   (617) 542-2241

      James B. Weidner
      Jeff E. Butler
      CLIFFORD CHANCE US LLP
      31 West 52nd Street
      New York, NY 10019-6131
      Tel:    (212) 878-8000
      Fax:   (212) 878-8375

      *Counsel for Dexia Bank Belgium*

**Local Rules 7.1(A)(2) Certification**

Counsel for Dexia conferred with counsel for Plaintiffs who have opposed this motion.

**CERTIFICATE OF SERVICE**

I, Eóin P. Beirne, hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with Fed. R. Civ. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

*/S/* Eóin P. Beirne                                 Dated: September 6, 2006

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10501 (PBS) |

**REPLY MEMORANDUM IN SUPPORT OF DEXIA'S MOTION TO COMPEL PRODUCTION OF CERTAIN "ISSUE LISTS" WITHHELD AS WORK PRODUCT**

Defendant Dexia Bank Belgium ("Dexia") submits this Reply Memorandum solely for the purpose of addressing the proper standard for evaluating Dexia's statute of limitations defense, which we believe is stated incorrectly in Plaintiffs' opposition brief.[1]

In *Young v. Lepone*, 305 F.3d 1 (1st Cir. 2002), the First Circuit articulated a three-part process for evaluating a statute of limitations defense based on inquiry notice. *First*, a defendant must establish the existence of "storm warnings" sufficient to put investors on notice of a potential claim against the defendant. *Id.* at 8. *Second*, following the storm warnings, the plaintiffs must establish that they conducted a reasonably diligent investigation of potential claims against the defendant. *Id. Third*, assuming these first two tests are satisfied, the limitations period begins to run when the plaintiff should have discovered facts sufficient to assert a claim against the defendant. *See id.* at 10.

---

[1] Plaintiffs' other arguments are adequately addressed in Dexia's opening brief.  In addition, to the extent there is any doubt about whether the Issue Lists are opinion or non-opinion work product, the documents are on file with the Court under seal and available for *in camera* review.  (*See* Declaration of Breton Leone-Quick, filed under seal on July 19, 2006.)

2

Applying this test, the Court has already found that "storm warnings" existed in late 2000 and early 2001 sufficient to put Plaintiffs on notice of a potential claim against Dexia. *See Quaak v. Dexia*, 357 F. Supp. 2d 330, 340 (D. Mass. 2005). The Court has also recognized that the "critical inquiry" here is whether Plaintiffs were reasonably diligent in investigating a potential claim against Dexia. *Id.* There is no objective test for reasonable diligence. To the contrary, *Young* emphasized that this issue "lends itself to a more individualized inquiry—an inquiry that focuses on the particulars of each investor's situation." 305 F.3d at 8.

In their opposition brief, Plaintiffs state that Dexia can succeed only if "Plaintiffs failed to employ reasonable diligence in investigating the L&H fraud *and* Plaintiffs would have discovered facts sufficient to establish § 10(b) claims against Dexia more than two years prior to the commencement of this action . . . ." (Pls.' Br. at 11, emphasis in original.) This is incorrect. Under *Young*, Plaintiffs have the burden of establishing that they conducted a reasonably diligent investigation of potential claims against Dexia. The third part of the test—whether Plaintiffs should have discovered facts sufficient to bring a Section 10(b) claim against Dexia more than two years before the complaint was filed—should come into play only if Plaintiffs succeed in meeting their burden.

Dexia intends to demonstrate that Plaintiffs did not conduct *any* diligent investigation of potential claims against Dexia. Neither *Young* nor any other First Circuit authority addresses what should happen if, following storm warnings, a plaintiff fails to conduct any investigation of potential claims against the defendant. The Second Circuit, however, has squarely addressed this question, and has concluded that claims by such a plaintiff are time-barred. *See LC Capital Partners v. Frontier Ins. Group, Inc.*, 318 F.3d 148, 156-57 (2d Cir. 2003) (affirming dismissal because the plaintiff failed to show any diligent investigation following storm warnings); *Shah v.*

3

*Meeker*, 435 F.3d 244, 249 (2d Cir. 2006) (same).  This is consistent with the approach used by the First Circuit in fraudulent concealment cases.  *See Truck Drivers & Helpers Union, Local No. 170 v. NLRB*, 993 F.2d 990, 998 (1st Cir. 1993) ("Irrespective of the extent of the effort to conceal, the fraudulent concealment doctrine will not save a charging party who fails to exercise due diligence, and is thus charged with notice of a potential claim.").  Thus, at a bare minimum, Dexia has a good faith argument that this Court should adopt the Second Circuit approach.[2]

The Issue Lists sought by Dexia are plainly relevant to this argument.  The lists would show that Plaintiffs did not conduct *any* investigation of potential claims against Dexia until more than two years after the storm warnings in late 2000 and early 2001.  For this reason, the Issue Lists are critical to Dexia's statute of limitations defense.

Dated:  September 6, 2006

                                       Respectfully submitted,

                                       MINTZ LEVIN COHN FERRIS
                                       GLOVSKY & POPEO

                                       By: */S/* Eóin P. Beirne
                                             Peter M. Saparoff (BBO# 441740)
                                             Breton Leone-Quick (BBO# 655571)
                                             Eóin P. Beirne (BBO# 660885)

                                       One Financial Center
                                       Boston, MA 02111
                                       Tel:    (617) 542-6000
                                       Fax:    (617) 542-2241

---

[2] The Court need not resolve this complex issue now.  For purposes of this motion to compel, all that matters is that Dexia has a good faith argument for adopting the Second Circuit approach in this case.  Dexia expects this issue to be fully briefed by the parties on a motion for summary judgment.

4

>James B. Weidner
>Jeff E. Butler
>CLIFFORD CHANCE US LLP
>31 West 52nd Street
>New York, NY 10019-6131
>Tel:    (212) 878-8000
>Fax:   (212) 878-8375
>
>*Counsel for Dexia Bank Belgium*