# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | Civil Action No.: 04-10477 (PBS) |

JANET BAKER and JAMES BAKER,
JKBAKER LLC and JMBAKER LLC,

      Plaintiffs,

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

      Defendants.

Civil Action No.:  04-10501 (PBS)

## DECLARATION OF JEFF E. BUTLER

I, Jeff E. Butler, declare and state as follows:

1.  I am an attorney associated with Clifford Chance US LLP and admitted *pro hac vice* to practice before this Court.  I am fully familiar with the facts set forth herein.  I submit this declaration in support of Dexia Bank Belgium's Motion for a Protective Order Limiting the Depositions of Bart Ferrand and Peter Rabaey to Two Days Each.

2.  Plaintiffs initially noticed two-day depositions of Bart Ferrand and Peter Rabaey in September 2005.  Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' First Omnibus Notice of Depositions of Dexia Bank Belgium, dated September 15, 2005.

3.  Dexia objected to these depositions on the ground that Mr. Ferrand and Mr. Rabaey are not managing agents of Dexia and cannot be subject to deposition on notice under Rule 30.

4.  Plaintiffs moved to compel the depositions of, among others, Mr. Ferrand and Mr. Rabaey on March 8, 2006.  This Court granted that motion as to Mr. Ferrand and Mr. Rabaey on July 10, 2006.

NYA 802286.1

5.  In August 2006, Dexia offered to schedule the deposition of Mr. Ferrand for
September 7-8, 2006.  Plaintiffs, however, declined to hold the deposition at that time because
they did not want to travel to Belgium for only one deposition.

6.  Dexia subsequently offered to schedule the deposition of Mr. Rabaey for October 10-
11, 2006 and the deposition of Mr. Ferrand for October 12-13, 2006.  Plaintiffs responded by e-
mail, stating that they were available that week, but that they intended to seek the Court's
permission to depose each witness for longer than two days.  Attached hereto as Exhibit B is a
true and correct copy of an e-mail from Patrick Egan to Jeff Butler, dated September 1, 2006.

7.  Dexia responded on the same day, stating that it was not willing to schedule the
depositions if Plaintiffs were planning to file a motion regarding this issue.

8.  On September 6, 2006, Plaintiffs served an amended deposition notice, seeking four-
day depositions for both Mr. Ferrand and Mr. Rabaey.  Attached hereto as Exhibit C is a true and
correct copy of Plaintiffs' Amended Notice of Depositions of Dexia Bank Belgium Through
Peter Rabaey and Bart Ferrand, dated September 6, 2006.

9.  Attached hereto as Exhibit D is a true and correct copy of a letter from Patrick Rocco
to Jeff Butler, dated September 6, 2006.

10. Attached hereto as Exhibit E is a true and correct copy of an excerpt from the
transcript of a scheduling conference that took place on February 13, 2003, before the Honorable
Patti B. Saris in the *L&H Securities Litigation*.

NYA 802286.1

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
       September 13, 2006

                                        Jeff E. Butler

NYA 802286.1

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated, | |
| Plaintiffs, | No.: 03-CV-11566 (PBS) |
| v. | |
| DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA), | |
| Defendants. | |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company, | |
| Plaintiffs, | No.: 04-CV-10411 (PBS) |
| v. | |
| DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA), | |
| Defendants. | |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust, | |
| Plaintiffs, | No.: 04-CV-10477 (PBS) |
| v. | |
| DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA), | |
| Defendants. | |

JANET BAKER and JAMES BAKER,
JKBAKER LLC and JMBAKER LLC,

      Plaintiffs,

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

      Defendants.

No.:  04-CV-10501 (PBS)

### PLAINTIFFS' FIRST OMNIBUS NOTICE OF DEPOSITIONS
### OF DEFENDANT DEXIA BANK BELGIUM

**TO:**    Jeff E. Butler, Esq.                Peter M. Saparoff, Esq.
        (Jeff.Butler@CliffordChance.com)     (PSaparoff@mintz.com)
        Clifford Chance US LLP           Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C.
        31 West 52nd Street              One Financial Center
        New York, New York  10019     Boston, Massachusetts 02111

       PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules

of Civil Procedure, and prior orders issued by the Court in the above-captioned actions,

plaintiffs, by their undersigned counsel, will take the deposition upon oral examination of

each of the following persons identified herein, before a notary public or other person

authorized to administer oaths, at the location specified herein, and commencing at the

date and time specified herein and continuing day to day thereafter until completion.  The

depositions will be recorded by stenographic and sound and visual (videotape) means.

All parties are invited to attend and to participate in the manner provided for in the

Federal Rules of Civil Procedure.

| Deponent | Location | Date and Time |
|---|---|---|
| **Piet Cordonnier** | Marx Van Ranst Vermeersch & Partners<br>270 Avenue de Tervueren / Tervureenlaan<br>1150 Brussels<br>Belgium | January 9-10, 2006<br>at 9:00 a.m. |
| **Bart Ferrand** | Marx Van Ranst Vermeersch & Partners<br>270 Avenue de Tervueren / Tervureenlaan<br>1150 Brussels<br>Belgium | January 11-12, 2006<br>at 9:00 a.m. |
| **Peter Rabaey** | Marx Van Ranst Vermeersch & Partners<br>270 Avenue de Tervueren / Tervureenlaan<br>1150 Brussels<br>Belgium | January 13-14, 2006<br>at 9:00 a.m. |
| **Karl Van Reit** | Marx Van Ranst Vermeersch & Partners<br>270 Avenue de Tervueren / Tervureenlaan<br>1150 Brussels<br>Belgium | January 16-17, 2006<br>at 9:00 a.m. |
| **Bernard Mommens** | Marx Van Ranst Vermeersch & Partners<br>270 Avenue de Tervueren / Tervureenlaan<br>1150 Brussels<br>Belgium | January 18-19, 2006<br>at 9:00 a.m. |

Dated:  September 15, 2005

BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO

_____/s/ Glen DeValerio_____
Glen DeValerio, BBO # 122010
(gdevalerio@bermanesq.com)
Jeffrey C. Block, BBO #600747
Patrick T. Egan, BBO # 637477
Nicole R. Starr, BBO #654848
One Liberty Square
Boston, MA 02109
Telephone:  (617) 542-8300

3

SHALOV STONE & BONNER
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone:  (212) 239-4340

CAULEY BOWMAN CARNEY & WILLIAMS PLLC
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone:  (501) 312-8500

**CO-LEAD COUNSEL TO LEAD CLASS
PLAINTIFFS HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER**


LOONEY & GROSSMAN LLP

_____/s/ Richard J. Grahn___
Richard J. Grahn, BBO #206620
(rgrahn@lgllp.com)
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2800

BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
Max W. Berger
Steven B. Singer
Erik Sandstedt
Javier Bleichmar
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 554-1400

**COUNSEL TO PLAINTIFFS STONINGTON
PARTNERS, INC., STONINGTON CAPITAL
APPRECIATION 1994 FUND L.P. AND
STONINGTON HOLDINGS L.L.C.**

4

PARTRIDGE, ANKNER & HORSTMAN LLP


_____/s/ Terrence K. Ankner_____
Terrence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone:  (215) 851-8100

**COUNSEL TO PLAINTIFFS JANET BAKER,
JAMES BAKER, JKBAKER LLC and
JMBAKER LLC,**


GREGORY P. JOSEPH LAW OFFICES LLC

_____/s/ Gregory P. Joseph_____
Gregory P. Joseph, N.Y. Atty Reg. #1645852
(gjoseph@josephnyc.com)
Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B.
FILLER and LAWRENCE PERLMAN,
Trustees of the TRA Rights Trust**

5

Exhibit B

## Butler, Jeff E. (Litigation-NY)

| | |
|---|---|
| **From:** | Patrick Egan [pegan@bermanesq.com] |
| **Sent:** | Friday, September 01, 2006 11:30 AM |
| **To:** | Butler, Jeff E. (Litigation-NY) |
| **Cc:** | Patrick L. Rocco; Avi Josefson; Susan M. Davies; George Coe; Karen Dyer |
| **Subject:** | RE: Quaak v. Dexia |

Jeff:

Thank you for your email concerning your availability.  I believe this
email will eliminate a need for call.

First, as to letters rogatory, Plaintiffs agree to Dexia's proposal to
submit cross-examination questions on the "supplemental questions" by
September 8, with translations by September 13.  Plaintiffs reserve the
right to submit redirect questions on the "supplemental questions" by
September 15, and agree that Dexia may submit re-cross by September 18.
Plaintiffs further agree that all objections to letters rogatory
questions, including objections to form, can be asserted at the time any
testimony is offered at trial and that neither party will assert waiver
as an argument against any future objections.

Second, as to the depositions, Plaintiffs have noticed Mr. van
Helleputte for two-days, and seek to take Mr. Rabaey and Mr. Ferrand,
both of whom need their testimony fully interpreted, for up to four days
(which would, effectively be two days in English).  You have indicated
that you will consider making van Helleputte available for the evening
of September 19, but not on September 20.  As for Messrs. Rabaey and
Ferrand, you are only agreeable to make them available on two days, and
have yet to propose firm dates.

Plaintiffs are available week of October 9 and will notice Messrs.
Rabaey and Ferrand for the "tentative" dates you propose in or to
preserve those dates.  But, Plaintiffs also intend to file a motion with
the Court seeking to extend the time for the depositions.

If I have misstated Dexia's position in any way, please let me know
immediately.

Patrick T. Egan
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194

****************************************************************
This electronic mail transmission may contain confidential information
and is intended only for the person(s) named. Any use, copying or
disclosure by any other person is strictly prohibited. If you have
received this transmission in error, please notify the sender via
e-mail.
-----Original Message-----
From: Jeff.Butler@CliffordChance.com
[mailto:Jeff.Butler@CliffordChance.com]
Sent: Thursday, August 31, 2006 5:19 PM
To: Patrick Egan
Subject: Re: Quaak v. Dexia

Pat:  I'm traveling today, but we could talk tomorrow.  JB


-----Original Message-----

From: Patrick Egan
To: Butler, Jeff E. (Litigation-NY)
Sent: Thu Aug 31 15:51:02 2006
Subject: Quaak v. Dexia

Jeff:


Are you available later this afternoon at 4:30 for a very short call about
the scheduling of the depositions?


Patrick T. Egan

Berman DeValerio Pease Tabacco Burt & Pucillo

One Liberty Square

Boston, MA 02109

Tel: (617) 542-8300

Fax: (617) 542-1194


**********************************************************************
This electronic mail transmission may contain confidential information and
is intended only for the person(s) named. Any use, copying or disclosure by
any other person is strictly prohibited. If you have received this
transmission in error, please notify the sender via e-mail.



*******

This message and any attachment are confidential and may be privileged
or otherwise protected from disclosure.  If you are not the intended
recipient, please telephone or email the sender and delete this message
and any attachment from your system.  If you are not the intended
recipient you must not copy this message or attachment or disclose the
contents to any other person.

For further information about Clifford Chance please see our website at
http://www.cliffordchance.com or refer to any Clifford Chance office.

Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO<br>and KARL LEIBINGER, on behalf of themselves<br>and those similarly situated,<br>     Plaintiffs,<br>     v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM<br>(formerly known as ARTESIA BANKING CORP., SA),<br>     Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware<br>Corporation, STONINGTON CAPITAL<br>APPRECIATION 1994 FUND L.P., a Delaware<br>Partnership and STONINGTON HOLDINGS, L.L.C., a<br>Delaware limited liability company,<br>     Plaintiffs,<br>     v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM<br>(formerly known as ARTESIA BANKING CORP., SA),<br>     Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN,<br>Trustees of the TRA Rights Trust,<br>     Plaintiffs,<br>     v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM<br>(formerly known as ARTESIA BANKING CORP., SA),<br>     Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC<br>and JMBAKER LLC,<br>     Plaintiffs,<br>     v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM<br>(formerly known as ARTESIA BANKING CORP., SA),<br>     Defendants. | No.: 04-CV-10501 (PBS) |

## PLAINTIFFS' AMENDED NOTICE OF DEPOSITIONS
## OF DEFENDANT DEXIA BANK BELGIUM THROUGH
## PETER RABAEY AND BART FERRAND

**TO:**    Jeff E. Butler, Esq.
(Jeff.Butler@CliffordChance.com)
Clifford Chance US LLP
31 West 52nd Street
New York, New York  10019

PLEASE TAKE NOTICE that, pursuant to Rules 26, 29 and 30 of the Federal

Rules of Civil Procedure, and prior orders issued by the Court in the above-captioned

actions, plaintiffs, by their undersigned counsel, will take the deposition upon oral

examination of each of the following persons identified herein, before a notary public, or

other person authorized to administer oaths, or as otherwise stipulated by the parties, at

the location specified herein, and commencing at the date and time specified herein and

continuing day to day thereafter until completion.  The depositions will be recorded by

stenographic and sound and visual (videotape) means.  All parties are invited to attend

and to participate in the manner provided for in the Federal Rules of Civil Procedure.

| Deponent | Location | Date and Time |
|---|---|---|
| Peter Rabaey | Marx Van Ranst Vermeersch & Partners<br>270 Avenue de Tervueren / Tervureenlaan<br>1150 Brussels<br>Belgium | October 10-13, 2006<br>at 9:00 a.m. |
| Bart Ferrand | Marx Van Ranst Vermeersch & Partners<br>270 Avenue de Tervueren / Tervureenlaan<br>1150 Brussels<br>Belgium | October 16-19, 2006<br>at 9:00 a.m. |

2

Dated:  September 6, 2006

BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO

Glen DeValerio, BBO # 122010
(gdevalerio@bermanesq.com)
Patrick T. Egan, BBO # 637477
One Liberty Square
Boston, MA 02109
Telephone:  (617) 542-8300

SHALOV STONE & BONNER LLP
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone:  (212) 239-4340

CAULEY BOWMAN CARNEY & WILLIAMS PLLC
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone:  (501) 312-8500

**CO-LEAD COUNSEL TO LEAD CLASS
PLAINTIFFS HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER**
LOONEY & GROSSMAN LLP
Richard J. Grahn, BBO #206620
(rgrahn@lgllp.com)
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2800

3

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP

Max W. Berger
Steven B. Singer
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

**COUNSEL TO PLAINTIFFS STONINGTON
PARTNERS, INC., STONINGTON CAPITAL
APPRECIATION 1994 FUND L.P. AND
STONINGTON HOLDINGS L.L.C.**


PARTRIDGE, ANKNER & HORSTMAN LLP
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone: (617) 859-9999

BOIES SCHILLER & FLEXNER

Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

**COUNSEL TO PLAINTIFFS JANET BAKER,
JAMES BAKER, JKBAKER LLC and
JMBAKER LLC,**

4

GREGORY P. JOSEPH LAW OFFICES LLC

_____
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B.
FILLER and LAWRENCE PERLMAN,
Trustees of the TRA Rights Trust**

5

## Certificate of Service

I hereby certify that on September 6, 2006, I caused a true copy of the foregoing *Plaintiffs' Amended Notice of Depositions of Defendant Dexia Bank Belgium Through Peter Rabaey and Bart Ferrand* dated September 6, 2006 to be served by electronic mail and First Class Mail, postage prepaid, upon the following Counsel of Record at the electronic and postal addresses indicated below:

Jeff E. Butler, Esq. (Jeff.Butler@cliffordchance.com)
Maryana A. Kodner, Esq.(Maryana.Kodner@cliffordchance.com)
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
**Counsel for Dexia Bank Belgium in** *Filler v. Dexia, S.A.*, **C.A. No. 04-10477-PBS;** *Quaak v. Dexia, S.A.*, **C.A. No. 03-11566-PBS;** *Baker v. Dexia, S.A.*, **C.A. No. 04-10501-PBS,** *Stonington Partners, Inc v. Dexia, S.A.*, **C.A. No. 04-10111-PBS**

                                    Patrick L. Rocco

6

Exhibit D



485 SEVENTH AVENUE • SUITE 1000 • NEW YORK • NEW YORK • 10018

TELEPHONE
(212) 239-4340

FAX
(212) 239-4310

September 6, 2006

WEB
WWW.LAWSSB.COM

EMAIL

*Via Electronic & Regular Mail*

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6163

Re:    *Quaak, et al. v. Dexia SA, et al.*, No. 03-Civ-11566 (PBS)
      *Stonington Partners, Inc. v. Dexia, S.A.*, No. 04-CV-10411-PBS
      *Filler v. Dexia, S.A.*, No. 04-CV-10477-PBS
      *Baker v. Dexia, S.A.*, No. 04-CV-10501-PBS

Dear Jeff:

       We write on behalf of all Plaintiffs in the four above-captioned actions against
Dexia Bank Belgium ("Dexia"). Enclosed please find Deposition Notices for Peter
Rabaey and Bart Ferrand on behalf of all Plaintiffs in those actions. In light of your
representation that both Mr. Rabaey and Mr. Ferrand will need full translations of all of
the questions and answers at their depositions, these depositions are being noticed for
four days each. While you previously agreed to produce each of these witnesses only for
two days of examination, you informed us last Friday that Dexia is now unwilling to
produce either of these witnesses for *any* duration if Plaintiffs seek more than two days of
examination. Plaintiffs will not agree in advance of these depositions to artificially limit
the time needed for a fair examination. Moreover, as demonstrated below, we do not
intend to file any motion to extend the examination period because no such motion is
necessary.

       On September 15, 2005, Plaintiffs originally noticed both of these depositions for
two days with the express provision that they shall continue from day to day until
finished. At that time, we were not aware that these witnesses would testify exclusively
through an interpreter. After you refused to produce these witnesses we moved for an
order compelling their depositions. You unsuccessfully opposed that motion without
ever disputing the duration of either of those depositions. On July 10, 2006, Judge

SHALOV STONE & BONNER LLP

Collings held that these witnesses were "managing agents" of Dexia within the meaning of Rule 30 and ordered Dexia to produce both Mr. Rabaey and Mr. Ferrand for deposition in each of the above-captioned cases.

You have insisted during our meet-and-confer sessions that Plaintiffs in these four separate and voluntarily coordinated actions are entitled only to one 7-hour deposition of Mr. Rabaey and Ferrand.[1] However, the Federal Rules clearly allow for a 7-hour deposition of each of these witnesses in *each* of these four separate actions. Notably, Judge Collings has never altered these limitations. Moreover, Judge Saris has already expressed her view in the related *In re Lernout & Hauspie Speech Products Securities Litigation* that a four-day limitation on depositions of a party's witnesses is appropriate.

Moreover, because these depositions will be fully translated, the noticed time period of four days is equal to substantially less than a two-day (14-hour) deposition conducted in English. Thus, these four days of depositions are, in fact, less than half of the total amount of time that Plaintiffs are entitled to in their four respective actions. This time is necessary for these two witnesses because Plaintiffs must cover Messrs. Rabaey's and Ferrand's extensive involvement in almost every transaction at the heart of the fraud allegations set forth in all of the complaints. Further, the *Stonington*, *Filler*, and *Baker* Plaintiffs must also examine those witnesses on their involvement in the Dragon and Dictaphone transactions.

Accordingly, please be advised that we will appear in Belgium on the dates noticed to take these depositions. If you refuse to produce these witnesses on the dates noticed, or seek to terminate the depositions prematurely, we will move to hold Dexia in contempt of the Court's July 10, 2006 order and will seek all appropriate sanctions up to and including a default judgment.

In addition, we have noticed the deposition of Mr. van Helleputte for two days, on September 19 and 20, 2006. You have previously indicated that you are not willing to make Mr. van Helleputte available for a second day of questioning. This is unacceptable. For the reasons set forth above, plaintiffs are clearly entitled under both the Court's

---

[1] By agreeing to two days for each of these depositions you have implied that a fully interpreted deposition for two days equals a one-day deposition taken in English. This, however, is not the case. In fact, in this case thus far, fully translated two-day depositions have yielded substantially less testimony than one-day depositions conducted in English. By way of example, Plaintiffs deposed Dexia employee Bernard Mommens in English for one day, resulting in a 352 page transcript. By comparison, two-day depositions conducted through an interpreter have resulted in much shorter transcripts: Probst (228 pages total), Piret (264 pages total), Van Reit (221 pages total). Thus, even if Dexia's erroneous view were correct that Plaintiffs were entitled to only one 7-hour deposition of each witness, the two-day duration that Dexia is willing to agree to does not even satisfy that limitation.

SHALOV STONE & BONNER LLP

orders and the Federal Rules of Civil Procedure to at least this amount of time. Accordingly, if Dexia fails to produce Mr. Van Helleputte on the dates Plaintiffs have noticed, or seeks to end his deposition prematurely, Plaintiffs will move to hold Dexia in contempt of the Court's July 10 Order, and will seek all appropriate sanctions.

Finally, as to the letters rogatory issue, we are not willing to withdraw any of the questions submitted and invite you to file your motion. Obviously, in light of our failure to reach a compromise, Plaintiffs will maintain our position that Dexia has waived all objections to the questions submitted by Plaintiffs.

Sincerely,

Patrick L. Rocco

[Enclosure]

cc:     Peter M. Saparoff, Esq. (via electronic mail)
        Patrick Egan, Esq. (via electronic mail)
        Susan M. Davies, Esq. (via electronic mail)
        Karen C. Dyer, Esq. (via electronic mail)
        Steven Singer, Esq. (via electronic mail)

3

Exhibit E

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

------------------------------
IN RE:                              :     Civil Action
                                    :     Nos. 00-11589-PBS,
    LERNOUT & HAUSPIE              :     02-10302, 02-10303
    SECURITIES LITIGATION          :     and 02-10304
        and                        :     Courtroom No. 13
    CONSOLIDATED AND               :     1 Courthouse Way
    RELATED CASES                  :     Boston, MA 02210-3002
------------------------------           3:30 p.m. Thursday
                                         February 13, 2003

SCHEDULING CONFERENCE


Before:        THE HONORABLE PATTI B. SARIS,
               UNITED STATES DISTRICT JUDGE


APPEARANCES:

Shalov, Stone & Bonner, (by Patrick L. Rocco, Esq.),
    485 Seventh Avenue - Suite 1000, New York, NY 10018,
    on behalf of the Class Plaintiffs.

Berman, DeValerio, Pease, Tabacco, Burt & Pucillo
    (by Glen DeValerio, Esq. and Patrick T. Egan, Esq.),
    One Liberty Square, Boston, MA 02109,
    on behalf of the Class Plaintiffs.

Gregory P. Joseph Law Offices, (by Gregory P. Joseph, Esq.),
    805 Third Avenue, 31st Floor, New York, NY 10022,
    on behalf of the Filler Plaintiffs.

Bernstein, Litowitz, Berger & Grossmann LLP,
    (by Steven Singer, Esq.),
    1285 Avenue of the Americas, New York, NY 10019,
    on behalf of the Stonington Plaintiffs.


                    Marie L. Cloonan
                 Federal Court Reporter
              1 Courthouse Way - Room 5209
           Boston, MA 02210 - 617-439-7086
           Mechanical Steno - Transcript by Computer

FORM CSR - LASER  REPORTERS PAPER & MFG. CO   800-626-6313

30

1    doing is, I'll be able -- we'll have every document in this
2    case on line and you'll be able to click from your office
3    and download anything that's happened in the case.  And,
4    also, you'll be able to serve on computer through your
5    e-mail addresses.  And, also, when I write and endorse in a
6    margin, I'll probably do it from my office and click and
7    docket it and it goes right to you.  So, pretty soon, this
8    is going to be a paperless case.
9         Unfortunately, this is such a huge case, we haven't
10   scanned every single document to date.  And I don't know how
11   much it would cost, or -- you should look into it, to
12   putting all the documents on a CD-Rom so you can all get
13   everything.  And you may want to talk to your systems people
14   about that.
15        Now, on depositions, we have a local rule that may
16   not fly here, which is seven hours per deposition.  That may
17   not work.
18        On the other hand, I think, in fairness, we
19   shouldn't demand three weeks out of every person.  So, I
20   think there should be some ground rules as to what we're
21   talking about.  I understand that the four -- no offense --
22   lead defendants in this are taking the Fifth.  Right?
23        MR. DeVALERIO:  At this point.
24        MR. FEEHERRY:  Well, at this point, your Honor.
25   But, by the same token, we've made it clear that -- and

31

1    that's why we were hoping that we could talk about stage

2    discovery that would be documents followed by depositions.

3    And I'm hoping that you're still -- as you're working with

4    the schedule -- willing to go in that direction.

5         THE COURT:  Basically, everything will be turned

6    over.  And my hope is that whatever other document requests

7    there are is going to be cleanup.  There's automatic

8    disclosure.  People should be turning everything over.  And

9    that includes the lead defendants, unless they take the

10   Fifth to it and, then, I'll have to have it litigated as to

11   whether they have the right to do that.  At least -- well, I

12   don't remember the answer, I'll say.  I sure don't know it

13   under Belgian law.

14        MR. DeVALERIO:  With regard to depositions, your

15   Honor, what I would suggest is that when the plaintiffs

16   notice a deposition, that they give a proposal to the

17   defendants for the amount of time that they are proposing

18   for that particular witness and, then, it can be discussed.

19   And if it can't be resolved, it will either be the

20   Magistrate or the special master that will have to.

21        THE COURT:  Yes and no.  Yes, I'm happy to do that.

22   But, in fairness to these individual people, there may be

23   people not represented by counsel.  And I can't assume that

24   everyone is willing to give you three weeks of their time.

25        MR. DeVALERIO:  Well, I -- in all honesty, your

32

1   Honor, I think I can speak for the plaintiffs. We have no

2   plans to do anything like that in terms of weeks of depo

3   testimony.

4           THE COURT: Yes. But, there are people here who --

5   I mean, there may be people like lower level people at

6   Lernout. I can't know. I mean, people who aren't named

7   parties of KPMG. I mean, I'm assuming there are a fair

8   number of people you didn't sue. Although, maybe that's the

9   wrong assumption.

10          (Laughter.)

11          THE COURT: I haven't any more Motions to Dismiss

12  flowing in.

13          My presumption is this: that, at most, it should be

14  someone who is not named a party in this case, represented

15  by counsel, is going to fight for them. It's two days per

16  side. So, you'll just have to work it out among you.

17          Now, with respect to people who -- people just have

18  lives, and it should not go over four days for somebody,

19  four days of seven hours, not including bathroom breaks or

20  lunch, should be enough for most people. You can't ask more

21  of that.

22          So, you should be choosing lead plaintiffs, lead

23  defendants. Of course, all depositions and all discovery

24  counts in all cases.

25          Now, let me ask you one last question. When do we