UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br>    Plaintiffs,<br>         v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br>    Plaintiffs,<br>         v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10501 (PBS) |

**DRAGON PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINTS**

Pursuant to Federal Rules of Civil Procedure 15 and 16 and applicable Local Rules, Plaintiffs Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust ("Filler Plaintiffs"), and Janet Baker, James Baker, JK Baker LLC and JM Baker LLC ("Baker Plaintiffs") (collectively, "Dragon Plaintiffs") hereby move for an order granting leave to file an amended complaint in each of the above-captioned actions.

In support of this motion, Dragon Plaintiffs state:

1.  The Filler Plaintiffs' proposed First Amended Complaint is annexed hereto as **Exhibit A**.[1] The Baker Plaintiffs' proposed First Amended Complaint is annexed hereto as **Exhibit B**. For the Court's convenience, the Dragon Plaintiffs have coordinated the allegations in their respective proposed First Amended Complaints, such

---

[1] **Exhibits A** and **B**, which contain information that defendant Dexia Bank Belgium has designated confidential, are not attached to the publicly filed version of this motion. Contemporaneously herewith, Dragon Plaintiffs are moving to file under seal a version of this motion that includes **Exhibits A** and **B**.

that the two complaints set forth identical allegations except that the Baker Plaintiffs' proposed First Amended Complaint includes an additional count of common law fraud.

    2.    The Dragon Plaintiffs' proposed First Amended Complaints ("FACs") amend their complaints filed on March 8, 2004 (Filler Complaint) and March 11, 2004 (Baker Complaint), respectively, as follows:

    a.    to incorporate additional factual allegations that mirror those in the Third Amended Complaint filed in *Quaak v. Dexia, S.A.*, No. 03-11566-PBS on March 14, 2006 concerning the liability of Defendant Dexia Bank Belgium ("Dexia") as a controlling person under Section 20(a) of the Securities Exchange Act of 1934 for violations of Section 10(b) committed by Artesia Securities (*see esp.* FACs at ¶¶ 171-201) (the "Section 20(a) Claim"), and

    b.    to respond to Dexia's pending motion to dismiss the Dragon Plaintiffs' common law claims with additional factual allegations concerning (i) Dexia's knowledge of, and involvement in, L&H's acquisition of Dragon Systems, Inc. (*see esp.* FACs at ¶¶ 206-213); (ii) Dexia's tortious acts during 1999 and in early 2000 in furtherance of the L&H fraudulent scheme (*see esp.* FACs at ¶¶ 146-161, 166-170); and (iii) the reasonable foreseeability, to Dexia, that non-market purchasers of L&H common stock would rely upon L&H's fraudulent financial statements and fraudulently inflated stock price (*see esp.* FACs at ¶¶ 202-213).

**Dexia Has Stipulated That Dragon Plaintiffs**
**May Amend to Include the Section 20(a) Claim**

3. On or about March 29, 2006, Dexia entered into a stipulation with Dragon Plaintiffs, and plaintiffs in *Stonington Partners, Inc. v. Dexia, S.A.*, No. 04-CV-10411-PBS, pursuant to which Dexia consented to the amendment of Dragon Plaintiffs' complaints to include the Section 20(a) Claim in the event that—as occurred on August 8, 2006—this Court denied Dexia's motion to dismiss the Rule 20(a) claim in the Class Plaintiffs' Third Amended Complaint. *See* Davies Decl. **Exhs. A** and **B**. Accordingly, under Rule 15(a), leave of this Court is not required for Dragon Plaintiffs to file amended complaints containing the Section 20(a) Claim.

4. Moreover, this Court has already found good cause under Rule 16(b) to modify the pretrial schedule to permit the Class Plaintiffs to file a Third Amended Complaint—adding, *inter alia*, a Section 20(a) Claim—on March 14, 2006. The Court's electronic order granting the Class Plaintiffs' motion for leave to file the Third Amended Complaint states: "After review of the opposition, I do not agree there has been undue delay in light of the voluminous document production in another language." *See* Davies Decl. **Exh. C**. The same reasoning should be applied to the Section 20(a) Claim in the FACs because Dexia has stipulated that it is deemed filed and served as of March 29, 2006. *See* Davies Decl. **Exh. A.**

**Dragon Plaintiffs' Should Be Given Leave to Amend**
**their Complaints in Response to Dexia's Motion to Dismiss**

5. On June 22, 2006, Dexia moved to dismiss Dragon Plaintiffs' common law claims of conspiracy to defraud and aiding and abetting fraud, and Baker Plaintiffs' claim of fraud. Dexia's motion was argued on July 28, 2006 and is now sub-judice.

6. At the July 28, 2006 motion hearing, the Court invited the Dragon Plaintiffs to amend their complaints to include allegations based on materials outside the pleadings that Dragon Plaintiffs had submitted in opposition to Dexia's motion. *See* Davies Decl. **Exh. D** at 22, 26-27. The Court also stated that if Dexia's motion were granted, it would be without prejudice to Dragon Plaintiffs' right to file amended complaints. *Id.* at 30, 31. Although Dragon Plaintiffs' initially declined the Court's invitation to amend in response to Dexia's motion, in light of the Court's August 8, 2006 decision sustaining the Section 20(a) Claim in the Class Plaintiffs' Third Amended Complaint, the Dragon Plaintiffs' resolved to amend their complaints not only to include the Section 20(a) Claim (in accordance with their prior agreement with Dexia) but also to respond to Dexia's motion. The Dragon Plaintiffs notified the Court of their intention on August 16, 2006.

7. Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Dragon Plaintiffs have not engaged in "undue delay, bad faith or dilatory motive" in seeking to amend their complaints in response to Dexia's motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). If anything, Dexia is guilty of undue delay in bringing its first motion to dismiss Dragon Plaintiffs' common law claims more than two years after these actions were commenced, and almost a year after the deadline for amendment of pleadings. Dragon Plaintiffs have not previously amended their complaints against Dexia. *Id.* Dexia will not be unduly prejudiced as a result of the amendments. *Id.* Indeed, as this Court has already recognized, Dragon Plaintiffs would be unduly prejudiced if not permitted to

4

amend under these circumstances.  *See* Davies Decl. **Ex. D** at 30 ("I don't know of any judge who wouldn't … [permit] an amendment …").

      8.      The FACs fully address, and completely dispose of, all of the purported deficiencies in Dragon Plaintiffs' conspiracy and aiding and abetting claims that Dexia alleged in its motion to dismiss.  Specifically, the FACs allege facts sufficient to show that Dexia knew that L&H intended to defraud the owners of Dragon Systems, Inc. as part of the fraudulent L&H scheme (*see esp.* FACs ¶¶ 207-213), and Dexia reasonably ought to have foreseen that its actions in furtherance of the scheme would cause harm to parties engaged in non-market transactions for L&H shares (*see esp*. FACs ¶¶ 202-205).  Accordingly, the Dragon Plaintiffs' proposed amendments are not futile.  371 U.S. at 182.

      9.      Finally, the fact that Dexia delayed for more than two years before moving to dismiss Dragon Plaintiffs' common law claims constitutes good cause under Rule 16(b) for permitting Dragon Plaintiffs to file the FACs after the scheduled deadline for amendment of pleadings.

**Certification Under Local Rule 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certify that counsel for Dragon Plaintiffs have conferred with counsel for Dexia Bank Belgium and attempted in good faith to resolve or narrow the issue presented on this motion.

WHEREFORE, Dragon Plaintiffs respectfully request that this Court enter orders in each of the above-captioned actions:

(A) relieving Dragon Plaintiffs of the obligation under Local Rule 7.1(b)(1) to file a memorandum of law in support of the instant motion simultaneously herewith;

(B) granting Dragon Plaintiffs leave to file the First Amended Complaints annexed hereto as **Exhibits A** and **B**; and

(C) for such other and further relief as the Court deems just and proper.

Dated:   September 15, 2006

    Respectfully submitted,

GREGORY P. JOSEPH LAW OFFICES LLC
    /s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust**

PARTRIDGE, ANKNER & HORSTMAN LLP
    /s/ Terrence K. Ankner
Terrence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

>REED SMITH LLP
>Alan K. Cotler
>Joan A. Yue
>2500 One Liberty Place 1650 Market Street
>Philadelphia, PA 10103
>Telephone:  (215) 851-8100
>
>**COUNSEL TO PLAINTIFFS JANET BAKER, JAMES BAKER, JKBAKER LLC and JMBAKER LLC,**

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF).  A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

>    /s/ Susan M. Davies    
>Susan M. Davies, N.Y. Atty Reg. #2413508