**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |

### DEXIA BANK BELGIUM'S RESPONSE TO PLAINTIFFS' STATEMENT CONCERNING PROPOSED RULE 30(b)(6) DEPOSITIONS

Pursuant to the Procedural Order entered on November 7, 2006, Dexia Bank Belgium ("Dexia") hereby responds to the Statement Concerning the Need for 30(b)(6) Deposition(s) of Dexia Bank Belgium filed by Plaintiffs on November 14, 2006.

**1.    Most of the Rule 30(b)(6) Topics Remain in Dispute Because Plaintiffs Have Not Made Any Effort to Clarify or Limit Their Topics.**

Plaintiffs incorrectly state that "essentially" only the statute of limitations topic is in dispute. In fact, Dexia continues to believe that most of the topics in Plaintiffs' Rule 30(b)(6) notice are ambiguous, overly general or otherwise improper for the reasons set forth in its original brief. Although counsel for Dexia expressed optimism at the June 2, 2006, hearing that these problems could be corrected, Plaintiffs have not made any effort to clarify or limit the topics they have proposed. For this reason, even if the Court is inclined to allow additional Rule 30(b)(6) testimony on one or more of the topics requested by Plaintiffs, Dexia respectfully requests that the Court define the scope of each such topic with reasonable particularity.

In addition to these problems, Topic 7 dealing with Dexia's statute of limitations defense is completely unreasonable. Plaintiffs have no basis for taking what amounts to a "contention deposition" concerning Dexia's statute of limitations defense. Rule 30(b)(6) was not intended to allow the cross-examination of opposing counsel concerning their arguments and trial strategy, and interpreting Rule 30(b)(6) in that way would directly contravene Rule 26(b)(3), which protects attorney mental impressions from disclosure. *See SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (refusing to allow Rule 30(b)(6) deposition concerning allegations by the plaintiff); *American Nat'l Red Cross v. Travelers Indem. Co.*, 896 F. Supp. 8, 14 (D.D.C. 1995) (holding that Rule 30(b)(6) deponent properly refused to answer questions about facts that supported affirmative defenses); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (refusing to allow Rule 30(b)(6) deposition on affirmative defenses). For these reasons, a deposition on Topic 7 should not be allowed under any circumstance.

**2.     Since the Argument on This Motion, Plaintiffs Have Obtained Deposition Testimony and Other Discovery on Several of the Topics.**

Since oral argument on this motion on June 2, 2006, Dexia has provided additional discovery to Plaintiffs that is relevant to several of the Rule 30(b)(6) topics.

**a.     Topic 2: Offerings of L&H Securities**

Plaintiffs have served an interrogatory concerning Dexia's involvement in public offerings for L&H securities. Dexia's response indicates that Dexia was involved in only one public offering of L&H shares. (*See* Kodner Decl. Ex. A, Response to Interrogatory No. 15.) Specifically, Dexia's predecessor, Paribas, was an underwriter for an offering of L&H shares in September 1997. (*Id.*) The role of Paribas in this offering was also fully disclosed in a prospectus filed with the SEC. (*Id.*) In light of these disclosures, it is not clear what additional information, if any, Plaintiffs seek through this deposition topic.

3

### b. Topic 3: Relationship with Artesia Securities

At least two deposition witnesses have given testimony concerning the relationship between Artesia Bank and Artesia Securities. Plaintiffs took the deposition of Dirk Bruneel, the former Chairman of the Board of Artesia Bank, on June 16, 2006. Mr. Bruneel testified that Artesia Securities was a separate company, and that there was little contact between Artesia Bank and Artesia Securities:

> Q. I am not sure I understood you clearly, but was it true that during the time period in 1999 that the bank, Artesia Bank, maintained a Chinese Wall between itself and Artesia Securities?
>
> A. As Artesia Securities was in Antwerp with a team which was basically the whole Smeets-Verbaet team, there was not a lot of contact between the two of them.
>
> Q. Right, but irrespective whether there were in fact contacts, was there an effort to maintain a Chinese Wall between the bank and Artesia Securities?
>
> A. Yes.
>
> Q. And was that a policy of the bank to maintain that Chinese Wall?
>
> A. Even if it was not explicit, it was certainly implicit.
>
> Q. Do you know whether, explicit or implicit, that policy was, in fact, adhered to by the bank during that time period, 1999.
>
> A. As far as I know, yes.

(Kodner Decl. Ex. B, Bruneel Tr. at 209-10.) Mr. Bruneel also testified that the market research arms of Artesia Bank and Artesia Securities did not share any employees. (*Id.* at 276-77.)[1]

In addition, Plaintiffs took the deposition of Hans Deweirdt, the head of internal audit at Dexia, on June 14, 2006. During that deposition, Plaintiffs asked Mr. Deweirdt about an

---

[1] Mr. Bruneel had no knowledge of allegations that Nadia Van Hove attended meetings of Artesia Securities analysts in 1999 or 2000, but he pointed out that such meetings might have taken place to coordinate upcoming IPOs, and "there would be nothing wrong" with that. (*Id.* at 273-74.)

4

investigation into whether there were "links in applied strategy" for trading in L&H shares between Artesia Bank and Artesia Securities. (*See* Kodner Decl. Ex. C, Deweirdt Tr. at 80.) Mr. Deweirdt testified that there was no common strategy:

> Q. Was Marie-France able to determine whether there was a strategy?
>
> A. Certainly, yes. Of course.
>
> Q. Can you tell me what the result of your investigation was?
>
> A. There was no strategy. By "strategy", I mean a formal set of instructions to do this or to do this with Lernout & Hauspie actions, when this or that occurs, (through the interpreter) "actions" meaning shares. (In person) Actions meaning shares.

(*Id.* at 80-81.) This testimony serves to confirm that Artesia Bank and Artesia Securities were not colluding in their approach to L&H trading.

In addition, Plaintiffs have served an interrogatory concerning the relationship between Artesia Bank and Artesia Securities, and Dexia has responded to that interrogatory. Dexia's response indicates that Artesia Bank and Artesia Securities had some common directors, but that otherwise very few employees of Artesia Bank had any involvement in the activities of Artesia Securities. (*See* Kodner Decl. Ex. A, Response to Interrogatory No. 20.)

Plaintiffs have thus had the opportunity to explore the extent to which Artesia Bank exercised control over Artesia Securities, and all the evidence so far suggests that Artesia Bank did *not* exercise control in any relevant manner.

### b. Topic 6: Due Diligence Performed by Dexia

Plaintiffs have served an interrogatory asking Dexia to describe the "scope and nature" of any due diligence performed by Dexia in connection with its merger with Artesia. Dexia's response indicates that Dexia did not perform any due diligence of Artesia's relationship with L&H or Artesia's loans in the speech technology sector. (*See* Kodner Decl. Ex. A, Response to

5

Interrogatory No. 19.)  Given that there was no due diligence done concerning loans to L&H or to companies doing business with L&H, a Rule 30(b)(6) deposition on this topic would serve no purpose.

### 3. Plaintiffs Are Likely To Obtain Additional Testimony on These Topics from Axel Miller and Stefaan Decraene.

In addition to the testimony described above, Plaintiffs are likely to obtain additional testimony concerning these topics during the upcoming depositions of Axel Miller and Stefaan Decraene.  Plaintiffs have previously indicated that they will question Mr. Miller concerning the due diligence conducted in connection with the merger between Dexia and Artesia (Topic 6).  Similarly, Plaintiffs have indicated that they will question Mr. Decraene concerning participation in offerings of L&H shares (Topic 2) and concerning Artesia Securities (Topics 3 & 4).  The depositions of these individuals are scheduled to take place in early December.[2]  We respectfully suggest that a decision on whether additional Rule 30(b)(6) testimony would be needed on these topics should be made after these additional depositions take place.

Dated:  November 20, 2006

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By:   /s/  Breton Leone-Quick
        Peter M. Saparoff (BBO#441740)
        Breton Leone-Quick (BBO#655571)
        Eoin P. Beirne (BBO#660885)

One Financial Center
Boston, MA 02111
Tel:    (617) 542-6000
Fax:   (617) 542-2241

---

[2] The parties have agreed that Mr. Decraene's deposition will take place on December 1, 2006, and Mr. Miller's deposition will take place on December 6, 2006.

        James B. Weidner
        Jeff E. Butler
        Maryana A. Kodner
        CLIFFORD CHANCE US LLP
        31 West 52nd Street
        New York, NY 10019-6131
        Tel:   (212) 878-8000
        Fax:  (212) 878-8375

        *Counsel for Dexia Bank Belgium*

### Certificate of Service

I, Breton Leone-Quick, hereby certify that this document, along with the accompanying Declaration, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2006.

/s/ Breton Leone-Quick                       Dated: November 20, 2006