# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>  Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>  Plaintiffs,<br><br>  v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>  Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>  Plaintiffs,<br><br>  v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>  Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |

**DEXIA BANK BELGIUM'S PARTIAL OBJECTION TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendant Dexia Bank Belgium ("Dexia") respectfully objects to the electronic Order of Magistrate Judge Collings dated November 6, 2006, granting in part and denying in part Plaintiffs' Motion for Protective Order (Quaak #240, Stonington #87, Filler #105, Baker #89), only to the extent that it limits deposition examination by Dexia to events before August 19, 2001.

**Background**

This motion relates to discovery that Dexia is seeking concerning Plaintiffs' alleged diligent investigation of potential claims against Dexia or its predecessor, Artesia Banking Corporation. The Court has already found that Plaintiffs were on inquiry notice of a potential claim against Dexia from storm warnings in late 2000 and early 2001, and has observed that the "critical inquiry" for Dexia's statute of limitations defense is whether Plaintiffs conducted a reasonably diligent investigation of potential claims against Dexia in response to those storm warnings. *See Quaak v. Dexia S.A.*, 357 F. Supp. 2d 330, 340 (D. Mass. 2005).

Plaintiffs have alleged in their complaints, and stated in interrogatory responses, that they conducted an extensive investigation that began in November 2000 and continued until the first complaint was filed against Dexia S.A. on August 19, 2003.  Dexia believes, however, that this investigation was not directed at Dexia or Artesia, and therefore does not qualify as an investigation that would toll the statute of limitations in this case.

In order to prove this, Dexia requested documents from Plaintiffs concerning the alleged investigation.  Plaintiffs resisted production of such documents, forcing Dexia to move to compel them.  On December 22, 2005, Magistrate Judge Collings ordered Plaintiffs to produce the following categories of documents:

(1) Documents concerning any investigation by plaintiffs which were directed in any way to the activities of Dexia or Artesia specifically;

(2) Documents concerning any investigation by plaintiffs which were directed in any way to the activities of a bank, banks, banking corporation(s) or banking institution(s) in connect[ion] with the L&H fraud;

(3) Documents concerning any investigation by plaintiffs which mention Dexia or Artesia or which refer to Dexia or Artesia either by specific name or otherwise;

(4) Documents upon which plaintiffs intend to rely to demonstrate Plaintiffs' counsel exercised reasonable diligence in investigating potential claims against Dexia or Artesia.

(*See* Butler Decl. Ex. A.)  The same Order, however, limited Plaintiffs' production in each of these categories to documents dated, created, sent or received before August 19, 2001.[1]

Dexia has also sought depositions of Plaintiffs' counsel and their investigator, the James Mintz Group, concerning the alleged investigation.  Although depositions of opposing counsel

---

[1] Dexia subsequently sought production of documents dated after August 19, 2001, because the documents produced by Plaintiffs contained no evidence of an investigation directed at Dexia or Artesia. Judge Collings denied that motion by electronic Order dated July 13, 2006, stating: "The Court adheres to the parameters it previously set respecting discovery on this issue."

are unusual, they are necessary in this case because Plaintiffs have alleged that their investigation was conducted by and through their lawyers. Therefore, the only witnesses who could testify about the alleged investigation are the lawyers themselves. To avoid straying into privileged areas, Dexia's deposition notices expressly limit the subject matter of the examination to the topics listed in the December 22 Order, but the notices do not contain the same date limitation. In fact, Dexia seeks to examine Plaintiffs' counsel concerning events through June 23, 2003, when the criminal investigation of Dexia was announced in Belgium. (*See, e.g.*, Butler Decl. Ex. B.)

Plaintiffs moved for a protective order seeking to prevent these depositions or, in the alternative, to allow only depositions upon written questions under Rule 31 and to limit the subject matter of the examination to the time period before August 19, 2001. On November 6, 2006, Judge Collings entered an electronic order accepting the latter approach. The order states:

> Electronic ORDER entered granting in part and denying in part [240] Motion for Protective Order. The depositions must be conducted pursuant to Rule 31, Fed. R. Civ. P., and the subject matter shall be limited by the Court's December 22, 2005 Order. The Court shall not limit the examination to one representative.

(*Id.* Ex. C.) This Order plainly would limit Dexia's written deposition questions concerning the alleged investigation to the time period before August 19, 2001.

### Argument

**I.    DEXIA'S DEPOSITION QUESTIONS SHOULD NOT BE LIMITED TO THE TIME PERIOD BEFORE AUGUST 19, 2001.**

Dexia intends to demonstrate that Plaintiffs did not conduct *any* investigation directed at Artesia or Dexia in response to the storm warnings in late 2000 and early 2001. If that is correct, then there is strong authority to suggest that the two-year limitations period began to run at the time of the storm warnings. *See Cook v. Avien, Inc.*, 573 F.2d 685, 698 (1st Cir. 1978) (holding that, in the absence of a diligent investigation, the limitations period ran from the time of storm

4

warnings); *see also LC Capital Partners v. Frontier Ins. Group, Inc.*, 318 F.3d 148, 156-57 (2d Cir. 2003) (affirming dismissal of Section 10(b) claim because the plaintiff failed to show any diligent investigation following storm warnings); *Shah v. Meeker*, 435 F.3d 244, 249 (2d Cir. 2006) (same).[2]  This would mean that the limitations period for Plaintiffs' Section 10(b) claim expired at the latest in early 2003, well before the first complaint against Dexia was filed.[3]

Events after August 19, 2001, are plainly relevant to the question of whether Plaintiffs conducted a diligent investigation in response to storm warnings in late 2000 and early 2001. For example, an admission that Plaintiffs' counsel first began searching for information on Dexia in June 2003 would be relevant to show the absence of an investigation before that time, even though the event itself occurred long after August 19, 2001.  For this reason, Dexia should not be limited to asking questions concerning the time period before August 19, 2001.

In addition, the time limitation imposed by Judge Collings would prevent Dexia from asking questions about events that Plaintiffs themselves have cited as evidence of their diligent investigation.  For example, Plaintiffs have indicated in interrogatory responses that their investigation of potential claims in this litigation included review of 32 boxes of documents produced to the SEC by L&H "commencing in or about October 2001."  (*See* Butler Decl. Ex. D, at 14.)  Similarly, Plaintiffs say they reviewed 23 CDs of documents produced to the SEC by L&H "commencing in or about March 2002."  (*See id.* at 15.)  Under the Order issued by Judge

---

[2] The First Circuit decision in *Young v. Lepone*, 305 F.3d 1 (1st Cir. 2002) did not address the question of when the limitations period begins to run in the event the plaintiff fails to conduct a diligent investigation.  *Young* does indicate, however, that the plaintiff bears the burden of demonstrating a reasonably diligent investigation in response to the storm warnings.  *Id.* at 9.  In addition, *Young* cites the *Cook* decision favorably for a related point.  *Id.* at 8.

[3] For purposes of this motion, the Court need not resolve the issue of whether, in the absence of a diligent investigation, the statute of limitations runs from the time of storm warnings or from some other time.  This legal issue should await resolution on summary judgment.  All that matters for present purposes is that Dexia has (at least) a good faith argument along these lines.

Collings, Dexia would be precluded from asking questions about these events, even though Plaintiffs obviously consider them to be relevant.

## Conclusion

For the foregoing reasons, Dexia respectfully requests that this Court modify the electronic Order entered by Magistrate Judge Collings on November 6, 2006, to allow examination concerning the time period from January 1, 2000, to June 23, 2003.

Dated: November 20, 2006

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By:  /s/ Breton Leone-Quick
Peter M. Saparoff (BBO#441740)
Breton Leone-Quick (BBO#655571)
Eoin P. Beirne (BBO#660885)

One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 878-8000
Fax: (212) 878-8375

*Counsel for Dexia Bank Belgium*

## Certificate of Service

I, Breton Leone-Quick, hereby certify that this document, along with the accompanying Declaration, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2006.

 /s/ Breton Leone-Quick                              Dated: November 20, 2006