UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br>    Plaintiffs,<br>v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br>    Plaintiffs,<br>v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br>    Plaintiffs,<br>v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br>    Plaintiffs,<br>v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10501 (PBS) |

**PLAINTIFFS' REPLY CONCERNING THE NEED FOR
30(b)(6) DEPOSITION(S) OF DEXIA BANK BELGIUM**

Plaintiffs submit this reply statement in response to the Court's November 7, 2006 Procedural Order requesting "a statement as to whether [Plaintiffs] still seek a 30(b)(6) deposition of defendants, and if so, on what topics" and Dexia's Response to Plaintiffs' Statement filed on November 20, 2006 ("Response"). Specifically, Dexia has asserted new legal authority in its Response, that Plaintiffs are not entitled to take a 30(b)(6) deposition regarding the facts that underlie Dexia's statute of limitations defense. In addition, Dexia seeks to preclude certain 30(b)(6) areas of inquiry (topics) purportedly based on other discovery taken that, at best, provides partial and incomplete information regarding the topics on which Plaintiffs seek deposition testimony. Finally, Dexia proposes to further delay a resolution of the motion regarding the 30(b)(6) deposition on the off-chance that Plaintiffs obtain some testimony regarding certain of the topics from two future depositions. As addressed below, none of these new arguments provides any basis for the Court to deny or delay granting Plaintiffs' motion to compel.

Dexia's arguments that the 30(b)(6) notice is improper because the topics are not properly defined was already addressed in the hearing on June 2, 2006. Specifically, the specious nature of Dexia's arguments is made clear by its arguments that Plaintiffs cannot depose a corporate representative regarding Dexia's participation in public or private offerings until Plaintiffs identify each specific offering.[1] The very purpose of this deposition topic is because Plaintiffs have not been able to identify the offerings based on Dexia's document production.[2]

---

[1] *See* Declaration of Patrick Egan filed in support of Plaintiffs' Statement Concerning the Need for 30(b)(6) Deposition of Dexia Bank Belgium ("Egan Declaration") filed on November 14, 2006 at Ex. A, p. 95
[2] *Id.* at 91-92.

1

**Permitting The Deposition Regarding The Facts Underlying The Statute of Limitations Defense Would Not Impermissibly Invade Attorney Work Product**

Dexia asserts for the first time in its Response purported legal authority that Plaintiffs' topic regarding Dexia's statute of limitations defense is impermissible because it is a contention deposition that seeks testimony from Dexia's attorneys. In addition to having waived its right to rely on this authority by failing to raise it in its Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Conduct Rule 30(b)(6) Deposition of Dexia Bank Belgium filed on May 31, 2006 or in argument before the Court on June 2, 2006, this argument is nothing more than a red herring. To be clear, Plaintiffs, unlike Dexia, do not seek to depose Dexia's counsel.[3] Rather, Plaintiffs have requested a deposition from a witness regarding the facts that support Dexia's statements in its Answer that (1) Plaintiffs should have been aware of their claims at an earlier date; (2) when those facts became available to Plaintiffs; (3) how Plaintiffs should have discovered those facts and (4) Dexia's responses to Class Plaintiffs' Interrogatories Nos. 8 and 9 which requested information regarding the facts underlying Dexia's statute of limitations defense.[4]

---

[3] Indeed, contrary to Dexia's arguments that it would be required to designate one of its outside counsel, F.R.C.P. 30(b)(6) does not require that the witness have personal knowledge of the topic of the testimony but rather that the witness is prepared to testify regarding the topic; who Dexia chooses to designate regarding these facts is its own decision. *See Sprint Comm. v. TheGlobe.com, Inc.*, 236 F.R.D. 524, 528-29 (D. Kan. 2006).

[4] This topic of testimony is stated as follows in the Notice of Deposition:

> Dexia's statute of limitations defense, including (i) the facts that Dexia contends placed Plaintiffs on notice that they had a valid claim for a violation of Section 10(b) of the Securities and Exchange Act of 1934 including, without limitation, the facts that Dexia contends apprised Plaintiffs in connection with their purchases of L&H securities; (ii) when those facts were available to Plaintiffs; (iii) how Plaintiffs should have discovered those facts; and (iv) Dexia's responses to Class Plaintiffs' Interrogatories Nos. 8 and 9.

2

This topic requests specific information regarding the factual basis of Dexia's statute of limitations defense, not the work product or mental impressions of Dexia's attorneys. Thus, the caselaw Dexia cites is inapposite. In *SEC v. Morelli*, 143 F.R.D. 42, (S.D.N.Y. 1992) the court denied attorney depositions where the SEC agreed to respond to interrogatories regarding the same subject matter. In *In re Indep Serv. Org. Antitrust Litig.*, 168 F.R.D. 651 (D. Kan. 1996) there was no question of privilege or that the information regarding the defendants' defense was discoverable; rather, the Court denied a 30(b)(6) deposition of numerous paragraphs of the defendants' answer because the discovery sought was overbroad and burdensome, particularly where the defendant had offered to provide a written summary of the same information. In *Travelers Indem. Co. of Rhode Island*, 896 F.Supp. 8 (D.R.I. 1995), the Court refused to enter summary judgment where the attorney-deponent withheld information regarding the defendant's defense strategy and there was no argument that the information had not otherwise already been produced. *Id.* at 14. These cases are not applicable where, as here, Dexia's responses to interrogatories regarding these subjects are incomplete as addressed in Plaintiffs' Statement and contain an express reservation of right to "amend modify or supplement the Responses,"[5] Indeed, in the hearing on June 2, 2006, Dexia quickly refused to agree to entry of an Order that its interrogatory responses contain all of the information on which it intends to rely on these issues.[6] In addition, here, Plaintiffs deposition topic is limited to the facts underlying one affirmative defense rather than numerous defenses and allegations as in the cases cited by Dexia; thus, there is no basis to find this topic unduly burdensome or overbroad.

---

[5] *See* Declaration of Susan M. Davies In Support of Plaintiffs' Motion For Leave to Conduct Rule 30(b)(6) Deposition of Defendant Dexia Bank Belgium ("Davies Declaration) filed on May 22, 2006 at Ex. J, p. 2

[6] *See* Egan Declaration at Ex. A, p. 100.

3

Even if the cases cited by Defendants were applicable to the issue before the Court, more recent caselaw has permitted deposition questioning of a corporate defendant regarding the basis for a defense or position statement. *EEOC v. Caesars Entm't, Inc.*; 237 F.R.D. 428, 434 (D. Nev. 2006) (Deposition testimony may be used to elicit the same information as contention interrogatories. "This court cannot discern how the same factual information can be protected by the attorney-client privilege and as attorney work product when elicited in oral deposition questions, but fully discoverable within the context of a written interrogatory."); *see also, Security Ins. Co. v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) (same)

**Plaintiffs Have Not Obtained Meaningful Discovery Regarding The 30(b)(6) Topics From Other Sources**

Contrary to Dexia's Response, Dexia has not provided meaningful discovery on the topics to be addressed in the 30(b) deposition. As addressed below, the discovery on which Dexia relies is either more narrow than the deposition topic or Dexia's answers to that discovery were incomplete, unclear or speculative. None of these topics should be limited by the Court.

A.      **Topic 2: Offerings of L&H Securities**

On November 17, 2006, Dexia did finally provide a response to Interrogatory No. 15 regarding Dexia's participation in public offerings of L&H securities. However, the proposed deposition topic is broader than that interrogatory. Specifically, topic 2 of the 30(b)(6) deposition notice seeks information regarding:

> Dexia's underwriting of, participation in, or assistance with any public or private offering of L&H securities.

Because the deposition topic seeks testimony regarding both public and private financing it is broader than the interrogatory to which Dexia responded in its second amended responses on November 17, 2006, there is no credible argument that Dexia has already fully responded to this

4

topic. And, with regard to the limited information Dexia has provided, Dexia cannot point to any caselaw or compelling reason to limit the 30(b)(6) testimony based on an interrogatory response preceded by 17 lines of objections, including that the interrogatory was improper because it sought the same information as the 30(b)(6) notice.[7] Dexia's interrogatory responses are also limited by its general objection that its response is based on its continuing review of documents and Dexia reserved the right to amend, modify or supplement its responses based on facts documents or evidence that may "come to its attention at a later date."[8]

### B.   Topic 3: Relationship with Artesia Securities

Dexia cites to the deposition testimony of two witnesses for the proposition that there has been testimony regarding the relationship between Artesia Bank and Artesia Securities. Even the passages cited by Dexia establish that these witnesses did not have adequate knowledge of the relationship between the two entities to provide adequate discovery regarding this topic. Specifically, Dexia cites to the depositions of Dirk Bruneel and Hans Deweirdt. However, in the passages cited, Mr. Bruneel states that he was unaware whether there was a formal policy to maintain a Chinese Wall between Artesia Bank and Artesia Securities and was unaware of the fact that an executive of Artesia Banking attended the meetings of Artesia Securities.[9] The cited testimony for Mr. Deweirdt is limited to the fact that there was no formal set of instructions between Artesia Securities and Artesia Bank regarding L&H shares.[10] On its face, this testimony

---

[7] *See* Ex. A to Declaration of Maryana A. Kodner filed in support of Dexia's Response at p. 22

[8] *See id.* p. 3.

[9] *See* Dexia's Response at p. 4 and n. 1.and Ex. B to Declaration of Maryana A. Kodner filed in support of Dexia's Response.

[10] *See*, id at p. 5 and Ex C to Declaration of Maryana A. Kodner filed in support of Dexia's Response.

does not address the substance of the third 30(b)(6) topic that requests deposition testimony regarding:

> The relationship between Artesia Banking Corporation, S.A., on the one hand, and Artesia Securities, S.A. and Cordius Asset Management, on the other hand, including (i) the extend to which Artesia Bank Corporation, S.A.'s management exerted any control over either Artesia Securities, S.A. or Cordius Asset Management; and (ii) the extent to which the management, personnel, customers, accounts, e-mail systems, computer systems, office facilities, and business activities of either Artesia Securities, S.A. or Cordius Asset Management were common to or overlapped with those of Artesia Banking Corporation, S.A.

There has been no testimony whatsoever regarding the extent to which Artesia Bank exerted control over Artesia Securities or Cordius Asset Management, the degree to which Artesia Bank shared facilities and business activities with Artesia Securities or Cordius Asset Management, or the degree to which employees of one entity provided services to other entities. Indeed, Mr. Bruneel testified that he did not possess such information.[11] Accordingly, there is no basis for his deposition to supplant Plaintiffs' properly noticed 30(b)(6) deposition on this topic regarding Artesia Securities, let alone Cordius Asset Management.

### C. Topic 6: Due Diligence Performed by Dexia

Dexia's response regarding this topic confirms, on its face, the need for further discovery on this subject. Plaintiffs have noticed a deposition regarding Dexia's due diligence of the loans or accounts of L&H, its related companies, its customers, and the four primary officers and directors of L&H.[12] Dexia's carefully wordsmithed interrogatory response states only that Dexia

---

[11] Bruneel testified that he had no detailed knowledge of Artesia Securities' policies and procedures; had no day-to-day involvement with Artesia Securities; was not directly involved in the management of Artesia Securities and was not directly involved in the creation of Artesia Securities. *See* Ex. B. to Declaration of Maryana A. Kodner at p. 275. In addition, he did not know whether Artesia Bank made investment decisions for Artesia Securities. *Id.* at p. 278.

[12] Topic 6 seeks testimony regarding:

6

did not perform any due diligence of "Artesia's relationship with L&H or Artesia's loans in the speech technology sector." *See* Dexia's Response at p.5. As with Dexia's prior statements to this Court that it performed no "significant" due diligence, this response leaves open what due diligence Dexia did perform. Indeed, it specifically omits information regarding whether it performed due diligence concerning the accounts of the several named entities, including Radial and LIC, as well as any information regarding what due diligence was performed about the accounts or loans to the four officers and directors. Thus, there is no basis for the Court to preclude the 30(b)(6) deposition on this topic based on Dexia's incomplete and wholly ambiguous response to written discovery.

**This Court Need Not Await The Depositions of Axel Miller and Stefan Decraene To Grant Plaintiffs Motion For The 30(b)(6) Deposition**

Dexia's argument that the Court should revisit the 30(b)(6) issue after the depositions of Axel Miller and Stefan Decraene, because Plaintiffs may obtain some testimony regarding the certain topics in the 30(b)(6) notice, seeks to further postpone resolution of this issue, and presumably, force the parties to re-brief their already established positions. No such delay is warranted. Even if these witnesses do provide some relevant testimony that would not be a basis to preclude Plaintiffs from deposing an appropriately prepared witness(es) regarding the full spectrum of topics set forth in Plaintiffs' deposition notice. There is no authority to support Dexia's implied proposition that Plaintiffs are only entitled to ask each line of questioning once

---

The due diligence of Artesia Banking Corporation, S.A. performed by or on behalf of Dexia in connection with Dexia's acquisition of Artesia Banking Corporation, S.A. in so far as such due diligence related to loans to, or accounts of, L&H (including L&H Korea), Jo Lernout, Pol Hauspie, Nico Willaert, Gaston Bastiaens, Dictation Consortium, N.V., Brussels Translation Group, Radial Belgium N.V., Language Investment Company, Document Management Partners, or any entity in the "L&H' Group".

7

and then are bound by the answer no matter how incomplete or infirm. Throughout the depositions to date Plaintiffs have been confronted with exactly the type of "'bandying'" by Dexia's officers or managing agents where "each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it" that F.R.C.P. 30(b)(6) was designed to prevent. *See* Advisory Committee Notes to 1970 Amendments to F.R.C.P. 30(b)(6) (citations omitted). Moreover binding Plaintiffs to whatever partial or incomplete response Dexia's witnesses may provide does not serve the truth seeking purpose of discovery in general. There is no reason to believe that even if future witnesses provide some testimony regarding certain topics such testimony will be the same as the testimony from a properly prepared 30(b)(6) deponent.[13] Finally, although Dexia had the ability to obviate this dispute by naming Miller and Decraene as its corporate representative for certain topics, it chose not to do so.

---

[13] Dexia would clearly prefer to bind Plaintiffs to such testimony as Bruneel's statements that he had no knowledge of whether Nadia Van Hove participated in Artesia Securities analysts' meetings but "such meetings might have taken place to coordinate upcoming IPOs, and 'there would be nothing wrong' with that." Dexia's Response at p. 4, n. 1, citing Kodner Decl. at Ex. A at p. 273 – 74. Plaintiffs are entitled to examine a witness with knowledge of the facts rather than rely on the speculation of witnesses.

8

## CONCLUSION

Wherefore, Plaintiffs respectfully request that this Court grant Plaintiffs leave to conduct a Rule 30(b)(6) deposition of Dexia Bank Belgium as set forth in its Plaintiffs' Statement On The Need For 30(b)(6) Deposition(s) of Dexia Bank Belgium.

Dated: December 1, 2006

Respectfully submitted,

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

/s/ Patrick T. Egan
Glen DeValerio, BBO # 122010
Patrick T. Egan, BBO # 637477
(pegan@bermanesq.com)
Allison K. Jones, BBO # 654804
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300

**SHALOV STONE & BONNER LLP**
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340

**CAULEY BOWMAN CARNEY & WILLIAMS PLLC**
Allen Carney
11001 Executive Center Drive, Suite 200
Little Rock, Arkansas 72212
Telephone: (501) 312-8500

*Co-lead Counsel to Class Plaintiffs*
*Hans A. Quaak, Karl Leibinger and Attilio Po*

9

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

_____/s/ Avi Josefson_____
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

**LOONEY & GROSSMAN LLP**
Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

*Counsel to Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P. and Stonington Holdings L.L.C.*

**GREGORY P. JOSEPH LAW OFFICES LLC**

_____/s/ Susan M. Davies_____
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200

**KOTIN, CRABTREE & STRONG**
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031

*Counsel to Plaintiffs Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust*

**PARTRIDGE, ANKNER & HORSTMAN LLP**

    /s/ Terence K. Ankner
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone: (617) 859-9999

**BOIES SCHILLER & FLEXNER**
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118

**REED SMITH LLP**
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

*Counsel to Plaintiffs Janet Baker, James Baker, JKBaker LLC and JMBaker LLC.*

### CERTIFICATE OF SERVICE

    I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

    /s/ George Coe
George R. Coe

11