# United States District Court
# District of Massachusetts

HANS A. QUAAK,
ATTILIO PO
KARL LEIBINGER,
    on behalf of themselves
    and those similarly situated,
        Plaintiffs,

v.                                      Civil Action No.: 03-11566 (PBS)

DEXIA, S.A. and
DEXIA BANK BELGIUM, ETC.,
        Defendants.

_____

STONINGTON PARTNERS, INC.,
    a Delaware Corporation,
STONINGTON CAPITAL
    APPRECIATION 1994 FUND L.P., a Delaware
    Partnership,
STONINGTON HOLDINGS, L.L.C.,
    a Delaware limited liability company,
        Plaintiffs,

v.                                      Civil Action No.: 04-10411 (PBS)

DEXIA, S.A. and
DEXIA BANK BELGIUM, ETC.,
        Defendants.

GARY B. FILLER,
LAWRENCE PERLMAN,
    Trustees of the TRA Rights Trust,
        Plaintiffs,

v.                                               Civil Action No.: 04-10477 (PBS)

DEXIA, S.A. and
DEXIA BANK BELGIUM, ETC.,
        Defendants.

_____

JANET BAKER,
JAMES BAKER,
JKBAKER LLC,
JMBAKER LLC,
    Plaintiffs,

v.                                               Civil Action No.: 04-10501 (PBS)[1]

DEXIA, S.A. and
DEXIA BANK BELGIUM, ETC.,
        Defendants.

---

[1] Although it appears that the plaintiffs intended to file the motion in 04cv10501 as evidenced by the fact that the caption of that case is included on the motion as well as in the opposition in addition to the captions of the other three cases, the motion was not, in fact, filed in 04cv10501 as evidenced by the docket. However, the Court, for purposes of this First Order, Etc., shall deem the motion to have been filed in 04cv10501.

2

# ORDER ON PLAINTIFFS' MOTION TO COMPEL DEXIA BANK BELGIUM TO RESPOND TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS AND SUPPLEMENTAL INTERROGATORIES OR IN THE ALTERNATIVE FOR LEAVE PURSUANT TO LOCAL RULE 26.1(C) (#307 IN 03cv11566, #135 IN 04cv10411 AND #157 IN 04cv10477)

COLLINGS, U.S.M.J.

After hearing, the Court makes the following rulings:

(1) Rule 36, Fed. R. Civ. P., does not limit the number of admissions which may be served.

(2) Local Rule 26.1(C) places a limit on the number of admissions in a case to twenty-five in a given case.

(3) Rule 36(b), Fed. R. Civ. P., provides, in pertinent part, that: "Any admission made by a party under this rule is for the purpose of the *pending action only* and is not an admission for any other purpose *nor may it be used against the party in any other proceeding.*" (Emphasis added). Since there is no qualification on this prohibition (such as "unless otherwise ordered by the Court"), it does not appear that a judge can order that admissions can be used in more than one case unless

the cases have been consolidated and the consolidated cases can be deemed one "proceeding" as that term is used in Rule 36(b), Fed. R. Civ. P. However, the prohibition does not, in the Court's view, prevent the parties from entering into a stipulation to the effect that the admissions made in one case may be admissible against the party in another case.

(4) Since the four cases have not been consolidated so as to be able to be deemed one "proceeding" and there has been no stipulation, admissions made in one case of the four cases cannot be used against a party in another. Accordingly, the plaintiffs must serve separate requests for admissions in each of the four cases.[2] Under the Local Rule, they may serve twenty-five requests in each case.

(5) The Court agrees with the defendants that the "subparts" section of Local Rule 26.1(C) does not apply to admissions, and given the difference between interrogatories and admissions, the Court does not believe that it should. Therefore, all subparts must be counted in the limitation to twenty-five requests.

(6) Pursuant to Local Rule 26.1(C), the Court allows the plaintiffs to serve twenty-five additional requests over and above the requests to which the defendants have responded. The plaintiffs shall either serve twenty-five new requests in each of the four cases or state which of the previously filed unanswered requests they wish to have answered. The defendants shall respond to the twenty-five requests within twenty (20) calendar days of either being served with the new requests or being

---

[2] The Court rules that the plaintiff has done so by serving identical requests in each of the four cases and the defendants have served responses and/or objections in each of the four cases.

      served with a delineation of the previously served unanswered requests to which the plaintiffs seek answers.

(7)    If the plaintiff delineates Requests ##18, 19, 20 and/or 21 as requests to which responses are sought (or restates those requests verbatim in a new set of requests) and the defendants' response to any one or more of the four requests is other than an unqualified admission, the defendants shall, within the same time period specified in paragraph (6), *supra*, serve a full and complete answer to each applicable supplemental interrogatory. Pursuant to Local Rule 26.1(C), the plaintiffs are granted leave to serve the four supplemental interrogatories.

IT IS SO ORDERED.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

December 29, 2006.