## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |

**DEXIA'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON
MOTION TO COMPEL PRODUCTION OF CERTAIN "ISSUE LISTS"**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendant Dexia Bank Belgium ("Dexia") respectfully objects to the Electronic Order of Magistrate Judge Collings dated December 28, 2006, denying Dexia's Motion to Compel Production of Certain "Issue Lists" Withheld as Work Product (Doc. #158 in 04-10411, Doc. #179 in 04-10477, Doc. #157 in 04-10501).

**Preliminary Statement**

Dexia is seeking the production of certain "Document Review Issues Lists" prepared by counsel for Plaintiffs for purposes of document review in the *L&H Securities Litigation* between August 2002 and November 2003 (the "Issue Lists"). Two such Issue Lists were inadvertently produced to Dexia by Plaintiffs and Plaintiffs moved to compel their return. Magistrate Judge Collings determined that the inadvertent disclosure did not waive work product protection over those documents (*see* Electronic Order entered on July 13, 2006) and, consequently, Dexia has returned all copies of the two Issue Lists to Plaintiffs. When Dexia filed objections to this order, this Court declined to find waiver based on inadvertent production, but suggested that a motion to overcome work product protection would be considered.[1]

Dexia subsequently filed the instant motion to compel pursuant to Rule 26(b)(3) based on substantial need and unavailability from any other source. On December 28, 2006, Judge Collings entered an Electronic Order denying this motion "for the reason that the lists were created after August 19, 2001, and the Court adheres to its prior rulings with respect to temporal limitations on discovery concerning the issue of whether the plaintiffs conducted the necessary

---

[1] At the conclusion of a hearing on July 28, 2006, concerning Dexia's motion for judgment on the pleadings in the three transactional cases, the Court indicated that it would entertain a motion to compel production of the Issue Lists based on substantial need. (*See* Hearing Tr. at 30.)

investigations after 'storm warnings.'" (*See* Electronic Order dated Dec. 28, 2006.) Based on this Electronic Order, the decision was not made on the basis of work product protection, but only on the basis of temporal relevance. Dexia respectfully objects to this decision because the Issue Lists are plainly relevant to Dexia's statute of limitations defense even though they were created after August 19, 2001.

## Argument

**I. THE ISSUE LISTS ARE RELEVANT TO THE ISSUE OF WHETHER PLAINTIFFS CONDUCTED A DILIGENT INVESTIGATION.**

The Issue Lists are highly relevant to Dexia's defense based on inquiry notice under the applicable statute of limitations. Dexia has argued, and the Court has recognized, that Plaintiffs have the burden of proving that they conducted a reasonably diligent investigation of potential claims against Dexia (or its predecessor, Artesia Banking Corp.) following "storm warnings" in late 2000 and early 2001. *See Quaak v. Dexia S.A.*, 357 F. Supp. 2d 330, 340 (D. Mass. 2005) ("Thus, the *critical inquiry* is whether plaintiffs were reasonably diligent in investigating potential claims against this defendant once those storm warnings appeared." (emphasis added)).

In order to meet their burden, Plaintiffs have insisted that they conducted a reasonably diligent investigation of potential claims against Artesia or Dexia. According to Plaintiffs, that investigation included many activities, including reviewing documents produced by various parties in the prior *L&H Securities Litigation*. (*See, e.g.*, Butler Decl. Ex. A, Response to Interrogatory No. 4.)[2] Dexia thus should be allowed to present evidence that would rebut that argument, regardless of the date of that evidence.

---

[2] This refers to the Declaration of Jeff E. Butler dated August 11, 2006, previously filed by Dexia. (Doc. #160 in 04-10411, Doc. #181 in 04-10477, Doc. #159 in 04-10501.)

The Issue Lists produced to Dexia provide strong evidence that Plaintiffs were *not* investigating Artesia or Dexia when they reviewed documents in connection with the *L&H Securities Litigation*. The first of these documents lists 22 entities and/or issues that Plaintiffs considered relevant, but does not contain any mention of Artesia or Dexia. (*See* Leone-Quick Decl. Ex. A.)[3] Plaintiffs have stated that this document was created in July 2002, and used for review beginning in August 2002. (*See* Josefson Decl. ¶ 6.)[4] Accordingly, this document clearly shows that, as of August 2002 and for some time thereafter, Plaintiffs were *not* looking for documents that would support potential claims against Artesia or Dexia.

The second document produced by Plaintiffs was created in November 2003, after the lawsuit against Dexia was filed. (*See* Egan Decl. ¶ 8.)[5] This document is substantively identical to the earlier Issue List, except that it adds a 23rd item explicitly referencing Artesia and Dexia. (*See* Leone-Quick Decl. Ex. B.) This second document confirms that, once Plaintiffs began investigating claims against Artesia or Dexia, they included those entities on their document review issue list. It also plainly indicates that Plaintiffs started investigating potential claims against Artesia or Dexia sometime between the first Issue List (August 2002) and the second (November 2003).

The Court previously has ruled that Plaintiffs will be precluded from relying on events after August 19, 2001, for purposes of establishing a diligent investigation. (*See* Electronic Endorsement entered December 21, 2006.) This motion to compel is not inconsistent with that

---

[3] Although Dexia has not retained any copies of these documents, they are attached to the Declaration of Breton Leone-Quick dated March 22, 2006, which was filed under seal on July 19, 2006. The documents are therefore available for *in camera* review by the Court.

[4] This refers to the Declaration of Avi Josefson dated March 8, 2006, previously filed by Plaintiffs. (Doc. #65 in 04-10411, Doc. #82 in 04-10477, Doc. #71 in 04-10501.)

[5] This refers to the Declaration of Patrick T. Egan dated March 8, 2006, previously filed by Plaintiffs. (Doc. #64 in 04-10411, Doc. #81 in 04-10477, Doc. #72 in 04-10501.)

decision. Dexia is seeking the Issue Lists because they are relevant to whether any investigation took place *before* August 19, 2001. Simply put, the fact that Plaintiffs were not focusing any attention on Artesia or Dexia in July 2002 strongly implies that they were not conducting any investigation of those entities before that time, including before August 19, 2001. Therefore, these documents are relevant to the time period before August 19, 2001, even though they were created at a later date.

In sum, the Issue Lists provide clear documentary evidence that Plaintiffs did *nothing* to investigate potential claims against Artesia or Dexia for *years* after storm warnings placed them on inquiry notice of such claims. Clearly, Dexia has a substantial need for such evidence to rebut any claim by Plaintiffs that they conducted a reasonably diligent investigation.

## II.    THE ISSUE LISTS ARE ORDINARY WORK PRODUCT, AND SHOULD BE PRODUCED BASED ON SUBSTANTIAL NEED AND UNAVAILABILITY.

Because the Issue Lists are highly relevant to Dexia's defense, Plaintiffs cannot withhold them based on the work product doctrine. Rule 26(b)(3) normally protects work product documents from discovery in civil litigation. That protection, however, is not absolute. Rule 26(b)(3) expressly provides that discovery of work product may be allowed "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." FED. R. CIV. P. 26(b)(3). Pursuant to this language, courts have routinely allowed the production of "ordinary" or "fact" work product upon a proper showing by the requesting party. *See, e.g., Puerto Rico v. SS Zoe Colocotroni*, 61 F.R.D. 653, 659 (D.P.R. 1974) (applying the substantial need and undue hardship standard).

Rule 26(b)(3) cautions that a court should give special protection to work product that discloses "the mental impressions, conclusions, opinions, or legal theories" of a lawyer or party

5

concerning the litigation. *See* FED. R. CIV. P. 26(b)(3). Based on this language, courts have come to distinguish between "ordinary" work product, which is subject to discovery upon a showing of substantial need and unavailability from another source, and "opinion" work product, which has a heightened level of protection. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1014-15 (1st Cir. 1988). To obtain discovery of opinion work product, the Supreme Court has observed that a "far stronger showing of necessity and unavailability by other means" would be needed to overcome the heightened protection. *Upjohn Co. v. United States*, 449 U.S. 383, 402 (1981). There is no consensus among courts, however, as to how strong that showing must be.

### A. The Issue Lists Are Ordinary Work Product.

The Issue Lists cannot be considered opinion work product. The First Circuit has cautioned that the scope of opinion work product protection should be narrowly construed:

> We begin with an abecedarian verity: not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product. Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule. Whatever heightened protection may be conferred upon opinion work product, that level of protection is not triggered unless disclosure creates a real, nonspeculative danger of revealing the lawyer's thoughts.

*San Juan*, 859 F.2d at 1015 (internal citation omitted). In addition, attorney mental impressions and opinions that have been—or are likely to be—disclosed during the course of litigation are not subject to heightened protection as opinion work product. *See id.* at 1016 (noting that attorney mental impressions are always disclosed in the answer to a complaint, "[y]et it would be foolhardy to urge that the contents of the answer should be enswathed in cotton batting.").

The Issue Lists merely itemize parties and factual issues potentially relevant to the lawsuits filed by Plaintiffs. (*See* Leone-Quick Decl. Exs. A & B.) The parties and issues identified in these documents appear to be derived directly from the factual allegations in the

complaints filed by Plaintiffs, and such issues would be obvious to anyone who has reviewed the complaints in this litigation. (*See id.*) Thus, the Issue Lists are no more revealing of attorney "mental impressions" than the publicly-filed complaints themselves. Given the strong correlation between the Issue Lists and the factual issues identified in Plaintiffs' publicly-filed documents, the Issue Lists cannot be considered opinion work product, and are not entitled to any heightened level of work product protection.[6]

### B. Dexia Has a Substantial Need for the Issue Lists and Substantially Equivalent Evidence is Not Obtainable from Any Other Source.

The Issue Lists requested have the potential to establish the time when counsel for Plaintiffs began investigating potential claims against Artesia or Dexia. We know from the Issue Lists inadvertently produced to Dexia that the investigation began sometime between August 2002 and November 2003. Those documents and any intervening Issue Lists would pinpoint the exact time that counsel for Plaintiffs began their investigation of Dexia. There is no substantially equivalent evidence available to Dexia from any other source. To the contrary, Plaintiffs have insisted—in their interrogatory responses and elsewhere—that their investigation of potential claims against Artesia or Dexia began much earlier. Unless the Issue Lists are made available to Dexia, Plaintiffs could continue to make such assertions, knowing that Dexia does not have any document that would rebut them.

---

[6] Plaintiffs have argued that the documents contain opinion work product because they contain handwritten attorney notes and comments on particular issues. Although there is some handwriting on the documents previously produced to Dexia, the notations are so terse that they do not reflect any significant "mental impressions" concerning the case. (*See* Leone-Quick Decl. Ex. A & B.) In any event, Plaintiffs could easily redact the handwritten notations and produce the typewritten portions.

## II.     THE ISSUE LISTS SHOULD BE PRODUCED EVEN IF THEY ARE OPINION WORK PRODUCT.

Even opinion work product protection is not absolute.  Courts have ordered the production of opinion work product documents in a variety of situations where the mental impressions of lawyers were placed at issue by the client.  *See, e.g., Sorenson v. H & R Block, Inc.*, 197 F.R.D. 206, 209 (D. Mass. 2000) (ordering production of attorney's notes where attorney had been deposed about the contents of those notes and would be introduced as a witness at trial); *Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co.*, 173 F.R.D. 7, 17 (D. Mass. 1997)* (recognizing that opinion work product protection is not absolute and ordering production of work product because the mental impressions of the attorney were directly at issue); *Micron Separations, Inc. v. Pall Corp.*, 159 F.R.D. 361, 362-63 (D. Mass. 1995) (asserting advice of counsel as a defense for patent infringement waived work product protection with regard to all documents or information related to the infringement).

For example, opinion work product may be subject to discovery where a party relies on an investigation by counsel in order to avoid a statute of limitations defense.  *See In re Imperial Corp. of Am.*, 179 F.R.D. 286, 290 (S.D. Cal. 1998) (finding that documents on former attorney's privilege log should be produced where plaintiff relied on former attorney's investigation to overcome statute of limitations bar); *Byers v. Burleson*, 100 F.R.D. 436, 439-440 (D.D.C. 1983) (ordering discovery of opinion work product where the statute of limitations issue could only be resolved by "inquiry into the subjective knowledge of the plaintiff and her attorney"); *Am. Standard Inc. v. Bendix Corp.*, 80 F.R.D. 706, 709 (W.D. Mo. 1978) (finding that where the time of the discovery of fraud was at issue, attorney who discovered the fraud could be deposed as to his mental impressions in connection with this matter).

Such is the case here. Plaintiffs have affirmatively placed the diligence of their alleged investigation of Artesia or Dexia at issue in this litigation. Plaintiffs have admitted that their investigation of potential claims against Artesia or Dexia was conducted by and through their attorneys. Indeed, all of the individuals identified by Plaintiffs in interrogatory responses as having been involved in the alleged investigation of Artesia or Dexia are either attorneys or consultants working under the direction of attorneys. Despite the fact that Plaintiffs' alleged investigation was conducted entirely through their lawyers, Plaintiffs chose to make the diligence of that investigation an issue in this lawsuit in order to avoid Dexia's motion to dismiss. *See Quaak,* 357 F. Supp. 2d at 341 ("Plaintiffs allege that they made substantial efforts to investigate their claims, and that they uncovered no evidence demonstrating that the defendant was an active participant in the L&H fraud until June 2003.").

Discovery concerning the diligence of Plaintiffs' alleged investigation necessarily requires some inquiry into the thought processes of the people who conducted the investigation. The basic question here is whether counsel for Plaintiffs focused any attention on Artesia or Dexia when investigating possible claims arising out of the collapse of L&H. There is no way to answer that question without considering, at least to some extent, the thought processes of the lawyers involved. The Issue Lists in question indicate that counsel for Plaintiffs did not focus *any* attention on Artesia or Dexia until after August 2002 and possibly as late as June 2003, when the criminal investigation of Dexia was announced in Belgium. Thus, even if the Issue Lists could be deemed opinion work product, such protection is outweighed by Dexia's compelling need to inquire into the investigation performed by counsel for Plaintiffs and the unavailability of equivalent evidence from any other source.

**Conclusion**

For all of the foregoing reasons, the Electronic Order entered by the Magistrate Judge should be overruled, and Defendant's Motion to Compel the Production of Certain "Issue Lists" should be allowed.

Dated: January 12, 2007

                                                  Respectfully submitted,

                                                  MINTZ LEVIN COHN FERRIS
                                                GLOVSKY & POPEO

                                                By: /s/ Breton Leone-Quick
                                                        Peter M. Saparoff (BBO#441740)
                                                        Breton Leone-Quick (BBO#655571)
                                                        Eoin P. Beirne (BBO#660885)

                                                One Financial Center
                                                Boston, MA 02111
                                                Tel:   (617) 542-6000
                                                Fax:  (617) 542-2241

                                                James B. Weidner
                                                Jeff E. Butler
                                                CLIFFORD CHANCE US LLP
                                                31 West 52nd Street
                                                New York, NY 10019-6131
                                                Tel:   (212) 878-8000
                                                Fax:  (212) 878-8375

                                                *Counsel for Dexia Bank Belgium*

**Certificate of Service**

I, Breton Leone-Quick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 12, 2007.

/s/ Breton Leone-Quick                                                                   Dated: January 12, 2007